UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

       Plaintiff,

     :    *JUDGMENT*

  - against -       :    **CONSENT DECREE**

DISTRICT COUNCIL OF NEW YORK CITY AND :    90 Civ. 5722 (CSH)
VICINITY OF THE UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA,
et al.,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    WHEREAS, plaintiff United States of America (the "Government")

commenced this action on September 6, 1990, by filing a complaint under the civil remedies

provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et

seq. ("RICO"), seeking equitable relief against the District Council of New York City and

Vicinity of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO (the

"District Council"), and certain individual defendants, including Frederick W. Devine;

    WHEREAS, a supplemental complaint was filed on July 16, 1991 naming

certain additional defendants, including Robert J. Cavanaugh;

    WHEREAS, trial of the case began on September 13, 1993 and continued

through October 18, 1993, when it was temporarily recessed;

    WHEREAS, the District Council acknowledges that former officers and

representatives of the District Council and certain of its constituent locals have been

convicted of labor racketeering;

WHEREAS, the parties agree that there should be no criminal element or La Cosa Nostra corruption of any part of the United Brotherhood of Carpenters and Joiners of America (the "UBCJA"), including the District Council and its constituent local unions, viz., UBCJA Locals 17, 20, 135, 246, 257, 296, 348, 531, 608, 740, 902, 1164, 1456, 1536, 2155, 2287 and 2710 (hereinafter collectively referred to as the "constituent locals");

WHEREAS, the parties agree that one of the purposes of this Consent Decree is to ensure that the District Council and its constituent local unions shall be maintained and run democratically, and without unlawful influence from outside its membership;

WHEREAS, the District Council has entered into this Consent Decree as the representative of its membership and the union members who comprise its constituent local unions; and

WHEREAS, defendants Frederick W. Devine and Robert J. Cavanaugh (the "current officer defendants") and the District Council, without admitting or denying any of the allegations of the complaint, have agreed with the Government to settle this litigation as against them on the terms set forth in this Consent Decree;

IT IS HEREBY ORDERED AND DECREED as follows:

1. Jurisdiction. For the purposes of this decree, the District Council, its current officers, and defendants Devine and Cavanaugh each acknowledge that this Court has jurisdiction over the subject matter of this action and jurisdiction over the person of each of them and that this Consent Decree is a proper exercise of the Court's jurisdiction and remedial authority.

- 2 -

2. <u>Permanent Injunction against Racketeering Activity</u>.  All current and future officers, employees, and members of the District Council and its constituent locals are permanently enjoined:

a.  from committing any act of racketeering activity, as defined in 18 U.S.C. § 1961;

b.  from knowingly associating with any member or associate of any La Cosa Nostra crime family or any other criminal group, or with any person prohibited from participating in union affairs (hereinafter collectively referred to as "barred persons"); and

c.  from obstructing or otherwise improperly interfering with the work of the officers described in this decree.

As used herein, the term "knowingly associating" shall mean that: i) an enjoined party knew or should have known that the person he or she was associating with is a barred person; and ii) the association is more than fleeting or casual.

Nothing in this paragraph shall preclude i) an enjoined party from meeting or communicating with a barred person who is an employer to discuss the negotiation, execution or management of a collective bargaining agreement, or a labor dispute, when the District Council represents, seeks to represent, or would admit to membership the employees of that employer, provided that the enjoined party provides reasonable prior notice of such meeting or communication to the Investigations and Review Officer (<u>see</u> <u>infra</u> paragraph 3); ii) an enjoined party from meeting or communicating with a barred person who is a representative of a labor organization to discuss union matters, provided that the enjoined party provides

- 3 -

reasonable prior notice of such meeting or communication to the Investigations and Review
Officer; iii) an enjoined party from meeting or communicating with an officer, employee or
member of the District Council and its constituent locals; or iv) a member who holds no
elected, appointed or salaried position in the District Council or any constituent local from
meeting or communicating with barred persons regarding matters unrelated to the District
Council or any constituent local.

The notice provisions of this paragraph require the enjoined party to inform
the Investigations and Review Officer in writing of the time, date and place of the meeting or
communication, the expected participants in the meeting or communication and the expected
subject(s) to be discussed in the meeting or communication.  If prior written notice is not
reasonably practicable, the enjoined party shall provide prior oral notice to the Investigations
and Review Officer, and written notice within forty-eight (48) hours of the meeting or
communication, along with an explanation of the reasons why prior notice was not
reasonably practicable.  If neither prior written nor prior oral notice is reasonably
practicable, the enjoined party shall provide to the Investigations and Review Officer written
notice within forty-eight (48) hours of the meeting or communication, along with an
explanation of the reasons why prior notice was not reasonably practicable.  The enjoined
party shall also provide written notice to the Investigations and Review Officer within forty-
eight (48) hours of the meeting or communication if the meeting or communication involved
or concerned subjects or participants not included in the original notice.

3.  Appointment of an Investigations and Review Officer and an Independent
Hearing Committee.  To implement the terms of this Consent Decree, there shall be

- 4 -

appointed for the terms hereinafter specified (a) an Investigations and Review Officer and (b) a committee of five persons (the "Independent Hearing Committee"), from which shall be drawn panels of three Independent Hearing Committee members ("Independent Hearing Panels"). The parties have agreed that the Honorable Kenneth Conboy shall be appointed as Investigations and Review Officer. The parties have agreed that the following individuals shall constitute the Independent Hearing Committee: Patrick Barth, Paul Curran, John Fried, Helen Gredd and Alan Kaufman. In the event that any person named in this paragraph is unable to serve at any time, any party hereto may apply to the Court for appropriate relief.

4. The Investigations and Review Officer. The Investigations and Review Officer shall have the following powers, rights, and responsibilities:

a. General Authority. The Investigations and Review Officer shall have the authority to investigate the operation of the District Council and its constituent locals, bring disciplinary charges against officers and members of the District Council and its constituent locals, veto certain decisions (specified hereinafter) made by the District Council and its constituent locals, recommend to the Court changes in certain areas of the operations of the District Council and its constituent locals, supervise implementation of the job referral rules (see infra paragraph 5), and supervise the 1995 District Council elections and any special District Council Executive Board elections that are held prior to the 1995 election.

b. Disciplinary Authority. The Investigations and Review Officer shall have the same right to initiate disciplinary charges against any member of the District Council and its constituent locals as has any officer or member of the District Council

and its constituent locals.  The Investigations and Review Officer shall commence a

disciplinary proceeding by filing a charge in accordance with the procedures set forth

in this Consent Decree.  The Investigations and Review Officer shall present evidence

at disciplinary hearings before Independent Hearing Panels, as further set forth below.

The rights and powers of the Investigations and Review Officer and the Independent

Hearing Panels regarding these disciplinary proceedings shall include those described

in section 24 of the By-laws and Working Rules of the District Council, as revised

May 10, 1990 (the "By-Laws"), and sections 3B-F, 14A-F, 18A, 20A, and 20B of the

Addendum Supplementary Sections of the By-Laws.

> c.  <u>Procedures for Disciplinary Proceedings</u>.  The following procedures

shall be followed for disciplinary proceedings initiated by the Investigations and

Review Officer:

> (1)  The Investigations and Review Officer shall serve a written, specific charge upon the charged party.  The Investigations and Review Officer shall sign the charging document.  The charge shall be served in accordance with section 14C of the Addendum Supplementary Sections of the By-Laws.

> (2)  A hearing on the charge shall be scheduled for no sooner than thirty (30) days and no later than sixty (60) days after service of the charge upon the charged party.

> (3)  One week after service of the charge, the Investigations and Review Officer shall select one member of the Independent Hearing Panel and the charged party shall select one. Thereafter, the two panel members selected shall agree on a third member.

> (4)  The person charged may be represented by a member of the District Council, or an attorney, at the hearing.

- 6 -

(5)    The hearing shall be conducted under the rules and procedures generally applicable to labor arbitration hearings. The Investigations and Review Officer shall select a set of rules and procedures which shall be applicable to all proceedings. The decision of an Independent Hearing Panel shall be made by a majority of the members of the panel.

d. Scope of Charging Authority. The Investigations and Review

Officer may serve charges for any matter constituting an offense under any applicable

law (including the injunction contained in paragraph 2 of this Consent Decree), union

constitution, by-law, working rule or the Obligation, regardless of when the conduct

constituting the basis of the charge occurred, and including any matter alleged in the

complaint and supplemental complaint (except that no charges may be brought by the

Investigations and Review Officer based on the conduct alleged in paragraphs 36, 37

and 38 of the Supplemental Complaint).

e. Investigative Powers. The Investigations and Review Officer shall

have the authority to take such reasonable steps as are lawful and necessary to be

fully informed about the activities of the District Council.

f. Review Authority.

(1)    The Investigations and Review Officer shall have the authority to review certain practices of the District Council and its constituent locals. Specifically, the District Council shall give prior written notice of, and the Investigations and Review Officer shall have the authority to review, (a) all expenditures of the District Council and its constituent locals in excess of $250.00 occurring after the date of entry of this Consent Decree; (b) all contracts or proposed contracts on behalf of the District Council and its constituent locals, except for collective bargaining agreements; and (c) all proposed changes to the Constitutions or By-Laws of the District Council and the constituent locals. The Investigations and Review Officer shall further have the authority to veto any such expenditure, contract

- 7 -

or proposed contract, or proposed change to the Constitutions or By-Laws which, if effectuated, would violate the injunction set forth in paragraph 2 of this Consent Decree. Nothing contained herein shall in any way limit the authority of the Investigations and Review Officer to initiate disciplinary proceedings against any person pursuant to paragraphs 4(a), (b) and (d) of this Consent Decree with respect to any expenditure, contract or proposed contract, or proposed change to the Constitutions or By-Laws.

(2)    The District Council shall give prior written notice of, and the Investigations and Review Officer shall have the power to review, all proposed appointments to any office, position, or other employment in the District Council or its constituent locals. In the event the Investigations and Review Officer decides to initiate disciplinary proceedings against any person based upon any proposed appointment, such appointment shall be stayed or, if already in effect, suspended, until the decision of the Independent Hearing Panel selected for such disciplinary proceeding, provided, however, that any disciplinary charge relating to a stayed or suspended appointment shall be brought within thirty (30) days of the appointment's effective date and a hearing on the charge shall be held within thirty (30) days after service of the charge upon the charged party. In the event an appointee is suspended under the terms of this subparagraph, the appointee shall receive no compensation or other payments from the District Council or constituent local during the term of the suspension.

(3)    The Investigations and Review Officer shall have the power to review decisions of the District Council Trial Committee on disciplinary charges during the Investigations and Review Officer's tenure, and may bring charges before an Independent Hearing Panel to review any such decisions de novo.

g.  Proposed Changes of District Council Operations. The

Investigations and Review Officer shall study the operations of the District Council

and its constituent locals, and may recommend changes to improve those operations.

The operations that the Investigations and Review Officer shall study shall include,

but not be limited to:

- 8 -

(1)    The procedures used by the District Council to investigate and discipline misconduct by officers, employees, or members of the District Council and its constituent locals.

(2)    The procedures used by the District Council and its constituent locals to fill vacancies in union positions.

The Investigations and Review Officer may disseminate in The Carpenter for membership comment any proposed rules or other changes in District Council procedures and operations, along with an explanation of the reasons for the proposed changes. Upon notice to the Government and the District Council, the Investigations and Review Officer shall apply to the Court for approval of the final recommendations, if any, concerning improvements to the rules and procedures of the District Council and its constituent locals.

h.  Job Referral Procedures.  The Investigations and Review Officer shall supervise the adoption, implementation and operation of the job referral rules adopted pursuant to paragraph 5. Upon determining that there has been a violation of those job referral rules, the Investigations and Review Officer may issue any direction to a constituent local, or to any of its officers, employees or members, as may be appropriate to remedy the violation, provided that the Investigations and Review Officer may not direct that any payment be made to any member. An affected member or constituent local may appeal any such remedial direction to a member of the Independent Hearing Committee. Upon receipt of each such appeal, which shall be mailed to the Investigations and Review Officer, the Investigations and Review Officer shall assign the appeal to a member of the Independent Hearing Committee. The appeals shall be assigned to the members of the Independent Hearing Committee

- 9 -

sequentially, in the order in which their names appear in paragraph 3 of this Consent

Decree.

     i. Election Supervision.

(1)   Supervision of 1995 District Council Executive Board Election.
The Investigations and Review Officer shall supervise all phases
of a secret ballot election of the District Council Executive
Board by the rank-and-file membership of the constituent local
unions of the District Council scheduled for June 1995 and any
special District Council Executive Board elections that occur
prior to then. The Investigations and Review Officer shall
certify to the Court the results of such election as promptly as
possible after balloting. The term "supervise" as used herein
shall have the meaning ascribed to it in cases arising under Title
IV of the Labor-Management Reporting and Disclosure Act, 29
U.S.C. § 481 et seq.

(2)   Vacancies in District Council Offices Prior to June 1995. In the
event the office of the President of the District Council
Executive Board becomes vacant prior to the June 1995 rank-
and-file election, that office shall be filled for the remainder of
its term pursuant to a special rank-and-file election supervised
by the Investigations and Review Officer pursuant to the
provisions of this subparagraph.

(3)   Issuance of Rules. The Investigations and Review Officer shall
draft rules for the conduct of a rank-and-file secret ballot
election for the District Council Executive Board. The rules
shall set out procedures for nomination of candidates,
dissemination of information about nominated candidates to the
membership at union expense, and the conduct of the final
secret ballot election. The method or methods chosen for
casting ballots shall seek to ensure that those eligible members
who reside outside of the New York metropolitan area are able
to vote. Draft rules shall be disseminated to the membership,
by publication in The Carpenter, for comment. The
Investigations and Review Officer shall promulgate the final
rules for the election by submitting an application to this Court.
When approved by the Court, the final rules shall be
incorporated into, and made a part of, the By-Laws of the
District Council.

(4)  Scope of Authority.  The Investigations and Review Officer shall have the authority to resolve all disputes concerning the conduct of the elections required under this paragraph.

j.  Assistance for the Investigations and Review Officer.  The Investigations and Review Officer shall have the authority to employ or engage the services of any personnel necessary to assist in the proper discharge of the Investigations and Review Officer's duties, within the limits of the budget set forth in paragraph 7.

k.  Reports to the Court.  The Investigations and Review Officer may report to the Court whenever the Investigations and Review Officer deems necessary but, in any event, shall file a written report of the Investigations and Review Officer's activities not less often than every six (6) months.  A copy of all reports to the Court, as well as other forms of written communication between the Investigations and Review Officer and the Court, shall be served on the Government and on counsel for the District Council.

l.  Communication With Membership.  The Investigations and Review Officer may distribute written reports to the membership of the constituent locals describing the activities of the Investigations and Review Officer and/or any events occurring as part of the implementation of this Consent Decree.  The District Council shall publish reports by the Investigations and Review Officer to the membership on a bimonthly basis, and may elect to do so either in The Carpenter or by other means reasonably calculated to inform the membership.  Any additional reports published by

the Investigations and Review Officer to the membership shall be subject to the

budgetary limitations set forth in paragraph 7.

     m.  <u>Access to Information</u>.  The Investigations and Review Officer

shall have access to information as follows:

    (1)    The District Council shall give the Investigations and Review Officer a written agenda for every formal meeting of the Executive Board, and the Investigations and Review Officer shall have the right to attend every such meeting.

    (2)    The Investigations and Review Officer shall have complete and unfettered access to, and the right to make copies of, all books, documents, accounts, correspondence, files, data compilations and other records of the District Council, its constituent local unions, and the union-related books, documents, accounts, correspondence, files, data compilations and other records of their officers, representatives and agents, subject to any evidentiary privileges recognized at law.

    (3)    The Investigations and Review Officer shall have the right to take and require the sworn statement or sworn oral deposition of any officer, employee, or member of the District Council, or any of its constituent local unions, concerning any matter within the Investigations and Review Officer's authority under this Consent Decree, provided that the person to be examined receives reasonable advance written notice of the deposition, and may be represented by an attorney of his or her own choice, or by a member of the District Council, at any such deposition.

    (4)    The Investigations and Review Officer shall also have the power, upon application to the Court, to issue subpoenas for testimony and/or documents from any person or entity.

    5.  <u>Job Referral Rules</u>.  Within thirty (30) days after the entry of this Consent

Decree, each of the constituent locals shall adopt the job referral rules and procedures

attached hereto as Exhibit A and incorporated herein (the "job referral rules").  The

constituent locals shall make all job referrals in accordance with the job referral rules and shall comply with the job referral rules in all respects.

      6. <u>Review of Decisions</u>.  Any veto or other decision of the Investigations and Review Officer is final and binding, except that any veto or decision made by the Investigations and Review Officer pursuant to subparagraphs 4(f)(1) or 4(i)(4) is subject to review by this Court.  Any decision of an Independent Hearing Panel is final and binding, subject to review by this Court.  For a period of up to thirty (30) calendar days after service of any such decision of the Investigations and Review Officer or an Independent Hearing Panel, the District Council, the Government or any person aggrieved by that decision shall have the right to seek review in this Court.  In reviewing such decisions, the Court shall apply the same standard of review applicable to review of final agency action under the Administrative Procedure Act.

      7. <u>Compensation and Expenses</u>.  The compensation and expenses of the Investigations and Review Officer and of the members of the Independent Hearing Committee, and of all persons hired under their authority, shall be paid by the District Council,  provided that their total combined compensation and expenses do not exceed the sum of $65,000 per month.  To effectuate this provision, the District Council shall deposit $65,000 on the first day of each month, commencing April 1, 1994, with the Investigations and Review Officer, who will thereafter be responsible for allocating payments to all persons entitled to compensation and expenses under this provision.  The District Council shall provide to the Investigations and Review Officer the compensation and expenses of the Investigations and Review Officer and the members of the Independent Hearing Committee,

- 13 -

not to exceed a pro rata share of $65,000, for any month in which the Investigations and

Review Officer and the members of the Independent Hearing Committee serve for only a

portion of the month, including for that portion of March 1994 remaining after entry of this

Consent Decree. This sum shall include all charges for time spent in connection with

supervising any rank-and-file election pursuant to this Consent Decree, but shall not include

any expenses incurred in conducting any election (which shall be borne separately by the

District Council). On a quarterly basis, the Investigations and Review Officer shall file with

the Court, and serve on the Government and on counsel for the District Council, an

accounting, including an itemized bill with supporting material, for all such expenditures.

The District Council shall have thirty (30) business days from service in which to contest the

bill by filing written objections with the Court. If the District Council is successful in its

challenge to the accounting, it will be entitled to a credit in the amount by which the

compensation and expenses are reduced by the Court. Any amounts within the monthly limit

of $65,000 not expended in the month paid shall be available for reimbursement of the

Investigations and Review Officer and the members of the Independent Hearing Committee in

other months.

      8. Indemnification. Within thirty (30) days of entry of this Consent Decree,

the District Council shall purchase a policy of insurance and/or bonds in an appropriate

amount to protect the District Council, the Investigations and Review Officer and members

of the Independent Hearing Committee, and any persons hired by or acting on their behalf

from personal liability for any of their actions on behalf of the District Council, the

Investigations and Review Officer or members of the Independent Hearing Committee. If

such insurance is not available, or if the District Council so elects, the District Council shall

indemnify the Investigations and Review Officer and members of the Independent Hearing

Committee and any persons hired by them or acting on their behalf, from personal liability

(and costs incurred to defend against any claim of liability) for any of their actions on behalf

of the District Council, the Investigations and Review Officer or members of the Independent

Hearing Committee taken pursuant to this Consent Decree.

      9.  Term of Office.  The duration of the Investigations and Review Officer's

and Independent Hearing Committee's authority is as follows:

      a.  The Investigations and Review Officer and the Independent Hearing

Committee.  Except as provided in subparagraphs (b) and (c) below, the authority of

the Investigations and Review Officer and the Independent Hearing Committee shall

extend for thirty (30) months from the date of their appointment.  The Investigations

and Review Officer and the Independent Hearing Committee may thereafter complete

any disciplinary and review matters initiated before the conclusion of those thirty

months.  The Investigations and Review Officer may apply to the Court to extend or

reduce the length of the term of the Investigations and Review Officer or the

Independent Hearing Committee, by six (6) months or less, in order to complete work

in progress, upon a showing of good cause and upon reasonable notice to the

Government and counsel for the District Council.

      b.  The Investigations and Review Officer's Election Authority.  The

Investigations and Review Officer's supervisory authority over District Council

- 15 -

elections shall terminate upon the certification of the results of the 1995 election (including any re-run election) of the District Council Executive Board.

　　　　　c.  Recommendations.  Not later than three months after final certification of the results of the 1995 election, the Investigations and Review Officer shall submit a report to the Court describing the conduct of the election and, if necessary, recommending procedures to be used in future elections.  The recommendations shall be submitted to the Court for final approval.  The parties shall have sixty (60) days from receipt to comment and reply to the Court.

　　　　　10.  Prohibition on Multiple Officeholding.  The By-Laws of the District Council shall be amended, and are hereby amended, to provide that, effective immediately, no District Council officer shall simultaneously hold any elected, appointed or salaried position in any local union.  This provision shall be effective against any District Council officer who currently holds any such positions at the earlier of: (a) the expiration of the officer's current local union term of office; or (b) July 1, 1994.  Any local union office vacated by a District Council officer shall be filled by an election of the membership of that local, supervised by the Investigations and Review Officer.  Such elections shall be conducted on a date determined by the Investigations and Review Officer, but not more than ninety (90) days after the vacancy is created.

　　　　　11.  Amendment of By-Laws.  The By-Laws of the District Council are hereby amended, as necessary, to conform with all of the terms of this Consent Decree. Without limitation, the rank-and-file election procedure described in paragraph 4(i), the job referral procedures described in paragraph 4(h), and the final recommendations of the

- 16 -

Investigations and Review Officer described in paragraphs 4(g) and 9(c) (upon approval by the Court), shall be made part of the District Council By-Laws. To the extent that this Consent Decree conflicts with any current or future rights, privileges or rules applicable to the District Council or its membership, the District Council, as the representative of its membership, hereby waives compliance with any such right, privilege or rule and agrees that it and its membership will act in accordance with this Consent Decree.

12. Future Practices. The parties intend the provisions set forth herein to govern the District Council's practices in the areas affected by this Consent Decree, now and in the future. The District Council shall give prior written notice to the Government and to the Investigations and Review Officer of any proposed changes to the By-Laws. In addition, the District Council shall inform the Government and the Investigations and Review Officer of any changes in any rules or procedures adopted or implemented pursuant to paragraphs 4(g), 4(h), 4(i)(3), 5, 9(c), and 10 of this Consent Decree. For a period of seven (7) years after the termination of the Investigations and Review Officer's term of office, the District Council shall continue to give prior written notice of any such proposed change to the Government. If the Investigations and Review Officer or the Government objects to the proposed change as inconsistent with the terms or objectives of this Consent Decree, the change shall then not occur, provided that, upon such objection, the District Council may apply to the Court for a determination as to whether the proposed change is consistent with the terms and objectives of this Consent Decree.

13. Costs and Fees. With respect to all litigation occurring prior to the entry of this Consent Decree, the Government shall not seek costs or attorneys' fees from any

- 17 -

other party hereto, nor shall the District Council or the current officer defendants seeks costs

or attorneys' fees from the Government.  The District Council retains the right to hire legal

counsel to represent it in connection with this litigation or Consent Decree, and may use

union funds to pay such counsel.  The Investigations and Review Officer's review authority

under paragraph 4(f)(1) shall not apply to such expenditures, or to legal fees and costs billed

prior to entry of this Consent Decree by Fried, Frank, Harris, Shriver & Jacobson arising

out of its representation of the District Council in this litigation.

14.  Status of Current Officer Defendants.  Frederick W. Devine and Robert

J. Cavanaugh are not required by this Consent Decree to surrender their District Council

offices, but are subject to all of the terms herein, including all of the disciplinary authority

vested in the Investigations and Review Officer and the Independent Hearing Committee

pursuant to paragraph 4 of this Consent Decree.

15.  Discontinuance of Claims.  The complaint and supplemental complaint

herein against the District Council, Frederick W. Devine and Robert J. Cavanaugh are

dismissed with prejudice.  Nothing in this paragraph shall in any way limit the powers of the

Investigations and Review Officer or the Independent Hearing Committee.

16.  Non-Admission Clause.  Nothing herein shall be construed as an

admission by any undersigned defendant of any wrongdoing, or of the truth or validity of any

of the claims or allegations contained in the complaint, the supplemental complaint, or any

other papers filed or submitted by the Government in this action.

17.  Retention of Jurisdiction and Applications to the Court.  This Court shall

retain exclusive jurisdiction to supervise implementation of this Consent Decree and shall

- 18 -

have exclusive jurisdiction to decide any and all issues arising under the Consent Decree, and any and all disputes growing out of the issuance, interpretation or application of this Consent Decree. The Investigations and Review Officer or any party to this Consent Decree may apply to the Court for any orders necessary or appropriate to implement this Consent Decree, including orders preventing non-parties from interfering with the implementation of the Consent Decree. The Investigations and Review Officer shall have the right to intervene in any matter or proceeding concerning this Consent Decree.

18. Future Actions. Except as specified in paragraph 15, nothing herein shall preclude the Government, or any of its departments or agencies, from taking any appropriate action in regard to any of the defendant signatories hereto in reliance on any federal laws.

19. Merger. This Consent Decree constitutes a final written expression of all terms of this Decree and is a complete and exclusive statement of those terms.

20. <u>Acknowledgment of Consultation with Counsel</u>. The District Council and the current officer defendants have read this Consent Decree and have consulted with their respective counsel before consenting to and signing this Consent Decree.

Dated:  New York, New York

March  4  , 1994

UNITED STATES DISTRICT JUDGE

- 20 -

CONSENTED TO:

Dated:  New York, New York

March **4** , 1994

MARY JO WHITE
United States Attorney for the
Southern District of New York
Attorney for Plaintiff
United States of America

MARLA ALHADEFF (MA-0135)
Assistant United States Attorney
100 Church Street
New York, New York  10007
Tel. No.:  (212) 385-4389

THOMAS A. ZACCARO (TZ-5303)
Assistant United States Attorney
100 Church Street
New York, New York  10007
Tel. No.:  (212) 385-6970

- 21 -

Dated:  New York, New York

     March  **4** , 1994

             FRIED, FRANK, HARRIS, SHRIVER
                  & JACOBSON
             Attorneys for Defendant
             District Council of New York City and Vicinity of the
             United Brotherhood of Carpenters and Joiners of
             America

             HOWARD W. GOLDSTEIN (HG-5521)
             One New York Plaza
             New York, New York  10004
             Tel. No.:  (212) 820-8000

             FREDERICK W. DEVINE
             President of the District Council of New York City and
             Vicinity of the United Brotherhood of Carpenters and
             Joiners of America

Dated: New York, New York

      March   4   , 1994


                        SANTANGELO, SANTANGELO & COHEN
                        Attorneys for Defendant
                        Frederick W. Devine


                        GEORGE SANTANGELO (GS-3474)
                        225 Broadway
                        New York, New York  10007
                        Tel. No.:  (212) 267-4488


                        FREDERICK W. DEVINE

Dated: New York, New York

March 4 , 1994


HENRY PUTZEL, III
Attorney for Defendant
Robert Cavanaugh


HENRY PUTZEL, III (HP-    )
530 Fifth Avenue
New York, New York
Tel. No.:  (212) 661-0066


ROBERT CAVANAUGH

- 24 -

Ex. A

**JOB REFERRAL RULES**
**NEW YORK CITY AND VICINITY**
**DISTRICT COUNCIL OF CARPENTERS**
**LOCAL UNION NO: _____**

In order for Local Union No. _____, UBCJA, AFL-CIO to maintain and administer

a processing system for referral of members to employment in a fair and equitable manner,

and to establish records and procedures which will be adequate to disclose fully the basis on

which each referral is made, the following rules have been promulgated:

1.      <u>Non-Discrimination in Job Referrals</u>.  Referrals to jobs shall be on a non-

discriminatory basis and shall not be based on, or in any way affected by, race, gender, age,

national origin, sexual orientation, disability, religion or lawful union-related activity.

2.      <u>Effect of Job Referral Rules</u>.  All referrals by the Local Union to jobs within

its jurisdiction shall be made in accordance with these rules.

3.      <u>Non-Exclusivity of Job Referral System</u>.  The Local Union shall not operate

an exclusive referral system for employers having collective bargaining relationships with the

New York City and Vicinity District Council of Carpenters.  These rules do not preclude a

member from finding his or her own job.

4.      <u>Registration of Availability for Referral</u>.

A.      A member seeking referral to a job must file with the Local Union a

signed referral form providing name, telephone number and social security number, and

stating any carpentry skills the member possesses and the jobs the member is able to

perform, including any relevant licenses or certifications.  Blank referral forms will be

available at the Local Union. The Local Union will compile an out-of-work list consisting of the members who have registered their availability for referral.

B.     Apprentices shall be referred under a separate out-of-work list and shall be listed according to their apprenticeship year.

C.     Only members who are not currently employed at the trade may register their availability for referral. Members who, after registering their availability for referral, on their own obtain employment at the trade lasting 5 days or more, must advise the Local Union immediately. Those members will then be removed from the out-of-work list.

D.     Members shall be removed from the out-of-work list upon receiving a job referral, subject to the provisions at ¶ 5(C) on short-term referrals. A member who is laid off or discharged from a job must again register his or her availability in order to be included on the out-of-work list.

E. Once a member has registered his or her availability for referral by filing a signed referral form with the Local Union, the member may afterward register his or her availability by telephoning the Local Union.

F.     A member's registration of availability for referral shall be in effect for 90 days. A member must again register his or her availability before the expiration of that period in order to retain his or her position on the out-of-work list.

5.     Referral Procedure.

A.     Members on the out-of-work list shall be referred to jobs in the order in which they have registered their availability for referral, with the first registered member

2

referred first, provided that the member has indicated that he or she has the qualifications requested by the employer.

  B. Requests by an employer for specific members employed by the employer within the previous six months shall be fulfilled, as required by applicable collective bargaining agreements.

  C. A member who is referred to a job lasting 4 days or less will return to his or her position on the out-of-work list prior to receiving the referral. However, after receiving a job referral immediately following such a short-term referral, regardless of its length, that member must again register in order to be included on the out-of-work list.

  D. To notify a member of a job referral, the Local Union shall call the member at the telephone number on file. The Local Union shall record the date and time of the call, the person making the call, the name of the employer, the location of the job, and the start date of the job.

  E. Any member who refuses or is unavailable for two consecutive referrals shall be moved to the bottom of the out-of-work list. A member will be considered unavailable if he or she cannot be reached after three calls have been placed to the telephone number provided by the member, unless the member has given the Local Union notice in writing of unavailability for a period not to exceed 30 days.

  F. When the Local Union determines that the member who is first on the out-of-work list cannot be referred because of refusal, unavailability, or lack of required skills, the Local Union shall then refer the next member on the out-of-work list who is willing, available and has the required skills.

3

G. A member shall not be referred to an employer if the member was previously discharged for cause by the same employer. Members who are twice lawfully rejected by an employer for lack of skills after referral by the Local Union shall not be eligible for referral to a job requiring the same skills without first providing the Local Union with references from two previous employers showing that the member has demonstrated the skills required.

6. Dissemination of the Job Referral Rules. These rules shall be (a) conspicuously posted at the offices of the Local Union; (b) published in The Carpenter; and (c) distributed to all members of the Local Union. Additional copies of these rules shall be made available to members upon request, subject to the payment of reasonable copying costs. New members shall receive a copy of the job referral rules upon admission to membership.

7. Job Referral Information. The Local Union shall maintain accurate and current records of all job referrals. The records shall be preserved for a period of three years from the making of each record. The records shall include the following information:

A. all registrations by members of their availability for referral, including the date of each member's registration;

B. a current out-of-work list, including all members whose registrations of availability for referral are then in effect and the date of each member's registration;

C. all requests from employers for workers, including the date of each request, the location of the job site, and the length of the job, if known;

D. all instances where a job referral is not made because a member (1) refuses the referral, (2) is unavailable, or (3) lacks the required skills, including (where

4

applicable) the date and time of the call(s), the person making the call(s), the name of the employer, the location of the job site, the start date of the job, and the basis for not making the referral; and

        E.     all job referrals made, including the member referred, the date on which that member registered his or her availability for employment, the date of the referral, the employer, the location of the job site, and the date the member was hired.

      8.    Access to Job Referral Information.

        A.     Any member can inspect or copy any record containing the job referral information described in ¶ 7. An appointment for inspection shall be scheduled for within 5 days of a request. Copies of 500 pages or less shall be provided within 10 days of a request. Copies of more than 500 pages shall be provided within 30 days of a request. The Local Union may charge $.50 per page to copy the first 20 pages, and $.25 per page thereafter.

        B.     Lists containing the information described in ¶ 7(B) and (E) shall be conspicuously posted or otherwise immediately available for inspection at the offices of the Local Union on a weekly basis, so that the information for the previous week is posted or immediately available by the close of business on the following Monday. The information shall remain posted or immediately available for at least two weeks.

5