UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                              90 Civ. 5722 (CSH)

    -against-

                                                 SUMMARY MEMORANDUM
                                                    AND ORDER

DISTRICT COUNCIL OF NEW YORK CITY AND
VICINITY OF THE UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA, et. al,

                Defendants.
------------------------------------------------------------------------X

HAIGHT, Senior District Judge:

       By Stipulation and Order filed on December 18, 2002 (the "Stipulation and Order"), and in accordance with the consent of the District Council and the Government therein expressed, this Court appointed Walter Mack as Independent Investigator ("I.I.") with respect to the proper implementation of the job referral rules affecting carpenters and shop stewards. The District Council bore the expense of the services of Mr. Mack and his staff.

       The Stipulation and Order provides that after Mr. Mack served as I.I. for 24 months, the District Council had the right to terminate his appointment. The District Council exercised that right and sent Mr. Mack a sixty-day notice of termination. In that event, the Stipulation and Order gives Mr. Mack two additional months to wind up his affairs as I.I. That extension of time runs out on April 30, 2005.

       The Government, represented by the United States Attorney for this District, objected to the District Council's termination of Mr. Mack and made a motion for an order extending Mr. Mack's term as I.I. for an additional 18 months and perhaps longer. The District Council opposed that

motion and insisted upon the right of termination conferred upon it by the Stipulation and Order. From April 11 through April 14, 2005, the Court conducted an evidentiary hearing at which Mr. Mack and Mr. Pete Thomassen, the current President of the District Council, testified and were cross-examined. Numerous exhibits and affidavits were received into evidence. Counsel for the parties submitted legal briefs on the issues and made oral arguments at the conclusion of the hearing.

Owing to the exigencies of time, the Court announces its decision on the Government's motion in this Summary Memorandum and Order. A full Opinion giving the Court's reasons in more detail will be filed at a later date.

1. The Court is unable to discern any basis in fact or in law sufficient to deprive the District Council of the right of termination conferred upon it by the Stipulation and Order. Accordingly, the District Council's notice of termination of Mr. Mack's services as I.I. will be enforced by the Court, subject to the further provisions of this Memorandum and Order.

2. In reaching the conclusion stated in ¶ 1 of this Memorandum and Order, the Court relies upon and imposes as a condition of Mr. Mack's termination the promise made by the District Council to the Court, to the Government, and indirectly to all union carpenters, that the District Council will continue the existence of the office of Independent Investigator, at the District Council's expense, with the successor I.I. having all the responsibilities previously held and powers previously wielded by Mr. Mack. This promise was stated by the attorneys for the District Council on the first page of their brief:

> It must be clear from the outset that the District Council does not oppose the continuation of the office of Independent Investigator. The District Council desires to continue this position with all of the authority vested in that position by the December 18, 2002 Stipulation and Order ("Stipulation and Order") between the Government and the Union.

District Council's Memorandum of Law in Opposition to the Government's Motion, dated March 21, 2005, at 1. That promise to continue the office of the Independent Investigator was repeated by President Thomassen in his testimony at the evidentiary hearing on April 14:

> I think our members like it. . . . So I think it's a good program, and we've put it in place voluntarily, as you know. . . . So we're okay with it, and we realize we have to do it. And I don't know how long it would take, but I can be honest with you, your Honor. If we figured into our budget and the program is going along and -- I don't -- we have no time period that we feel we're going to stop it. I think it's a good program. We never discussed stopping it.

Hearing Transcript at 351-52.

3. The Court makes the continuance of the office of Independent Investigator a condition of the denial of the Government's motion to extend Mr. Mack's term. The evidence makes it clear to the Court that continuing problems with respect to the operation of the job referral rules make the continuing presence and activity of an I.I. essential to the accomplishment of the objectives identified by the Stipulation and Order and by the Consent Decree which preceded it. Specifically, the successor I.I. will be required to maintain in his office the telephone "hot line" devised and administered by Mr. Mack, including all the assurances and guarantees of anonymity and confidentiality that Mr. Mack extended to individual carpenters who called the hot line.

4. The District Council has sent requests for proposals ("RFPs") to a number of entities and individuals it is considering as the successor I.I. A number of proposals have been received but the Court has not been advised of the identity of the successor, if in fact one has been selected. April 30, 2005, Mr. Mack's last day in office under the Stipulation, is only eight days away. It is clear that a period of transition must take place, to enable Mr. Mack to brief the successor I.I. on the operations Mr. Mack and his staff have conducted, including the telephone hot line; advise the successor I.I. of

3

the status and pendency of any investigations or inquiries Mr. Mack and his staff have been conducting; and make recommendations to the successor I.I. with respect to leads to be followed, complaints to be investigated, and further actions to be taken in order for the successor I.I. to effectively discharge the responsibilities of his office as described in the Stipulation and Order and, to the extent it is incorporated by reference, in the original Consent Decree. This enumeration of steps to be accomplished during the transition period is not intended to be exhaustive. The transition will take time, and there is no reason to request Mr. Mack to render these additional necessary services without compensation. Accordingly, and notwithstanding the Court's upholding of the District Council's right to terminate Mr. Mack as the I.I. as declared in ¶ 1 of this Memorandum and Order, the District Council is directed to pay Mr. Mack a reasonable amount in compensation for services reasonably rendered to ensure an orderly and effective transition, as described in this paragraph. That obligation of transition compensation on the part of the District Council shall begin on the date of entry of the Court's Order appointing the successor I.I., as described in ¶ 6 of this Memorandum and Order, and shall continue for two months from the date of entry of such Order, unless prior to the expiration of that two-month period Mr. Mack certifies to the Court in writing that the transition process has been successfully completed. The District Council and Mr. Mack are directed to attempt in mutual good faith to agree upon the amount of compensation required by this paragraph. Any disputes will be resolved by the Court upon the written application of the District Council, Mr. Mack, or the Government.

5. During the interim period between the date of this Memorandum Order and the Order appointing the successor I.I., Mr. Mack should continue in his activities as the Independent Investigator, including operating the hot line. He will be compensated for those services by the

4

District Council following the procedures previously agreed upon.

6. The identity of successor Independent Investigator, and the scope and nature of the I.I.'s responsibilities and the terms and conditions of his appointment, must be approved by a further Order of this Court. Counsel for the District Council and for the Government are directed to exercise good faith efforts to agree on the contents of this Order. The Court will resolve any disputes if requested to do so by either party.

7.. In order that the union members may be fully advised of these developments, the District Council is directed to print the full text of this Summary Memorandum and Order, without editorial comment, in the next two issues of *The Carpenter*.

It is SO ORDERED.

Dated: New York, New York
April 22, 2005

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE