```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,                      :
                    Plaintiff,                 :   90 Civ. 5722 (CSH)
          -against-                            :   SUPPLEMENTAL
                                                       ORDER
DISTRICT COUNCIL OF NEW YORK CITY AND           :
VICINITY OF THE UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA, et. al,     :
                    Defendants.                :
------------------------------------------------------------------X
```

By Memorandum and Order dated May 26, 2009, the Court issued its Final Order and Judgment of Contempt and Remedy. *See* 2009 WL 1492705 (S.D.N.Y. May 26, 2009) ("the Remedy Order")..

The Remedy Order did not alter or diminish in any way the responsibilities and powers of the Court's Independent Investigator, appointed by prior Orders. Specifically, the Court appointed Unitel Intelligence Group, Inc, d/b/a Unitel, as Independent Investigator in an Order dated August 22, 2005 ("the 2005 Order"), and retained Unitel in that capacity in an Amended Memorandum Opinion and Order dated August 11, 2008 ("the 2008 Order"). The 2008 Order provides at page 14 that "Unitel will continue to function as the Court's Independent Investigator, with the same responsibilities and powers specified" in the 2005 Order. Paragraph 2.b. of the 2005 Order confers upon Unitel investigative powers in respect of "the operation of the job referral system, and the jobsites." Those powers include the subpoena power for testimony or documents (upon application to the Court), and access to the books and records of the District Council and its constituent local unions, paragraph 2.c. Unitel continues to exercise those powers today, under the 2008 Order.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/09

1

The purpose of this Memorandum and Order is to make plain that the Independent Investigator's continuing responsibilities and powers should be employed to implement an overarching purpose of this litigation, namely, to bring about compliance with the Consent Decree and to prevent future violations of the Consent Decree, including the job referral rules, an integral part of the Consent Decree, as amplified by the Remedy Order.

To that end, the Court makes this Supplemental Order with respect to the responsibilities and powers of the Independent Investigator:

1. The Independent Investigator shall monitor, by such means as it deems necessary, the District Council's compliance with paragraph 3.b.(iii) of the Remedy Order.

2. Copies of the documents the District Council is directed by paragraphs 3.b.(vi) and 8 of the Remedy Order to send to the Government shall also be sent to the Independent Investigator.

3. The Government and the Independent Investigator are directed to cooperate together and inform each other with respect to investigations, subpoenas, discovery, and related matters in connection with the powers conferred upon the Government by the Remedy Order and upon the Independent Investigator by the 2005 Order. If any questions arise between these two offices with respect to the procedures to be followed or actions to be taken, application should be made to the Court to resolve them.

It is SO ORDERED.

Dated: New York, New York
June 22, 2009

_____
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE