USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

   -against-

DISTRICT COUNCIL OF NEW YORK CITY
and VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS and
JOINERS OF AMERICA, et al.,

                Defendants.
------------------------------------------------------X

90 Civ. 5722 (RMB)

**DECISION & ORDER**

      Having reviewed the record herein, including, without limitation, the "Motion for Relief under the Consent Decree," filed May 16, 2011 ("Motion") by pro se Petitioners John Musumeci and William T. Doherty, among others ("Petitioners"), and Petitioners' letter dated June 1, 2011; the Consent Decree, entered March 7, 1994; the Stipulation and Order Regarding Appointment of a Review Officer, entered June 2, 2010; a letter, submitted May 27, 2011 by the United Brotherhood of Carpenters and Joiners of America ("UBC"), arguing, among other things, that "the Motion is not properly before the Court"; a letter, submitted June 6, 2011 by the United States Attorneys' Office for the Southern District of New York ("Government's Letter"), arguing that the relief requested in the Motion should be denied because, among other reasons, "the [M]otion would intrude on the authority of the Secretary of Labor, and is accordingly preempted"; a letter, submitted June 7, 2011 by counsel to the Review Officer, Dennis Walsh, Esq. ("RO"), stating that the RO "concurs with the position of the United States set forth in" the Government's Letter; and applicable law, the Court concludes as follows:

      **Petitioners' Motion is respectfully denied without prejudice.** Title IV of the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 481–483 ("Title IV"), "sets standards

for . . . the manner in which [union] elections are conducted." Weiss v. Torpey, 987 F. Supp. 212, 218 (E.D.N.Y. 1997). Because Petitioners' claims – which seek, among other things, to mandate direct elections of various positions within the UBC – "arise[] under Title IV, the Court is clearly without jurisdiction to consider [them]." Id. (citing Calhoon v. Harvey, 379 U.S. 134, 139–40 (1964)); see Brown v. Am. Arbitration Ass'n, 717 F. Supp. 195, 199 (S.D.N.Y. 1989); McDonough v. Local No. 32-E of Serv. Emps. Int'l Union, 586 F. Supp. 463, 465 (S.D.N.Y. 1984) ("Federal district courts lack subject matter jurisdiction over claims which in their essence implicate Title IV."). Title IV sets up an exclusive method for protecting Title IV rights, by permitting an individual union member to file a complaint directly with the Secretary of Labor. See Brown, 717 F. Supp. at 201 (quoting Calhoon, 379 U.S. at 140). "In so doing, Congress . . . decided not to permit individuals to block or delay union elections by filing federal-court suits for violation of Title IV." Id. (quoting Calhoon, 379 U.S. at 140); see Bernard v. Local 100, Transp. Workers Union of Am., 873 F. Supp. 824, 829 (S.D.N.Y. 1995); 29 U.S.C. §§ 481–82.

As United States District Judge Charles S. Haight, Jr. noted in 1997, "this Court . . . does not have plenary jurisdiction to consider all issues that might arise under the Federal labor laws with respect to the conduct of the UBC *vis-à-vis* the District Council and its constituent locals." United States v. District Council, 972 F. Supp. 756, 763 (S.D.N.Y. 1997) (Haight, J.). "[A]n action pursuant to Title IV . . . may only be pursued by the Secretary of [Labor] after a labor organization member exhausts internal remedies and then files a complaint with the Secretary." Dinuzzo v. Local 79, Laborers Int'l Union N. Am., 2003 WL 21378596, at *3 (S.D.N.Y. June 16, 2003) (citing 29 U.S.C. § 482).

Dated: New York, New York
       June 14, 2011

_____
RICHARD M. BERMAN, U.S.D.J.