# UNITEL FAX MEMO

William P. Callahan, Esq
Independent Investigator
New York City District Council of Carpenters
17 Battery Place, Suite 1226
New York, NY 10004
(212) 889-3000 – Fax (212) 889-3242
E-mail: unitel.group@gmail.com

**PAGES TO FOLLOW:**

DATE: 12/1/05

TO: Edward Scavalone

FR: William P. Callahan

RE

The contents of this fax are privileged and confidential. If this is received in error please notify this office and return the original fax at our expense or call collect.

# **UNITEL FAX MEMO**

William P. Callahan, Esq
Independent Investigator
New York City District Council of Carpenters
17 Battery Place, Suite 1226
New York, NY 10004
(212) 889-3000 – Fax (212) 889-3242
E-mail: unitel.group@gmail.com

PAGES TO FOLLOW: 12

**DATE:** 11/30/05

**TO:** Maurice Leary, D.O.

**FR:** William P. Callahan

**RE** Unannounced site visit policy

Dear Mo,

Effective immediately, this Office is instituting an unannounced site visit policy to determine if Union carpenter guidelines or hotline complaints are being effectively followed up on by the Locals. It has come to our attention, that many instances of prior complaints or District Council rules or directions are not being acted on. This new policy is part of our mandate contained in Judge Haight's Order of August 22, 2005, entered on August 26, 2005.  A copy of the relevant portions of that Order is attached.

Violations or evidence of inaction by any Carpenter member for violations of the established Union rules and regulations will not be tolerated by this Office.

In conjunction with this initiative, this date, I made two unannounced site visits as follow-up to prior hotline calls as follows:

**1) 11 Madison Avenue - (Prior Hotline # 157)**

11 Madison Ave - hotline call # 157 - 9/14/05 - caller alleged that Mike Annucci is "never on the job" and doing "cash pay-outs even for overtime work and weekend work. Caller believes that many workers are paid below their salary scale."  Mike Murphy tried a site visit to this location a few weeks ago and was denied access by building security. The building is mostly occupied by Credit-Suisse First Boston. L&D has a long term contract as an on-site installer of various furniture and other equipment. There is a steady crew of Carpenters working for            the Foreman and Mike Annucci, the Shop Steward.  The crew has a shop (shanty) where much of the installation and other work is performed and the crew has responsibility for the three buildings that make up the 11 Madison Avenue Met Life complex. (Copy of hotline call #   is attached).

1

This date at 12:45 p.m., I did an unannounced visit and spoke on the security desk phone to            , the L&D Carpenter Foreman. He came down to the lobby with Mike Annucci the S.S. and brought me up to their shanty. I reviewed the SS Reports and carded all of the carpenters present. Mike provided me a copy of his latest SS Report for pay week starting 11-16-05. This Report and many prior Reports that I have already reviewed, list the carpenters on the sheet. This particular Report listed            , Foreman (            ), Michael Annucci (#82318829) Union,            (            ) Union,             (            ) Union and            , Union, App. (            ).            was out sick this date and Mike said he's listed as such on the latest Report. All of the above Carpenters were on duty and presented their cards.

I spoke to each of the Carpenters and the Foreman, discussed the allegations of the hotline complaint and found the hotline allegations to be unfounded. This hotline case is being closed. Mr. Annucci and his team of Carpenters demonstrated very professional conduct and I was shown around the site.

2) **1st Street and Bowery - Bovis/ (Prior hotline # 101)**

On this date at 1:45 p.m., I did an unannounced visit to the            site at 1st Street and the Bowery. The foundation work is now being done in the "hole" and the plans for the site is a mixed condo-stores complex. On November 17, 2005, we received two hotline complaints from Carpenter            (UBC #            L157) whose skills include concrete foundations, etc,, and that on 11/2 he was dispatched off the Owl as a shop steward to this site and when he arrived he was told by the            foreman that John Greany of L 157 was already there as the SS.   Upon complaining to L 157, he states that            advised his there was a mix-up and that was that. Our immediate investigation elicited verbal comments from company workers that the S.S. was absent a lot.

At 1:45 PM on 11-17-05, the undersigned I.I. did an unannounced site visit and spoke to            , VP Operations for            . Upon my request to talk to John Greaney, he sent his foreman into the hole to find Greany. A few minutes later the foreman returned and stated he's a no-show today. (A copy of my 11-17 memo to the D.C. and the hotline complaint are attached).

Scott Danielson was requested to notice Mr. Greaney for a D.C. hearing. Mr. Greany was sent a hearing letter and was a no-show for the first hearing date on Tuesday evening 11-29-05.

On 11-30-05, at 1:45 pm, the undersigned I.I. again made an unannounced site visit to determine the current situation and spoke to both the            foreman and the

2

foreman. I was told that John Greany has been a "no-show for the past 4-5 days. Reportedly there is a Carpenter-foreman working at that site during this time.

It is requested that shop steward John Greany be immediately removed as shop steward on that job pending further investigation by this Office and of the circumstances as to why ____ was dispatched when the Local already knew that John Greany was the dispatched S.S. there and as to the circumstances as to Mr. Greany's repeated absences.. In addition, the Local is directed to contact the Company or Foreman and determine the immediate need for a shop steward at that site.  If a dispatch is necessary, a new shop steward be dispatched, and in conjunction therewith, that Carpenter ____ be re-interviewed to determine his availability and suitability for that job.

The Local is directed to fax this Office immediately all of the Shop Steward Reports in their custody for the month of November 2005 as well as the Business Agents reports for the month of November as to this job site.

Further comment:   I must state that I'm disappointed that I as the I.I. had to uncover the absence of the shop steward on a job site, rather than the 157 BA or BM being on top of this situation from the very beginning. If there are extenuating circumstances that may be present, these circumstances should, in the course of good business practices, be something that is immediately communicated through the chain of command to obviate the need for our Office to act herein.  Oversights and casual practices damage the view in our eyes as well as the Council's view at to the performance of a Local. This possible lapse of duty will be the subject of further inquiry by this Office.

*W.P. Colbert* (signature)

cc: Local 157 (Bill Hanley, George Dilacio, Fred Kennedy)
    Scott Danielson

    Gary Rothman, Esq. O'Dwyer & Bernstein

    Edward Scarvalone, Assistant U.S. Attorney, SDNY

The contents of this fax and any attachments may be legally privileged and confidential.  Dissemination or copying is prohibited.  If this is received in error please notify this office and return the original fax at our expense or call collect.

3

P.11  Case 1:90-cv-05722-RMB -THK   Document 1401-2   Filed 10/14/11   Page 5 of 8   DEC-01-2011
Nov-18-2005 08:52am   From-NYCDC            +212 366 7363     T-873  P.002  F-563
Nov 17 05 03:14p    wpc                    2128893242                       p.1

# Office of the Independent Investigator

# MEMO

**DATE**       November 17, 2005

**FROM:**      William P. Callahan

**TO:**        Mo Leary, Scott Danielson, Bill Hanly

**RE:**        Bowery & 1st St -
               S.S.              UBC #

**FILE NUMBER:**  # 101 (11-001-11/02/05)

This is a second hotline complaint call by _____ (L45) today at 8:45 am and 11:00 am re his showing up at above site having been dispatched on 11/2 (his original call was on 11/2 at 8:55 am - see # 101).

Today, he stated that he has not been receiving any support from Local 157 re his complaint that he was dispatched off the Owl because he has concrete-heavy construction experience and when he got there he learned that John Greaney was the SS. He alleges that John Greaney of L157 is on the E Board and received favoritism and has no heavy construction experience - he's a woodworking guy.
_____ alleges because Greaney's on the 157 E Board he received special treatment. He alleges when he complained to 157 he was told there was a mix-up.

_____ further alleges that the foreman for _____ told him ( ____ ) he prefers ____ because his experience and skills are better suited for this concrete foundation work and in addition, ____ states he heard that Greaney has been a no-show at different times.

This date at 1:45 pm, the undersigned (WPC) visited the site at 1st St and Bowery - it's a ____ job and _____ is the GC. I't's presently a hole and the workers are preparing the forms for the concrete foundation. WPC spoke to _____, VP Operations for _____, identified himself as the Carpenter I.L and asked to speak to the Carpenter Shop Steward named Greaney -- he sent the laborer's foreman into the hole to look for Greaney - the foreman returned stating Greaney was a no show today. WPC left his card with ____ and left the site.

Request that Scott Danielson send John Greaney of 157 and ▓▓▓▓ L45 a notice of hearing and furnish the SS Reports and BA reports on this job to the I.I.'s office.

#101 is being re-opened on the hotline list.

*/s/ WPC*

Dec 01 05 10:20a   wpc                                                    2128893242              p.13
Nov-18-2005 08:30am From-05720                 +212 365 1365         T-879  P.004  F-563
Case 1:90-cv-05722-RMB -THK   Document 1101-2   Filed 10/14/11   Page 7 of 8
Nov 17 05 03:16p   wpc                                                    2128893242              p.3

# NYCDC - CARPENTERS UNION
## INDEPENDENT INVESTIGATOR

*ORIGINAL COMPLAINT*

| CASE REPORT | (11)-001-11/02/05 | 101 |

| DATE: | 11/2/2005 | SATUS: | Pending |
| TIME: | 8:55:00 AM | TYPE OF CASE: | 11 - OWL Complaint/Person |
| PRIORITY: | | RELATED CASE: | |

CALLER NAME:
CALL BACK NUMBER:

JOB LOCATION: 1st/Bowery     FLOOR:
LOCAL: 45

JOB CONTRACTOR:
GENERAL CONTRACTOR:
WORK TYPE:
DATE JOB STARTED:
# OF PERSONS ON JOB:
STEWARD NAME:
FOREMAN NAME:
BUSINESS AGENT NAME:

**COMPLAINT:**
Caller _____, Ubc # _____ states he was dispatched from the OWL to 1st and Bowery as a SS. When he got there they gave the job to another SS. He complained to BA _____ - and had to leave. This day was added and he was charged with having 11 days. He said he called M Leary today to complain. II advised him we have no jurisdiction - he has to follow the procedures set up by the DC

CASE NUMBER: (11)-001-11/02/05

Dec 01 05 10:20a    wpc                                    2128893242              p.14
Nov-18-2005 08:15am  From-NYCDC  Case 1:90-cv-05722-RMB -THK  Document 1101-2  +212 366 7563  Filed 10/14/11  T-873  Page 8 of 8  P.005  F-563
Nov 17 05 03:15p    wpc                                    2128893242              p.4

| CASE REPORT | (11)-001-11/02/05 | 101 |

**REPORTED TO UNION:** yes

**UNIT:**

**REPORTED DATE:**

**UNION ID:**

**CALL TAKEN BY:** WPC

**I.I. ACTION:**

**I.I. RESULT:**
closed - Salus back on list

**CASE NUMBER:** (11)-001-11/02/05