JOHN DOAR - OF COUNSEL
JOHN JACOB RIECK, JR.
WALTER MACK

OF COUNSEL
AMY ROTHSTEIN
EILEEN MINNEFOR
DAVID RIVERA

LAW OFFICES OF
## DOAR RIECK & MACK
ASTOR BUILDING
(212) 619-3730

7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com

## CONFIDENTIAL - NOT FOR PUBLIC FILING
## PENDING COURT REVIEW

July 15, 2005

**BY HAND**
Hon. Charles S. Haight, Jr.
Senior United States District Judge
Southern District of New York
500 Pearl Street, Room 1940
New York, New York 10007

Re: <u>United States v. District Council of Carpenters</u>
90 Civ. 5722 (CSH)

Dear Judge Haight,

In a follow-up to my June 28, 2005 Recommendation for Criminal Referral, I append the transcript of interview of Local 608 Business Agent ▇▇▇▇▇ as well as a copy of a July 7, 2005 letter from the General President of the United Brotherhood of Carpenters addressed to ▇▇▇▇▇  This letter was furnished to me by Local 608 as an indicator that ▇▇▇▇▇ Foreman, on the ▇▇▇▇▇ jobsite that is the primary focus of my Recommendation Report, may be seeking readmission to a carpenter Local Union outside the jurisdiction of the New York City District Council.

I also wish to advise the Court that we have determined through investigation that a number of signatory contractors have routinely defrauded the District Council and the Benefit Funds by paying both union member and non-union member carpenters from non-payroll bank accounts at a rate of pay that is below union scale and absent remittances of benefit contributions. It appears at this stage that the signatory contractors utilize "cash payroll" checking accounts that are never voluntarily disclosed to union auditors and tend to be opened for limited durations after

Hon. Charles S. Haight, Jr.
July 15, 2005
Page 2

which they are replaced by another checking account usually at another bank. We have tentatively identified the following signatory contractors as engaging in this practice: [redacted]; Pyramid Associates Construction; Aurash Construction Corp.; Pitcohn Construction Enterprises; Perimeter Interiors Inc.; [redacted]; and On Par Contracting Corp. We expect to identify more as the investigation progresses.

The financial numbers concerning the inadequacy of benefits remittances alone by these contractors will total in the millions of dollars and, of course, are accompanied by evidence of wholesale inaccurate and incomplete shop steward reports. The scale of this wrongdoing is noteworthy.

Many of these contractors when appearing before me to respond to the evidence unearthed through this investigation are asserting their Fifth Amendment privilege not to respond to my questions. Accordingly, I am informing them and their legal counsel and intend in the future to inform others that I will be referring the evidence gathered to criminal prosecutors for evaluation.

I am providing this information to the Court to insure that Your Honor is aware of significant developments and of my practices and procedures that I undertake as an agent of the Court.

I stand ready as always to respond to any questions or concerns that the Court my have.

Respectfully submitted,

Walter Mack

cc: with enclosures
    Gary Rothman, Esq.
    AUSA Edward Scarvalone