# CONFIDENTIAL

## TRANSITION MEMORANDUM

TO: William Callahan, Independent Investigator

CC: Senior United States District Judge Charles S. Haight, Jr.

FROM: Walter Mack

DATE: October 26, 2005

RE: ▒▒▒▒▒▒▒▒▒▒▒▒

---

    1. Several Hotline Callers and a number of confidential sources encouraged me to investigate the New York State Department of Environmental Protection construction project at ▒▒▒▒▒ regarding the circumstances of ▒▒▒▒▒ dispatch as the Shop Steward for ▒▒▒▒▒ at this site and allegations that carpenters employed by ▒▒▒▒▒ had made payoffs to secure their employment and/or membership in the union.

    2. The construction project at ▒▒▒▒▒ was one of the biggest, if not the biggest job in Brooklyn. ▒▒▒▒▒ dispatch as Shop Steward to this site was an immediate dispatch; a condition about which I have become suspect, based on my other investigations of Shop Steward dispatches. In addition, the manning request for the dispatch including the uncommon skill, 8 hour scaffolding, which reduced the pool of Shop Stewards who qualified for the dispatch. Given these facts, in my opinion, the dispatch was certainly worth additional inquiry and investigation by me. I am sorry that I did not find the time to complete this project.

    3. An analysis of the Shop Steward Reports and OWL dispatches to the site revealed that for a significant number of carpenters working on this site, it was their first job as a union member. Further analysis revealed that the carpenters had either secured their employment with ▒▒▒▒▒ prior to becoming a union member or came to be employed by ▒▒▒▒▒ immediately subsequent to their joining the union. Based upon other job sites that I have investigated, the number of carpenters who secured employment in this manner appears unusual, given the longevity and desirability of the job, and the issues deserved further inquiry and investigation. In my opinion, more carpenters on the OWL should have profited from this opportunity, and I harbor suspicions concerning why they did not.

    4. I noticed a number of these carpenters for deposition. Several failed to respond despite their receiving a second notice from me. A smaller number contacted my office by telephone to inquire about the subject matter, agreed to appear and then failed to make the

scheduled appearance. My conjecture is that my lame-duck status and communication amongst the subjects of my investigation combined to impede my progress.

    5. The District Council job referral histories of several of the subjects deposed were unusual and inaccurate in the words of the deponents themselves.

    6. The deposition transcripts, exhibits and reports of interview will be transferred to your office for review and your determination whether you wish to proceed on this subject matter. I, of course, would be pleased to assist you in any way you request.

Walter Mack

cc:    Gary Rothman, Esq.
       AUSA Ed Scarvalone