USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

-against-

DISTRICT COUNCIL OF NEW YORK CITY
and VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS and
JOINERS OF AMERICA, et al.,

                Defendants.
-------------------------------------------------------X

90 Civ. 5722 (RMB)

**OPINION & ORDER**

Having reviewed the record herein, including **(i)** the Consent Decree, entered into by the Government and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council" or "Union"), and approved by United States District Judge Charles S. Haight on March 4, 1994, permanently enjoining all current and future members of the District Council from, among other things, "committing any act of racketeering activity, as defined in 18 U.S.C. § 1961"; **(ii)** the Court's Decision & Order, dated August 27, 2012, denying the letter application of Joshua A. Douglass, Esq., dated August 7, 2012, seeking to challenge the so-called "three-dispatch rule" and the collective bargaining agreement entered into between the Union and Gilbert Displays, Inc. on or about August 9, 2009 ("Gilbert CBA"); **(iii)** the letter, dated August 28, 2012, of Union member Veronica Session requesting the Court's "intervention" as to (1) the three-dispatch rule; (2) the Gilbert CBA; and (3) a proposed "full mobility" amendment to the collective bargaining agreement entered into on July 1, 2006 between the District Council and the Association of Wall-Ceiling and Carpentry Industries of New York, Inc. ("Full Mobility Amendment"); **(iv)** the letter, dated Sept. 6, 2012,

of Review Officer Dennis M. Walsh, Esq. ("RO"); and applicable legal authorities, **the Court hereby denies Ms. Session's application as follows:**

1) Preliminarily, Ms. Session's application is dismissed without prejudice because she has made no showing that she has standing to litigate under the Consent Decree.  See United States v. Dist. Council of New York City, No. 90 Civ. 5722, 2007 WL 3196136, at *1 (S.D.N.Y. Oct. 26, 2007); Lee v. Bd. of Governors of the Fed. Reserve Sys., 118 F.3d 905, 910 (2d Cir. 1997) ("[T]he party invoking the authority of the court bears the burden of proof on the issue of standing.").  Ms. Session has not, for example, demonstrated an "injury-in-fact," a "causal connection between the injury and the conduct complained of," or that "the injury will be redressed by a favorable decision." Lee, 118 F.3d at 910 (internal quotation marks omitted).

2) Assuming, arguendo, that Ms. Session had standing and that her application were properly before the Court, it would be dismissed with respect to the three-dispatch rule and the Gilbert CBA for the reasons set forth in the Court's August 27, 2012 Decision & Order.  See United States v. Dist. Council of New York City, 90 Civ. 5722, 2012 WL 3822963, at *2 (S.D.N.Y. Aug. 27, 2012); (Ltr. to the Court from Dennis M. Walsh, Esq., dated Sept. 6, 2012 ("RO Letter"), at 2 ("[These issues] have already been addressed by the District Council and the RO . . . and were considered by the Court in its August 27, 2012 Decision & Order.").)

With respect to the three-dispatch rule, the Court stated in its August 27, 2012 Decision & Order as follows:

> The RO proposed the rule at an open forum on May 3, 2012, and he published his recommendation in his Fourth Interim Report, filed on June 4, 2012.  The rule was implemented by Executive Secretary Treasurer Michael Bilello under the District Council's Bylaws, and the District Council announced the rule on its website on August 2, 2012.  The rule was discussed at a Union delegate body meeting on August 8, 2012, with no application made to

2

> block its implementation, and became effective on August 13, 2012.

See id. (internal citations omitted).

And with respect to the Gilbert CBA, the Court stated that there is "no reason or justification to intervene with respect to the Gilbert CBA which is the subject of a pending arbitration before the American Arbitration Association, and the parties will begin meeting soon to negotiate a successor agreement." See id. (internal quotation marks and citations omitted).

3) With respect to full mobility, and again assuming arguendo that Ms. Session had standing and that her application were properly before the Court, Ms. Session's application would be denied as not "ripe" for adjudication. Texas v. United States, 523 U.S. 296, 300 (1998); see United States v. Dist. Council of New York City, 90 Civ. 5722, 1993 WL 364443, at *1 (S.D.N.Y. Sept. 10, 1993) (Haight, J.). The RO has advised that the delegate body of the District Council approved the Full Mobility Amendment "by a vote of 60-26" on August 22, 2012, and that it "cannot be implemented without approval of the Review Officer, the United States Attorney's Office and, ultimately, the Court." (RO Letter, at 1.) The RO also stated that "any approval gained from the RO's office will be contingent upon a strict compliance program that incorporates fail safe methods of time reporting, oversight by the RO's office and frequent reporting," and that if "the program does not decrease the likelihood of corrupt practices occurring, the Review Officer will so inform the Court and the parties." (RO Letter, at 1.)

Dated: New York, New York
September 12, 2012

*RMB*

RICHARD M. BERMAN, U.S.D.J.

3