USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,

      -against-

DISTRICT COUNCIL OF NEW YORK CITY
and VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS and
JOINERS OF AMERICA, et al.,

                      Defendants.
------------------------------------------------------------X

90 Civ. 5722 (RMB)

**OPINION & ORDER**

Having reviewed the record herein, including **(i)** the Stipulation and Order, approved by Judge Charles S. Haight Jr. on June 2, 2010, appointing Dennis M. Walsh, Esq. as the review officer ("Walsh" or "RO") (Stip. & Order ¶ 3); **(ii)** the RO's September 24, 2013 letter to the Court and attached Findings Regarding Required Approval of Candidates for EST "formally approv[ing] one candidate for [Executive-Secretary Treasurer ("EST")], declining to approve three others and provid[ing] certain details regarding the decision"; **(iii)** James P. Noonan's ("Noonan") September 25, 2013 letter to the Court "object[ing] to the Letter and Findings of [the RO] dated September 24, 2013" which rejected him as a candidate for EST and "requesting that this Court . . . provide me the opportunity at a date to be determined to state my case for approval [to run for EST]"; **(iv)** Noonan's October 11, 2013 application for "an Order reversing and overruling the application of [the RO] dated September 24, 2013 to solicit new and additional candidate petitions and re-set the special election schedule for EST" and "approving and permitting my candidacy and permitting me to run along with other approved candidate(s) for the position of [EST], restoring my name to the ballot and otherwise permitting this election process to proceed on a schedule to be set by this Court" stating, among other reasons, that (1) the RO's

"veto goes beyond his authority under the law"; (2) although "the provision under the Stipulation and Order dated June 2, 2010 . . . provides in paragraph 5(k)(iv) that the RO's power and decision to veto candidates shall be considered final . . . the failure of the RO to otherwise provide for a system by which members in good standing who are eligible to run for office can demonstrate or achieve the necessary qualifications for the office of EST leaves the District Council without the apparatus necessary for self-governance . . . when the RO term expires next year"; and (3) the Court should "review the EST election process and make an independent determination regarding eligibility of candidates permitted to be placed on the ballot" to ensure that "my fellow members of the District Council will [not] be further discouraged from running for union office"; **(v)** the RO's October 17, 2013 response to Noonan's application stating that "[b]ecause the RO properly exercised his authority . . . the RO's decision must stand" and contending that (1) Paragraph 5.k.iv of the Stipulation and Order grants the RO the authority exercised in this matter because it "requires that a candidate seeking to run for District Council office 'first be approved by the RO, who will determine whether . . . the candidate is qualified to run for office and to represent the union membership'" and that "'[a]ny such decision of the [RO] will be final and non-reviewable"; (2) "there is a system in which a candidate can demonstrate his qualifications for EST: it is the presentation he makes in his interview"; and (3) "the RO's decision whether to approve candidates is final and non-reviewable under ¶ 5.k.iv [of the Stipulation and Order] and not subject to the standard of review applicable to final agency actions under the Administrative Procedures Act . . . like ¶ 5.b vetoes are"; **(vi)** the transcript of the hearing held on October 23, 2013, (Hr'g Tr., dated Oct. 23, 2013 ("10/23/13 Tr.")); and applicable legal authorities, **the Court hereby denies Noonan's application as follows:**[1]

---

[1] Any issues not specifically addressed herein were reviewed on the merits and rejected.

(1)     The Court finds that there was a candidate application mechanism in place and that Noonan availed himself of the opportunity to present his qualifications as a candidate for the EST special election to the RO on September 19, 2013. See (Decl. of James P. Noonan, dated Sept. 25, 2013 ("Noonan Decl."), ¶ 6; RO's Findings Regarding Required Approval of Candidates for EST, dated Sept. 24, 2013, at 3.) Noonan has not produced any evidence to show that the RO's interview provided him an inadequate opportunity to demonstrate his candidacy. (See Noonan Decl.)

(2)     The Stipulation and Order states:

> Any candidate seeking to run for a position as an officer of the District Council during the Review Officer's tenure must first be approved by the Review Officer, who will determine whether in light of the terms and objectives of the Consent Decree the candidate is qualified to run for office and represent the union membership. Any such decision by the Review Officer will be final and non-reviewable.

(Stip. & Order § 5(k)(iv).)

(3)     Noonan is without standing to challenge the RO's decision in this matter, which is "final and non-reviewable." Id.; United States v. District Council of New York City, No. 90 Civ. 5722, 2011 WL 5116583, at *1 (S.D.N.Y. Oct. 26, 2011) ("Under the explicit terms of the June 2, 2010 Stipulation and Order, the RO's determination that Complainants are not qualified to run for office and represent the Union membership is 'final and non-reviewable.'") (quoting Stip. & Order ¶ 5(k)(iv)); see also Berger v. Heckler, 771 F.2d 1556, 1568 (2d Cir. 1985) ( "The court is not entitled to expand or contract the agreement of the parties as set forth in the consent decree, and the explicit language of the decree is given great weight." (citation omitted)); United States v. Broad. Music, Inc., 275 F.3d 168, 175 (2d Cir. 2001); Tr. of Proceedings, dated May 20, 2010, at 33:17–23 (GOVT. COUNSEL: "[V]esting th[is final] power in [the RO] is necessary . . .

precisely because in the past, the remedies that we had agreed to have set out that elections will be supervised and set out that election rules will be imposed and yet the people who get elected have continued to serve not the interests of the [U]nion members but have served the interests of themselves . . . ."); United States v. Mason Tenders Dist. Council of Greater N.Y., No. 94 Civ. 6487, Consent Decree [# 67] ¶ III.8 (S.D.N.Y. Dec. 27, 1994) (McKenna, J.) (vesting "final and non-reviewable" authority in court-appointed monitor to determine "whether in light of the express goals of this [c]onsent [d]ecree, [a] candidate is qualified to run for office and represent the union membership on the [union's e]xecutive [b]oard"); United States v. Dist. Council of New York City, No. 90 Civ. 5722, 2012 WL 3822963, at *1 (S.D.N.Y. Aug. 27, 2012) ("[Movant] is not a party to this case and appears to have no standing under the Consent Decree.")

Assuming, arguendo, that Noonan had standing to challenge the RO's determination that he lacked the necessary "qualification, experience [and] training" necessary to run for EST, his application would likely be denied for the reasons stated above. The RO, in his September 24, 2013 findings, stated that "Mr. Noonan was unable to cite any qualification, experience or training (other than his integrity and dedication to the brotherhood) that would aid in deeming him qualified to serve as a chief executive of the District Council" and that he "admitted too much when he stated that he had received pledges of assistance from siblings (one of whom is an attorney) in meeting the challenge of being EST." (RO's Findings Regarding Required Approval of Candidates for EST, dated Sept. 24, 2013, at 3.)

Dated: New York, New York
October 23, 2013

*/s/ RMB*

RICHARD M. BERMAN, U.S.D.J.

4