# United Brotherhood of Carpenters and Joiners
## OF AMERICA

373 96th Street
Brooklyn, New York 11209

INSTITUTED AUGUST 12, 1881

(718) 491-0926
Fax (718) 491-1926

SCOTT SELTZER
Recording Secretary

LOCAL 926 UNION

SAL TAGLIAFERRO
President

JOSEPH ALBANESE
Financial Secretary

**RECEIVED JAN 03 2014 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.**

CLERK TO DOCKET.

Fax Cover Sheet

SO ORDERED:
Date: 1/3/14
*Richard M. Berman*
Richard M. Berman, U.S.D.J

Date: January 3, 2014
To: Judge Berman
Fax Number: 1-212-805-6717
Number of Pages: 7 including cover page
Comments: Please enter into Court Records. Thank you.

From: Salvatore Tagliaferro

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/3/14**

Honorable Richard M. Berman  
United States District Judge  
Southern District of New York  
New York, NY.     10007

January 3, 2014

Re: Appeal of Salvatore Tagliaferro

Dear Judge Berman;

Thank you for the opportunity to address my concerns and issue before your Honor.

I write to you as a member of the Carpenters' Union, and I respectfully request for your permission to let me run for EST of the New York City District Council.

On December 11, Mr. Dennis Walsh, the Review Officer for the District Council (RO), decided I wasn't qualified for this position. In my humble opinion he is wrong. Mr. Walsh has not revealed any written rules or standards to determine who is qualified to run for EST. He just makes them up as he goes along, and then says whatever he decides cannot be reviewed by a Court of Law. It is my opinion that this is unconstitutional as his procedures circumvent due process. Mr. Walsh's role as RO was to provide order and return back the integrity of the Carpenters' Union; to return it back to the membership, to the hard working brothers and sisters of this great union. In my opinion Mr. Walsh has failed us by not leading by example.

As the Court knows, the RO has forced the District Council to spend tens of thousands of dollars, which is contributed and taken from the members' dues monies, to adopt so-called "best practices" that have been borrowed from Corporate America. Inexplicably, one "best practice" that Mr. Walsh has failed to

implement is a leadership-training or mentoring program that is designed to groom potential candidates for the top officer positions and leadership roles at the District Council. The premise behind this idea would be that before eligible candidates can run for E.S.T., the individual would need to successfully complete this required program. The absence of such a program, on the other hand, leaves potential candidates with little options but to seek to gain leadership experience as an elected official at the local level, (ie) as a local president or local delegate. In his letter to me dated December 11, 2013, Mr. Walsh as the RO found my experience as an elected local president and local delegate to be insufficient to qualify me as a candidate for E.S.T. As a result, the normal route by which most union members would use to climb in ranks to seek to hold district wide or regional positions is of little value in assessing a candidate's qualifications in the eyes Mr. Walsh.

Your Honor, section 5(k)(iii) provides that the RO has the authority to "prescribe threshold qualifications" for candidates seeking a position as an officer of the District Council. However to my knowledge, Mr. Walsh has not identified nor illustrated any of these threshold qualifications, wherefore leaving members with the tenacity to run for office in the dark.

So what we have here is the following:

The qualifications the RO is seeking of candidates are not indicated in writing; prior leadership experience at a local level is not sufficient to provide a platform to run for higher office; and there is no leadership-training or mentoring program offered for members who wish to seek a higher elective position.

So the question that needs to be addressed is, how does a member run for office, specifically for the position of E.S.T. if no guidelines or specifications have not been set and nobody knows what they are? If for example there were ten written qualifications, and a member met them all, wouldn't the Court find it arbitrary for the RO to disapprove that member as a candidate? Furthermore, how can a Court reveal improper bias when the RO can pick and choose any standards he wants?

For instance, in my case, Mr. Walsh finds my 16 year old conviction of a crime committed over 21 years ago to be a bar from me running for the position of E.S.T. He opined this because the E.S.T. sits as a trustee on the Benefits Funds. If Federal law applied, I would have been barred for 13 years. Mr. Walsh again seems to have adopted an arbitrary rule that the bar should be longer than 13 years, my question is why wasn't any notice of such a change been given to the membership in advance? Is this a valid rule or is this something Mr. Walsh deems necessary and proper within the scope of his duties as RO? Further, why isn't this standard applied across the board to all officers of the District Council? There are several officers who are currently allowed to hold office and/or sit as a trustee despite prior convictions. Your Honor does this make sense?

To make matters worse, the RO's track record does not justify giving any deference to his subjective assessments of a candidate's qualifications. Thus, after the last election for District Council officers, the RO issued a "Possible action of veto," which led to the president's resignation after less than nine months and

removed the E.S.T. in about fourteen months, after finding both were qualified to run.

In Mr. Walsh's 7th interim report he quotes Machiavelli and stated that the District Council needs leaders that "risk their own ruin" for the betterment of the membership as a whole. Well I have done just that on more than one occasion. In June of 2013, I was very out-spoken against the Trade Show contract while working for the largest tradeshow contractor in the world. In retaliation, the contractor fired me and I currently have an active NLRB action. In 2002 I was fired from a major contractor for standing up to contract violations. After a grievance was filed, the company paid me for lost time in a settlement. In 2003, a member of a local from Westchester was harassing members and the foremen. When I intervened to protect the members, the man came after me with a knife and told people he was going to "kill me". He was arrested and sent to jail as a result of this incident, and when he was released, the Manhattan DA's office enforced an order of protection for my safety. In April 2011, I contested a business agent in Philadelphia who was trying to prevent New York members from working in his area even though they had a right to do so under the applicable CBA. I wrote a letter to the International VP who then intervened on our behalf so the NYS members could continue working. These are just a few examples of the many occasions I risked my own benefit for the betterment of my members. I live by example, and I did what was necessary to protect the members and the jurisdiction of the New York City District Council. I do this all the while being a Husband and a Father of 3 young sons who most certainly cannot afford to be out of work, never once trying to claim any accolades.

If I may your Honor I would like to point out some of my accomplishments; my local is the only local in the state of New York or New Jersey with dental and vision coverage at no additional cost to them from their local. I became president in August 2011 at which time the local had about $400,000.00 in assets. We now have just shy of $1,000,000.00 that while we lowered the members dues plus implemented dental coverage which last year cost the local around $250,000.00. January 1 2014 we started the vision coverage for all active members. Your honor I have done this plus many other good things for my members as a non-paid president while still working to earn a living. This was done on a "part time" basis, with the help of the local secretary. All the while jumping over the hurdles the RO continually put in front of us. I know the RO tried to claim accolades for assisting the local in implementing dental for the members that is simply not true. He insisted that the locals must not use any funds that we have in the bank. That we must "operate in the black" at all times. While I am a strong believer in being fiscally responsible, I must ask what is the member's money in the bank for if not to provide much needed benefits? I have also spent scores of hours away from my family to attend delegate meetings that are just chaos.

In sum, after nominations closed, Walsh, in his 7th interim report, made the key qualification for EST a candidate's proven willingness to risk his own ruin for the sake of the membership. Why didn't he make this clear before asking for nominations? And why, almost in the same breath, did he disqualify the one person who clearly met this test? Isn't this exactly what the judges mean by arbitrary and capricious?

At the same time, the 7th interim report recognizes that without a strong leadership base made up of people with a willingness to risk their own ruin for the sake of the membership, the RO's appointment "will have been for naught. " The question that necessarily follows is this: After three years, how far along is the RO towards attaining that goal? The 7th interim report also provides the answer: Not very far at all. By his own test then, the RO has failed at the most critical aspect of his mission. It is obviously time for the Court to step in and supervise the election process, as the RO has effectively disqualified himself from this role.

I truly hope Your Honor will allow a true democratic election to take place, where the membership decides who will be the next Executive Secretary Treasurer, not a Review Officer, who missed the boat on his most important obligation. I would remind the Court the ballots are due to be mailed out on Monday January 6, 2014, that is this coming Monday. Please delay this long enough for the RO to put me on the ballot.

Respectfully submitted,

Salvatore Tagliaferro President & Delegate of LU 926