UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                      Plaintiff,

      -against-

DISTRICT COUNCIL OF NEW YORK CITY
and VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS and
JOINERS OF AMERICA, et al.,

                      Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/7/14

90 Civ. 5722 (RMB)

**OPINION & ORDER**

       Having reviewed the record herein, including **(i)** the Consent Decree, entered into by the Government and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council" or "Union") (Consent Order, dated March 4, 1994, at 1); **(ii)** the Stipulation and Order appointing Dennis M. Walsh, Esq. as the review officer ("Walsh" or "RO") (Stipulation and Order, dated June 2, 2010 ("Stip. & Order"), ¶ 3); **(iii)** the various applications and submissions of Messrs. Salvatore Tagliaferro, Patrick Nee, and Gregory Kelty, and the RO's written responses to these submissions (Letter from Salvatore Tagliaferro to Hon. Richard M. Berman, dated Dec. 11, 2013; Letter from Bridget M. Rohde to Hon. Richard M. Berman, dated Dec. 12, 2013; Letter from Salvatore Tagliaferro to Hon. Richard M. Berman, dated Dec. 12, 2013; Letter from Salvatore Tagliaferro to Hon. Richard M. Berman, dated Jan. 3, 2013; Letter from Patrick Nee to Hon. Richard M. Berman, dated Dec. 2, 2013; Letter from Bridget M. Rohde to Hon. Richard M. Berman, dated Dec. 10, 2013; Letter from Bridget M. Rohde to Hon. Richard M. Berman, dated Dec. 12, 2013; Letter from Gregory Kelty to Hon. Richard M. Berman, dated Dec. 31, 2013; Letter from Dennis M. Walsh to Hon. Richard M. Berman, dated Jan. 2, 2014); **(iv)** the transcript of proceedings held on January 6,

2014 (Hr'g Tr., dated Jan. 6, 2014 ("1/6/14 Tr.")); and applicable legal authorities, **the Court concludes as follows:**

(1) The special election for Executive Secretary-Treasurer of the District Council ("EST"), to be held on January 24, 2014, may proceed as currently scheduled. The election process is in accordance with the procedures approved by the Court on August 15, 2013, (Order, dated Aug. 15, 2013), and reflects a valid exercise of the RO's authority to "supervise all phases of any union election conducted by the District Council during his tenure, and to certify the results of any such election." (Stip. & Order ¶ 5(k)(i).) See United States v. Dist. Council of New York City, 880 F. Supp. 1051, 1065 (S.D.N.Y. 1995) ("[B]ased on the intent of the parties, and the definition of 'supervise' under Title IV of the LMRDA, the IRO's power to 'supervise' the District Council election authorizes him to not only draft rules for how the election should be conducted, but to implement those rules by vesting within his own physical control the conduct of the election process.").

(2) As acknowledged by the RO, Mr. Tagliaferro, who is currently serving as the President of the Local Union 926, has been denied candidacy in this interim election, but he may apply to run (and, presumably, may qualify) for the position of EST at the next regularly scheduled EST election. (See 1/6/14 Tr. at 34; see Stip. & Order ¶ 5(k)(iv).) United States v. District Council of New York City, No. 90 Civ. 5722, 2011 WL 5116583, at *1 (S.D.N.Y. Oct. 26, 2011) ("Under the explicit terms of the June 2, 2010 Stipulation and Order, the RO's determination that Complainants are not qualified to run for office and represent the Union membership is 'final and non-reviewable.'") (quoting Stip. & Order ¶ 5(k)(iv)); see also Berger v. Heckler, 771 F.2d 1556, 1568 (2d Cir. 1985) ("The court is not entitled to expand or contract

the agreement of the parties as set forth in the consent decree, and the explicit language of the decree is given great weight." (citation omitted).)

(3) In his letter to the Court, dated December 2, 2013, Mr. Nee argues unpersuasively that the RO "holds no authority" under the Stipulation and Order to supervise the special (interim) election for EST. (Letter from Patrick Nee to Hon. Richard M. Berman, dated Dec. 2, 2013, at 1.) Mr. Nee also objects to the RO's "retaining non-reviewable authority to disqualify members from running for this position." (Id.) As an initial matter, Mr. Nee has not shown that he has standing to raise these objections, see In re ContiFinancial Corp., 336 Fed. App'x. 29, 30 (2d Cir. 2009) ("A party seeking to invoke the jurisdiction of the federal courts bears the burden of establishing that she has standing."), i.e., that he has suffered an "injury in fact," a "causal connection between the injury and the conduct complained of," or that "the injury will be redressed by a favorable decision." Lee v. Bd. of Governors of the Fed. Res. Sys., 118 F.3d 905, 910 (2d Cir. 1997) (internal quotation marks omitted).

Assuming, *arguendo*, that Mr. Nee has standing to pursue his objections, the Court would likely find that the RO was within his authority to schedule and organize the special election for EST. The Stipulation and Order grants the RO broad authority in these matters. (See Stip. & Order ¶ 5(k)(i).) And, the Stipulation and Order explicitly grants the RO the authority to disqualify candidates for District Council offices. (Id. ¶ 5(k)(iv).)

(4) With respect to Mr. Kelty's application that he be allowed to "submit one page, both sides, of campaign literature to the council to be mailed to all members at the cost of the council," (Letter from Gregory Kelty to Hon. Richard M. Berman, dated Dec. 31, 2013), the RO has agreed to the distribution by mail of campaign materials for the two current candidates for

EST, Mr. Kelty and Joseph Geiger, at the District Council's expense. (1/6/14 Tr. at 46.) The RO's consent in this matter resolves the application of Mr. Kelty.

Dated: New York, New York
January 7, 2014



RICHARD M. BERMAN, U.S.D.J.