USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/8/14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

-against-

DISTRICT COUNCIL OF NEW YORK CITY
and VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS and
JOINERS OF AMERICA, et al.,

                Defendants.
------------------------------------------------------------X

90 Civ. 5722 (RMB)

**OPINION & ORDER**

      Having reviewed the record herein, including **(i)** the Consent Decree, entered into by the Government and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council") (Consent Order, dated March 4, 1994, at 1); **(ii)** the Stipulation and Order appointing Dennis M. Walsh, Esq. as the review officer ("Walsh" or "RO") (Stipulation and Order, dated June 2, 2010 ("Stip. & Order"), ¶ 3); **(iii)** the application to this Court of Mr. William Walsh (Letter from William Walsh to Hon. Richard M. Berman, dated Dec. 31, 2013); **(iv)** the RO's written response to Mr. Walsh's application (Letter from Bridget M. Rohde to Hon. Richard M. Berman, dated Jan. 2, 2013); **(v)** Exhibits 18 and 19 to the RO's Seventh Interim Report (The Seventh Interim Report of the Review Officer, dated Dec. 3, 2013); and applicable legal authorities, **the Court concludes as follows:**

      The Court is not empowered to consider Mr. Walsh's application as part of the above-captioned case, in which he objects to a decision of Douglas McCarron, the General President of the United Brotherhood of Carpenters ("UBC"), dated October 9, 2013, ruling him ineligible to serve as a delegate to the District Council, and asks the Court to "reinstate me to my fairly elected position as Delegate." (Letter from William Walsh to Hon. Richard M. Berman, dated

Dec. 31, 2013.) Rather, the Court's authority in this case is limited to the enforcement and implementation of the Consent Order and subsequent orders entered by the Court. United States v. Dist. Council of New York City, 972 F. Supp. 756, 763 (S.D.N.Y. 1997) ("In the case at bar, the Court is concerned only with the proper implementation of the Consent Decree."). (See Stip. & Order ¶ 12(g).) Neither the Consent Order nor the Stipulation and Order implicates actions taken by the UBC or the interpretation of its constitution by UBC officers. United States v. Dist. Council of New York City, 972 F. Supp. 756, 760-61 (S.D.N.Y. 1997) ("The Consent Decree says nothing about the UBC's powers to act under its constitution, by-laws, and the Federal labor laws; nor was there a basis in law for doing so."); U.S. v. District Council of New York City, No. 90 Civ. 5722, 2007 WL 2728984, at *1 (S.D.N.Y. Sep. 12, 2007) ("This Court's limited jurisdiction does not extend to adjudicating alleged violations of the UBC Constitution."). (See Stip. & Order ¶ 2 ("The Court has authority to enter this Stipulation and Order pursuant to its inherent power, including the inherent power to enforce, ensure compliance with, and modify the Consent Decree.").)

Dated: New York, New York
January 8, 2014

_____
**RICHARD M. BERMAN, U.S.D.J.**