UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                     Plaintiff,

        -against-

DISTRICT COUNCIL OF NEW YORK CITY
and VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS and
JOINERS OF AMERICA, et al.,

                    Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/3/14

90 Civ. 5722 (RMB)

**<u>OPINION & ORDER</u>**

      Having reviewed the record herein, including **(i)** the Consent Decree, entered into by the Government and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council") (Consent Order, dated March 4, 1994, at 1); **(ii)** the Stipulation and Order appointing Dennis M. Walsh, Esq. as the review officer ("RO") (Stipulation and Order, dated June 2, 2010 ("Stip. & Order"), at 3); **(iii)** the letter to this Court from William R. Walsh, dated January 31, 2014, in which Mr. Walsh requests the Court to "reconsider" its January 8, 2014 Opinion and Order and "reinstate [him] as a Delegate [to the District Council]" (Letter from William R. Walsh to Hon. Richard M. Berman, dated Jan. 31, 2014 ("Walsh Letter"), at 2); **(iv)** the Review Officer's ("RO") response, dated February 11, 2014, in which he argues that "Mr. Walsh has not supplied authority for the Review Officer or the Court to reverse [United Brotherhood of Carpenters ("UBC")] General President Douglas McCarron's interpretation of the UBC Constitution" (Letter from Bridget M. Rohde to Hon. Richard M. Berman, dated Feb. 11, 2014 ("RO Letter"), at 2); and **(v)** applicable legal authorities, **the Court respectfully denies Mr. Walsh's application for reconsideration, as follows:**

The Court has not found, and in his letter to the Court Mr. Walsh does not identify, "controlling decisions or data that the [C]ourt overlooked" in its January 8, 2014 Decision and Order, as would warrant granting a motion for reconsideration. <u>Hartford Fire Ins. Co. v. Expeditors Intern. of Washington, Inc.</u>, No. 10 Civ. 5643, 2012 WL 6200958, at *1 (S.D.N.Y. Dec. 11, 2012) (quoting <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir.1995)). Specifically, Mr. Walsh has not identified any legal authority that would support the Court's reversal of UBC General President Douglas McCarron's interpretation of the UBC Constitution. <u>See</u> <u>United States v. Dist. Council of New York City</u>, 972 F. Supp. 756, 760-61 (S.D.N.Y. 1997) ("The Consent Decree says nothing about the UBC's powers to act under its constitution, by-laws, and the Federal labor laws; nor was there a basis in law for doing so."); <u>U.S. v. District Council of New York City</u>, No. 90 Civ. 5722, 2007 WL 2728984, at *1 (S.D.N.Y. Sep[t]. 12, 2007) ("This Court's limited jurisdiction does not extend to adjudicating alleged violations of the UBC constitution. "). Moreover, Mr. Walsh does not identify any provision in the June 2010 Stipulation and Order that would authorize, much less require, the RO to veto a decision by the UBC General President.

The Court, therefore, concludes that Mr. Walsh's application for reconsideration should be denied. <u>See</u> <u>Aczel v. Labonia</u>, 584 F.3d 52, 61 (2d Cir. 2009) (motion for reconsideration "should be granted only in extraordinary circumstances" (internal quotation marks omitted)).

Dated: New York, New York
        March 3, 2014

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**

2