UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                :
                                          :
                    Plaintiff,            :
                                          :    90 Civ. 5722 (RMB)
        -against-                         :
                                          :    OPINION & ORDER
DISTRICT COUNCIL OF NEW YORK CITY         :
and VICINITY OF THE UNITED                :
BROTHERHOOD OF CARPENTERS and             :
JOINERS OF AMERICA, et al.,               :
                                          :
                    Defendants.           :
------------------------------------------------------------X



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/15/2014

      Having reviewed the record herein, including **(i)** the Consent Decree, entered into by the Government and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council") (Consent Decree, dated March 4, 1994, at 1); **(ii)** the Stipulation and Order appointing Dennis M. Walsh, Esq. as the review officer ("RO") (Stipulation and Order, dated June 2, 2010 ("Stip. & Order"), at 3); **(iii)** the letter to this Court from Helena Grier, dated June 5, 2014, in which Ms. Grier requests the Court's "assistance with a situation . . . with the [District Council] not representing me properly, and Mr. Dennis Walsh (R.O. ) [n]ot seeing what the [D]istrict [C]ouncil did as improper practices and or corruption." (Letter from Helena Grier to Hon. Richard M. Berman, dated June 5, 2014 ("Grier Letter"), at 1); **(iv)** the Review Officer's ("RO") response, dated June 18, 2014, in which he argues that "the circumstances put before him by Ms. Grier did not implicate the Consent Order or Stipulation and Order" (Letter from Bridget M. Rohde to Hon. Richard M. Berman, dated June 18, 2014 ("RO Letter"), at 2); and **(v)** applicable legal authorities, **the Court respectfully responds to Ms. Grier's application, as follows:**

The Court is not empowered to consider Ms. Grier's application because, "[i]n the case at bar, the Court is concerned only with the proper implementation of the Consent Decree," United States v. Dist. Council of New York City, 972 F. Supp. 756, 763 (S.D.N.Y. 1997), which permanently enjoins the District Council and its constituent locals "from committing any act of racketeering activity, as defined in 18 U.S.C. § 1961." (Consent Decree, dated March 4, 1994, at 1.) See U.S. v. District Council of New York City, No. 90 Civ. 5722, 2007 WL 2728984, at *2 (S.D.N.Y. Sept. 12, 2007).

In her application, Ms. Grier does not describe racketeering activity, but only that the District Council "failed to represent [her] properly" after she was dismissed from her employment at the Javits Center. (Grier Letter, at 2.) Her contentions do not bring her application within the purview of the Court's jurisdiction in this case. See United States v. Dist. Council of New York City, 972 F. Supp. 756, 763 (S.D.N.Y. 1997) ("[The] Court in this litigation does not have plenary jurisdiction to consider all issues that might arise under the Federal labor laws with respect to the conduct of the UBC vis-a-vis the District Council and its constituent locals."). Ms. Grier notes that she has filed an Improper Practice Charge with the New York State Public Employment Relations Board against the District Council. (See Grier Letter at 2.)

The RO's actions with respect to Ms. Grier do not violate the Stipulation and Order, which provides the RO with authority to "ensure compliance with the injunctions set forth in the Consent Decree." (Stipulation and Order ¶ 5.a.) The RO, in fact, reviewed Ms. Grier's allegations and concluded that her termination "was not unjustified and was well documented by the Javits Center" and that "the District Council's decision not to pursue the grievance was prudent and did not constitute a violation of the National Labor Relations Act." (RO Letter at 1.)

The Court, therefore, respectfully denies Ms. Grier's application.

Dated: New York, New York
July 15, 2014

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**