USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                           Plaintiff,

      -against-

DISTRICT COUNCIL OF NEW YORK CITY
and VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS and
JOINERS OF AMERICA, et al.,

                           Defendants.
-----------------------------------------------------------X

90 Civ. 5722 (RMB)

**<u>OPINION & ORDER</u>**

       Having reviewed the record herein, including **(i)** the Consent Decree, entered into by the Government and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council") (Consent Decree, dated March 4, 1994, at 1); **(ii)** the Stipulation and Order appointing Dennis M. Walsh, Esq. as the review officer ("RO") (Stipulation and Order, dated June 2, 2010 ("Stip. & Order"), at 3); **(iii)** the letter to this Court from Elizabeth Rusek-Ziolkowski, dated June 16, 2014, in which Ms. Rusek-Ziolkowski requests that the Court "exercise its power, under <u>Metropolitan Life Ins. Co., v. Glenn</u>, 554 U.S. 105 (2008), to review the determination of the NYCDCC Board of Trustees [("Board of Trustees")] to deny [her] the opportunity to take advantage of early vestment privileges." (Letter from Joshua A. Douglass to Hon. Richard M. Berman, dated June 16, 2014 ("Douglass Letter"), at 1); **(iv)** the Review Officer's ("RO") response, dated June 26, 2014, in which the RO argues that "this is not the type of decision by the District Council or the Benefit Funds meriting review under the Stipulation and Order." (Letter from Bridget M. Rohde to Hon. Richard M. Berman, dated June 26, 2014 ("RO Letter"), at 2); and **(v)** applicable legal authorities, **the Court respectfully responds to Ms. Rusek-Ziolkowski's application, as follows:**

The Court is not empowered to consider Ms. Rusek-Ziolkowski's application, which contests the Board of Trustees' denial of her late husband's application for deferred pension benefits, because "[i]n the case at bar, the Court is concerned only with the proper implementation of the Consent Decree," United States v. Dist. Council of New York City, 972 F. Supp. 756, 763 (S.D.N.Y. 1997), which permanently enjoins the District Council and its constituent locals "from committing any act of racketeering activity, as defined in 18 U.S.C. § 1961." (Consent Decree, dated March 4, 1994, at 1.) See U.S. v. District Council of New York City, No. 90 Civ. 5722, 2007 WL 2728984, at *2 (S.D.N.Y. Sept. 12, 2007).

In her application, Ms. Rusek-Ziolkowski does not describe racketeering activity, but only that the Board of Trustees determined that her late husband was ineligible for certain pension benefits because he "[fell] short by . . . a half-credit of early vestment," a fact that Ms. Rusek-Ziolkowski does not dispute. (Douglass Letter, at 2.) Ms. Rusek-Ziolkowsky's contentions do not bring her application within the purview of the Court's jurisdiction in this case. See United States v. Dist. Council of New York City, 972 F. Supp. 756, 763 (S.D.N.Y. 1997) ("[The] Court in this litigation does not have plenary jurisdiction to consider all issues that might arise under the Federal labor laws with respect to the conduct of the UBC vis-a-vis the District Council and its constituent locals.").

The Court, therefore, respectfully denies Ms. Rusek-Ziolkowski's application.

Dated: New York, New York
July 15, 2014

RICHARD M. BERMAN, U.S.D.J.

2