| Carpenters Local Union 20, 45, 157, 926 and Dockbuilders | Floorcoverers, Timbermen and Shop | Millwright |
|---|---|---|
| Laser Safety (NYS DOL) | | District Council I.D. Process |
| District Council I.D. Process | | |

ATTACHMENT 7

# Integrated

# Bylaws

# Document

Original & Updated

DRAFT AMENDMENT 7.14.17



# BYLAWS

District Council for New York City and Vicinity of the

United Brotherhood of Carpenters and Joiners of America

## August 5, 2011

---

# BYLAWS

~~District Council for New York City and Vicinity~~<u>New York City and Vicinity District Council</u>[1] of the

United Brotherhood of Carpenters and Joiners of America

---

# BYLAWS

New York City and Vicinity District Council of the

United Brotherhood of Carpenters and Joiners of America

## Amended as of XXXX

---

**Change 1: Proposed revision reflects the actual name of the District Council in accordance with the charter issued by the UBC.**

July 14, 2017

## Table of Contents

PREAMBLE – REMAINS THE SAME ...................................................................................... 9

PREAMBLE – CHANGE ........................................................................................................ 10

SECTION 1 (NAME AND TITLE) – CHANGE ........................................................................ 11

SECTION 2 (CONSISTENCY WITH JUDICIAL ORDERS) – CHANGE ...................................... 12

SECTION 3 (OBJECTS) – REMAINS THE SAME ................................................................... 13

SECTION 4 (A) (DISTRICT COUNCIL POWERS GENERALLY) – CHANGE ............................... 14

SECTION 4 (B) (DISTRICT COUNCIL POWERS GENERALLY) – CHANGE ............................... 16

SECTION 4 (C) (DISTRICT COUNCIL POWERS GENERALLY) – REMAINS THE SAME .............. 17

SECTION 5 (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME .............. 17

SECTION 5 (A) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE ............... 18

SECTION 5 (B) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME ........ 19

SECTION 5 (B) (1) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE .......... 20

SECTION 5 (B) (2) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME.... 21

SECTION 5 (B) (3) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE .......... 22

SECTION 5 (B) (4) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMOVAL ....... 23

SECTION 5 (B) (5) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE .......... 24

SECTION 5 (B) (6) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME.... 25

SECTION 5 (B) (7) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME.... 26

SECTION 5 (B) (8) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME.... 27

SECTION 5 (B) (9) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE .......... 28

SECTION 5 (B) (10) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE .......... 29

SECTION 5 (B) (11) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE .......... 30

SECTION 5 (B) (12) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME.. 31

SECTION 5 (B) (13) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME.. 31

SECTION 5 (B) (14) (15) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME .............. 31

SECTION 5 (B) (16) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMOVAL .......... 32

SECTION 5 (B) (17) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE .......... 33

SECTION 5 (B) (18) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE .......... 35

SECTION 5 (C) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE ............. 36

SECTION 5 (D) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME ....... 37

SECTION 5 (E) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE ............. 38

SECTION 5 (F) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE ............. 39

SECTION 5 (G) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMOVAL ........... 41

SECTION 6 (OFFICERS OF THE COUNCIL) – CHANGE ........................................................ 42

July 14, 2017

SECTION 7 (A) (NOMINATIONS AND ELECTIONS) – CHANGE ................................................. 43

SECTION 7 (B) (C) (NOMINATIONS AND ELECTIONS) – REMAINS THE SAME ..................... 44

SECTION 7 (D) (NOMINATIONS AND ELECTIONS) – ADDITION ........................................... 45

SECTION 7 (D) (NOMINATIONS AND ELECTIONS) – CHANGE ............................................. 46

SECTION 7 (F) (NOMINATIONS AND ELECTIONS) – REMAINS THE SAME ......................... 47

SECTION 8 (DUTIES OF THE PRESIDENT) – REMAINS THE SAME ..................................... 47

SECTION 9 (DUTIES OF THE VICE PRESIDENT) – REMAINS THE SAME ............................. 47

SECTION 10 (A) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – REMAINS THE SAME .......... 48

SECTION 10 (B) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – CHANGE ......... 49

SECTION 10 (C) (D) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – REMAINS THE SAME ....... 50

SECTION 10 (E) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – CHANGE ......... 51

SECTION 10 (F) (G) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – REMAINS THE SAME ...... 52

SECTION 10 (H) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – CHANGE ......... 53

SECTION 10 (I) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – CHANGE .......... 54

SECTION 10 (J) (K) (L) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – REMAINS THE SAME ... 55

SECTION 10 (M) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – CHANGE ........ 56

SECTION 10 (N) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – REMAINS THE SAME ......... 58

SECTION 11 (DUTIES OF WARDEN AND CONDUCTOR) – CHANGE ................................... 59

SECTION 12 (A) (EXECUTIVE COMMITTEE) – CHANGE ...................................................... 60

SECTION 12 (B) (EXECUTIVE COMMITTEE) – CHANGE ...................................................... 61

SECTION 12 (C) (EXECUTIVE COMMITTEE) – CHANGE ...................................................... 62

SECTION 12 (D) (EXECUTIVE COMMITTEE) – CHANGE ...................................................... 63

SECTION 12 (E) (EXECUTIVE COMMITTEE) – CHANGE ...................................................... 65

SECTION 12 (F) (EXECUTIVE COMMITTEE) – REMOVAL .................................................... 67

SECTION 12 (G) (EXECUTIVE COMMITTEE) – CHANGE ...................................................... 68

SECTION 12 (H) (EXECUTIVE COMMITTEE) – CHANGE ...................................................... 69

SECTION 12 (I) (EXECUTIVE COMMITTEE) – REMAINS THE SAME ..................................... 70

SECTION 12 (J) (EXECUTIVE COMMITTEE) – CHANGE ....................................................... 71

SECTION 12 (K) (EXECUTIVE COMMITTEE) – CHANGE ...................................................... 73

SECTION 12 (L) (EXECUTIVE COMMITTEE) – CHANGE ...................................................... 74

SECTION 13 (A) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) – CHANGE .......... 75

SECTION 13 (B) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) – CHANGE .......... 78

SECTION 13 (C) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) – REMOVAL ...... 79

SECTION 14 (A) (WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX); VOLUNTARY PAC – CHANGE ................................................................. 80

SECTION 14 (B) (C) (D) (WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX) – REMAINS THE SAME ............................................................. 83

SECTION 14 (E) (WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX); VOLUNTARY PAC - CHANGE ................................................................................................84

SECTION 14 (F) (WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX) – REMAINS THE SAME ................................................................................................85

SECTION 15 (A) (MONTHLY DUES) – CHANGE ................................................................................86

SECTION 15 (B) (MONTHLY DUES) – CHANGE ................................................................................87

SECTION 15 (C) (MONTHLY DUES) – REMAINS THE SAME ...........................................................88

SECTION 16 (A) (COUNCIL REPRESENTATION) – CHANGE ..........................................................89

SECTION 16 (B) (COUNCIL REPRESENTATION) – REMAINS THE SAME ......................................90

SECTION 17 (DELINQUENT LOCAL UNIONS) – REMAINS THE SAME ..........................................90

SECTION 18 (DELEGATE CREDENTIALS) – REMAINS THE SAME ................................................90

SECTION 19 (DELEGATES ATTENDING MEETINGS) – REMAINS THE SAME ..............................90

SECTION 20 (COLLECTIVE BARGAINING) – REMAINS THE SAME ..............................................91

SECTION 21 (TRUST FUNDS) – REMAINS THE SAME .....................................................................91

SECTION 22 (A) (MEETING NIGHTS) – REMAINS THE SAME ........................................................91

SECTION 22 (B) (MEETING NIGHTS) – CHANGE .............................................................................92

SECTION 22 (C) (MEETING NIGHTS) – REMAINS THE SAME ........................................................94

SECTION 22 (C) (1) (MEETING NIGHTS) – CHANGE ........................................................................95

SECTION 22 (C) (2) (3) (MEETING NIGHTS) – REMAINS THE SAME .............................................96

SECTION 22 (C) (4) (MEETING NIGHTS) – REMOVAL .....................................................................97

SECTION 22 (D) (E) (MEETING NIGHTS) – REMAINS THE SAME ..................................................98

SECTION 23 (ANNUAL AUDIT) – REMAINS THE SAME ..................................................................98

SECTION 24 (OFFICERS BOND) – REMAINS THE SAME .................................................................98

SECTION 25 (CHARGES AND TRIALS) – CHANGE ..........................................................................99

SECTION 26 (RECORDS RETENTION) – CHANGE .........................................................................102

SECTION 27 (A) (INSPECTOR GENERAL) – REMAINS THE SAME ..............................................103

SECTION 27 (B) (INSPECTOR GENERAL) – CHANGE ...................................................................104

SECTION 27 (C) (INSPECTOR GENERAL) – CHANGE ...................................................................105

SECTION 27 (D) (INSPECTOR GENERAL) – REMAINS THE SAME ..............................................107

SECTION 27 (E) (1) (INSPECTOR GENERAL) – REMAINS THE SAME .........................................107

SECTION 27 (E) (2) (INSPECTOR GENERAL) – CHANGE ..............................................................108

SECTION 27 (E) (3) (INSPECTOR GENERAL) – CHANGE ..............................................................109

SECTION 27 (E) (4) (INSPECTOR GENERAL) – REMAINS THE SAME .........................................110

SECTION 27 (E) (5) (INSPECTOR GENERAL) – REMOVAL ...........................................................111

SECTION 27 (E) (6) (INSPECTOR GENERAL) – REMAINS THE SAME .........................................112

SECTION 27 (E) (7) (INSPECTOR GENERAL) – CHANGE ..............................................................113

SECTION 27 (E) (8) (9) (INSPECTOR GENERAL) – REMAINS THE SAME ....................................114

SECTION 27 (E) (10) (INSPECTOR GENERAL) – CHANGE ........................................................... 115

SECTION 27 (E) (11) (INSPECTOR GENERAL) – CHANGE ........................................................... 116

SECTION 27 (E) (12) (INSPECTOR GENERAL) – CHANGE ........................................................... 117

SECTION 28 (CHIEF COMPLIANCE OFFICER) – REMAINS THE SAME ................................... 118

SECTION 28 (A) (CHIEF COMPLIANCE OFFICER) – REMAINS THE SAME .............................. 118

SECTION 28 (B) (CHIEF COMPLIANCE OFFICER) – CHANGE ................................................... 119

SECTION 28 (C) (CHIEF COMPLIANCE OFFICER) – CHANGE ................................................... 120

SECTION 28 (D) (E) (CHIEF COMPLIANCE OFFICER) – REMAINS THE SAME ....................... 121

SECTION 28 (F) (CHIEF COMPLIANCE OFFICER) – CHANGE .................................................... 123

SECTION 28 (G) (CHIEF COMPLIANCE OFFICER) – CHANGE .................................................... 124

SECTION 28 (H) (CHIEF COMPLIANCE OFFICER) – CHANGE .................................................... 125

SECTION 29 (A) (DIRECTOR OF HUMAN RESOURCES) – REMAINS THE SAME ................... 127

SECTION 29 (B) (DIRECTOR OF HUMAN RESOURCES) – REMOVAL ..................................... 128

SECTION 29 (C) (DIRECTOR OF HUMAN RESOURCES) – CHANGE ........................................ 129

SECTION 29 (D) (1) (DIRECTOR OF HUMAN RESOURCES) – CHANGE ................................... 130

SECTION 29 (D) (2) – (7) (DIRECTOR OF HUMAN RESOURCES) – REMAINS THE SAME ................... 131

SECTION 30 (INITIATION FEES) – REMAINS THE SAME ......................................................... 131

SECTION 31 (WORKING CARDS) – CHANGE ............................................................................. 132

SECTION 32 – CHANGE ................................................................................................................ 133

SECTION 32 (A) (REPRESENTATIVES) – CHANGE ................................................................... 134

SECTION 32 (B) (REPRESENTATIVES AND ORGANIZERS) – REMAINS THE SAME ................ 135

SECTION 32 (C) (REPRESENTATIVES AND ORGANIZERS) – CHANGE .................................... 136

SECTION 33 (FURTHER OBJECTIVES) – CHANGE .................................................................... 137

SECTION 34 (LAWSUITS AGAINST THE COUNCIL) – CHANGE ............................................... 138

SECTION 35 (A) (AMENDMENTS) – REMAINS THE SAME ....................................................... 139

SECTION 35 (B) (AMENDMENTS) – CHANGE ........................................................................... 140

SECTION 35 (C) (AMENDMENTS) – CHANGE ........................................................................... 141

SECTION 36 (SEVERABILITY) – REMAINS THE SAME ............................................................ 142

SECTION 37 (A) (MISCELLANEOUS) – CHANGE ...................................................................... 143

SECTION 37 (B) – (E) (MISCELLANEOUS) – REMAINS THE SAME .......................................... 144

SECTION 38 (HIRING HALL OR REFFERAL SYSTEM) – REMAINS THE SAME ....................... 144

SECTION 39 (A) (SHOP STEWARDS) – CHANGE ...................................................................... 145

SECTION 39 (B) (SHOP STEWARDS) – CHANGE ...................................................................... 146

SECTION 39 (C) (SHOP STEWARDS) – CHANGE ...................................................................... 147

SECTION 39 (D) (SHOP STEWARDS) – REMOVAL ................................................................... 148

SECTION 39 (E) (SHOP STEWARDS) – REMOVAL .................................................................... 149

SECTION 39 (F) (SHOP STEWARDS) – REMOVAL ................................................................................ 150

SECTION 39 (G) (SHOP STEWARDS) – REMOVAL ............................................................................... 151

**PREAMBLE – REMAINS THE SAME**

**District Council for New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America**

**<u>PREAMBLE</u>**

**WHEREAS,** our aim will be to promote and protect the interest of our membership, to elevate the moral, intellectual and social conditions of all working men and women, to assist each other in sickness and distress;

**WHEREAS,** we intend to encourage apprenticeship and a higher standard of skill, to cultivate a feeling of friendship, and to assist each other to secure employment;

**WHEREAS,** we shall aid and assist all organizations to uphold the dignity of labor and resist oppression by honorable means;

**WHEREAS,** we hold it as a sacred principle, that union members, above all others, should set a good example as good and faithful workers, performing their duties to their employer with honor to themselves and to their organization;

**WHEREAS,** we resent the principle of open shop association, and will continually strive for the enactment of legislation which will enable us to achieve our objectives;

**WHEREAS,** realizing that a blow at one organization is a blow to all, we recognize that it is our duty as union members to purchase union-made goods and patronize union shops and business establishments whenever possible to do so;

## PREAMBLE – CHANGE

**THEREFORE,** with the above-stated aims and principles in mind, the Local Unions in the vicinity of New York, New York are affiliated into an organization known as the District Council for New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America in conformity with the provisions of the Constitution of the United Brotherhood.

## PREAMBLE - REDLINE

**THEREFORE,** with the above-stated aims and principles in mind, the Local Unions in the vicinity of New York, New York are affiliated into an organization known as the ~~District Council for New York City and Vicinity~~ New York City and Vicinity District Council of the United Brotherhood of Carpenters and Joiners of America in conformity with the provisions of the Constitution of the United Brotherhood.

## PREAMBLE - UPDATED

**THEREFORE,** with the above-stated aims and principles in mind, the Local Unions in the vicinity of New York, New York are affiliated into an organization known as the New York City and Vicinity District Council of the United Brotherhood of Carpenters and Joiners of America in conformity with the provisions of the Constitution of the United Brotherhood.

## PREAMBLE - RATIONALE

**Proposed revision reflects the actual name of the District Council in accordance with the charter issued by the UBC.**

## SECTION 1 (NAME AND TITLE) – CHANGE

Section 1. This body is chartered and known as the District Council for New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (herein "Council" or "District Council"). This Council is organized in conformity with the Constitution of the United Brotherhood and shall exercise the powers and privileges of a Council under the Constitution and Laws of the United Brotherhood.

## SECTION 1 (NAME AND TITLE) - REDLINE

Section 1. This body is chartered and known as ~~the District Council for New York City and Vicinity~~the New York City and Vicinity District Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America (herein "Council" or "District Council"). This Council is organized in conformity with the Constitution of the United Brotherhood and shall exercise the powers and privileges of a Council under the Constitution and Laws of the United Brotherhood.

## SECTION 1 (NAME AND TITLE) - UPDATED

Section 1. This body is chartered and known as the New York City and Vicinity District Council of the United Brotherhood of Carpenters and Joiners of America (herein "Council" or "District Council"). This Council is organized in conformity with the Constitution of the United Brotherhood and shall exercise the powers and privileges of a Council under the Constitution and Laws of the United Brotherhood.

## SECTION 1 (NAME AND TITLE) - RATIONALE

Proposed revision reflects the actual name of the District Council in accordance with the charter issued by the UBC.

## SECTION 2 (CONSISTENCY WITH JUDICIAL ORDERS) – CHANGE

Section 2.  These Bylaws are intended to conform with any and all relevant provisions of the Consent Decree, the Stipulation and Order entered on June 3, 2010, and any other Order entered in the matter of *United States v. District Council et al.*, 90 Civ. 5722 (SDNY) (RMB). Any provision of these Bylaws that is inconsistent therewith shall be null and void, and of no force or effect.

## SECTION 2 (CONSISTENCY WITH JUDICIAL ORDERS) - REDLINE

Section 2.  These Bylaws are intended to conform with any and all relevant provisions of the Consent Decree, ~~the Stipulation and Order entered on June 3, 2010,~~ [1] and any other Order entered in the matter of *United States v. District Council et al.*, 90 Civ. 5722 (SDNY) (hereinafter the "Consent Decree") ~~(RMB).~~ Any provision of these Bylaws that is inconsistent therewith shall be null and void, and of no force or effect.

## SECTION 2 (CONSISTENCY WITH JUDICIAL ORDERS) - UPDATED

Section 2.  These Bylaws are intended to conform with any and all relevant provisions of the Consent Decree and any other Order entered in the matter of *United States v. District Council et al.*, 90 Civ. 5722 (SDNY) (hereinafter the "Consent Decree"). Any provision of these Bylaws that is inconsistent therewith shall be null and void, and of no force or effect.

## SECTION 2 (CONSISTENCY WITH JUDICIAL ORDERS) - RATIONALE

**Change 1: The proposed revision removes reference to The Stipulation and Order entered on June 3, 2010 which is no longer in effect.**
**[THROUGHOUT THIS DOCUMENT ANY REFERENCE TO THE STIPULATION AND ORDER WILL BE REMOVED BECAUSE ANY REFERENCE TO THE CONSENT DECREE AND ANY ORDER OF THE COURT ENCOMPASS ANY STIPULATIONS AND ORDERS.]**

## SECTION 3 (OBJECTS) – REMAINS THE SAME

<u>Section 3</u>.  The objects of this Council shall be to promote and protect the interest of our membership through broadly democratic institutions free of corrupt influence, to encourage the apprenticeship system and higher standard of skill, to secure adequate pay for our work, to elevate the standard of our craft, to cultivate a feeling of friendship among the members of this Brotherhood, to assist our members in procuring employment and to protect our members by legal and proper means against any injustice that may be done to them, and improve the moral, social and intellectual conditions of our members and all working people.

DRAFT AMENDMENTS 7-14-17

## SECTION 4 (A) (DISTRICT COUNCIL POWERS GENERALLY) - CHANGE

(A)    This Council shall be the central governing body over and shall have legislative and executive powers on all matters relating to the general interest and welfare of affiliated Local Unions and their members. The Council shall establish working dues or monthly dues (that are sufficient to operate the Council, as determined by an assessment of the prior year's operating expenses and the projected budget for the period under consideration) payable to the Council and initiation fees. It shall have the power to collect and retain all fines levied by the Council for violation of the laws, trade and other rules of the Council. The Council shall have the power to issue the quarterly work card. It shall have the power to make agreements with kindred bodies or central organizations and send Delegates to same whenever deemed necessary. The Council shall have the power to hire, discipline, promote, and fire all employees of the Council, including Organizers and Representatives, in accordance with the established District Council Personnel Policy, effective January 31, 2011, as updated and amended (the "District Council Personnel Policy"). No Council Officer or Executive Committee Delegate shall receive salary or other compensation or hold an elected or appointed position as an Officer of an affiliated local union. Except for clerical employees of Local Unions, all persons employed on matters within the jurisdiction of the Council, including Business Representatives and Organizers, shall be employees of the Council. No person shall be an employee of an affiliated Local Union except for persons employed in clerical positions, subject to the District Council Personnel Policy. Upon approval of these Bylaws, all Local Union employment positions, except for clerical positions, shall cease to exist. Furthermore, the Council shall have all other powers provided for in the Bylaws. The governance, finance and administration of the District Council and its affiliated local unions shall at all times be in compliance with applicable law

## SECTION 4 (A) (DISTRICT COUNCIL POWERS GENERALLY) - REDLINE

(A)    This Council shall be the central governing body over and shall have legislative and executive powers on all matters relating to the general interest and welfare of affiliated Local Unions and their members. The Council shall establish working dues or monthly dues (that are sufficient to operate the Council, as determined by an assessment of the prior year's operating expenses and the projected budget for the period under consideration) payable to the Council and initiation fees. It shall have the power to collect and retain all fines levied by the Council for violation of the laws, trade and other rules of the Council. The Council shall have the power to issue ~~the~~ quarterly work card~~s~~ and necessary work permits[1]. It shall have the power to make agreements with kindred bodies or central organizations and send Delegates to same whenever deemed necessary. The Council shall have the power to hire, discipline, promote, and fire all employees of the Council~~, including Organizers and Representatives~~[2] in accordance with the established District Council Personnel Policy, effective January 31, 2011, as updated and amended (the "District Council Personnel Policy"). No Council Officer or Executive Committee Delegate shall receive salary or other compensation or hold an elected or appointed position as an Officer of an affiliated local union. Except for clerical employees of Local Unions, all persons employed on matters within the jurisdiction of the Council~~, including Business Representatives and Organizers,~~[2] shall be employees of the Council. No person shall be an employee of an affiliated Local Union except for persons employed in clerical positions~~, subject to the District Council Personnel Policy~~[3]. Upon approval of these Bylaws, all Local Union employment positions, except for clerical positions, shall cease to exist. Furthermore, the Council shall have all other powers provided for in the Bylaws. The governance, finance and administration of the District Council and its affiliated local unions shall at all times be in compliance with applicable law. The title to all property of the Council shall be held in the name of the District Council.[4]

## SECTION 4 (A) (DISTRICT COUNCIL POWERS GENERALLY) - UPDATED

(A)    This Council shall be the central governing body over and shall have legislative and executive powers on all matters relating to the general interest and welfare of affiliated Local Unions and their members. The Council shall establish working dues or monthly dues (that are sufficient to operate the Council, as determined by an assessment of the prior year's operating expenses and the projected budget for the period under consideration) payable to the Council and initiation fees. It shall have the power to collect and retain all fines levied by the Council for violation of the laws, trade and other rules of the Council. The Council shall have the power to issue quarterly work cards and necessary work permits. It shall have the power to make agreements with kindred bodies or central organizations and send Delegates to same whenever deemed necessary. The Council shall have the power to hire, discipline, promote, and terminate all employees of the Council in accordance with the established District Council Personnel Policy, effective January 31, 2011, as updated and amended (the "District Council Personnel Policy"). No Council Officer or Executive Committee Delegate shall receive salary or other compensation or hold an elected or appointed position as an Officer of an affiliated local union. Except for clerical employees of Local Unions, all persons employed on matters within the jurisdiction of the Council shall be employees of the Council. No person shall be an employee of an affiliated Local Union except for persons employed in clerical positions. Upon approval of these Bylaws, all Local Union employment positions, except for clerical positions, shall cease to exist. Furthermore, the Council shall have all other powers provided for in the Bylaws. The governance, finance and administration of the District Council and its affiliated local unions shall at all times be in compliance with applicable law. The title to all property of the Council shall be held in the name of the District Council.

## SECTION 4 (A) (DISTRICT COUNCIL POWERS GENERALLY) - RATIONALE

**Change 1:** The proposed revision reflects the District Council's authority to issue work permits to UBC traveling members as authorized by the UBC, under UBC Constitution 46.C. This practice is already taking place.

**Change 2:** The current Bylaws give authority to hire "all" necessary employees. The proposed change reflects that there is no need to specify Council Representatives separately.

**Change 3:** Local Union administrative staff are not employees of the District Council. The proposed revision removes language to the contrary.

**Change 4:** The proposed revision was added to reflect the actual practice and is in accordance with the UBC Constitution Section 26.E.

## SECTION 4 (B) (DISTRICT COUNCIL POWERS GENERALLY) - CHANGE

(B)     The full plenary power and authority of the District Council is hereby vested, without limitation, in the Delegates to the Council that shall collectively form the Council Delegate Body. In accordance with Section 7 of these Bylaws, the Council Delegate Body shall be elected by the rank and file members of the United Brotherhood of each affiliated Local Union. There shall be a total of One Hundred (100) Delegates to the District Council from the Local Unions, such Delegates to comprise the Council Delegate Body. Each Local Union shall have at least one Delegate to the District Council, with the remaining Delegates allocated proportionally amongst the Local Unions based upon the total membership of each Local Union as a percentage of the aggregate membership of all Local Unions of the District Council. The Council Delegate Body shall exercise the authority granted to it in Section 5 of these Bylaws by majority vote and each Delegate shall be elected for a term of three (3) years. In the event of a tie vote, the President shall cast the tie-breaking vote.

## SECTION 4 (B) (DISTRICT COUNCIL POWERS GENERALLY) - REDLINE

(B)     ~~The full plenary power and authority of the District Council is hereby vested, without limitation, in the Delegates to the Council that shall collectively form the Council Delegate Body.~~ [1] In accordance with Section 7 of these Bylaws, the Council Delegate Body shall be elected by the rank and file members of the United Brotherhood of each affiliated Local Union. There shall be a total of One Hundred (100) Delegates to the District Council from the Local Unions, such Delegates to comprise the Council Delegate Body. Each Local Union shall have at least one Delegate to the District Council, with the remaining Delegates allocated proportionally amongst the Local Unions based upon the total membership in ~~of~~ good standing of[2] each Local Union as a percentage of the aggregate membership of all Local Unions of the District Council. The District Council will send notice to each Local Union of its allotted Delegates who will be members in good standing as of the first day in the month in which allotment notices are issued. [3] The Council Delegate Body shall exercise the authority granted to it in Section 5 of these Bylaws by majority vote and each Delegate shall be elected for a term of three (3) years. In the event of a tie vote, the President shall cast the tie-breaking vote.

## SECTION 4 (B) (DISTRICT COUNCIL POWERS GENERALLY) - UPDATED

(B)     In accordance with Section 7 of these Bylaws, the Council Delegate Body shall be elected by the rank and file members of the United Brotherhood of each affiliated Local Union. There shall be a total of One Hundred (100) Delegates to the District Council from the Local Unions, such Delegates to comprise the Council Delegate Body. Each Local Union shall have at least one Delegate to the District Council, with the remaining Delegates allocated proportionally amongst the Local Unions based upon the total membership in good standing of each Local Union as a percentage of the aggregate membership of all Local Unions of the District Council. The District Council will send notice to each Local Union of its allotted Delegates who will be members in good standing as of the first day in the month in which allotment notices are issued. The Council Delegate Body shall exercise the authority granted to it in Section 5 of these Bylaws by majority vote and each Delegate shall be elected for a term of three (3) years. In the event of a tie vote, the President shall cast the tie-breaking vote.

## SECTION 4 (B) (DISTRICT COUNCIL POWERS GENERALLY) - RATIONALE

**Change 1: The proposed revision harmonizes Section 4 with the remainder of the Bylaws which specifies the authority of the various bodies and officers of the District Council and also is consistent with the Uniform Council Bylaws amended at the 41st General Convention of 2015. THE PROPOSED REVISION DOES NOT ALTER THE RECOGNIZED AUTHORITY OF THE DELEGATE BODY.**

**Changes 2 & 3: The proposed amendment recognizes and makes clear, in accordance with the UBC Constitution, being in good standing is a prerequisite for exercising the privileges of membership including voting and holding that office.**

## SECTION 4 (C) (DISTRICT COUNCIL POWERS GENERALLY) – REMAINS THE SAME

(C)     These Bylaws and any other rules, resolutions and directives adopted by the Council shall govern and be binding on each Local Union affiliated with the Council.

## SECTION 5 (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME

<u>Section 5</u>. The Council Delegate Body shall have the following enumerated powers and duties:

## SECTION 5 (A) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE

(A)     The Council Delegate Body shall have the exclusive authority to consider, vote upon and finally make decisions on all matters affecting the Council, as provided for in the Bylaws.

The Council Delegate Body shall also have authority to raise and finally resolve any matter within the jurisdiction of the Council on its own initiative.

## SECTION 5 (A) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

(A)     The Council Delegate Body shall have ~~the exclusive~~ authority to <u>raise,</u> consider, vote upon and ~~finally make~~<u>make final</u> decisions on all matters affecting the Council, as provided for in the Bylaws.

~~The Council Delegate Body shall also have authority to raise and finally resolve any matter within the jurisdiction of the Council on its own initiative.~~

## SECTION 5 (A) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

(A)     The Council Delegate Body shall have authority to raise, consider, vote upon and make final decisions on all matters affecting the Council, as provided for in the Bylaws.

## SECTION 5 (A) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

The proposed revision harmonizes Section 5(A) with the remainder of the Bylaws which specifies the authority of the various bodies and officers of the District Council and also is consistent with the Uniform Council Bylaws amended at the 41st General Convention of 2015.  The proposed revision does not alter the recognized authority of the Delegate Body.

## SECTION 5 (B) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME

(B)     Without limiting the Council Delegate Body's responsibilities or authority, the Council Delegate Body must

## SECTION 5 (B) (1) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE

1.  Meet at least monthly and more often as prudence or exigent circumstances may require to receive and review the Organizing Report, Membership Retention Report, and Political and Legislative Report as identified in Section 22 below, and request additional information as necessary;

## SECTION 5 (B) (1) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

1.  Meet at least monthly and more often as prudence or exigent circumstances may require to receive and review the ~~Organizing~~ Area Standards[1] Report, Membership Retention Report, Financial Report[2], and Political and Legislative Report as identified in Section 22 below, and request additional information as necessary;

## SECTION 5 (B) (1) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

1.  Meet at least monthly and more often as prudence or exigent circumstances may require to receive and review the Area Standards Report, Membership Retention Report, Financial Report, and Political and Legislative Report as identified in Section 22 below, and request additional information as necessary;

## SECTION 5 (B) (1) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

**Change 1:** This revision conforms the Bylaws to the actual name of the department and removes language that can be misconstrued by organizations seeking to attack lawful area standards activities of the District Council. **[THIS CHANGE WILL BE REFLECTED THROUGHOUT THE DOCUMENT.]**

**Change 2:** This proposed revision reflects current District Council practice to provide financial reports at every monthly meeting of the Delegate Council Body.

## SECTION 5 (B) (2) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME

2.      Review and approve or reject by June 30 of each year the budget for the Council for the following year;

DRAFT AMENDMENTS 7-14-17

## SECTION 5 (B) (3) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE

3.     Review and approve or reject, in advance, all expenditures of the Council, including expenditures of the Council Officers, above Two Hundred Dollars ($200); provided further that the Delegate Body may establish in writing standing appropriations for designated amounts, not to exceed Five Hundred Dollars ($500.00), for specific, recurring bills of the District Council;

## SECTION 5 (B) (3) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

3.     Review and approve or reject~~, in advance~~, all expenditures of the Council, including expenditures of the Council Officers. In advance, review and approve or reject all non- recurring expenditures of the District Council including expenditures of the Council Officers,- above Five ~~Two~~ Thousand ~~Hundred~~ Dollars ($25000); ~~provided further that the Delegate Body may establish in writing standing appropriations for designated amounts, not to exceed Five Hundred Dollars ($500.00), for specific, recurring bills of the District Council;~~

## SECTION 5 (B) (3) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

3.     Review and approve or reject, all expenditures of the Council, including expenditures of the Council Officers. In advance, review and approve or reject all non-recurring expenditures of the District Council including expenditures of the Council Officers, above Five Thousand Dollars ($5,000).

## SECTION 5 (B) (3) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

The proposed amendment removes the preapproval requirement for any recurring expenses (e.g. monthly rent, electric bills, and telephone bills) that are reviewed and authorized by The Delegate Body as part of the annual budgeting process and that are then regularly reviewed and approved. The proposed amendment continues the preapproval required for any non-recurring expenditure in excess of $5,000. The UBC Constitutional requirement that the Delegate Body reviews and approves all expenditures regardless of when they are made is unchanged.

## SECTION 5 (B) (4) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMOVAL

4.      Review and approve or reject, within one month after they have been incurred, all expenditures of the Council, including expenditures of the Council Officers, below Two Hundred Dollars ($200); provided further, that the Delegate Body may pre-approve, in writing, expenditures for specific items within Two Hundred Dollars ($200);

## SECTION 5 (B) (4) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

4.      ~~Review and approve or reject, within one month after they have been incurred, all expenditures of the Council, including expenditures of the Council Officers, below Two Hundred Dollars ($200); provided further, that the Delegate Body may pre-approve, in writing, expenditures for specific items within Two Hundred Dollars ($200);~~

## SECTION 5 (B) (4) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

The proposed deletion reflects that this section is no longer needed as it is covered under 5(B)(3).

## SECTION 5 (B) (5) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE

5.　　Review and approve, reject or revise annually the overall organizing plan of the Council, which shall include, but not be limited to, information regarding industry targets, developments in ongoing programs, obstacles faced and the involvement of volunteer organizing committees with organizers in jobsite actions, and housecalls; notwithstanding any other provision in the Bylaws, the overall organizing plan of the Council may be approved by a simple majority vote of the Delegates, but only repealed by two thirds vote of the Delegates;

## SECTION 5 (B) (5) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

5.　　Review and approve, ~~reject or revise~~ annually the overall ~~organizing~~ Area Standards[1] plan of the Council~~., which shall include, but not be limited to, information regarding industry targets, developments in ongoing programs, obstacles faced and the involvement of volunteer organizing committees with organizers in jobsite actions, and housecalls;~~ N~~n~~otwithstanding any other provision in the Bylaws, the overall ~~organizing~~ Area Standards~~ plan of the Council may be approved by a simple majority vote of the Delegates, but only repealed by two thirds vote of the Delegates;

## SECTION 5 (B) (4) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

4.　　Review and approve annually the overall Area Standards plan of the Council. Notwithstanding any other provision in the Bylaws, the overall Area Standards plan of the Council may be approved by a simple majority vote of the Delegates, but only repealed by two thirds vote of the Delegates;

## SECTION 5 (B) (4) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

**Change 1: This revision conforms the Bylaws to the actual name of the department and removes language that can be misconstrued by organizations seeking to attack lawful area standards activities of the District Council.**

## SECTION 5 (B) (6) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME

56. Provide instruction to the Executive Committee and review, approve or reject all decisions of the Executive Committee;

**SECTION 5 (B) (7) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME**

6~~6~~7. Review and revise all draft contracts of the Council and approve or reject all such contracts prior to their execution, including, but not limited to, those contracts relating to the employment of service providers, outside legal counsel or other professional advisors. No contract shall be approved unless the District Council shall have issued a Request for Proposal ("RFP") to at least five (5) potential counterparties and received at least three (3) proposals in response. In deciding among the responses to an RFP and approving any contract, the Council Delegate Body must consider the following factors, among others: The cost of the contract as compared to the other proposals received, the qualifications of the counterparty (including prior experience providing similar services), the reputation and integrity of the counterparty, and any relationship(s) between the counterparty and District Council employees, Officers or Delegates (which may be a factor warranting disqualification);

## SECTION 5 (B) (8) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME

7.8. Review and approve or reject, in advance, all Collective Bargaining Agreements following a recommendation from the Executive Committee. If a Collective Bargaining Agreement is rejected, the Delegate Body shall promptly inform the Executive Committee in writing of any provision(s) that caused, or will cause as indicated by a non-binding vote, in whole or in part, the rejection.

## SECTION 5 (B) (9) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE

9.     Approve or reject the appointment and removal of Trustees to the Trust Funds and appoint and remove representatives to the Council's Rules and Resolutions Committee, District Council Grievance Committee, District Council Election Committee, and such other committee(s) it deems necessary.  Such appointments shall be based on the following qualifications, including but not limited to, training, ability, experience, reputation and integrity, and absence of disqualifying conflicts of interests.  The District Council shall establish in writing the duties and responsibilities of each Committee.

## SECTION 5 (B) (9) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

9.     Approve or reject the Executive Committee's recommendations for appointment and removal of Trustees to the Trust Funds and ~~appoint and remove~~ representatives to the Council's Rules and Resolutions Committee, District Council Grievance Committee, District Council Election Committee, and such other committee(s) ~~it deems~~deemed necessary.  Such appointments shall be based on the following qualifications, including but not limited to, training, ability, experience, reputation and integrity, and absence of disqualifying conflicts of interests.  The District Council shall establish in writing the duties and responsibilities of each Committee.

## SECTION 5 (B) (8) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

8.     Approve or reject the Executive Committee's recommendation for appointment and removal of Trustees to the Trust Funds and representatives to the Council's Rules and Resolutions Committee, District Council Grievance Committee, District Council Election Committee, and such other committee(s) deemed necessary. Such appointments shall be based on the following qualifications, including but not limited to, training, ability, experience, reputation and integrity, and absence of disqualifying conflicts of interests.  The District Council shall establish in writing the duties and responsibilities of each Committee.

## SECTION 5 (B) (8) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

This proposed revision conforms to the appointment authority by the Executive Committee with respect to the various committees. The proposed revision continues the Delegate Body's authority to approve or reject appointment recommendations by the Executive Committee. No appointments can be made without the Delegate Body's approval.

## SECTION 5 (B) (10) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE

10.     Review and approve or reject, in advance, the hiring (including the compensation and other terms of employment), firing or discipline of Council representatives and organizers, in accordance with the established District Council Personnel Policy;

## SECTION 5 (B) (10) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

10.     Review and approve or reject, in advance, the hiring (including the compensation and other terms of employment) of Council Representatives to ensure such decisions are exercised in accordance with the District Council Personnel Policy.  Review and approve or reject the termination or disciplinary suspension ~~firing or discipline~~ of Council R~~r~~epresentatives to ensure such decisions are exercised ~~and organizers~~ in accordance with the established District Council Personnel Policy;

## SECTION 5 (B) (9) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

9.     Review and approve or reject, in advance, the hiring (including the compensation and other terms of employment) of Council Representatives to ensure such decisions are exercised in accordance with the District Council Personnel Policy.  Review and approve or reject the termination or disciplinary suspension of Council Representatives to ensure such decisions are exercised in accordance with the established District Council Personnel Policy;

## SECTION 5 (B) (9) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

The proposed revision conforms the Bylaws with the actual practices of the District Council and the accepted roles of the Executive Secretary-Treasurer (EST), Executive Committee, and the Delegate Body in the hiring and disciplining of Council Representatives.  The amendment makes clear that employment decisions must conform with the policies and procedures established by the District Council Personnel Policy, which cannot be altered without the approval of the U.S. Attorney's Office.

## SECTION 5 (B) (11) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE

11.  Appoint individuals to fill vacancies in the positions of Chief Accountant, Inspector General, Deputy Inspector General, Chief Compliance Officer, Deputy Chief Compliance Officer, Director of Human Resources, Director of Operations, and Director of Organizing, subject to the provisions of Sections 10, 12, 13, 27, 28, and 29;

## SECTION 5 (B) (11) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

11.  Approve or reject the appointment of[1] ~~Appoint~~ individuals to fill vacancies in the positions of Chief Accountant, Inspector General, Deputy Inspector General, Chief Compliance Officer, Director of Human Resources, Director of Operations, and Director of ~~Organizing~~Area Standards~~., subject to the provisions of Sections 10, 12, 13, 27, 28, and 29;~~[2] During the period that the Consent Decree is in effect, no proposed appointment of an individual to these positions may be finalized without the consent of the United States Attorney's Office.

## SECTION 5 (B) (10) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

10.  Approve or reject the appointment of individuals to fill vacancies in the positions of Chief Accountant, Inspector General, Deputy Inspector General, Chief Compliance Officer, Deputy Chief Compliance Officer, Director of Human Resources, Director of Operations, and Director of Area Standards. During the period that the Consent Decree is in effect, no proposed appointment of an individual to these positions may be finalized without the consent of the United States Attorney's Office.

## SECTION 5 (B) (10) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

Change 1: The proposed amendment conforms the Bylaws to the actual practices of the District Council and the accepted roles of the EST, Executive Committee, and the Delegate Body in the appointment process.

Change 2: The proposed revision consolidates provisions in Sections 10 (M), 12 (E), 13 (C), 27 (B), 28 (B), and 29 (B) which require approval from the U.S. Attorney's Office for appointments to these positions during the term of the Consent Decree.

## SECTION 5 (B) (12) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME

~~12.~~11.  As provided for herein, receive and review written presentations from the Inspector General on the integrity of the District Council, including the identification and status of all pending complaints and investigations completed, subject to necessary precautions to protect the integrity of ongoing investigations, as determined by the Inspector General;

## SECTION 5 (B) (13) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME

~~13.~~12.  Quarterly, receive and review written presentations from the Chief Accountant on the status of the District Council's finances and the implementation and administration of the accounting and financial controls program, as required by the policies and procedures established pursuant to Section 13(B) hereto;

## SECTION 5 (B) (14) (15) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME

~~14.~~13  Quarterly, receive and review written presentations from the Chief Accountant on the status of the District Council's finances and the implementation and administration of the accounting and financial controls program, as required by the policies and procedures established pursuant to Section 13(B) hereto;

~~15.~~14  Quarterly, receive and review written presentations from the Director of Human Resources on the implementation and administration of the District Council's Personnel Policy;

## SECTION 5 (B) (16) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMOVAL

16.     Review on a quarterly basis, through a subcommittee of the Delegate Body, or more often as the Council Delegate Body deems appropriate, the District Council's job referral activities and records to determine that job referrals are being conducted fairly and properly, in accordance with the job referral rules;

## SECTION 5 (B) (16) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

16.     Review on a quarterly basis, through a subcommittee of the Delegate Body, or more often as the Council Delegate Body deems appropriate, the District Council's job referral activities and records to determine that job referrals are being conducted fairly and properly, in accordance with the job referral rules;

## SECTION 5 (B) (16) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

The duties imposed by this section have been moved to Sections 27 (E) (3) (Inspector General) and 27 (F) (Chief Compliance Officer).

## SECTION 5 (B) (17) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE

17.     Establish an Audit Committee of the District Council that shall consist of the UBC District Vice-President or his designee; Legal Counsel; a Certified Public Accountant; the Inspector General; and two (2) Delegates from the Council Delegate Body (elected by the Council Delegate Body).  The Audit Committee shall be responsible for monitoring compliance with the financial requirements of the District Council Bylaws, reviewing the District Council's financial systems and procedures, making recommendations regarding best practices on a periodic basis, monitoring the District Council so that no financial fraud or corruption occurs, and shall meet no less than once every month.  The Audit Committee shall report quarterly to the Delegate Body or more frequently if requested to do so by the Delegate Body.  The Audit Committee may require any employee, Officer, or Delegate to the District Council to appear before the Audit Committee and provide information as requested.  The Audit Committee shall develop policies and procedures for the Audit Committee, which shall be subject to the approval of the United States Attorney's Office for the Southern District of New York (the "United States Attorney") and the Review Officer appointed pursuant to the June 3, 2010 Stipulation and Order in United States v. District Council, et al., 90 Civ. 5722, SDNY (RMB) (the "Review Officer" and the "Stipulation and Order," respectively), and set forth in a separate document.  If the Audit Committee does not submit such policies and procedures to the Review Officer for approval by March 15, 2012, the Review Officer may draft such policies and procedures for approval by the United States Attorney.  The Audit Committee must conduct its activities in accordance with those policies and procedures, and may not modify them without the prior approval of the United States Attorney and, during the Review Officer's tenure, the Review Officer.

## SECTION 5 (B) (17) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

17.     ~~Establish an~~The[1] Audit Committee of the District Council that shall consist of the UBC District Vice-President or his designee; Legal Counsel; a Certified Public Accountant; the Inspector General; and two (2) Delegates from the Council Delegate Body (elected by the Council Delegate Body) who will serve for the duration of their current term as Delegate.[2] No Officer of the District Council may be appointed to the Audit Committee. The term "Officer" shall not be interpreted to include employees of the District Council, the Inspector General, the Chief Compliance Officer or Delegates. [3] The Audit Committee shall be responsible for monitoring compliance with the financial requirements of the District Council Bylaws, reviewing the District Council's financial systems and procedures, making recommendations regarding best practices on a periodic basis, monitoring effectiveness of controls[4]_ the District Council has implemented to prevent, detect and deter financial fraud and corruption.~~so that no financial fraud or corruption occurs, and shall meet no less than once every month.~~ [5] The Audit Committee shall meet no less than quarterly and more frequently if necessary. [6] The Audit Committee shall report quarterly to the Delegate Body or more frequently if requested to do so by the Delegate Body.  The Audit Committee may require any employee, Officer, or Delegate to the District Council to appear before the Audit Committee and provide information as requested.  ~~The Audit Committee shall develop policies and procedures for the Audit Committee, which shall be subject to~~ During the term of the Consent Order, policies and procedures developed for the Audit Committee cannot be modified without prior written approval of the United States Attorney's Office.~~the approval of the United States Attorney's Office for the Southern District of New York (the "United States Attorney") and the Review Officer appointed pursuant to the June 3, 2010 Stipulation and Order in United States v. District Council, et al., 90 Civ. 5722, SDNY (RMB) (the "Review Officer" and the "Stipulation and Order," respectively), and set forth in a separate document.  If the Audit Committee does not submit such policies and procedures to the Review Officer for approval by March 15, 2012, the Review Officer may draft such policies and procedures for approval by the United States Attorney.~~ The Audit Committee must conduct its activities in accordance with those policies and procedures, and may not modify them without the prior approval of the United States Attorney ~~and, during the Review Officer's tenure, the Review Officer.~~

## SECTION 5 (B) (15) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

15.     The Audit Committee of the District Council that shall consist of the UBC District Vice-President or his designee; Legal Counsel; a Certified Public Accountant; the Inspector General; and two (2) Delegates from the Council Delegate Body (elected by the Council Delegate Body) who will serve for the duration of their current term as Delegate. No Officer of the District Council may be appointed to the Audit Committee. The term "Officer" shall not be interpreted to include employees of the District Council, the Inspector General, the Chief Compliance Officer or Delegates. The Audit Committee shall be responsible for monitoring compliance with the financial requirements of the District Council Bylaws, reviewing the District Council's financial systems and procedures, making recommendations regarding best practices on a periodic basis, monitoring effectiveness of controls the District Council has implemented to prevent, detect and deter financial fraud and corruption. The Audit Committee shall meet no less than quarterly and more frequently if necessary. The Audit Committee shall report quarterly to the Delegate Body or more frequently if requested to do so by the Delegate Body.  The Audit Committee may require any employee, Officer, or Delegate to the District Council to appear before the Audit Committee and provide information as requested. During the term of the Consent Order, policies and procedures developed for the Audit Committee cannot be modified without prior written approval of the United States Attorney's Office. The Audit Committee must conduct its activities in accordance with those policies and procedures, and may not modify them without the prior approval of the United States Attorney.

## SECTION 5 (B) (15) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

**Change 1:** This proposed revision reflects that the Audit Committee has already been established.

**Change 2:** The proposed revision clarifies that the length of the term of the two Delegates elected to the Audit Committee.

**Change 3:** The proposed revision takes language formerly in Section 5(B)(18) and places it directly in the Bylaw section to which it pertains.

**Change 4:** The proposed revision makes it clear that the Audit Committee is responsible for ensuring that the District Council has implemented effective controls to help detect and deter fraud.

**Change 5:** The proposed revision gives the Audit Committee authority to meet as frequently as it deems necessary, but does not require it to meet more than once per quarter if the committee determines that it is sufficient.

## SECTION 5 (B) (18) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE

18.    The District Council's Trustees shall sign and submit to the Audit Committee a written report on a monthly basis, or more frequently if requested to do so by the Audit Committee, regarding all expenditures of the District Council, including but not limited to, representing that the expenditures approved and/or incurred by the District Council are in accordance with the District Council's Expense Policy, Bylaws, and applicable law.

The District Council's Chief Accountant shall report in writing to the Audit Committee on a quarterly basis.

The Council Delegate Body may by a vote of two thirds of its members order an audit of the expenditures or financial condition of the District Council by an independent outside auditor, retained in accordance with the requirements of Section 4(B)(7) of the Bylaws.

No Officer of the District Council may be appointed to the Audit Committee. The term "Officer" shall not be interpreted to include employees of the District Council, the Inspector General, the Chief Compliance Officer or Delegates.

## SECTION 5 (B) (18) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

18.    ~~The District Council's Trustees shall sign and submit to the Audit Committee a written report on a monthly basis, or more frequently if requested to do so by the Audit Committee, regarding all expenditures of the District Council, including but not limited to, representing that the expenditures approved and/or incurred by the District Council are in accordance with the District Council's Expense Policy, Bylaws, and applicable law.~~

~~The District Council's Chief Accountant shall report in writing to the Audit Committee on a quarterly basis.~~ [1]

The Council Delegate Body may by a vote of two thirds of its members order an audit of the expenditures or financial condition of the District Council by an independent outside auditor, retained in accordance with the requirements of Section 5~~4~~(B)(6~~7~~) of the Bylaws.

~~No Officer of the District Council may be appointed to the Audit Committee. The term "Officer" shall not be interpreted to include  employees of the District Council, the Inspector General, the Chief Compliance Officer or Delegates.~~ [2]

## SECTION 5 (B) (16) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

16.    The Council Delegate Body may by a vote of two thirds of its members order an audit of the expenditures or financial condition of the District Council by an independent outside auditor, retained in accordance with the requirements of Section 5(B)(6) of the Bylaws.

## SECTION 5 (B) (16) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

**Change 1:** The proposed revision removes redundant language from Section 5(B) that is covered in Section 13 (A) (Trustees, Financial Controls, and Auditing).  Section 13 has been modified to include the reporting to the Audit Committee.

**Change 2:** The proposed revision moves this language to new Section 5(B) (15) (The Powers of The Council Delegate Body).

## SECTION 5 (C) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE

(C)     All approvals, rejections or revisions by the Council Delegate Body must be supported by a majority of the Council Delegates after due consideration and discussion of all relevant points of view, in accordance with the UBC Constitution and Laws and/or recognized parliamentary procedure, at a meeting of the Council Delegate Body.  To the extent that the Council Delegate Body withholds any approval required by Sections 4(A) or 4(B) in advance of any action, the District Council may not proceed with the proposed course of conduct.

## SECTION 5 (C) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

(C)     All approvals, rejections or revisions by the Council Delegate Body must be supported by a majority of the Council Delegates after due consideration and discussion of all relevant points of view, in accordance with the UBC Constitution and Laws and/or recognized parliamentary procedure, at a meeting of the Council Delegate Body.  When the Executive Committee deems it necessary, an electronic poll of the Delegates shall be deemed an acceptable voting method.[1] To the extent that the Council Delegate Body withholds any approval required by Sections 54(A) or 54(B)[2] in advance of any action, the District Council may not proceed with the proposed course of conduct.

## SECTION 5 (C) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

(C)     All approvals, rejections or revisions by the Council Delegate Body must be supported by a majority of the Council Delegates after due consideration and discussion of all relevant points of view, in accordance with the UBC Constitution and Laws and/or recognized parliamentary procedure, at a meeting of the Council Delegate Body.  When the Executive Committee deems it necessary, an electronic poll of the Delegates shall be deemed an acceptable voting method.  To the extent that the Council Delegate Body withholds any approval required by Sections 5(A) or 5(B) in advance of any action, the District Council may not proceed with the proposed course of conduct.

## SECTION 5 (C) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

**Change 1: This proposed change will allow electronic poll voting by the Delegates when deemed necessary.**

**Change 2: This proposed change corrects incorrect numbering in the original Bylaws.**

## SECTION 5 (D) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMAINS THE SAME

(D)    No approval by the Council Delegate Body of any change in compensation for a District Council employee, or class of District Council employees, shall be effective until after the next election of District Council Delegates if the affected employee or any member of the effected class of employees, is also a member of the Council Delegate Body.

## SECTION 5 (E) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – CHANGE

(E)    All Delegates of the Council Delegate Body shall be compensated at the rate of Seventy-five Dollars ($75) per meeting, but such compensation shall not exceed Two Hundred Dollars ($200) in any month, regardless of the number of meetings held.

## SECTION 5 (E) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

(E)    All Delegates of the Council Delegate Body shall be compensated at the rate of ~~Seventy-five Dollars ($75)~~One Hundred ($100) per meeting, but such compensation shall not exceed Two Hundred ~~Fifty~~ Dollars ($2~~5~~00) in any month, regardless of the number of meetings held.

## SECTION 5 (E) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

(D)    All Delegates of the Council Delegate Body shall be compensated at the rate of One Hundred ($100) per meeting, but such compensation shall not exceed Two Hundred Fifty Dollars ($250) in any month, regardless of the number of meetings held.

## SECTION 5 (E) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

The proposed revision recognizes that transportation costs and the time required to perform Delegate Body duties have increased.

## SECTION 5 (F) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - CHANGE

(F)     No Delegate of the Council Delegate Body shall be subject to any adverse employment action, harassment, intimidation, threats, or coercion by the District Council, the Council Delegate Body or any Officer thereof for exercising, in good faith, the authority of, or fulfilling the duties of, a Council Delegate as provided for in these Bylaws.  Any Delegate that believes that he or she has been subject to a violation of this section may file a complaint with the Chief Compliance Officer and the Inspector General, who shall conduct a joint investigation of the merits of such complaint.  Upon completion of that investigation, no later than ninety (90) days following receipt of the complaint, either the Chief Compliance Officer or the Inspector General may refer the matter to the Trial Committee, the Review Officer (to the extent such a Review Officer is in place), or the United States Attorney, as appropriate.  The foregoing shall not limit any Delegate's right to also file a complaint with the General President of the United Brotherhood, as provided for under Section 53(G) of the UBC Constitution.  In addition to the foregoing, any District Council Delegate may file a complaint with the Trial Committee Chairman and thereby initiate an arbitration to be conducted before a three-member panel consisting of the Trial Committee Chairman, Trial Committee Vice Chairman, and a third arbitrator to be chosen by the Trial Committee Chairman and Trial Committee Vice Chairman.  All decisions of said panel must be supported by substantial evidence and any party to the proceeding may seek review of a decision with the District Court.

## SECTION 5 (F) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

(F)     No Delegate of the Council Delegate Body shall be subject to any adverse employment action, harassment, intimidation, threats, or coercion by the District Council, the Council Delegate Body or any Officer thereof for exercising, in good faith, the authority of, or fulfilling the duties of, a Council Delegate as provided for in these Bylaws.  Any Delegate that believes that he or she has been subject to a violation of this section may file a complaint with the Chief Compliance Officer and the Inspector General, who shall conduct a joint investigation of the merits of such complaint.  Upon completion of that investigation, no later than ninety (90) days following receipt of the complaint, either the Chief Compliance Officer or the Inspector General may refer the matter to the Trial Committee, ~~the Review Officer (to the extent such a Review Officer is in place),~~[1] or the United States Attorney, as appropriate.  The foregoing shall not limit any Delegate's right to also file a complaint with the General President of the United Brotherhood, as provided for under Section 53(G) of the UBC Constitution.  ~~In addition to the foregoing, any District Council Delegate may file a complaint with the Trial Committee Chairman and thereby initiate an arbitration to be conducted before a three-member panel consisting of the Trial Committee Chairman, Trial Committee Vice Chairman, and a third arbitrator to be chosen by the Trial Committee Chairman and Trial Committee Vice Chairman.  All decisions of said panel must be supported by substantial evidence and any party to the proceeding may seek review of a decision with the District Court.~~

## SECTION 5 (F) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - UPDATED

(E)    No Delegate of the Council Delegate Body shall be subject to any adverse employment action, harassment, intimidation, threats, or coercion by the District Council, the Council Delegate Body or any Officer thereof for exercising, in good faith, the authority of, or fulfilling the duties of, a Council Delegate as provided for in these Bylaws.  Any Delegate that believes that he or she has been subject to a violation of this section may file a complaint with the Chief Compliance Officer and the Inspector General, who shall conduct a joint investigation of the merits of such complaint.  Upon completion of that investigation, no later than ninety (90) days following receipt of the complaint, either the Chief Compliance Officer or the Inspector General may refer the matter to the Trial Committee, or the United States Attorney, as appropriate.  The foregoing shall not limit any Delegate's right to also file a complaint with the General President of the United Brotherhood, as provided for under Section 53(G) of the UBC Constitution.

## SECTION 5 (F) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

**Change 1:  The proposed revision removes reference to the Review Officer.**

**Change 2:  As revised, this provision gives each Delegate multiple avenues to address any issues involving alleged retribution by the District Council because the Delegate exercised his or her internal union free speech rights as a Delegate.  Besides having such rights under Section 101(a)(2) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(2), this provision provides for an investigation of allegations of retribution and follow-up by the District Council's Chief Compliance Officer and Inspector General and also recognizes the Delegate's right to pursue allegations through the UBC Constitution. The arbitration provision being deleted was unenforceable against a contractor because employers other than the District Council are not subject to the provisions of the Bylaws.**

## SECTION 5 (G) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) – REMOVAL

(G)     Any Delegate, or the Council Delegate Body, may file a complaint or raise any concerns regarding the District Council, its Officers, or the Council Delegate Body with the United States Attorney, the Review Officer (to the extent such a Review Officer is in place), or the General President of the United Brotherhood, as provided for under Section 53(G) of the UBC Constitution.

## SECTION 5 (G) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - REDLINE

~~(G)     Any Delegate, or the Council Delegate Body, may file a complaint or raise any concerns regarding the District Council, its Officers, or the Council Delegate Body with the United States Attorney, the Review Officer (to the extent such a Review Officer is in place), or the General President of the United Brotherhood, as provided for under Section 53(G) of the UBC Constitution.~~

## SECTION 5 (G) (POWERS AND DUTIES OF THE COUNCIL DELEGATE BODY) - RATIONALE

The proposed deletion is made because the provision is covered under Section 5 (F) and the UBC Constitution.

## SECTION 6 (OFFICERS OF THE COUNCIL) – CHANGE

<u>Section 6</u>. The Officers of this Council shall consist of President, Vice President, Executive Secretary-Treasurer, Warden, Conductor, and three (3) Trustees (collectively, the "Officers"). The term of these offices shall be three (3) years.

The member serving as Executive Secretary-Treasurer shall be limited to two (2) terms in office. The only Officer position of the District Council that shall be compensated by salary shall be the Executive Secretary-Treasurer position.

## SECTION 6 (OFFICERS OF THE COUNCIL) - REDLINE

<u>Section 6</u>. The Officers of this Council shall consist of President, Vice President, Executive Secretary-Treasurer, Warden, Conductor, and three (3) Trustees (collectively, the "Officers"). The term of these offices shall be <u>four (4)</u>~~three (3)~~ years.

~~The member serving as Executive Secretary-Treasurer shall be limited to two (2) terms in office.~~ The only Officer position of the District Council that shall be compensated by salary shall be the Executive Secretary-Treasurer position.

## SECTION 6 (OFFICERS OF THE COUNCIL) - UPDATED

<u>Section 6</u>. The Officers of this Council shall consist of President, Vice President, Executive Secretary-Treasurer, Warden, Conductor, and three (3) Trustees (collectively, the "Officers"). The term of these offices shall be four (4) years. The only Officer position of the District Council that shall be compensated by salary shall be the Executive Secretary-Treasurer position.

## SECTION 6 (OFFICERS OF THE COUNCIL) - RATIONALE

This proposed revision conforms terms of office with the UBC Model Bylaws, which are followed by every other UBC Council in the U.S.

This revision shall become effective with the December 2017 election.

## SECTION 7 (A) (NOMINATIONS AND ELECTIONS) – CHANGE

(A)    The nomination, election and installation of Officers of the Council shall be governed by Paragraph 5(k)(I)-(iv) of the Stipulation and Order and the rules promulgated thereunder, any applicable order of the District Court, the Constitution and Laws of the United Brotherhood, and in accordance with the following provisions:

## SECTION 7 (A) (NOMINATIONS AND ELECTIONS) - REDLINE

(A)    The nomination, election and installation of Officers of the Council shall be governed by ~~Paragraph 5(k)(i)-(iv) of the Stipulation and Order and the rules promulgated thereunder,~~ any applicable order of the District Court, the Constitution and Laws of the United Brotherhood, and in accordance with the following provisions:

## SECTION 7 (A) (NOMINATIONS AND ELECTIONS) - UPDATED

(A)    The nomination, election and installation of Officers of the Council shall be governed by any applicable order of the District Court, the Constitution and Laws of the United Brotherhood, and in accordance with the following provisions:

## SECTION 7 (A) (NOMINATIONS AND ELECTIONS) - RATIONALE

Proposed revision removes reference to Stipulation and Order. The 1994 Consent Decree provides for rules, adopted into the Bylaws and election rules approved by the District Court, at paragraph 4.i.(3), paragraph 9.c., paragraph 10, paragraph 11, and paragraph 12.

July 14, 2017

## SECTION 7 (B) (C) (NOMINATIONS AND ELECTIONS) – REMAINS THE SAME

(B)    Candidates for President, Vice President, and Executive Secretary-Treasurer shall be elected by secret ballot vote of the membership directly. Candidates for Warden, Conductor and the three (3) trustees shall be elected by the Delegate Body. Candidates for all such offices must be working within the bargaining unit represented by their Local Union, or employed full time within the framework of the United Brotherhood of Carpenters to be eligible.

(C)    Council Delegates shall be elected in accordance with the Constitution of the United Brotherhood. Council Delegates shall be elected for a term of three (3) years.

## SECTION 7 (D) (NOMINATIONS AND ELECTIONS) – ADDITION

(D)     See new Section 7D added below.

## SECTION 7 (D) (NOMINATIONS AND ELECTIONS) – REDLINE

(D)     Council Executive Committee members (a/k/a Executive Delegates) shall be elected in accordance with the Constitution of the United Brotherhood.  Council Executive Committee members (a/k/a Executive Delegates) shall be elected for a term of three (3) years.

## SECTION 7 (D) (NOMINATIONS AND ELECTIONS) – UPDATED

(D)     Council Executive Committee members (a/k/a Executive Delegates) shall be elected in accordance with the Constitution of the United Brotherhood.  Council Executive Committee members (a/k/a Executive Delegates) shall be elected for a term of three (3) years.

## SECTION 7 (D) (NOMINATIONS AND ELECTIONS) - RATIONALE

This is to make clear the current practice that Council Executive Committee members (a/k/a Executive Delegates) are elected for a term of three (3) years and that the office is separate and distinct from the position of Delegate.  This distinction and that a member may not simultaneously be a candidate for, or serve as, an Executive Committee member and a Delegate has also been affirmed by the Executive Committee of the District Council, the United Brotherhood, and the United States Department of Labor.

## SECTION 7 (D) (NOMINATIONS AND ELECTIONS) – CHANGE

(D)    Each Local Union president shall notify the Executive Secretary-Treasurer, by certified mail, of the names of the elected Delegates before July 1st of each year. The Executive Secretary-Treasurer of the Council shall notify these Delegates by mail that nominations and elections of the Council Officers will be held at the regular Council meeting in August, unless some other time is established by the Review Officer, Court, or by agreement of the parties to the Stipulation and Order entered June 3, 2010.

## SECTION 7 (D) (NOMINATIONS AND ELECTIONS) - REDLINE

(D)    Each Local Union president shall notify the Executive Secretary-Treasurer, ~~by certified mail,~~ in writing of the names of the elected Delegates and elected Executive Committee member, before July 1st of each year.[1] ~~The Executive Secretary-Treasurer of the Council shall notify these Delegates~~ in writing by mail ~~that nominations and elections of the Council Officers will be held at the regular Council meeting~~ in August, ~~unless some other time is established by the Review Officer, Court, or by agreement of the parties to the Stipulation and Order entered June 3, 2010.~~[2]

## SECTION 7 (E) (NOMINATIONS AND ELECTIONS) - UPDATED

(D)    Each Local Union president shall notify the Executive Secretary-Treasurer, in writing of the names of the elected Delegates and elected Executive Committee member, before July 1st of each year.

## SECTION 7 (E) (NOMINATIONS AND ELECTIONS) - RATIONALE

**Change 1: This proposed revision reflects current practice.**

**Change 2: The proposed revision removes reference to Stipulation and Order.**

## SECTION 7 (F) (NOMINATIONS AND ELECTIONS) – REMAINS THE SAME

(E)     Absent the requirements of an order of the District Court, the nomination, election, and installation of Officers of the Council shall be governed by the Constitution and Laws of the United Brotherhood, and these Bylaws.

## SECTION 8 (DUTIES OF THE PRESIDENT) – REMAINS THE SAME

Section 8. It shall be the duty of the President to preside at all meetings of the Council, enforce a due observance of the Constitution and Laws of the United Brotherhood, conduct the same according to parliamentary rules and perform such other duties as designated by the body. The President shall receive a stipend of Three Hundred Dollars ($300) each month for the performance of said duties.

## SECTION 9 (DUTIES OF THE VICE PRESIDENT) – REMAINS THE SAME

Section 9. The Vice President shall assist the President in the performance of his or her duties and conduct meetings in his or her absence. The same rules are to govern as are applied to the President. The Vice President shall receive a stipend of Two-Hundred Dollars ($200) each month for the performance of said duties.

## SECTION 10 (A) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – REMAINS THE SAME

(A)     The Executive Secretary-Treasurer shall cause to be kept a detailed record of each Council Delegate Body meeting and a record of all roll-call votes cast by Delegates in such meetings, keep all documents and correspondence, \issue all calls for a special meeting, keep a record of all charges, trials, in accordance with the District Council Charge and Trial Procedures, and fines, take charge of the seal of the Council and affix same to all official documents, sign all legal orders, keep a correct account between the Council and the Local Unions, receive all monies paid to the Council and shall hold in his or her possession a sum of money not to exceed Seven Thousand Five Hundred Dollars ($7,500) for exigent expenses lawfully incurred by the District Council. The payment of such expenses must be reported in writing to the Chief Accountant and Trustees within Forty-Eight (48) hours of payment being rendered. He or she shall issue quarterly work cards to the affiliated Local Unions.

## SECTION 10 (B) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – CHANGE

(B)     The Executive Secretary-Treasurer shall, subject to the limitations and necessary approvals contained within these Bylaws, be responsible for the management and supervision of the field activities, business office(s), and for conducting the daily business of the Council. The Executive Secretary-Treasurer shall assume all of the duties of the Recording Secretary and Treasurer. The Executive Secretary-Treasurer shall be paid a salary of Two Hundred and Twenty- Five Thousand Dollars ($225,000) per annum which may be increased or decreased by five percent each year if such adjustment be approved by the Delegate Body and may not receive any other compensation from the District Council, other than fringe benefits equivalent to those paid to rank and file members as set forth in the collective bargaining agreement covering the greatest number of members.

## SECTION 10 (B) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - REDLINE

(B)     The Executive Secretary-Treasurer shall, subject to the limitations and necessary approvals contained within these Bylaws, be responsible for the management and supervision of the field activities, business office(s), and for conducting the daily business of the Council. The Executive Secretary-Treasurer shall assume all of the duties of the Recording Secretary and Treasurer. The Executive Secretary-Treasurer shall be paid a salary ~~of Two Hundred and Twenty- Five Thousand Dollars ($225,000)~~ per annum of no less than ten percent (10%) above the maximum salary band of the District Council's Salary Program and Personnel Policy Manual. Such salary ~~which~~ may be increased or decreased by up to ten~~five~~[1] percent each year as long as the annual salary is no less than ten percent (10%) above the maximum salary band of the District Council's Salary Program and Personnel Policy Manual[2] if such adjustment be approved by the Delegate Body and may not receive any other compensation from the District Council, other than fringe benefits equivalent to those paid to rank and file members as set forth in the collective bargaining agreement covering the greatest number of members.

## SECTION 10 (B) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - UPDATE

(B)     The Executive Secretary-Treasurer shall, subject to the limitations and necessary approvals contained within these Bylaws, be responsible for the management and supervision of the field activities, business office(s), and for conducting the daily business of the Council. The Executive Secretary-Treasurer shall assume all of the duties of the Recording Secretary and Treasurer. The Executive Secretary-Treasurer shall be paid a salary per annum of no less than ten percent (10%) above the maximum salary band of the District Council's Salary Program and Personnel Policy Manual. Such salary may be increased or decreased by up to five percent each year as long as the annual salary is no less than ten percent (10%) above the maximum salary band of the District Council's Salary Program and Personnel Policy Manual if such adjustment be approved by the Delegate Body and may not receive any other compensation from the District Council, other than fringe benefits equivalent to those paid to rank and file members as set forth in the collective bargaining agreement covering the greatest number of members.

## SECTION 10 (B) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - RATIONALE

**Change 1: This proposed change sets the Executive Secretary-Treasurer's minimum annual salary at 10% above the highest staff salary under the salary bands under the District Council's salary program and Personnel Policy Manual. This will eliminate the possibility that the Executive Secretary-Treasurer could receive a salary lower than some District Council employees. Under the maximum salary under the salary bands under the Personnel Policy currently is $_____. The EST's current annual compensation is $_____.**

**Change 2: The proposed revision clarifies that Delegates have the option to approve increases and decreases in increments up to 10%.**

# SECTION 10 (C) (D) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – REMAINS THE SAME

(C)    All monies paid into the Council shall be deposited by the Executive Secretary- Treasurer in the name of the Council in such bank or banks as properly designated by the Executive Committee.

(D)    The Executive Secretary-Treasurer shall furnish each Local Union with a copy of the quarterly financial report of the Council certified by the Audit Committee. This report shall be signed by the trustees of the Council.

## SECTION 10 (E) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – CHANGE

(E)     The Executive Secretary-Treasurer shall furnish to each Local Union a correct record of each meeting of the Council.


## SECTION 10 (E) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - REDLINE

(E)     The Executive Secretary-Treasurer shall furnish to each Local Union a correct record of each meeting of the Council Delegate Body.


## SECTION 10 (E) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - UPDATED

(E)     The Executive Secretary-Treasurer shall furnish to each Local Union a correct record of each meeting of the Council Delegate Body.


## SECTION 10 (E) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - RATIONALE

The proposed revision clarifies that Local Unions are to receive copies of Delegate Body meeting minutes.

# SECTION 10 (F) (G) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – REMAINS THE SAME

(F)    The Executive Secretary-Treasurer shall formally log and refer all bills to the trustees for investigation, after which they shall be presented to the Council for approval.  In referring bills to the trustees, the Executive Secretary-Treasurer shall provide a log including any receipts, invoices, bills of lading, or other proof that the work in question was performed or the item purchased was received. The Executive Secretary-Treasurer shall also provide the trustees with a summary report of all bills being referred and an explanation of their necessity. The trustees shall provide a summary of such information to the Council Delegate Body along with a recommendation as to whether such bills should be approved. The District Council shall establish procedures for the implementation of this provision.

(G)    The Executive Secretary-Treasurer is specifically authorized to expend, in accordance with the procedures of these Bylaws and in compliance with 29  U.S.C § 501, funds for any or all of the purposes and objects of the Council, subject to the necessary disclosures and approval by the Delegate Body.

## SECTION 10 (H) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – CHANGE

(H)  After documented consultation with the Director of Human Resources, the Executive Secretary-Treasurer shall have the authority to hire, fire or discipline all clerical or custodial employees and shall determine their duties, assignments, compensation, hours of employment and conditions.  Provided, however, that the Executive Secretary-Treasurer may not hire more clerical or custodial employees than those allowed for by the table of organization developed by the Director of Human Resources.  The Executive Secretary-Treasurer shall have  the authority to hire, fire or discipline Council representatives and organizers, after receiving the approval of or such recommendation from the Executive Committee and the approval of the Council Delegate Body for such action.  The foregoing hiring authority, both with respect to clerical and custodial employees and Council representatives and organizers, shall be exercised in accordance with the District Council Personnel Policy.

## SECTION 10 (H) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - REDLINE

(H)  After documented consultation with the Director of Human Resources, the Executive Secretary-Treasurer shall have the authority to hire, ~~fire~~ terminate[1] or discipline all clerical or custodial employees and shall determine their duties, assignments, compensation, hours of employment and conditions.  Provided, however, that the Executive Secretary-Treasurer may not hire more clerical or custodial employees than those allowed for by the table of organization developed by the Director of Human Resources.  The Executive Secretary-Treasurer shall have the authority to hire, ~~fire~~ terminate or discipline Council representatives ~~and organizers~~[2], in accordance with the review and approval process provided in these Bylaws~~after receiving the approval of such recommendation from the Executive Committee and the approval of the Council Delegate Body for such action~~.  The foregoing ~~hiring~~[3] authority, both with respect to clerical and custodial employees and Council representatives ~~and organizers~~, shall be exercised in accordance with the District Council Personnel Policy.

## SECTION 10 (H) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - UPDATED

(H)  After documented consultation with the Director of Human Resources, the Executive Secretary-Treasurer shall have the authority to hire, terminate[1] or discipline all clerical or custodial employees and shall determine their duties, assignments, compensation, hours of employment and conditions.  Provided, however, that the Executive Secretary-Treasurer may not hire more clerical or custodial employees than those allowed for by the table of organization developed by the Director of Human Resources.  The Executive Secretary-Treasurer shall have the authority to hire, terminate or discipline Council representatives[2], in accordance with the review and approval process provided in these Bylaws.  The foregoing[3] authority, both with respect to clerical and custodial employees and Council representatives, shall be exercised in accordance with the District Council Personnel Policy.

## SECTION 10 (H) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - RATIONALE

**Change 1:  The proposed revision is a language change replacing "fire" with "terminate" and is reflected throughout the document.**

**Change 2: The proposed revision recognizes the term "Council Representative" encompasses employees working in the Area Standards Department and Business Representative Centers.**

**Change 3: The proposed revision makes clear that all employment decisions must follow the District Council Personnel Policy.**

## SECTION 10 (I) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – CHANGE

(I)     In accordance with the Bylaws, and subject to the District Council Personnel Policy and the necessary approval of both the Executive Committee and the Council Delegate Body, the Executive Secretary-Treasurer shall have the power and authority to nominate for appointment or propose the removal of representatives for and on behalf of its Local Unions to act as Trustees for all negotiated Employer/Union Trust Funds, including, but not limited to, annuity, health and welfare, pension, apprenticeship, labor-management cooperation committee, vacation savings and holiday plans. No such appointment shall be effective without the consent of both the Executive Committee and the Council Delegate Body. In the event that either the Executive Committee or the Council Delegate Body withholds its consent to an appointment, the Executive Secretary- Treasurer must submit a new candidate to fill the vacant position. In addition, the Executive Secretary-Treasurer has the power and authority to appoint and remove representatives on Joint Apprenticeship and Training Committees. Accordingly, all trust agreements and/or plan documents shall be amended by the authorized representatives of the Local Unions to reflect the forgoing appointment and removal process.

## SECTION 10 (I) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - REDLINE

(I)     In accordance with the Bylaws, ~~and subject to the District Council Personnel Policy~~ and the necessary approval of both the Executive Committee and the Council Delegate Body, the Executive Secretary-Treasurer shall have the power and authority to nominate for appointment or propose the removal of representatives for and on behalf of its Local Unions to act as Trustees for all negotiated Employer/Union Trust Funds, including, but not limited to, annuity, health and welfare, pension, apprenticeship, labor-management cooperation committee, vacation savings and holiday plans. No such appointment shall be effective without the consent of both the Executive Committee and the Council Delegate Body. In the event that either the Executive Committee or the Council Delegate Body withholds its consent to an appointment, the Executive Secretary- Treasurer must submit a new candidate to fill the vacant position. In addition, the Executive Secretary-Treasurer has the power and authority to appoint and remove representatives on Joint Apprenticeship and Training Committees. Accordingly, all trust agreements and/or plan documents shall be amended by the authorized representatives of the Local Unions to reflect the forgoing appointment and removal process.

## SECTION 10 (I) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - UPDATED

(I)     In accordance with the Bylaws and the necessary approval of both the Executive Committee and the Council Delegate Body, the Executive Secretary-Treasurer shall have the power and authority to nominate for appointment or propose the removal of representatives for and on behalf of its Local Unions to act as Trustees for all negotiated Employer/Union Trust Funds, including, but not limited to, annuity, health and welfare, pension, apprenticeship, labor-management cooperation committee, vacation savings and holiday plans. No such appointment shall be effective without the consent of both the Executive Committee and the Council Delegate Body. In the event that either the Executive Committee or the Council Delegate Body withholds its consent to an appointment, the Executive Secretary- Treasurer must submit a new candidate to fill the vacant position. In addition, the Executive Secretary-Treasurer has the power and authority to appoint and remove representatives on Joint Apprenticeship and Training Committees. Accordingly, all trust agreements and/or plan documents shall be amended by the authorized representatives of the Local Unions to reflect the forgoing appointment and removal process.

## SECTION 10 (I) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - RATIONALE

The appointment of union Trustees to the Funds is not subject to the District Council Personnel Policy. The Proposed revision removes language to the contrary.

## SECTION 10 (J) (K) (L) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – REMAINS THE SAME

(J)    The Executive Secretary-Treasurer, by virtue of election to his or her office, shall automatically be deemed an elected Delegate from the Council to the conventions or meetings of the United Brotherhood, State Building and Construction Trades Councils Labor Federations, and any other organizations, conferences or meetings with which the Council may participate or become affiliated with. All necessary notice with respect to this provision shall be provided.

(K)    The Executive Secretary-Treasurer shall serve as a trustee on any and all trust funds including, but not limited to, health and welfare, pension, labor-management and joint apprenticeship and training funds.

(L)    The Executive Secretary-Treasurer shall review with the Executive Committee of the Council all minutes of any trust funds meetings with a copy of same to remain at the office of the Council.

## SECTION 10 (M) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – CHANGE

(M)    The Executive Secretary-Treasurer shall be assisted in carrying out his responsibilities and duties by a Director of Operations and a Director of Organizing.  The Director of Operations shall assist the Executive Secretary-Treasurer in supervision of the day-to-day operations of the District Council.  The responsibilities of the Director of Organizing shall include, but not be limited to, managing field organizers, communicating with parties regarding labor disputes, planning demonstrations, and communicating with Business Centers regarding potential organizing campaigns. The Executive Secretary-Treasurer shall recommend to the Executive Committee candidates to fill vacancies in the positions of Director of Operations and Director of Organizing.  If approved by the Executive Committee, such recommendations shall be submitted to the Council Delegate Body for final approval.  To the extent that the Executive Committee or Council Delegate Body withholds approval of any recommendation made by the Executive Secretary-Treasurer, the Executive Secretary-Treasurer shall recommend additional candidates for consideration.  During the period that the Consent Decree is in effect, no proposed appointment of an individual to the position of Director of Operations or Director of Organizing may be finalized without the consent of the United States Attorney. Additionally, during the tenure of the Review Officer, no proposed appointment of an individual to the position of Director of Operations or Director of Organizing may be finalized without the consent of the Review Officer.

## SECTION 10 (M) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - REDLINE

(M)    The Executive Secretary-Treasurer shall be assisted in carrying out his responsibilities and duties by a Director of Operations and a Director of- Area Standards~~Organizing~~.  The ~~—~~Director of Operations shall assist the Executive Secretary-Treasurer in supervision of the day-to-day operations of the District Council.  The responsibilities of the Director of ~~Organizing~~ Area Standards shall include, but not be limited to, managing ~~field organizers~~representatives in the Area Standards department, communicating ~~——~~with parties regarding labor disputes, planning demonstrations, and communicating with  Business Centers regarding potential Area Standards~~organizing~~ campaigns.  The Executive Secretary Treasurer shall recommend to the Executive Committee candidates to fill vacancies in the positions of Director of Operations and Director of -Area Standards~~Organizing~~.  If approved by the Executive Committee, such recommendations shall be submitted to the Council Delegate Body for final approval.  To the extent that the Executive Committee or Council Delegate Body withholds approval of any recommendation made by the Executive Secretary-Treasurer, the Executive Secretary-Treasurer shall recommend additional candidates for consideration.  ~~During the — period that the Consent Decree is in effect, no proposed appointment of an individual to the position of Director of Operations or Director of Organizing may be finalized without the consent of the United States Attorney. Additionally, during the tenure of the Review Officer, no proposed appointment of an individual to the position of Director of Operations or Director of Organizing may be finalized without the consent of the Review Officer.~~

## SECTION 10 (M) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - UPDATED

(M)   The Executive Secretary-Treasurer shall be assisted in carrying out his responsibilities and duties by a Director of Operations and a Director of Area Standards.  The Director of Operations shall assist the Executive Secretary-Treasurer in supervision of the day-to-day operations of the District Council.  The responsibilities of the Director of Area Standards shall include, but not be limited to, managing representatives in the Area Standards department, communicating with parties regarding labor disputes, planning demonstrations, and communicating with Business Centers regarding potential Area Standards campaigns.  The Executive Secretary-Treasurer shall recommend to the Executive Committee candidates to fill vacancies in the positions of Director of Operations and Director of Area Standards. If approved by the Executive Committee, such recommendations shall be submitted to the Council Delegate Body for final approval.  To the extent that the Executive Committee or Council Delegate Body withholds approval of any recommendation made by the Executive Secretary-Treasurer, the Executive Secretary-Treasurer shall recommend additional candidates for consideration.

## SECTION 10 (M) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) - RATIONALE

Provisions requiring approval from the US Attorneys Office before hiring the Director of Operations and Director of Area Standards were moved to 5 (B) (10).  The proposed revision removes the requirement from Section 10 (M) because it is redundant.

## SECTION 10 (N) (DUTIES OF THE EXECUTIVE SECRETARY-TREASURER) – REMAINS THE SAME

(N)     The Executive Secretary-Treasurer may also, when he deems it necessary and subject to the approval of the Executive Committee, delegate in writing (such writing to contain a detailed description of the delegation and to have been submitted to the Executive Committee prior to approval) any of his authority to a District Council employee or Officer with the requisite skill, experience and training to efficiently and competently perform the assignment. Compensation for services rendered in this regard shall be reasonable and  appropriate and consistent with the compensation for equivalent work performed by District Council employees and subject to approval of the Council Delegate Body.

## SECTION 11 (DUTIES OF WARDEN AND CONDUCTOR) – CHANGE

Section 11.  The Warden shall take charge of the door at all meetings of the Council and allow no one to enter except those who are entitled to do so. The Conductor takes up the password at all meetings.

## SECTION 11 (DUTIES OF WARDEN AND CONDUCTOR) - REDLINE

Section 11.  The Warden shall take charge of the door at all meetings of the Council and allow no one to enter except those who are entitled to do so. The Conductor will ensure that the flag is in its proper place. ~~The Conductor takes up the password at all meetings.~~

## SECTION 11 (DUTIES OF WARDEN AND CONDUCTOR) - UPDATED

Section 11.  The Warden shall take charge of the door at all meetings of the Council and allow no one to enter except those who are entitled to do so. The Conductor will ensure that the flag is in its proper place.

## SECTION 11 (DUTIES OF WARDEN AND CONDUCTOR) - RATIONALE

The proposed revision removes obsolete language. Passwords are no longer used.

## SECTION 12 (A) (EXECUTIVE COMMITTEE) – CHANGE

(A)      The Executive Committee shall be a subcommittee of the Delegate Body and shall consist of one member of each Local Union nominated and elected by secret ballot of the membership directly, and the President, Vice-President and Executive Secretary-Treasurer.

## SECTION 12 (A) (EXECUTIVE COMMITTEE) - REDLINE

(A)      The Executive Committee ~~shall be a subcommittee of the Delegate Body and~~ shall consist of one member of each Local Union nominated and elected by secret ballot of the <u>Local Union's</u> membership directly, and the President, Vice-President and Executive Secretary-Treasurer. <u>Executive Committee members shall not hold any other elected position elected by the Local Union they represent.</u>

## SECTION 12 (A) (EXECUTIVE COMMITTEE) - UPDATED

(A)      The Executive Committee shall consist of one member of each Local Union nominated and elected by secret ballot of the Local Union's membership directly, and the President, Vice-President and Executive Secretary-Treasurer.  Executive Committee members shall not hold any other elected positions elected by the Local Union they represent.

## SECTION 12 (A) (EXECUTIVE COMMITTEE) - RATIONALE

**The proposed revision clarifies that each Local Union elects one member to serve on the Executive Committee, and conforms the Bylaws to accepted practice of the District Council and Consent Decree.**

## SECTION 12 (B) (EXECUTIVE COMMITTEE) – CHANGE

(B)    The Executive Committee, in consultation with the Council's Chief Accountant, Audit Committee, and Trustees, shall prepare an annual budget for the Council to be considered, voted upon and finally approved by the Delegate Body.

## SECTION 12 (B) (EXECUTIVE COMMITTEE) - REDLINE

(B)    The Executive Committee, ~~in consultation with the Council's Chief Accountant, Audit Committee, and Trustees,~~ shall ~~prepare~~ review and recommend an annual budget for the Council to be ~~considered, voted upon and finally~~ approved by the Delegate Body.

## SECTION 12 (B) (EXECUTIVE COMMITTEE) - UPDATED

(B)    The Executive Committee shall review and recommend an annual budget for the Council to be approved by the Delegate Body.

## SECTION 12 (B) (EXECUTIVE COMMITTEE) - RATIONALE

**Proposed revision reflects actual practice of the District Council. The Executive Committee reviews and recommends the annual budget for adoption to the Delegate Body.**

## SECTION 12 (C) (EXECUTIVE COMMITTEE) – CHANGE

(C)     The Executive Committee shall review and make recommendations to the Delegates on all major purchases in excess of One Thousand Dollars ($1,000), after soliciting and considering at least three (3) proposals from vendors. In reviewing and recommending any proposed purchase, the Executive Committee must consider the following factors, among others: the cost and quality of the item as compared to other proposals received, any warranties offered by the seller, the reputation and integrity of the seller, and any relationship(s) between the seller and District Council employees, Officers or Delegates (which may be a factor warranting disqualification).  In the event that the Council Delegate Body withholds its approval of a purchase, such purchase must not go forward and the Executive Committee may recommend alternative purchases.

## SECTION 12 (C) (EXECUTIVE COMMITTEE) - REDLINE

(C)     The Executive Committee shall review and make recommendations to the Delegates on all ~~major purchases~~ expenditures of the District Council.  In advance review and reject or approve all non-recurring expenditures of the council in excess of Five~~One~~ Thousand Dollars ($5~~1~~,000) under the policies and procedure of the District Council's Accounting Manuals.~~, after soliciting and considering at least three (3) proposals from vendors. In reviewing and recommending any proposed purchase, the  Executive Committee must consider the following factors, among others: the cost and quality of the item as compared to other proposals received, any warranties offered by the seller, the reputation and integrity of the seller, and any relationship(s) between the seller and District Council employees, Officers or Delegates (which may be a factor warranting disqualification).~~  In the event that the Council Delegate Body withholds its approval of a purchase, such purchase must not go forward and the Executive Committee may recommend alternative purchases.

## SECTION 12 (C) (EXECUTIVE COMMITTEE) - UPDATED

(C)     The Executive Committee shall review and make recommendations to the Delegates on all expenditures of the District Council.  In advance review and reject or approve all non-recurring expenditures of the council in excess of Five Thousand Dollars ($5,000) under the policies and procedure of the District Council's Accounting Manuals.  In the event that the Council Delegate Body withholds its approval of a purchase, such purchase must not go forward and the Executive Committee may recommend alternative purchases.

## SECTION 12 (C) (EXECUTIVE COMMITTEE) - RATIONALE

**The proposed revision will allow the District Council to operate in an efficient manner, in line with the new Accounting Manual that is incorporated by reference into these Bylaws.  The Accounting Manual cannot be changed without the approval of the Executive Committee and the Office of the US Attorney. These changes do not change the Delegate Body's authority to review and approve all expenditures.**

## SECTION 12 (D) (EXECUTIVE COMMITTEE) - CHANGE

(D)    The Executive Committee shall implement written procedures incorporated in the District Council Personnel Policy describing the methods which must be employed by the District Council to hire, discipline, assess, compensate and terminate its employees. Such procedures shall require that all persons hired as representatives, organizers and agents of the District Council shall have attended a UBC-run "three-day" assessment program and been rated in the top quarter of persons attending such programs, been subject to criminal background checks and drug testing, been interviewed by a hiring committee comprising no less than three District Council employees or Officers assisted by the HR Director, the Inspector General or his designee and the Chief Compliance Officer or his designee. Said procedures shall further require that standardized questions crafted by the HR Director and others appropriate to the proceedings shall be posed by the hiring committee and that the results of the appraisal of each candidate by the hiring committee be forwarded in writing to the Executive Committee. In reviewing and recommending any proposed personnel decision, the Executive Committee must be governed by the District Council Personnel Policy. In the event that the Council Delegate Body withholds its approval of a personnel decision, such personnel decision must not go forward and the Executive Committee may recommend alternative personnel decisions.

## SECTION 12 (D) (EXECUTIVE COMMITTEE) – REDLINE

(D)    The Executive Committee shall ~~implement~~ review and approve written procedures and any changes incorporated in the District Council Personnel Policy describing the methods which must be employed by the District Council to hire, discipline, assess, compensate and terminate its employees. ~~Such procedures shall require that all persons hired as representatives, organizers and agents of the District Council shall have attended a UBC-run "three-day" assessment program and been rated in the top quarter of persons attending such programs, been subject to criminal background checks and drug testing, been interviewed by a hiring committee comprising no less than three District Council employees or Officers assisted by the HR Director, the Inspector General or his designee and the Chief Compliance Officer or his designee. Said procedures shall further require that standardized questions crafted by the HR Director and others appropriate to the proceedings shall be posed by the hiring committee and that the results of the appraisal of each candidate by the hiring committee be forwarded in writing to the Executive Committee.~~ The Executive Committee shall have the authority to review, approve, and make recommendations to the Delegate Body regarding the hiring, terminating, and disciplining of Council directors, managers, and representatives. In reviewing and recommending any proposed personnel decision, the Executive Committee must be governed by the District Council Personnel Policy. In the event that the Council Delegate Body withholds its approval of a personnel decision, as per section 5(B)(9), such personnel decision must not go forward and the Executive Committee may recommend alternative personnel decisions.

## SECTION 12 (D) (EXECUTIVE COMMITTEE) – UPDATED

(D)    The Executive Committee shall review and approve written procedures and any changes incorporated in the District Council Personnel Policy describing the methods which must be employed by the District Council to hire, discipline, assess, compensate and terminate its employees. The Executive Committee shall have the authority to review, approve, and make recommendations to the Delegate Body regarding the hiring, terminating, and disciplining of Council directors, managers, and representatives. In reviewing and recommending any proposed personnel decision, the Executive Committee must be governed by the District Council Personnel Policy. In the event that the Council Delegate Body withholds its approval of a personnel decision, as per section 5(B)(9), such personnel decision must not go forward and the Executive Committee may recommend alternative personnel decisions.

## SECTION 12 (D) (EXECUTIVE COMMITTEE) – RATIONALE

The proposed revision conforms the Bylaws with the actual procedures of the District Council in accordance with the policies and procedures established by the District Council Personnel Manual. The Executive Committee reviews and makes recommendations on the hiring terminating and disciplining of Council Representatives, Directors, and managers.

## SECTION 12 (E) (EXECUTIVE COMMITTEE) - CHANGE

(E)     The Executive Committee shall make recommendations to the Delegates on the appointment of individuals to fill vacancies in the positions of Inspector General, Deputy Inspector General, Chief Compliance Officer, Deputy Chief Compliance Officer, Director of Human Resources, and Chief Accountant. The Executive Committee shall also approve or reject recommendations by the Executive Secretary-Treasurer of individuals to fill vacancies in the positions of Director of Operations and Director of Organizing. In considering candidates for any of these positions, the Executive Committee must be governed by the District Council Personnel Policy and should consider the proposed candidate's training, ability, experience, reputation and integrity, and any relationship(s) between the proposed candidate and District Council employees, Officers or Delegates (which may be a factor warranting disqualification).  Preferred qualifications to be considered for candidates for the positions of Inspector General, Deputy Inspector General, Chief Compliance Officer, and Deputy Chief Compliance Officer include, but are not limited to, licensed private investigator credentials, law enforcement experience, legal experience, internal labor union governance experience, experience with a compliance program and the requirements of Chapter 8 of the Federal Sentencing Guidelines, and certified public auditing experience, as well as appropriate construction industry experience. Preferred qualifications to be considered for candidates for the position of Chief Accountant include, but are not limited to, experience as an independent auditor, certified public accountant, or chief accounting officer or chief financial officer of a labor union or major corporation. Preferred qualifications to be considered for candidates to the positions of Director of Operations and Director of Organizing include, but are not limited to, experience in the operations and management of a labor union or management of a government office with a work force of similar or greater size than the District Council.

## SECTION 12 (E) (EXECUTIVE COMMITTEE) – REDLINE

(E)     The Executive Committee shall approve or reject recommendations by the Executive Secretary Treasurer, ~~make~~and make recommendations to the Delegates on the appointment of individuals to fill vacancies in the positions of Inspector General, Deputy Inspector General, Chief Compliance Officer, Deputy Chief Compliance Officer, ~~Director of Human Resources~~Department Directors, and Chief Accountant. ~~The Executive Committee shall also approve or reject, recommendations by the Executive Secretary-Treasurer of individuals to fill vacancies in the positions of Director of Operations and Director of Organizing.~~ In considering candidates for any of these positions, the Executive Committee must be governed by the District Council Personnel Policy and should consider the proposed candidate's training, ability, experience, reputation and integrity, and any relationship(s) between the proposed candidate and District Council employees, Officers or Delegates (which may be a factor warranting disqualification).  Preferred qualifications to be considered for candidates for the positions of Inspector General, Deputy Inspector General, Chief Compliance Officer, and Deputy Chief Compliance Officer include, but are not limited to, licensed private investigator credentials, law enforcement experience, legal experience, internal labor union governance experience, experience with a compliance program and the requirements of Chapter 8 of the Federal Sentencing Guidelines, and certified public auditing experience, as well as appropriate construction industry experience. Preferred qualifications to be considered for candidates for the position of Chief Accountant include, but are not limited to, experience as an independent auditor, certified public accountant, or chief accounting officer or chief financial officer of a labor union or major corporation. Preferred qualifications to be considered for a candidates to the positions of Director of Operations ~~and Director of Organizing~~include, but are not limited to, experience in the operations and management of a labor union~~, or management of a government office~~.with a work force of similar or ~~greater size than the District Council.~~.

## SECTION 12 (E) (EXECUTIVE COMMITTEE) – UPDATED

(E)     The Executive Committee shall approve or reject recommendations by the Executive Secretary Treasurer, and make recommendations to the Delegates on the appointment of individuals to fill vacancies in the positions of Inspector General, Deputy Inspector General, Chief Compliance Officer, Deputy Chief Compliance Officer, Department Directors, and Chief Accountant., In considering candidates for any of these positions, the Executive Committee must be governed by the District Council Personnel Policy and should consider the proposed candidate's training, ability, experience, reputation and integrity, and any relationship(s) between the proposed candidate and District Council employees, Officers or Delegates (which may be a factor warranting disqualification).  Preferred qualifications to be considered for candidates for the positions of Inspector General, Deputy Inspector General, Chief Compliance Officer, and Deputy Chief Compliance Officer include, but are not limited to, licensed private investigator credentials, law enforcement experience, legal experience, internal labor union governance experience, experience with a compliance program and the requirements of Chapter 8 of the Federal Sentencing Guidelines, and certified public auditing experience, as well as appropriate construction industry experience. Preferred qualifications to be considered for candidates for the position of Chief Accountant include, but are not limited to, experience as an independent auditor, certified public accountant, or chief accounting officer or chief financial officer of a labor union or major corporation. Preferred qualifications to be considered for a candidate to the position of Director of Operations include, but are not limited to, experience in the operations and management of a labor union.

## SECTION 12 (E) (EXECUTIVE COMMITTEE) - RATIONALE

The proposed revisions conforms the Bylaws to actual practice. The EST reviews potential candidates and makes recommendations to the Executive Committee, which in turn reviews and makes recommendations to the Delegate Body.  Proposed revision also makes clear that candidates for department director positions are subject to the requirements of Section 12 (E).  Preferred qualifications for the Director of Operations have been revised to show preference to individuals with operational and management experience of a labor union.  The Director of Operations revisions do not preclude an otherwise qualified candidate without that specific experience

## SECTION 12 (F) (EXECUTIVE COMMITTEE) – REMOVAL

(F)    The Executive Committee shall make recommendations upon specific findings to the Council Delegate Body regarding the hiring, firing or discipline of Council managers, representatives, agents and organizers.

## SECTION 12 (F) (EXECUTIVE COMMITTEE) - REDLINE

~~(F)    The Executive Committee shall make recommendations upon specific findings    to the Council Delegate Body regarding the hiring, firing or discipline of Council managers, representatives, agents and organizers.~~

## SECTION 12 (F) (EXECUTIVE COMMITTEE) - RATIONALE

The requirements for this section have been incorporated into Section 12 (D). Consequently, Section 12 (F) is no longer necessary.

## SECTION 12 (G) (EXECUTIVE COMMITTEE) – CHANGE

(G)　　The Executive Committee shall have the authority and responsibility to provide information about the District Council to the public and the membership including by publishing *The Carpenter* and effectively maintaining the District Council website. When presenting information to the public and the membership, the Executive Committee shall provide information fairly reflecting the range of positions and points of view on subjects relevant to the District Council and members.

## SECTION 12 (G) (EXECUTIVE COMMITTEE) - REDLINE

(G)　　The Executive Committee shall have the authority and responsibility to provide information about the District Council to the public and the membership including by publishing *The Carpenter* and effectively maintaining the District Council website. ~~When presenting information to the public and the membership, the Executive Committee shall provide information fairly reflecting the range of positions and points of view on subjects relevant to the District Council and members.~~

## SECTION 12 (F) (EXECUTIVE COMMITTEE) - UPDATED

(F)　　The Executive Committee shall have the authority and responsibility to provide information about the District Council to the public and the membership including by publishing *The Carpenter* and effectively maintaining the District Council website.

## SECTION 12 (F) (EXECUTIVE COMMITTEE) - UPDATED

The proposed revision removes the obligation of the District Council to publish information or opinions that are contrary to the duly adopted policies and procedures of the organization as an entity. No labor organization is compelled to publish information contrary to its official policies and procedures that were lawfully adopted.