July 14, 2017

## SECTION 12 (H) (EXECUTIVE COMMITTEE) - CHANGE

(H)     The Executive Committee shall have the primary responsibility for drafting, and recommending to the Council Delegate Body for approval, the overall organizing plan of the Council, which shall include, but not be limited to, information regarding industry targets, developments in ongoing programs, obstacles faced and the involvement of volunteer organizing committees with organizers in jobsite actions. In the event that the Council Delegate Body withholds its approval of the overall organizing plan proposed by the Executive Committee, the Executive Committee must present a revised plan for the Council Delegate Body's further consideration. No such plan will be effective until approved by the Council Delegate Body.

## SECTION 12 (H) (EXECUTIVE COMMITTEE) - REDLINE

(H)     The Executive Committee shall have the primary responsibility for reviewing~~drafting,~~ and recommending to the Council Delegate Body for approval, the overall ~~organizing~~Area Standards plan of the Council. ~~, which shall include, but not be limited to, information regarding industry targets, developments in ongoing programs, obstacles faced and the involvement of volunteer organizing committees with organizers in jobsite actions.~~ In the event that the Council Delegate Body withholds its approval of the overall ~~organizing~~ Area Standards plan proposed by the Executive Committee, the Executive Committee must present a revised plan for the Council Delegate Body's further consideration. No such plan will be effective until approved by the Council Delegate Body.

## SECTION 12 (G) (EXECUTIVE COMMITTEE) - UPDATED

(G)     The Executive Committee shall have the primary responsibility for reviewing and recommending to the Council Delegate Body for approval, the overall Area Standards plan of the Council. In the event that the Council Delegate Body withholds its approval of the overall Area Standards plan proposed by the Executive Committee, the Executive Committee must present a revised plan for the Council Delegate Body's further consideration. No such plan will be effective until approved by the Council Delegate Body.

## SECTION 12 (G) (EXECUTIVE COMMITTEE) - UPDATED

This proposed revision removes language that can be misconstrued by organizations seeking to attack lawful Area Standards activities of the District Council.

July 14, 2017

## SECTION 12 (I) (EXECUTIVE COMMITTEE) – REMAINS THE SAME

(HI)    The Executive Committee shall have the primary responsibility for negotiating, and recommending to the Council Delegate Body for approval, all Collective Bargaining Agreements.

July 14, 2017

## SECTION 12 (J) (EXECUTIVE COMMITTEE) – CHANGE

(J)   All changes or proposed changes to the Bylaws or Trade Rules of this Council or any of the Local Unions affiliated therewith shall be first referred to the Executive Committee for consideration and recommendation pending final approval by the Delegate Body. If approved by the Council and in accordance with Section 11B of the Constitution and Laws of the United Brotherhood (the "UBC Constitution"), the proposed change or changes must be submitted to the General Vice President for approval after review of, among other things, whether such change or changes are in conformity with the UBC Constitution, are in the best interests of the District Council, and will further the objectives of the Consent Decree or Stipulation and Order. Notwithstanding the foregoing, nothing herein shall change or limit the authority of the General Vice President pursuant to the UBC Constitution to approve or disapprove changes to these Bylaws. Provided further, all changes or proposed changes to the Bylaws or Trade Rules of the District Council must be made in accordance with the Consent Decree and any other order entered in *United States v. District Council*, et al., 90 Civ. 5722.

## SECTION 12 (J) (EXECUTIVE COMMITTEE) - REDLINE

(J)   All changes or proposed changes to the Bylaws or Trade Rules ~~of this Council or any of the~~ of Local Unions affiliated <u>with the District Council</u> <u>shall be reviewed by the Executive Committee to ensure that there is</u> <u>no conflict with the UBC Constitution, District Council Bylaws, The Labor-Management Reporting and</u> <u>Disclosure Act, The National Labor Relations Act, The Labor Management Relations Act, and any other</u> <u>applicable Federal, State, or Local Laws.</u>~~therewith shall be first referred to the Executive Committee for~~ ~~consideration and recommendation pending final approval by the Delegate Body. If approved by the Council~~ ~~and in accordance with Section 11B of the Constitution and Laws of the United Brotherhood (the "UBC~~ ~~Constitution"), the proposed change or changes must be submitted to the General Vice President for approval~~ ~~after review of, among other things, whether such change or changes are in conformity with the UBC~~ ~~Constitution, are in the best interests of the District Council, and will further the objectives of the Consent~~ ~~Decree or Stipulation and Order.~~ Notwithstanding the foregoing, nothing herein shall change or limit the authority of the General Vice President pursuant to the UBC Constitution to approve or disapprove ~~changes to~~ these Bylaws. ~~Provided further, all changes or proposed changes to the Bylaws or Trade Rules of the District~~ ~~Council must be made in accordance with the Consent Decree and any other order entered in~~ ~~*United States v.*~~ ~~*District Council*, et al., 90 Civ. 5722.~~ <u>The role of the Executive Committee in proposing or recommending</u> <u>amendments to the District Council's Bylaws is set forth in Section 35 of these Bylaws.</u>

## SECTION 12 (I) (EXECUTIVE COMMITTEE) - UPDATED

(I)   All changes or proposed changes to the Bylaws or Trade Rules of Local Unions affiliated with the District Council shall be reviewed by the Executive Committee to ensure that there is no conflict with the UBC constitution, District Council Bylaws, The Labor-Management Reporting and Disclosure Act, The National Labor Relations Act, The Labor Management Relations Act, and any other applicable Federal, State, or Local Laws. Notwithstanding the foregoing, nothing herein shall change or limit the authority of the General Vice President pursuant to the UBC Constitution to approve or disapprove Bylaws. The role of the Executive Committee in proposing or recommending amendments to the District Council's Bylaws is set forth in Section 35 of these Bylaws.

July 14, 2017

## SECTION 12 (I) (EXECUTIVE COMMITTEE) – RATIONALE

The proposed revision recognizes the right of the Local Unions to adopt Bylaws deemed to be in the best interest of its members.  The role of the Executive Committee is limited to ensuring that proposed amendments do not violate the UBC Constitution, the District Council Bylaws, or any other applicable law. The proposed revision recognizes that the UBC General Vice President has final approval authority on Local Union Bylaws changes.

DRAFT AMENDMENTS 7-14-17

July 14, 2017

## SECTION 12 (K) (EXECUTIVE COMMITTEE) – CHANGE

(K)     The Executive Committee shall develop and preside over a uniform system of Shop Steward review including guidelines for disciplinary measures when necessary, as set forth in a separate document, which shall be adopted by the Delegate Body.  Procedures required for the implementation of said system shall be developed by March 15, 2012 or thereafter be developed and implemented by the Review Officer. The Executive Committee shall establish such necessary criteria to be able to function properly and is authorized to suspend a Shop Steward's skill indefinitely, subject to appeals to the Executive Secretary- Treasurer.  The Executive Committee shall regularly review the District Council's referral records in order to satisfactorily determine that job referrals and the appointment of Stewards are being conducted fairly and properly in accordance with the job referral rules and shall report in writing their findings to the Delegates.

## SECTION 12 (K) (EXECUTIVE COMMITTEE) - REDLINE

(K)     The Executive Committee shall develop and preside over a uniform system of Shop Steward review including guidelines for disciplinary measures when necessary, as set forth in a separate document, which shall be adopted by the Delegate Body.  ~~Procedures required for the implementation of said system shall be developed by March 15, 2012 or thereafter be developed and implemented by the Review Officer.~~ The Executive Committee shall establish such necessary criteria to be able to function properly and is authorized to suspend a Shop Steward's skill indefinitely, subject to appeals to the Executive Secretary- Treasurer.  ~~The Executive Committee  shall regularly review the District Council's referral records in order to satisfactorily determine that job referrals and the appointment of Stewards are being conducted fairly and properly in accordance with the job referral rules and shall report in writing their findings to the Delegates.~~

## SECTION 12 (J) (EXECUTIVE COMMITTEE) - UPDATED

(J)     The Executive Committee shall develop and preside over a uniform system of Shop Steward review including guidelines for disciplinary measures when necessary, as set forth in a separate document, which shall be adopted by the Delegate Body.  The Executive Committee shall establish such necessary criteria to be able to function properly and is authorized to suspend a Shop Steward's skill indefinitely, subject to appeals to the Executive Secretary- Treasurer.

## SECTION 12 (J) (EXECUTIVE COMMITTEE) - RATIONALE

**The proposed revision removes Executive Committee responsibility to directly review the functioning of the Out of Work List. Responsibility for this review has been transferred to the Inspector General and Chief Compliance Officer, who have a responsibility to report their findings to the Executive Committee and Delegate Body.**

July 14, 2017

## SECTION 12 (L) (EXECUTIVE COMMITTEE) – CHANGE

(L)   The Executive Committee shall submit a written report on Council operations, financial condition, and other relevant matters to the Delegate Body at each meeting of the Council Delegate Body.

## SECTION 12 (L) (EXECUTIVE COMMITTEE) - REDLINE

(L)   The Executive Committee shall ~~submit~~ ensure that a ~~written~~ reports on Council operations, financial condition, and other relevant matters are provided to the Delegate Body at each meeting of the Council Delegate Body.

## SECTION 12 (K) (EXECUTIVE COMMITTEE) - UPDATED

(L)   The Executive Committee shall ensure that reports on Council operations, financial condition, and other relevant matters are provided to the Delegate Body at each meeting of the Council Delegate Body.

## SECTION 12 (K) (EXECUTIVE COMMITTEE) - RATIONALE

The proposed revision conforms the Bylaws to the actual practices of the Executive Committee and the Delegate Body.

July 14, 2017

## SECTION 13 (A) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) – CHANGE

(A) The Trustees shall supervise all funds and property of the Council subject to such oversight and instructions from the Executive Committee, the Council Delegate Body, and the Audit Committee, as they may receive from time to time. The title to all property of the Council shall be held in the name of the Trustees of the Council and/or their successors in office. The Trustees shall audit all books and accounts of the Executive Secretary-Treasurer (including as enumerated herein in Sections 10(B) – 10(G) and as may be otherwise maintained) at least monthly and report their findings to the Council Delegate Body and perform such other duties as the Council may require. The Trustees shall, with the assistance of the Chief Accountant, audit all receipts and accounts of any other person authorized to collect funds. The Council shall engage a certified or registered public accountant for periodic audits, but not less than once a year, and such audits shall be examined by the Trustees for comparison with the Trustees' audit who shall report their conclusions in writing to the Council Delegate Body. The Trustees of the District Council and their representatives shall have access to all records of the District Council necessary to perform their duties in a complete and satisfactory manner.

All trustees shall be required to satisfactorily complete a training program provided for by the United Brotherhood. The District Council shall develop and implement policies and procedures for the Trustees which shall state the scope and methods of performing all required duties and be subject to the approval of the United States Attorney and the Review Officer and set forth in a separate document incorporated herein by reference. If the District Council does not submit such policies and procedures to the Review Officer for approval by March 15, 2012, the Review Officer may draft such policies and procedures for approval by the United States Attorney. The Trustees must conduct their duties in accordance with those policies and procedures, and may not modify them without the prior approval of the United States Attorney's Office for the Southern District of New York and, during the Review Officer's tenure, the Review Officer.

July 14, 2017

## SECTION 13 (A) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) - REDLINE

(A) The Trustees shall supervise all funds and property of the Council subject to such oversight and instructions from the Executive Committee, the Council Delegate Body, and the Audit Committee, as they may receive from time to time. The title to all property of the Council shall be held in the name ~~of the Trustees~~ of the Council ~~and/or their successors in office~~. The Trustees shall review~~audit~~ all books and accounts of the Executive Secretary-Treasurer (including as enumerated herein in Sections 10(B) – 10(G) and as may be otherwise maintained) at least monthly and report their findings to the Council Delegate Body and perform such other duties as the Council may require. The Trustees shall, with the assistance of  the Chief Accountant, review~~audit~~ all receipts and accounts of any other person authorized to collect funds. The Council shall engage a certified or registered public accountant for periodic audits, but not less than once a year, and such audits shall be examined by the Trustees. ~~for comparison with the Trustees' audit~~ who shall report their conclusions in writing to the Council Delegate Body and Audit Committee.  The Trustees of the District Council and their representatives shall have access to all records of the District Council necessary to perform their duties in a complete and satisfactory manner.

All trustees shall ~~be required to satisfactorily~~ complete a training program provided for by the United Brotherhood.  The District Council ~~shall develop and implement~~ has developed and implemented policies and procedures for the Trustees which ~~shall~~ state the scope and methods of performing all required duties and ~~be subject to the approval of~~ were approved by the Office of the United States Attorney ~~and the Review Officer~~ and set forth in ~~a separate document incorporated herein by reference~~the District Council's Accounting & Financial Policies and Procedures Manual.  ~~If the District Council does not submit such policies and procedures to the Review Officer for approval by March 15, 2012, the Review Officer may draft such policies and procedures for approval by the United States Attorney.~~ The Trustees must conduct their duties in accordance with those policies and procedures, and may not modify them without the prior approval of the United States Attorney's Office for the Southern District of New York. ~~and, during the Review Officer's tenure, the Review Officer.~~

July 14, 2017

## SECTION 13 (A) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) - UPDATED

(A) The Trustees shall supervise all funds and property of the Council subject to such oversight and instructions from the Executive Committee, the Council Delegate Body, and the Audit Committee, as they may receive from time to time. The title to all property of the Council shall be held in the name of the Council. The Trustees shall review all books and accounts of the Executive Secretary-Treasurer (including as enumerated herein in Sections 10(B) – 10(G) and as may be otherwise maintained) at least monthly and report their findings to the Council Delegate Body and perform such other duties as the Council may require. The Trustees shall, with the assistance of the Chief Accountant, review all receipts and accounts of any other person authorized to collect funds. The Council shall engage a certified or registered public accountant for periodic audits, but not less than once a year, and such audits shall be examined by the Trustees, who shall report their conclusions in writing to the Council Delegate Body and Audit Committee. The Trustees of the District Council and their representatives shall have access to all records of the District Council necessary to perform their duties in a complete and satisfactory manner.

All trustees shall complete a training program provided for by the United Brotherhood.  The District Council has developed and implemented policies and procedures for the Trustees which state the scope and methods of performing all required duties and were approved by the Office of the United States Attorney and set forth in the District Council's Accounting & Financial Policies and Procedures Manual.  The Trustees must conduct their duties in accordance with those policies and procedures, and may not modify them without the prior approval of the United States Attorney's Office for the Southern District of New York.

## SECTION 13 (A) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) - RATIONALE

The proposed revision conforms the Bylaws to actual District Council practices and to usual and best practice of the labor organization as an entity owning its property, including real property through a reality holding corporation, wholly owned by the union.
The proposed revision also conforms the Bylaws with the UBC Constitution Section 40.A. Trustees do not preform audits, they review audits performed by independent audit firms.  Trustees are required to complete UBC training. However, the training is not graded.  This proposed revision also incorporates duties of the Trustees to provide reports to the Audit Committee that have been moved from Section 5(B)(18)

77

July 14, 2017

## SECTION 13 (B) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) – CHANGE

(B)     The District Council has established and shall effectively maintain an Accounting Department, headed by a Chief Accountant.  The Accounting Department shall assist the Trustees, Officers and Delegates in implementing financial controls and reporting procedures, and managing the financial operations of the District Council.  The District Council shall develop policies and procedures for the Chief Accountant, which shall be subject to the approval of the United States Attorney and the Review Officer, and set forth in a separate document incorporated herein by reference.  If the District Council does not submit such policies and procedures to the Review Officer for approval by March 15, 2012, the Review Officer may draft such policies and procedures for approval by the United States Attorney The Chief Accountant must conduct his duties in accordance with those policies and procedures, and may not modify them without the prior approval of the United States Attorney and, during the Review Officer's tenure, the Review Officer.

## SECTION 13 (B) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) - REDLINE

(B)     The District Council ~~has established and~~ shall effectively maintain an Accounting Department, headed by a Chief Accountant.  The Accounting Department shall assist the Trustees, Officers, and Delegates in implementing financial controls and reporting procedures, and managing the financial operations of the District Council.  The District Council shall develop <u>and may amend from time to time</u> policies and procedures for the Chief Accountant, ~~which shall be~~<u>with any amendments</u> subject to the approval of the United States Attorney ~~and the Review Officer,~~ and set forth in a separate document incorporated herein by reference.  ~~If the District Council does not submit such policies and procedures to the Review Officer for approval by March 15, 2012, the Review Officer may draft such policies and procedures for approval by the United States Attorney~~ The Chief Accountant must conduct his <u>or her</u> duties in accordance with those policies and procedures, and may not modify them without the prior <u>review and</u> approval of the <u>EST, Executive Committee, and the</u> United States Attorney <u>during the term of the Consent Decree.</u> ~~and, during the Review Officer's tenure, the Review Officer.~~

## SECTION 13 (B) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) - UPDATED

(B)     The District Council shall effectively maintain an Accounting Department, headed by a Chief Accountant.  The Accounting Department shall assist the Trustees, Officers, and Delegates in implementing financial controls and reporting procedures, and managing the financial operations of the District Council.  The District Council shall develop and may amend from time to time policies and procedures for the Chief Accountant, with any amendments subject to the approval of the United States Attorney and set forth in a separate document incorporated herein by reference.  The Chief Accountant must conduct his or her duties in accordance with those policies and procedures, and may not modify them without the prior review and approval of the EST, Executive Committee, and the United States Attorney during the term of the Consent Decree.

## SECTION 13 (B) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) - RATIONALE

**This proposed revision recognizes the implementation of the Accounting Manual and otherwise leaves in place the approvals necessary for any changes to be made to the Accounting Manual.**

July 14, 2017

## SECTION 13 (C) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) – REMOVAL

(C)     The Council Delegate Body shall appoint an individual to fill any vacancies in the positions of Chief Accountant. During the period that the Consent Decree is in effect, no proposed appointment of an individual to the position of Chief Accountant may be finalized without the consent of the United States Attorney. Additionally, during the tenure of the Review Officer, no proposed appointment of an individual to the position of Chief Accountant may be finalized without the consent of the Review Officer.

## SECTION 13 (C) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) - REDLINE

(C)     The Council Delegate Body shall appoint an individual to fill any vacancies in the positions of Chief Accountant. During the period that the Consent Decree is in effect, no proposed appointment of an individual to the position of Chief Accountant may be finalized without the consent of the United States Attorney. Additionally, during the tenure of the Review Officer, no proposed appointment of an individual to the position of Chief Accountant may be finalized without the consent of the Review Officer.

## SECTION 13 (C) (TRUSTEES, FINANCIAL CONTROLS AND REPORTING, AND AUDITING) – RATIONALE

The requirements of this section have been moved to "Powers and Duties of the Delegate Body", Section 5 (B) (10), 5 (B) (13) and "Powers and Duties of the Executive Committee" Section 12 (E).

July 14, 2017

## SECTION 14 (A) (WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX); VOLUNTARY PAC – CHANGE

(A)      The Council shall receive working dues in the amount of 1% of the members total package rate as reflected in the current collective bargaining agreement covering members for each hour worked.  The Council shall also receive working dues from each member of $.60 per hour for each hour worked, subject to review and modification by the Council Delegate Body after review and report by the Audit Committee. This $.60 will be allocated to Organizing in the amount of $.50 an hour, $.05 for Communications and $.05 for Civic Action. The apportionment of working dues amongst Organizing, Communications, and Civic Action shall be maintained in the same proportions as outlined in the prior sentence, subject to review and modification by the Council Delegate Body after review and   report by the Audit Committee. The working dues to this Council shall be due on the first day of the month and must be paid not later than the 15th day of the following month. The Council shall also receive working dues of $500 per year from every carpenter who has performed carpentry work for a signatory contractor in our jurisdiction during the calendar year.  This $500 working dues to this Council shall be due on the first day of the month following the first day of work performed in our jurisdiction each year and must be paid not later than April 15th of the following year, provided however, that any member who shall have satisfied his or her Union Participation requirement for the applicable year, pursuant to Section 14(F) of the Bylaws, will receive credit for this $500 working dues requirement. The sums stated in this paragraph shall be reviewed periodically to determine if prudence requires that they be reduced or increased.

July 14, 2017

## SECTION 14 (A) (DUES CHECK-OFF);
## SPECIAL ASSESSMENTS AND PER CAPITA TAX); VOLUNTARY PAC – REDLINE

(A)    The Council shall receive working dues in the amount of 1% of the member_'s total package rate as reflected in the current collective bargaining agreement covering members for each hour worked, plus an additional $.55 per hour from each member for each hour worked. ~~. The Council shall also receive working dues from each member of $.60 per hour for each hour worked, subject to review and modification by the Council Delegate Body after review and report by the Audit Committee. This $.60 will be allocated to Organizing in the amount of $.50 an hour, $.05 for Communications and $.05 for Civic Action. The apportionment of working dues amongst Organizing, Communications, and Civic Action shall be maintained in the same proportions as outlined in the prior sentence, subject to review and modification by the Council Delegate Body after review and   report by the Audit Committee.~~ Notwithstanding any other provisions of these Bylaws, the amount of working dues hereunder may be modified or increased by a majority vote of the Delegates voting at a Special Convention of the Council held upon not less than 30 day's written notice to the principal office of each Local Union as provided under the Labor-Management Reporting and Disclosure Act. The working dues to this Council shall be due on the first day of the month and must be paid not later than the 15th day of the following month. In addition to the working dues, each member working more than 99 hours in a calendar year shall pay an assessment of $500 per year to defray the expenses of area standard activities of the District Council.~~The Council shall also receive working dues of $500 per year from every carpenter who has performed carpentry work for a signatory contractor in our jurisdiction during the calendar year.~~ This $500 ~~working dues~~assessment to this Council shall be due on the first day of the month following the first day of work performed in our jurisdiction each year and must be paid not later than April 15th of the following year, provided however, that any member who shall have satisfied his or her Union Participation requirement for the applicable year, pursuant to Section 14(F) of the Bylaws, will receive credit for this $500 ~~working dues~~assessment requirement. ~~The sums stated in this paragraph shall be reviewed periodically to determine if prudence requires that they be reduced or increased~~There is also the separate and voluntary contribution that a member may make to the New York City and Vicinity District Council of the United Brotherhood of Carpenters and Joiners of America Political Action Committee ("PAC") in the amount of $0.05 per hour (or whatever other amount voluntarily designated by the member), with such amount to be remitted to and collected by the PAC. The Executive Committee shall periodically review the sums stated in this paragraph and, upon approval from the Delegate Body after a review and report by the Audit Committee, may reduce or increase the amounts as it determines prudence requires.

July 14, 2017

## SECTION 14 (A) (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX); VOLUNTARY PAC – UPDATED

(A)      The Council shall receive working dues in the amount of 1% of the member's total package rate as reflected in the current collective bargaining agreement covering members for each hour worked, plus an additional $.55 per hour from each member for each hour worked.  Notwithstanding any other provisions of these Bylaws, the amount of working dues hereunder may be modified or increased by a majority vote of the Delegates voting at a Special Convention of the Council held upon not less than 30 day's written notice to the principal office of each Local Union as provided under the *Labor-Management Reporting and Disclosure Act*. The working dues to this Council shall be due on the first day of the month and must be paid not later than the 15th day of the following month. In addition to the working dues, each member working more than 99 hours in a calendar year shall pay an assessment of $500 per year to defray the expenses of area standard activities of the District Council. This $500 assessment to this Council shall be due on the first day of work performed in our jurisdiction each year and must be paid not later than April 15th of the following year, provided however, that any member who shall have satisfied his or her Union Participation requirement for the applicable year, pursuant to Section 14(F) of the Bylaws, will receive credit for this $500 assessment requirement. There is also the separate and voluntary contribution that a member may make to the New York City and Vicinity District Council of the United Brotherhood of Carpenters and Joiners of America Political Action Committee ("PAC") in the amount of *$0.05 per hour* (or whatever other amount voluntarily designated by the member), with such amount to be remitted to and collected by the PAC. The Executive Committee shall periodically review the sums stated in this paragraph and, upon approval from the Delegate Body after a review and report by the Audit Committee, may reduce or increase the amounts as it determines prudence requires.

## SECTION 14 (A) (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX); VOLUNTARY PAC – RATIONALE

The proposed revisions clarify language in the original bylaws.  The proposed revisions make no change in the current amount of working dues and no changes in union participation requirements, but do make clear that the Executive Committee may reduce or increase those amounts when prudence requires upon approval of the Delegate Body after receiving a report from the Audit Committee. The proposed revisions also recognize the separate and voluntary nature of the PAC voluntary check-off arrangement.

July 14, 2017

## SECTION 14 (B) (C) (D) (WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX) – REMAINS THE SAME

(B)    In case of a deficit in the funds of the Council, as determined by the Executive Committee in consultation with the District Council Accounting Department, the Council may levy a special assessment on each Local Union based on the number of members in the Local. The Council Delegate Body must give 30 days written notice to the Delegates and the principal office of each Local Union prior to such special assessment and shall require a majority vote by secret ballot of the Council Delegate Body at a Special Convention to adopt this special assessment which must be approved by the General Vice-President of the United Brotherhood.  No such assessment may be implemented without the Council Delegate Body's approval, and the Executive Secretary-Treasurer shall notify all Local Unions that said assessment must be paid within 30 days from the time of final approval.

       The Council Delegate Body may establish monthly dues or increase working dues payable to the Council by a majority vote of the Delegates voting at a Special Convention of the Council held upon not less than 30 days' written notice to the principal office of each Local Union.

(C)    If a member who owes working dues fails to pay them as provided by these Bylaws, such working dues shall be charged to the member by notice in writing that same must be paid within 30 days to entitle the member to any privilege, rights or donations. If the member does not make payment of arrears within the time prescribed, the member shall not be in good standing and he or she shall be notified in writing that unless the amount owing is paid within 30 days thereafter his or her name shall be stricken from membership. Notices shall be sent to the last known address of the member reported by the member to the Local Union.

(D)    For any quarter in which less than 90% of a Local Union's membership have not signed authorization cards providing that working dues will be paid to the Council, a per capita tax shall be payable by such Local Union to the Council based on the number of non-participating members.

83

July 14, 2017

## SECTION 14 (E) (WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX); VOLUNTARY PAC - CHANGE

(E)        The Council may impose a per capita tax on each Local in the amount of $11 per member.  The Council may increase the amount of the per capita tax by majority vote of the Delegates voting at a special convention held by the Council upon not less than thirty days' written notice to the principal office of each Local Union.

## SECTION 14 (E) (WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX); VOLUNTARY PAC - REDLINE

(E)        The Council may impose a per capita tax on each Local in the amount of $~~11~~12 per member.  The Council may increase the amount of the per capita tax by majority vote of the Delegates voting at a special convention held by the Council upon not less than thirty days' written notice to the principal office of each Local Union.

## SECTION 14 (E) (WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX) ; VOLUNTARY PAC - UPDATED

(E)        The Council may impose a per capita tax on each Local in the amount of $12 per member.  The Council may increase the amount of the per capita tax by majority vote of the Delegates voting at a special convention held by the Council upon not less than thirty days' written notice to the principal office of each Local Union.

## SECTION 14 (E) (WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX) ; VOLUNTARY PAC - RATIONALE

The proposed revision corrects a typographical error in the current Bylaws.

July 14, 2017

## SECTION 14 (F) (WORKING DUES (DUES CHECK-OFF); SPECIAL ASSESSMENTS AND PER CAPITA TAX) – REMAINS THE SAME

(F)    Pursuant to a Stipulation and Order entered into between the District Council and the United States Attorney entered on September 7, 2001, it shall be mandatory that each active member perform at least 1 day or 7 hours of union activity (picketing, etc.) per calendar year when called upon by the New York City District Council of Carpenters.  The District Council shall call upon members to perform such activity on a fair and equitable basis.

85

July 14, 2017

## SECTION 15 (A) (MONTHLY DUES) – CHANGE

(A)    The monthly dues payable to the Local Unions in this Council shall be established by the Local Unions and must be adequate to enable each Local Union to operate efficiently in the best interests of its membership. The Audit Committee shall annually review the amount of dues levied by each local to ensure both their adequacy and reasonableness, and shall report on those subjects to the Delegate Body.

## SECTION 15 (A) (MONTHLY DUES) - REDLINE

(A)    The monthly dues payable to the Local Unions in this Council shall be established by the Local Unions and must be adequate to enable each Local Union to operate efficiently in the best interests of its membership. ~~The Audit Committee shall annually review the amount of dues levied by each local to ensure both their adequacy and reasonableness, and shall report on those subjects to the Delegate Body.~~

## SECTION 15 (A) (MONTHLY DUES) - UPDATED

(A)    The monthly dues payable to the Local Unions in this Council shall be established by the Local Unions and must be adequate to enable each Local Union to operate efficiently in the best interests of its membership.

## SECTION 15 (A) (MONTHLY DUES) - RATIONALE

This proposed revision conforms the Bylaws to the UBC Uniform Bylaws and recognizes that Local Union finances do not fall under the jurisdiction of the Audit Committee.  The UBC Constitution requires Locals to have audits performed by Certified Public Accountants.

July 14, 2017

## SECTION 15 (B) (MONTHLY DUES) – CHANGE

(B)      Monthly dues payable by the members to the Local Unions shall not be increased except upon the approval by majority vote by secret ballot of the members in good standing voting at a general or special membership meeting after reasonable notice or by majority vote of the members in good standing in a membership referendum conducted by secret ballot. In addition, monthly dues payable to Local Unions must be approved by the Council.

## SECTION 15 (B) (MONTHLY DUES) - REDLINE

(B)      Monthly dues payable by the members to the Local Unions shall not be increased except upon the approval by majority vote by secret ballot of the members in good standing    voting at a general or special membership meeting after reasonable notice or by majority vote of the members in good standing in a membership referendum conducted by secret ballot. In addition, monthly dues payable to Local Unions must be approved by the <u>District Council Executive Committee</u>~~Council~~.

## SECTION 15 (B) (MONTHLY DUES) - UPDATED

(B)      Monthly dues payable by the members to the Local Unions shall not be increased except upon the approval by majority vote by secret ballot of the members in good standing voting at a general or special membership meeting after reasonable notice or by majority vote of the members in good standing in a membership referendum conducted by secret ballot. In addition, monthly dues payable to Local Unions must be approved by the District Council Executive Committee.

## SECTION 15 (B) (MONTHLY DUES) - RATIONALE

This proposed revision corrects a typographical error in the current Bylaws.

July 14, 2017

## SECTION 15 (C) (MONTHLY DUES) – REMAINS THE SAME

(C)    Each Local Union shall furnish the Council with a correct monthly report of all members as indicated by the International per capita sheet.

July 14, 2017

## SECTION 16 (A) (COUNCIL REPRESENTATION) - CHANGE

(A)      Each Local Union shall elect a Delegate or Delegates to the Council Delegate Body in accordance with the Constitution and Laws of the United Brotherhood governing nomination and elections in subordinate bodies.  The ratio of representation from each Local Union to the Council Delegate Body shall be as follows. There shall be a total of One Hundred (100) Delegates to the District Council from the Local Unions, such Delegates to comprise the Council Delegate Body. Each Local Union shall have at least one Delegate to the District Council, with the remaining Delegates allocated proportionally amongst the Local Unions based upon the total membership of each Local Union as a percentage of the aggregate membership of all Local Unions of the District Council.  No more than Fifty Percent (50%) of the Delegates representing any Local Union may be employees of the District Council.  No individual employed by the District Council on the day these Bylaws go into effect shall be included in the calculation of the Fifty Percent (50%) limit referred to in the prior sentence, unless the individual's employment by District Council is terminated.

## SECTION 16 (A) (COUNCIL REPRESENTATION) - REDLINE

(A)      Each Local Union shall elect a Delegate or Delegates to the Council Delegate Body in accordance with the Constitution and Laws of the United Brotherhood governing nomination and elections in subordinate bodies.  The ratio of representation from each Local Union to the Council Delegate Body shall be as follows. There shall be a total of One Hundred (100) Delegates to the District Council from the Local Unions, such Delegates to comprise the Council Delegate Body. Each Local Union shall have at least one Delegate to the District Council, with the remaining Delegates allocated proportionally amongst the Local Unions based upon the total membership of each Local Union as a percentage of the aggregate membership of all Local Unions of the District Council. No more than Fifty Percent (50%) of the Delegates representing any Local Union may be employees of the District Council.  No individual employed by the District Council on the day these Bylaws go into effect shall be included in the calculation of the Fifty Percent (50%) limit referred to in the prior sentence, unless the individual's employment by District Council is terminated.

## SECTION 16 (A) (COUNCIL REPRESENTATION) - UPDATED

(A)      Each Local Union shall elect a Delegate or Delegates to the Council Delegate Body in accordance with the Constitution and Laws of the United Brotherhood governing nomination and elections in subordinate bodies.  The ratio of representation from each Local Union to the Council Delegate Body shall be as follows. There shall be a total of One Hundred (100) Delegates to the District Council from the Local Unions, such Delegates to comprise the Council Delegate Body. Each Local Union shall have at least one Delegate to the District Council, with the remaining Delegates allocated proportionally amongst the Local Unions based upon the total membership of each Local Union as a percentage of the aggregate membership of all Local Unions of the District Council.

## SECTION 16 (A) (COUNCIL REPRESENTATION) - RATIONALE

The proposed revision conforms the District Council Bylaws to the UBC Model Bylaws.  It also removes antidemocratic provisions restricting members' right to choose representatives.

July 14, 2017

## SECTION 16 (B) (COUNCIL REPRESENTATION) – REMAINS THE SAME

(B)   Each Local Union shall submit to the Executive Secretary-Treasurer the correct number of members on its rolls from month to month on and after the first meeting of each month.

The Executive Secretary-Treasurer shall notify each Local Union by mail, no later than April 15th of the year of each general election of Local Union Delegates to this Council, the correct number of Delegates each Local Union is entitled to have elected.

## SECTION 17 (DELINQUENT LOCAL UNIONS) – REMAINS THE SAME

Section 17.  A Local Union owing per capita tax for two months and the same not being paid by the end of the third month, such Local Union Delegates shall not have a vote or voice in the Council. When a Local Union owes a sum equal to three (3) months per capita tax to the Council, its Delegates will not be entitled to a seat in that body nor shall the members of the delinquent Local Union be entitled to the work card of the Council.

## SECTION 18 (DELEGATE CREDENTIALS) – REMAINS THE SAME

Section 18.  Recording Secretaries of Local Unions must forward credentials of Delegate or Delegates from their Local Union to the Council properly signed by the President and Recording Secretary with the seal of the Local Union affixed. They shall be referred to the Executive Committee who shall investigate the same and report their findings to the Council with recommendation thereof.

## SECTION 19 (DELEGATES ATTENDING MEETINGS) – REMAINS THE SAME

Section 19.  Any Delegate to this Council failing to attend its meetings shall upon the third (3rd) offense, provided they are successive and no reasonable excuse is presented and accepted by a majority vote of the Council Delegate Body, stand suspended and his Local Union shall be so notified.

July 14, 2017

## SECTION 20 (COLLECTIVE BARGAINING) – REMAINS THE SAME

<u>Section 20</u>.  Following recommendation by the Executive Committee, the Council Delegate Body shall have the exclusive power and authority to ratify and execute Collective Bargaining Agreements for and on behalf of its affiliated Local Unions, except to the extent the International Union exercises its jurisdiction or authority.

The District Council Delegate Body shall adopt rules and procedures governing the   method of collective bargaining ratification.

The District Council has established, and shall maintain, procedures for processing grievances filed pursuant to District Council collective bargaining agreements, as set forth in a separate document dated April 18, 2011, which is incorporated herein by reference.

## SECTION 21 (TRUST FUNDS) – REMAINS THE SAME

<u>Section 21</u>.  All allocations from negotiated total wage amounts to annuity, health and welfare, pension, funds sponsored by the International, apprenticeship, labor-management cooperation committees, vacation savings, and holiday plans, shall be determined by the Council Delegate Body.

## SECTION 22 (A) (MEETING NIGHTS) – REMAINS THE SAME

<u>Section 22</u>.

(A)     The regular meetings of the Council Delegate Body shall be held at least monthly and more often as prudence may require. Upon a majority vote, the Delegate Body may invite members to attend and observe said meetings as space allows and upon such conditions as may be deemed necessary to insure the integrity of the proceedings. Special meetings may be called by the President and Executive Secretary-Treasurer upon written request of the Local Unions stating the nature of the business sought to be transacted. No other business shall be transacted except that for which the meeting is called. The Executive Secretary-Treasurer shall notify each Council Delegate of such special meeting a reasonable amount of time in advance, not less than ten (10) days of its appointed time.

July 14, 2017

## SECTION 22 (B) (MEETING NIGHTS) – CHANGE

(B)     Prior to a regular or special called meeting of the Council Delegate Body, subject to reasonable precautions with respect to confidential and/or privileged information, the Council shall provide to each Delegate reasonably in advance of each meeting, a copy of each of the following:

1.   prior meeting minutes for approval;

2.   bills and expenditures for approval;

3.   results of disciplinary proceedings;

4.   the Organizing Report, Membership Retention Report, Political and Legislative Report, and Financial Report, as provided for in the Bylaws; and

5.   supporting materials, if practical, for other items on the meeting agenda.

## SECTION 22 (B) (MEETING NIGHTS) - REDLINE

(B)     Prior to a regular or special called meeting of the Council Delegate Body, subject to reasonable precautions with respect to confidential and/or privileged information, the Council shall provide to each Delegate reasonably in advance of each meeting, a copy of each of the following:

1.   prior meeting minutes for approval;

2.   bills and expenditures for approval;

3.   results of disciplinary proceedings;

4.   the ~~Organizing~~ Area Standards Report, Membership Retention Report, Political and Legislative Report, and ~~Financial Report~~ Cash Receipts and Disbursements, as provided for in the Bylaws; and

5.   supporting materials, if practical, for other items on the meeting agenda.

July 14, 2017

## SECTION 22 (B) (MEETING NIGHTS) – UPDATED

(B)      Prior to a regular or special called meeting of the Council Delegate Body, subject to reasonable precautions with respect to confidential and/or privileged information, the Council shall provide to each Delegate reasonably in advance of each meeting, a copy of each of the following:

1.      prior meeting minutes for approval;

2.      bills and expenditures for approval;

3.      results of disciplinary proceedings;

4.      the Area Standards Report, Membership Retention Report, Political and Legislative Report, and Cash Receipts and Disbursements, as provided for in the Bylaws; and

5.      supporting materials, if practical, for other items on the meeting agenda

## SECTION 22 (B) (MEETING NIGHTS) – RATIONALE

The proposed revision conforms the Bylaws to actual District Council practices.

93

July 14, 2017

## SECTION 22 (C) (MEETING NIGHTS) – REMAINS THE SAME

(C)    The Council must provide certain oral and written reports to the Delegates at every regular meeting:

July 14, 2017

## SECTION 22 (C) (1) (MEETING NIGHTS) – CHANGE

1.    Organizing Report: The Director of Organizing for the Council shall report to the Delegates on organizing activities within the Council including, but not limiting his report to, industry targets, developments in ongoing programs, obstacles faced and the involvement of volunteer organizing committees with organizers in jobsite actions and housecalling. The report shall include specific targets, the specific number of job site actions and the specific number of housecalls made to nonunion carpenters since the last report, the names of any contractors signed and the number of members brought in with that contractor.

## SECTION 22 (C) (1) (MEETING NIGHTS) - REDLINE

1.    Area Standards~~Organizing~~ Report: The Director of ~~Organizing~~ Area Standards for the Council shall report to the Delegates on ~~organizing~~ Area Standards activities within the Council. ~~including, but not limiting his report to, industry targets, developments in ongoing programs, obstacles faced and the involvement of volunteer organizing committees  with organizers in jobsite actions and housecalling. The report shall include specific targets, the specific number of job site actions and the specific number of housecalls made to nonunion carpenters since the last report, the names of any contractors signed and the number of members brought in with that contractor.~~

## SECTION 22 (C) (1) (MEETING NIGHTS) - UPDATED

1.    Area Standards Report: The Director of Area Standards for the Council shall report to the Delegates on Area Standards activities within the Council.

## SECTION 22 (C) (1) (MEETING NIGHTS) - RATIONALE

**Change 1: This revision removes language that can be misconstrued by organizations seeking to attack lawful Area Standards activities of the District Council.**

95

July 14, 2017

## SECTION 22 (C) (2) (3) (MEETING NIGHTS) – REMAINS THE SAME

2.      Membership Retention Report: The senior business agent, or a service representative appointed by the Executive Secretary-Treasurer, shall report to the Delegates on membership retention efforts. The report, based on the Ultra Growth and Retention Report, will include, but is not limited to, the current number of members, the number of members initiated, on withdrawal, or transferred since the last report, and specifically the number of members brought in through organizing activities. For members leaving the Brotherhood, the report should include an overview of the reasons as well as all efforts at membership contact, including contacts to encourage membership participation, and contact to members in arrears or on withdrawal to encourage their continued membership.

3.      Political and Legislative Report: The Council political director shall report to the Delegates on political organizing and legislative activities within the Council including, but not limiting his report to, political organizing activities, current legislation on the Federal, State and Local levels, and the involvement of volunteer organizing committees in the overall Council political program. When appropriate the presentation will include political campaign activities, membership voter registration, membership voter education programs, and reports of contacts with government officials.

July 14, 2017

## SECTION 22 (C) (4) (MEETING NIGHTS) - REMOVAL

4.      Financial Report: The Chief Accountant shall report to the Delegates on the District Council's expenses and revenue.

## SECTION 22 (C) (4) (MEETING NIGHTS) - REDLINE

4. ~~Financial Report: The Chief Accountant shall report to the Delegates on the District Council's expenses and revenue.~~

## SECTION 22 (C) (4) (MEETING NIGHTS) - RATIONALE

The requirements of this section are covered under Section 5 (Delegate Powers and Duties) (B) (12).

July 14, 2017

## SECTION 22 (D) (E) (MEETING NIGHTS) – REMAINS THE SAME

(D)    If the Council Delegate Body determines by a majority vote of its members that the reports listed above are not sufficient to inform the Council Delegate Body about activities, membership, or finances of the Council and its local unions, the Council Delegate Body may make a request for additional information to the Council Executive Committee and/or the Officers specifying the additional information that is necessary for the Council Delegate Body to obtain. Such requests shall be complied with within fourteen (14) days. The reports described herein shall be made available to the Delegates for review at the District Council no later than five (5) days before the Delegate Body meeting.

(E)    An audio recording of each meeting of the Council Delegate Body shall be made. The audio recording for each Council Delegate Body meeting shall remain in the exclusive custody of the Chief Compliance Officer. However, the Chief Compliance Officer shall make the audio recording of any meeting of the Council Delegate Body available to the District Council's Office of the Inspector General, the Review Officer, and to law enforcement authorities upon written request.

## SECTION 23 (ANNUAL AUDIT) – REMAINS THE SAME

Section 23.  The Fiscal year for this Council shall be July 1st to June 30th. All accounts shall be audited in conformance with these Bylaws and applicable law and a complete financial report for the fiscal year shall be submitted by the Audit Committee to the Executive Committee and Delegate Body for review and comment, no later than ninety days following the close of the fiscal year.

## SECTION 24 (OFFICERS BOND) – REMAINS THE SAME

Section 24.  Every Officer, agent or employee of the Council who handles funds and property thereof shall be appropriately bonded through the General Office for the faithful discharge of their duties.

July 14, 2017

## SECTION 25 (CHARGES AND TRIALS) – CHANGE

<u>Section 25</u>. The exclusive disciplinary procedures for members of the District Council are provided for in the District Council's Charge and Trial Procedures, effective September 7, 2010, and supplemented by the Review Officer on September 22, 2010 and July 8, 2011.  Said Charge and Trial Procedures shall remain in full force and effect. The District Council shall ensure that sufficient funding is provided each year so that the District Council's Charge and Trial Procedures are continued and maintained in full force and effect. During the tenure of the Review Officer, the term of the members of the Trial Committee shall be eighteen (18) months. After the expiration of the term of the Review Officer, the term of the Trial Committee members shall be twelve (12) months. The members of the Trial Committee shall be elected by secret ballot vote by each Local Union. There shall be an equal number of Trial Committee members from each Local Union of the District Council and no fewer than eighteen or greater than twenty-two (22) members comprising the committee.

The District Council has established, and shall continue to maintain in full force and effect, the position of Advocate. The District Council shall ensure that sufficient funding is provided so that the Advocate may effectively carry out the full scope of his duties. The Advocate can only be replaced by action of the Delegate Body with the consent of the District Council's Inspector General and Chief Compliance Officer.

The Advocate's duties shall be as provided for in the policies and procedures developed pursuant to Section 27(E)(12) of the Bylaws. The Advocate may also be approved by the Delegate Body to serve as the Chief Compliance Officer or Deputy Compliance Officer. Those duties shall include, but not be limited to, preparing and presenting disciplinary charges brought for or on behalf of the District Council, including the Inspector General, to the Trial Committee. Any charge filed by the Review Officer may be presented by the Advocate provided that the Review Officer confirms such delegation in a written notice to the presiding officer of the matter.

Upon the expiration of the term of the Review Officer, all charges relating to violations of the Consent Decree, federal law, or state law shall be brought by the Advocate. The Advocate shall be a member of the Bar of the State of New York and admitted to practice in the Southern District of New York. Should a vacancy in the position occur, suitable candidates must be sought by appropriate public notice and selected only after an interview process conducted by the Inspector General and Chief Compliance Officer who shall each render his written recommendation for a replacement to the Delegate Body.

July 14, 2017

## SECTION 25 (CHARGES AND TRIALS) - REDLINE

Section 25. ~~The exclusive disciplinary procedures for members of the District Council are provided for in the District Council's Charge and Trial Procedures, effective September 7, 2010, and supplemented by the Review Officer on September 22, 2010 and July 8, 2011. Said Charge and Trial Procedures shall remain in full force and effect. The District Council shall ensure that sufficient funding is provided each year so that the District Council's Charge and Trial Procedures are continued and maintained in full force and effect. During the tenure of the Review Officer, the term of the members of the Trial Committee shall be eighteen (18) months. After the expiration of the term of the Review Officer, the term of the Trial Committee members shall be twelve (12) months. The members of the Trial Committee shall be elected by secret ballot vote by each Local Union. There shall be an equal number of Trial Committee members from each Local Union of the District Council and no fewer than eighteen or greater than twenty-two (22) members comprising the committee.~~

~~The District Council has established, and shall continue to maintain in full force and effect, the position of Advocate. The District Council shall ensure that sufficient funding is provided so that the Advocate may effectively carry out the full scope of his duties. The Advocate can only be replaced by action of the Delegate Body with the consent of the District Council's Inspector General and Chief Compliance Officer.~~

~~The Advocate's duties shall be as provided for in the policies and procedures developed pursuant to Section 27(E)(12) of the Bylaws. The Advocate may also be approved by the Delegate Body to serve as the Chief Compliance Officer or Deputy Compliance Officer. Those duties shall include, but not be limited to, preparing and presenting disciplinary charges  for or on behalf of the District Council, including the Inspector General, to the Trial Committee. Any charge filed by the Review Officer may be presented by the Advocate provided that the Review Officer confirms such delegation in a written notice to the presiding officer of the matter.~~

~~Upon the expiration of the term of the Review Officer, all charges relating to violations of the Consent Decree, federal law, or state law shall be brought by the Advocate. The Advocate  shall be a member of the Bar of the State of New York and admitted to practice in the Southern District of New York. Should a vacancy in the position occur, suitable candidates must be sought by appropriate public notice and selected only after an interview process conducted by the Inspector General and Chief Compliance Officer who shall each render his written recommendation for a replacement to the Delegate Body.~~ <u>Charges and trial procedures shall be as set forth as in the Constitution of the United Brotherhood and the District Council's Trial Procedures adopted August 28, 2013 and as those Trial Procedures may be amended from time to time by recommendation of the Executive Committee and adoption by the Delegate Body.</u>

July 14, 2017

## SECTION 25 (CHARGES AND TRIALS) - UPDATED

<u>Section 25</u>. Charges and trial procedures shall be as set forth as in the Constitution of the United Brotherhood and the District Council's Trial Procedures adopted August 28, 2013 and as those Trial Procedures may be amended from time to time by recommendation of the Executive Committee and adoption by the Delegate Body.

## SECTION 25 (CHARGES AND TRIALS) – RATIONALE

**The proposed revisions remove outdated references to the Review Officer and to the Advocate position that no longer exists. The revised section continues the practice that disciplinary charges and trials are conducted in accordance with requirements of the UBC Constitution as modified by the District Council Trial Procedures.  The proposed revision also clarifies that the District Council Trial Procedures can only be amended upon a recommendation from the Executive Committee and approval from the Delegate Body.**

July 14, 2017

## SECTION 26 (RECORDS RETENTION) – CHANGE

<u>Section 26</u>.  The District Council has established, and shall continue to maintain in full force and effect, the District Council's Records Retention Schedule, as set forth in a separate document dated November 19, 2010, which is incorporated herein by reference. The District Council shall ensure that sufficient funding is provided each year so that the District Council's Records Retention Schedule and required oversight and enforcement is continued and maintained in full force and effect.

## SECTION 26 (RECORDS RETENTION) – REDLINE

<u>Section 26</u>.  The District Council has established, and shall continue to maintain in full force and effect, the District Council's Records Retention Schedule, ~~as set forth in a separate document dated November 19, 2010, which is incorporated herein by reference. The District Council shall ensure that sufficient funding is provided each year so that the District Council's Records Retention Schedule and required oversight and enforcement is continued and maintained in full force and effect~~ <u>as set in the District Council's Personnel Policy, which is incorporated herein by reference.</u>

## SECTION 26 (RECORDS RETENTION) – UPDATED

<u>Section 26</u>.  The District Council has established, and shall continue to maintain in full force and effect, the District Council's Records Retention Schedule as set in the District Council's Personnel Policy, which is incorporated herein by reference.

## SECTION 26 (RECORDS RETENTION) – RATIONALE

**This proposed revision conforms the Bylaws with the District Council's Personnel Policy which is in conformity with the IRS and DOL requirements.**

July 14, 2017

## SECTION 27 (A) (INSPECTOR GENERAL) – REMAINS THE SAME

(A)    The District Council has established, and shall continue to maintain in full force and effect, the Office of Inspector General. The District Council shall ensure that sufficient funding is provided so that the District Council's Office of Inspector General is continued and maintained in full force and effect. The District Council shall employ an Inspector General and a Deputy Inspector General, who shall not hold another employment position with, or be an Officer, Delegate or Steward of, the District Council, except as otherwise provided herein. Neither the Inspector General nor Deputy Inspector General may serve as the Chief Compliance Officer.

July 14, 2017

## SECTION 27 (B) (INSPECTOR GENERAL) – CHANGE

(B)    The Council Delegate Body shall appoint individuals to fill vacancies in the positions of Inspector General and Deputy Inspector General. During the period that the Consent Decree is in effect, no proposed appointment of individuals to the positions of Inspector General and Deputy Inspector General may be finalized without the consent of the United States Attorney. Additionally, during the tenure of the Review Officer, no proposed appointment of individuals to the positions of Inspector General and Deputy Inspector General may be finalized without the consent of the Review Officer.

## SECTION 27 (B) (INSPECTOR GENERAL) - REDLINE

(B)    The Council Delegate Body shall approve or reject the appointment of~~appoint~~ individuals to fill vacancies in the positions of Inspector General and Deputy Inspector General. During the period that the Consent Decree is in effect, no proposed appointment of individuals to the positions of Inspector General and Deputy Inspector General may be finalized without the consent of the United States Attorney. ~~Additionally, during the tenure of the Review Officer, no proposed appointment of individuals to the positions of Inspector General and Deputy Inspector General may be finalized without the consent of the Review Officer.~~

## SECTION 27 (B) (INSPECTOR GENERAL) - UPDATED

(B)    The Council Delegate Body shall approve or reject the appointment of individuals to fill vacancies in the positions of Inspector General and Deputy Inspector General. During the period that the Consent Decree is in effect, no proposed appointment of individuals to the positions of Inspector General and Deputy Inspector General may be finalized without the consent of the United States Attorney.

## SECTION 27 (B) (INSPECTOR GENERAL) - RATIONALE

**The proposed revision conforms this section to Section 12(E) and the actual practice of the District Council whereby the Executive Committee recommends to the Delegate Body candidates for positions for approval (or rejection).**

104

July 14, 2017

## SECTION 27 (C) (INSPECTOR GENERAL) – CHANGE

(C)      The Inspector General and/or Deputy Inspector General may be terminated by the District Council only for good cause. "Good cause" means significant and reliable evidence that the Inspector General or Deputy Inspector General has substantially failed to fulfill the requirements of the position, as set forth herein and in the policies and procedures promulgated pursuant to Section 27(E)(12) below, in which he or she serves. Prior to termination of the Inspector General or Deputy Inspector General, during the period that the Consent Decree is in effect, the District Council must give reasonable, written notice of, and the reasons for, the proposed termination to the United States Attorney. Additionally, during the tenure of the Review Officer, the District Council must give reasonable written notice of, and the reasons for, the proposed termination to the Review Officer. No such proposed termination may be finalized if, upon receiving notice as required by this section, either the Review Officer or the United States Attorney objects. Upon the expiration of the term of the Review Officer and the termination of the Consent Decree, the District Council must give reasonable written notice of, and the reasons for, the proposed termination of the Inspector General or Deputy Inspector General to the UBC District Vice President. No such proposed termination may be finalized if, upon receiving notice   as required by this section, the UBC District Vice President objects.

## SECTION 27 (C) (INSPECTOR GENERAL) - REDLINE

(C)      The Inspector General and/or Deputy Inspector General may be terminated by the District Council only for good cause. "Good cause" means significant and reliable evidence that the Inspector General or Deputy Inspector General has substantially failed to fulfill the requirements of the position, as set forth herein and in the policies and procedures ~~promulgated~~ pursuant to Section 27(E)(1~~1~~2) below, in which he or she serves. Prior to termination of the Inspector General or Deputy Inspector General, during the period that the Consent Decree is in effect, the District Council must give reasonable, written notice of, and the reasons for, the proposed termination to the United States Attorney. ~~Additionally, during the tenure of the Review Officer, the District Council must give reasonable written notice of, and the reasons for, the proposed termination to the Review Officer.~~ No such proposed termination may be finalized if, upon receiving notice as required by this section, ~~either the Review Officer or~~ the United States Attorney objects. Upon the ~~expiration of the term of the Review Officer and the~~ termination of the Consent Decree, the District Council must give reasonable written notice of, and the reasons for, the proposed termination of the Inspector General or Deputy Inspector General to the UBC Eastern District Vice President. No such proposed termination may be finalized if, upon receiving notice   as required by this section, the UBC Eastern District Vice President objects.

July 14, 2017

## SECTION 27 (C) (INSPECTOR GENERAL) - UPDATED

(C)      The Inspector General and/or Deputy Inspector General may be terminated by the District Council only for good cause. "Good cause" means significant and reliable evidence that the Inspector General or Deputy Inspector General has substantially failed to fulfill the requirements of the position, as set forth herein and in the policies and procedures pursuant to Section 27(E) (11) below, in which he or she serves. Prior to termination of the Inspector General or Deputy Inspector General, during the period that the Consent Decree is in effect, the District Council must give reasonable, written notice of, and the reasons for, the proposed termination to the United States Attorney. No such proposed termination may be finalized if, upon receiving notice as required by this section, the United States Attorney objects. Upon the termination of the Consent Decree, the District Council must give reasonable written notice of, and the reasons for, the proposed termination of the Inspector General or Deputy Inspector General to the UBC Eastern District Vice President. No such proposed termination may be finalized if, upon receiving notice as required by this section, the UBC Eastern District Vice President objects.

## SECTION 27 (C) (INSPECTOR GENERAL) - RATIONALE

The proposed revision removes references to the Review Officer and provides the correct title for the UBC Eastern District Vice President.

July 14, 2017

## SECTION 27 (D) (INSPECTOR GENERAL) – REMAINS THE SAME

(D)     The Inspector General shall oversee a staff of investigators and clerical personnel in the Office of the Inspector General. The Inspector General shall be the senior executive official of the Office of Inspector General, and shall have overall responsibility for the daily operations of the Office of the Inspector General. An investigator employed in the Office of the Inspector General may only be terminated with the consent of the Inspector General and Chief Compliance Officer. The Inspector General may also serve as the Deputy Chief Compliance Officer. The Inspector General's jurisdiction shall extend to the District Council, and its affiliated local unions, and its and their departments, internal operations, field operations, employees, and membership. The District Council's Chief Accountant shall report to the Inspector General as requested. The Inspector General or his or her designee(s) under the Inspector General's authority shall have the same authority as a Council Representative or Organizer of the District Council. The Inspector General shall have access to all District Council records and Benefit Funds records in the custody and control of the District Council.

## SECTION 27 (E) (1) (INSPECTOR GENERAL) – REMAINS THE SAME

(E)     The Office of the Inspector General shall have the duty, responsibility and authority to:

1.      Investigate, except as otherwise provided for under the Stipulation and Order, (i) allegations of corruption or misconduct (as defined by the Stipulation and Order, the Constitution of the United Brotherhood and these Bylaws), (ii) violations of the collective bargaining agreements and (iii) other matters as may be assigned by the Delegate Body to protect the lawful interests of the District Council and which pertain to conduct engaged in by, or pertaining to, the District Council, and its affiliated local unions, and members, and when and if evidence of corruption or misconduct has been obtained, take or recommend that, as appropriate, all necessary and lawful remedial action be taken including, but not limited to, filing disciplinary charges with the Trial Committee, filing a criminal complaint, reporting such conduct to the appropriate authorities for further action, assisting counsel in preparing legal action, recommending to the Delegate Body appropriate curative or preventive measures and, when necessary, notifying the General President of the United Brotherhood of circumstances which may require his intervention;

107

July 14, 2017

## SECTION 27 (E) (2) (INSPECTOR GENERAL) – CHANGE

2.     assist the District Council in complying with the requirements of the Consent Decree the Stipulation and Order and other orders entered in *United States v. District Council, et al.,* 90 Civ. 5722, SDNY (RMB);

## SECTION 27 (E) (2) (INSPECTOR GENERAL) - REDLINE

2.     assist the District Council in complying with the requirements of the Consent Decree ~~the Stipulation and Order~~ and other orders entered in *United States v. District Council, et al.,* 90 Civ. 5722, SDNY (RMB);

## SECTION 27 (E) (2) (INSPECTOR GENERAL) - UPDATED

2.     assist the District Council in complying with the requirements of the Consent Decree and other orders entered in United States v. District Council, et al., 90 Civ. 5722, SDNY (RMB);

## SECTION 27 (E) (2) (INSPECTOR GENERAL) - RATIONALE

The proposed revision removes outdated language regarding the Stipulation and Order and conforms the section to identical changes throughout the amended Bylaws

108

July 14, 2017

## SECTION 27 (E) (3) (INSPECTOR GENERAL) – CHANGE

3.      serve as liaison with the Review Officer, appointed pursuant to the Stipulation and Order, including responding to requests for information from the Review Officer; communicating with the membership regarding the Review Officer; conducting investigations referred to the District Council by the Review Officer; and, reporting to the Review Officer as requested;

## SECTION 27 (E) (3) (INSPECTOR GENERAL) - REDLINE

3.      ~~serve as liaison with the Review Officer, appointed pursuant to the Stipulation and Order, including responding to requests for information   from the Review Officer; communicating with the membership regarding   the Review Officer; conducting investigations referred to the District~~

3.      jointly review on a quarterly basis with the Chief Compliance Officer, the District Council's job referral activities and records to determine that job referrals are being conducted fairly and properly, in accordance with the job referral rules;

## SECTION 27 (E) (3) (INSPECTOR GENERAL) - UPDATED

3.      jointly review on a quarterly basis with the Chief Compliance Officer, the District Council's job referral activities and records to determine that job referrals are being conducted fairly and properly, in accordance with the job referral rules;

## SECTION 27 (E) (3) (INSPECTOR GENERAL) - RATIONALE

**Change 1: The proposed change removes references to the Review Officer.**

**Change 2: The proposed revision adds a requirement (formerly contained in Section 12K) that the Inspector General periodically review the Out of Work List activities to ensure they are being conducted fairly and properly. This requirement has been added to the Inspector General's duties (and to those of the Chief Compliance Officer). The Inspector General (and Chief Compliance Officer) will inform the Executive Committee and Delegate Body of the results of their reviews as part of their periodic reports.**

July 14, 2017

## SECTION 27 (E) (4) (INSPECTOR GENERAL) – REMAINS THE SAME

4.      develop investigative procedures and guidelines, which may address, but not be limited to, (i) conducting investigative interviews of members, including Delegates and Officers, and employees of the District Council, and affiliated local unions, (ii) document and data review, (iii) legal and fact research, (iv) surveillance, (v) monitoring of employee communications occurring on District Council phones, computers and other equipment, (vi) obtaining and securing evidence, (vii) conducting lawful searches and (viii) lawfully entering jobsites where work is performed pursuant to District Council collective bargaining agreement(s);

July 14, 2017

## SECTION 27 (E) (5) (INSPECTOR GENERAL) – REMOVAL

5.      serve as a liaison with the Labor Management Committee and Chief Compliance Officer, working with them to implement measures to prevent jobsite corruption and to investigate allegations of such corruption.

## SECTION 27 (E) (5) (INSPECTOR GENERAL) - REDLINE

5.      serve as a liaison with the Labor Management Committee and Chief Compliance Officer, working with them to implement measures to prevent jobsite corruption and to investigate allegations of such corruption.

## SECTION 27 (E) (5) (INSPECTOR GENERAL) - RATIONALE

The proposed revision removes an outdated Bylaw section. The Inspector General's Office does not have jurisdiction over the Labor Management Committee as it is presently structured. The Labor Management Committee no longer has the anti-corruption function that was in place at the time the original Bylaws were drafted.

July 14, 2017

## SECTION 27 (E) (6) (INSPECTOR GENERAL) – REMAINS THE SAME

56.     identify risks and vulnerabilities to corruption, misconduct, and unethical conduct, in the District Council's and Local Unions' operations, and identify effective solutions;

July 14, 2017

## SECTION 27 (E) (7) (INSPECTOR GENERAL) – CHANGE

7.        assist in ensuring that the District Council has in place and administers program(s) and/or policies to ensure compliance with the Stipulation and Order and Consent Decree;

## SECTION 27 (E) (7) (INSPECTOR GENERAL) - REDLINE

7̶6̶.        assist in ensuring that the District Council has in place and administers program(s) and/or policies to ensure compliance with the ~~Stipulation and Order and~~ Consent Decree;

## SECTION 27 (E) (6) (INSPECTOR GENERAL) - UPDATED

6.        assist in ensuring that the District Council has in place and administers program(s) and/or policies to ensure compliance with the Consent Decree;

## SECTION 27 (E) (6) (INSPECTOR GENERAL) - RATIONALE

The proposed revision removes reference to the Stipulation and Order.  The revision leaves in place reference to the Consent Decree which is the controlling court order under which all current and future orders can be issued.

July 14, 2017

## SECTION 27 (E) (8) (9) (INSPECTOR GENERAL) – REMAINS THE SAME

8.7.    assist in the development, implementation, and enforcement of an effective compliance and ethics program;

9.8.    establish a procedure so that anyone having information regarding allegations of illegal, noncompliant or unethical conduct or corruption pertaining to the District Council, including affiliated Local Unions, engaged in by Officers, members or employees of the District Council or by persons conducting business with or seeking to influence the District Council or persons affiliated with the District Council, may report such conduct to the Inspector General in confidence, without fear of retaliation or adverse action, and without revealing who they are, if they so choose;

July 14, 2017

## SECTION 27 (E) (10) (INSPECTOR GENERAL) – CHANGE

10.    with the assistance of the District Council Advocate, bring disciplinary charges pursuant to the District Council's Charge and Trial Procedures;

## SECTION 27 (E) (10) (INSPECTOR GENERAL) – REDLINE

~~10~~9.    ~~with the assistance of the District Council Advocate,~~ bring disciplinary charges pursuant to the District Council's Charge and Trial Procedures;

## SECTION 27 (E) (9) (INSPECTOR GENERAL) – UPDATED

9.    bring disciplinary charges pursuant to the District Council's Charge and Trial Procedures;

## SECTION 27 (E) (9) (INSPECTOR GENERAL) – RATIONALE

The proposed revision removes reference to the Advocate position that no longer exists.

July 14, 2017

## SECTION 27 (E) (11) (INSPECTOR GENERAL) – CHANGE

11.　　report on a regular basis to the District Council Executive Committee with respect to the efforts of the Office of the Inspector General in fulfilling its mission. The Inspector General may also report to the District Council Delegate Body, upon request of either the District Council Delegate Body or at the Inspector General's own discretion. Provided further, that when circumstances warrant, and in the discretion of the Inspector General, reports may be made directly to the District Vice President, Eastern District, or General President, of the United Brotherhood of Carpenters and Joiners of America;

## SECTION 27 (E) (11) (INSPECTOR GENERAL) - REDLINE

11~~10~~.　　report on a regular basis to the District Council Executive Committee with respect to the efforts of the Office of the Inspector General in fulfilling its mission. The Inspector General may also report to the District Council Delegate Body, upon request of either the District Council Delegate Body or at the Inspector General's own discretion. Provided further, that when circumstances warrant, and in the discretion of the Inspector General, reports may be made directly to the ~~District Vice President,~~ Eastern District Vice President,~~ or General President~~, of the United Brotherhood of Carpenters and Joiners of America;

## SECTION 27 (E) (10) (INSPECTOR GENERAL) - UPDATED

10.　　report on a regular basis to the District Council Executive Committee with respect to the efforts of the Office of the Inspector General in fulfilling its mission. The Inspector General may also report to the District Council Delegate Body, upon request of either the District Council Delegate Body or at the Inspector General's own discretion. Provided further, that when circumstances warrant, and in the discretion of the Inspector General, reports may be made directly to the Eastern District Vice President or General President of the United Brotherhood of Carpenters and Joiners of America;

## SECTION 27 (E) (10) (INSPECTOR GENERAL) - RATIONALE

The proposed revision corrects the title of the UBC Eastern District Vice President.

July 14, 2017

## SECTION 27 (E) (12) (INSPECTOR GENERAL) – CHANGE

12.     develop policies and procedures for the Office of the Inspector General, including a description of the scope of the Office of Inspector General and the District Council Advocate, their duties, including liaison responsibilities with respect to the Labor Management Committee, and the means and methods by which they will carry out those duties. Such practices and procedures shall be subject to the approval of the United States Attorney and the Review Officer, as set forth in a separate document which shall be incorporated herein by reference.  If the Inspector General does not submit such policies and procedures to the Review Officer for approval by March 15, 2012, the Review Officer may draft such policies and procedures for approval by the United States Attorney.  The Inspector General, the Deputy Inspector General, and their subordinates must conduct their duties in accordance with said policies and procedures, and may not modify them without the prior approval of the United States Attorney and, during the Review Officer's tenure, the Review Officer.

## SECTION 27 (E) (12) (INSPECTOR GENERAL) - REDLINE

~~12.~~11.    ~~develop policies and procedures for the Office of the Inspector General, including a description of the scope of the Office of Inspector General and the District Council Advocate, their duties, including liaison responsibilities with respect to the Labor Management Committee, and the means and methods by which they will carry out those duties. Such practices and procedures shall be subject to the approval of the United States Attorney and the Review Officer, as set forth in a separate document which shall be incorporated herein by reference.  If the Inspector General does not submit such policies and procedures to the Review Officer for approval by March 15, 2012, the Review Officer may draft such policies and procedures for approval by the United States Attorney.~~ The Inspector General, the Deputy Inspector General, and their subordinates must conduct their duties in accordance with ~~said~~ established policies and procedures, and may not modify them without the prior approval of the United States Attorney ~~and, during the Review Officer's tenure, the Review Officer~~.

## SECTION 27 (E) (11) (INSPECTOR GENERAL) - UPDATED

11.     The Inspector General, the Deputy Inspector General, and their subordinates must conduct their duties in accordance with established policies and procedures, and may not modify them without the prior approval of the United States Attorney.

## SECTION 27 (E) (11) (INSPECTOR GENERAL) - RATIONAL

The proposed revision removes references to the Review Officer and unnecessary language requiring the IGO to adopt policies and procedures that already exist. The proposed amendment retains the requirement that any change to the IGO's policies and procedures must be approved by the US Attorney's Office.

July 14, 2017

## SECTION 28 (CHIEF COMPLIANCE OFFICER) – REMAINS THE SAME

<u>Section 28</u>.

The District Council has established, and shall continue to maintain in full force and effect, the position of Chief Compliance Officer. The District Council shall ensure that sufficient funding is provided each year so that the District Council's Chief Compliance Officer position and function is continued and maintained in full force and effect.

## SECTION 28 (A) (CHIEF COMPLIANCE OFFICER) – REMAINS THE SAME

(A)    The District Council shall employ a *Chief Compliance Officer and Deputy Chief Compliance Officer,* who shall not hold another employment position with, or be an Officer, Delegate or Steward of, the District Council, unless otherwise stated herein.

118

July 14, 2017

## SECTION 28 (B) (CHIEF COMPLIANCE OFFICER) – CHANGE

(B)     The Council Delegate Body shall appoint individuals to the positions of Chief Compliance Officer and Deputy Chief Compliance Officer. During the period that the Consent Decree is in effect, no proposed appointment of individuals to the positions of Chief Compliance Officer and Deputy Chief Compliance Officer may be finalized without the consent of the United States Attorney. Additionally, during the tenure of the Review Officer, no proposed appointment of individuals to the positions of Chief Compliance Officer and Deputy Chief Compliance Officer may be finalized without the consent of the Review Officer.

## SECTION 28 (B) (CHIEF COMPLIANCE OFFICER) - REDLINE

(B)     The Council Delegate Body shall ~~appoint~~ approve or reject the appointment of individuals to the positions of Chief Compliance Officer and Deputy Chief Compliance Officer. During the period that the Consent Decree is in effect, no proposed appointment of individuals to the positions of Chief Compliance Officer and Deputy Chief Compliance Officer may be finalized without the consent of the United States Attorney. ~~Additionally, during the tenure of the Review Officer, no proposed appointment  of individuals to the positions of Chief Compliance Officer and Deputy Chief Compliance Officer may be finalized without the consent of the Review Officer.~~

## SECTION 28 (B) (CHIEF COMPLIANCE OFFICER) - UPDATED

(B)     The Council Delegate Body shall approve or reject the appointment of individuals to the positions of Chief Compliance Officer and Deputy Chief Compliance Officer. During the period that the Consent Decree is in effect, no proposed appointment of individuals to the positions of Chief Compliance Officer and Deputy Chief Compliance Officer may be finalized without the consent of the United States Attorney.

## SECTION 28 (B) (CHIEF COMPLIANCE OFFICER) - RATIONALE

The proposed revision conforms this Section to Section 12(E) and the actual practice of the District Council whereby the Executive Committee recommends candidates for positions to the Delegate Body for approval (or rejection).

All references to the Review Officer have been removed.

July 14, 2017

## SECTION 28 (C) (CHIEF COMPLIANCE OFFICER) – CHANGE

(C)     The Chief Compliance Officer shall develop policies and procedures for the Office of the Chief Compliance Officer, including a description of the scope of the positions of Chief Compliance Officer and Deputy Chief Compliance Officer, their duties, including liaison responsibilities with respect to the Labor Management Committee, and the means and methods by which they will carry out those duties. Such practices and procedures shall be subject to the approval of the United States Attorney and set forth in a separate document, incorporated herein by reference.  If the Chief Compliance Officer does not submit such policies and procedures to the Review Officer for approval by March 15, 2012, the Review Officer may draft such policies and procedures for approval by the United States Attorney.  The Chief Compliance Officer and Deputy Compliance Officer must conduct their duties in accordance with those policies and procedures, and may not modify them without the prior approval of the United States Attorney and, during the Review Officer's tenure, the Review Officer.

## SECTION 28 (C) (CHIEF COMPLIANCE OFFICER) - REDLINE

(C)     ~~The Chief Compliance Officer shall develop policies and procedures for the Office of the Chief Compliance Officer, including a description of the scope of the positions of Chief Compliance Officer and Deputy Chief Compliance Officer, their duties, including liaison responsibilities with respect to the Labor Management Committee, and the means and methods by which they will carry out those duties. Such practices and procedures shall be subject to the approval of the United States Attorney and set forth in a separate document, incorporated herein by reference.  If the Chief Compliance Officer does not submit such policies and procedures to the Review Officer for approval by March 15, 2012, the Review Officer may draft such policies and procedures for approval by the United States Attorney.~~ The Chief Compliance Officer and Deputy Chief Compliance Officer must conduct their duties in accordance with ~~those~~ the established policies and procedures, and during the term of the Consent Decree may not modify them without the prior approval of the United States Attorney. ~~Attorney and, during the Review Officer's tenure, the Review Officer.~~

## SECTION 28 (C) (CHIEF COMPLIANCE OFFICER) - UPDATED

(C)     The Chief Compliance Officer and Deputy Chief Compliance Officer must conduct their duties in accordance with the established policies and procedures, and during the term of the Consent Decree may not modify them without the prior approval of the United States Attorney.

## SECTION 28 (C) (CHIEF COMPLIANCE OFFICER) - RATIONALE

**The proposed revision removes references to the Review Officer and unnecessary language requiring the adoption of policies and procedures that already exist. The proposed amendment continues the requirement that any changes to the Chief Compliance Officer's policies and procedures must be approved by the US Attorney's Office during the term of the Consent Decree.**

120

July 14, 2017

## SECTION 28 (D) (E) (CHIEF COMPLIANCE OFFICER) – REMAINS THE SAME

(D)     The Chief Compliance Officer, assisted as necessary by the Deputy Chief Compliance Officer who may be the Inspector General, is responsible for ensuring that the District Council develops, implements, and operates an effective compliance and ethics program consistent with Section 8 of the Federal Sentencing Guidelines, such that the District Council   shall:

1.      exercise due diligence to prevent and detect noncompliant conduct; and

2.      otherwise promote an organizational culture that encourages ethical conduct and a commitment to compliance with the law.

(E)     The Chief Compliance Officer shall ensure that the District Council's efforts at due diligence and the promotion of an organizational culture that encourages ethical conduct and a commitment to compliance with the law, within the meaning of Section 8 of the Federal Sentencing Guidelines, include that:

1.      the District Council shall establish standards and procedures to prevent and detect noncompliant conduct;

2.      the District Council's governing authority shall be knowledgeable about the content and operation of the compliance and ethics program and shall exercise reasonable oversight with respect to the implementation and effectiveness of the compliance and ethics program;

3.      high-level personnel of the District Council shall ensure that the District Council has an effective compliance and ethics program;

4.      specific individual(s) within the District Council shall be delegated day-to- day operational responsibility for implementing the compliance and ethics program;

5.      the District Council shall use reasonable efforts not to include within the personnel of the District Council any individual whom the District Council knew, or should have known through the exercise of due diligence, has engaged in illegal activities or other conduct inconsistent with an effective compliance and ethics program;

6.      the District Council shall take reasonable steps to communicate periodically and in a practical manner its standards and procedures, and other aspects of the compliance and ethics program, by conducting effective training programs and otherwise disseminating information appropriate to the respective roles and responsibilities of necessary personnel;

7.      the District Council shall take reasonable steps—

(A) to ensure that the District Council's compliance and ethics program is followed, including monitoring and auditing to detect noncompliant conduct;

(B) to evaluate periodically the effectiveness of the District Council's compliance and ethics program, and the level of compliance with the compliance and ethics program by District Council employees and Officers; and

121

July 14, 2017

(C)  to ensure that the District Council has and publicizes a system, which may include mechanisms that allow for anonymity or confidentiality, whereby the District Council's employees, members, and others may report or seek guidance regarding potential or actual noncompliant conduct without fear of retaliation;

8.       the District Council's compliance and ethics program shall be promoted and enforced consistently throughout the District Council through:

(A)  appropriate incentives to perform in accordance with the compliance and ethics program; and

(B)  appropriate disciplinary measures for engaging in noncompliant conduct and for failing to take reasonable steps to prevent or detect noncompliant conduct;

9.       after noncompliant conduct has been detected, the District Council shall take reasonable steps to respond appropriately to the noncompliant conduct and to prevent further similar noncompliant conduct, including making any necessary modifications to the organization's compliance and ethics program;

10.      the District Council shall periodically, but at least annually, assess the risk of noncompliant conduct and shall take appropriate steps to design, implement, or modify the compliance and ethics program to reduce the risk of noncompliant conduct identified through this process.

122

July 14, 2017

## SECTION 28 (F) (CHIEF COMPLIANCE OFFICER) – CHANGE

(F)      The Chief Compliance Officer, or his designee, shall sit on any District Council, or affiliated Local Union, Committee with voice but no vote. The Chief Compliance Officer shall attend all meetings of the Delegate Body to observe the proceedings and make a confidential audio recording of the proceedings to be kept in his or her custody for use as authorized herein or by a written resolution passed by the Delegate Body and endorsed by the signature of the Executive Secretary-Treasurer. Said recordings are subject to the District Council Records Retention Policy.

The Chief Compliance Officer and Deputy Chief Compliance Officer may also receive complaints regarding misconduct involving the District Council.

## SECTION 28 (F) (CHIEF COMPLIANCE OFFICER) - REDLINE

(F)      The Chief Compliance Officer, or his designee, shall sit on any District Council, or affiliated Local Union, Committee with voice but no vote. The Chief Compliance Officer shall attend all meetings of the Delegate Body to observe the proceedings and make a confidential audio recording of the proceedings to be kept in his or her custody for use as authorized herein or by a written resolution passed by the Delegate Body and endorsed by the signature of the Executive Secretary-Treasurer. Said recordings are subject to the District Council Records Retention Policy. The Chief Compliance Officer and the Inspector General's Office will jointly review, on a quarterly basis, the District Council's job referral activities and records to determine that job referrals are being conducted fairly and properly, in accordance with the job referral rules.

The Chief Compliance Officer and Deputy Chief Compliance Officer may also receive complaints regarding misconduct involving the District Council.

## SECTION 28 (F) (CHIEF COMPLIANCE OFFICER) - UPDATED

(F)      The Chief Compliance Officer, or his designee, shall sit on any District Council, or affiliated Local Union, Committee with voice but no vote. The Chief Compliance Officer shall attend all meetings of the Delegate Body to observe the proceedings and make a confidential audio recording of the proceedings to be kept in his or her custody for use as authorized herein or by a written resolution passed by the Delegate Body and endorsed by the signature of the Executive Secretary-Treasurer. Said recordings are subject to the District Council Records Retention Policy. The Chief Compliance Officer and the Inspector General's Office jointly review, on a quarterly basis, the District Council's job referral activities and records to determine that job referrals are being conducted fairly and properly, in accordance with the job referral rules.

The Chief Compliance Officer and Deputy Chief Compliance Officer may also receive complaints regarding misconduct involving the District Council.

## SECTION 28 (F) (CHIEF COMPLIANCE OFFICER) - RATIONALE

**The proposed revision adds a requirement (formerly contained in Section 12K) that the Chief Compliance Officer and Inspector General's Office periodically review the Out of Work List activities to ensure they are being conducted fairly and properly. The Chief Compliance Officer and the Inspector General will inform the Executive Committee and Delegate Body of the results of their reviews as part of their periodic reports.**

123

July 14, 2017

## SECTION 28 (G) (CHIEF COMPLIANCE OFFICER) – CHANGE

(G)    The Chief Compliance Officer shall report on a regular basis to the District Council Executive Committee with respect to the efforts of the Chief Compliance Officer in fulfilling the mission of the position. Also, the Chief Compliance Officer shall report quarterly to the District Council Delegate Body, and may report more frequently upon request of either the District Council Delegate Body or at the Chief Compliance Officer's own discretion. The Chief Compliance Officer shall report on the effectiveness of the compliance and ethics program in general, and the fulfillment of the Chief Compliance Officer's responsibilities, in particular. Provided further, that when circumstances warrant, and in the discretion of the Chief Compliance Officer, reports may be made directly to the District Vice President, Eastern District, or General President, of the United Brotherhood of Carpenters and Joiners of America.

## SECTION 28 (G) (CHIEF COMPLIANCE OFFICER) - REDLINE

(G)    The Chief Compliance Officer shall report on a regular basis to the District Council Executive Committee with respect to the efforts of the Chief Compliance Officer in fulfilling the mission of the position. Also, the Chief Compliance Officer shall report quarterly to the District Council Delegate Body, and may report more frequently upon request of either the District Council Delegate Body or at the Chief Compliance Officer's own discretion. The Chief Compliance Officer shall report on the effectiveness of the compliance and ethics program in general, and the fulfillment of the Chief Compliance Officer's responsibilities, in particular. Provided further, that when circumstances warrant, and in the discretion of the Chief Compliance Officer, reports may be made directly to the ~~District Vice President,~~ Eastern District Vice President, or General President, of the United Brotherhood of Carpenters and Joiners of America.

## SECTION 28 (G) (CHIEF COMPLIANCE OFFICER) - UPDATED

(G)    The Chief Compliance Officer shall report on a regular basis to the District Council Executive Committee with respect to the efforts of the Chief Compliance Officer in fulfilling the mission of the position. Also, the Chief Compliance Officer shall report quarterly to the District Council Delegate Body, and may report more frequently upon request of either the District Council Delegate Body or at the Chief Compliance Officer's own discretion. The Chief Compliance Officer shall report on the effectiveness of the compliance and ethics program in general, and the fulfillment of the Chief Compliance Officer's responsibilities, in particular. Provided further, that when circumstances warrant, and in the discretion of the Chief Compliance Officer, reports may be made directly to the Eastern District Vice President, or General President, of the United Brotherhood of Carpenters and Joiners of America.

## SECTION 28 (G) (CHIEF COMPLIANCE OFFICER) - RATIONALE

The proposed revision corrects a typo in the title of the Eastern District Vice President.

July 14, 2017

## SECTION 28 (H) (CHIEF COMPLIANCE OFFICER) – CHANGE

(H)     The Chief Compliance Officer or Deputy Chief Compliance Officer may be terminated by the District Council only for good cause. "Good cause" means significant and reliable evidence that the Chief Compliance Officer or Deputy Chief Compliance Officer has substantially failed to fulfill the requirements of the position in which he or she serves, as set forth herein and in the procedures promulgated pursuant to Section 28(C) above. Prior to termination of the Chief Compliance Officer or Deputy Chief Compliance Officer, during the period that the Consent Decree is in effect, the District Council must give reasonable, written notice of, and the reasons for, the proposed termination to the United States Attorney. Additionally, during the tenure of the Review Officer, the District Council must give reasonable written notice of, and the reasons for, the proposed termination to the Review Officer. No such proposed termination may be finalized if, upon receiving notice as required by this section, either the Review Officer or the United States Attorney, objects. Upon the expiration of the term of the Review Officer and the termination of the Consent Decree, the District Council must give reasonable written notice of, and the reasons for, the proposed termination of the Chief Compliance Officer or Deputy Chief Compliance Officer to the UBC District Vice President. No such proposed termination may be finalized if, upon receiving notice as required by this section, the UBC District Vice President objects. The Chief Compliance Officer shall take charge of all the ballots cast in any election of the Council and shall preserve said ballots and other records relating to the election for a period of one year after the election date.

## SECTION 28 (H) (CHIEF COMPLIANCE OFFICER) - REDLINE

(H)     The Chief Compliance Officer or Deputy Chief Compliance Officer may be terminated by the District Council only for good cause. "Good cause" means significant and reliable evidence that the Chief Compliance Officer or Deputy Chief Compliance Officer has substantially failed to fulfill the requirements of the position in which he or she serves, as set forth herein and in the procedures ~~promulgated~~[1] pursuant to Section 28(C) above. Prior to termination of the Chief Compliance Officer or Deputy Chief Compliance Officer, during the period that the Consent Decree is in effect, the District Council must give reasonable, written notice of, and the reasons for, the proposed termination to the United States Attorney. ~~Additionally, during the tenure of the Review Officer, the District Council must give reasonable written notice of, and the reasons for, the proposed termination to the Review Officer.~~ No such proposed termination may be finalized if, upon receiving notice as required by this section, ~~either the Review Officer or~~ the United States Attorney, objects. Upon ~~the expiration of the term of the Review Officer and~~[2] the termination of the Consent Decree, the District Council must give reasonable written notice of, and the reasons for, the proposed termination of the Chief Compliance Officer or Deputy Chief Compliance Officer to the UBC District Vice President. No such proposed termination may be finalized if, upon receiving notice as required by this section, the UBC Eastern District Vice President objects. The Chief Compliance Officer shall take charge of all the ballots cast in any election        of the Council and shall preserve said ballots and other records relating to the election for a period of one year after the election date.

July 14, 2017

## SECTION 28 (H) (CHIEF COMPLIANCE OFFICER) - UPDATED

(H)      The Chief Compliance Officer or Deputy Chief Compliance Officer may be terminated by the District Council only for good cause. "Good cause" means significant and reliable evidence that the Chief Compliance Officer or Deputy Chief Compliance Officer has substantially failed to fulfill the requirements of the position in which he or she serves, as set forth herein and in the procedures, pursuant to Section 28(C) above. Prior to termination of the Chief Compliance Officer or Deputy Chief Compliance Officer, during the period that the Consent Decree is in effect, the District Council must give reasonable, written notice of, and the reasons for, the proposed termination to the United States Attorney. No such proposed termination may be finalized if, upon receiving notice as required by this section, the United States Attorney objects. Upon the termination of the Consent Decree, the District Council must give reasonable written notice of, and the reasons for, the termination of the Chief Compliance Officer or Deputy Chief Compliance Officer to the UBC Eastern District Vice President. No such proposed termination may be finalized if, upon receiving notice as required by this section, the UBC District Vice President objects. The Chief Compliance Officer shall take charge of all the ballots cast in any election of the Council and shall preserve said ballots and other records relating to the election for a period of one year after the election date.

## SECTION 28 (H) (CHIEF COMPLIANCE OFFICER) - RATIONALE

Change 1- The procedures have already been established.

Change 2-The proposed revision removes references to the Review Officer.

July 14, 2017

## SECTION 29 (A) (DIRECTOR OF HUMAN RESOURCES) – REMAINS THE SAME

Section 29.

(A)     The District Council has established, and shall continue to maintain in full force and effect, the position of Director of Human Resources. The District Council shall ensure that sufficient funding is provided each year so that the District Council's Director of Human Resources position and function is continued and maintained in full force and effect.

July 14, 2017

## SECTION 29 (B) (DIRECTOR OF HUMAN RESOURCES) – REMOVAL

(B)     The Council Delegate Body shall appoint an individual to fill any vacancies in the positions of Director of Human Resources. During the period that the Consent Decree, issued in United States v. District Council, et al., 90 Civ. 5722, SDNY (RMB) is in effect, no proposed appointment of an individual to the positions of Director of Human Resources may be finalized without the consent of the United States Attorney's Office for the Southern District of New York. Additionally, during the tenure of the Review Officer appointed under the June 3, 2010 Stipulation and Order in the above captioned case, no proposed appointment of an individual to the position of Director of Human Resources may be finalized without the consent of the Review Officer.

## SECTION 29 (B) (DIRECTOR OF HUMAN RESOURCES) - REDLINE

~~(B)     The Council Delegate Body shall appoint an individual to fill any vacancies in the positions of Director the June 3, 2010 Stipulation and Order in the above captioned case, no proposed appointment of an individual to the position of Director of Human Resources may be finalized without the consent of the Review Officer.of Human Resources. During the period that the Consent Decree, issued in United States v. District Council, et al., 90 Civ. 5722, SDNY (RMB) is in effect, no proposed appointment of an individual to the positions of Director of Human Resources may be finalized without the consent of the United States Attorney's Office for the Southern District of New York. Additionally, during the tenure of the Review Officer appointed under~~

## SECTION 29 (B) (DIRECTOR OF HUMAN RESOURCES) - RATIONALE

The proposed revision deletes this section because it is redundant and unnecessary.  The provisions of the deleted section are covered in Sections 5(B)(10) and 12(E) establishing the powers of the Delegate Body and Executive Committee.  The proposed revisions do not affect the roles of the Executive Committee and Delegate Body in approving candidates for the Director of Human Resources position.

July 14, 2017

## SECTION 29 (C) (DIRECTOR OF HUMAN RESOURCES) – CHANGE

(C)     The Director of Human Resources shall have responsibility for implementing, maintaining, and ensuring compliance with the District Council Personnel Policy, and a document retention program, and also assisting in providing training for, and dissemination of, an effective compliance and ethics program. The Director of Human Resources may not change the provisions of the District Council Personnel Policy without the approval of the United States Attorney's Office for the Southern District of New York and, during the tenure of the Review Officer appointed under the June 3, 2010 Stipulation and Order in United States v. District Council, et al., 90 Civ. 5722, SDNY (RMB), the Review Officer.  At his or her discretion, the Director of Human Resources may bring issues related to the position to the attention of the District Vice President.

## SECTION 29 (C) (DIRECTOR OF HUMAN RESOURCES) - REDLINE

(C̶B)     The Director of Human Resources shall have responsibility for implementing, maintaining, and ensuring compliance with the District Council Personnel Policy, and a document retention program, and also assisting in providing training for, and dissemination of, an effective compliance and ethics program. During the period that the Consent Decree is in effect t̶The Director of Human Resources may not change the provisions of the District Council Personnel Policy without the approval of the United States Attorney's Office for the Southern District of New York. ~~and, during the tenure of the Review Officer appointed under the June 3, 2010 Stipulation and Order in *United States v. District Council, et al.*, 90 Civ. 5722, SDNY (RMB), the Review Officer.  At his or her discretion, the Director of Human Resources may bring issues related to the position to the attention of the District Vice President.~~

## SECTION 29 (B) (DIRECTOR OF HUMAN RESOURCES) - UPDATED

(B)     The Director of Human Resources shall have responsibility for implementing, maintaining, and ensuring compliance with the District Council Personnel Policy, and a document retention program, and also assisting in providing training for, and dissemination of, an effective compliance and ethics program. During the period that the Consent Decree is in effect the Director of Human Resources may not change the provisions of the District Council Personnel Policy without the approval of the United States Attorney's Office for the Southern District of New York.

## SECTION 29 (B) (DIRECTOR OF HUMAN RESOURCES) - RATIONALE

The proposed revision removes reference to the Review Officer.  Section 12(D) (Executive Committee) gives authority to the Executive Committee to review and approve the Personnel Policy.

July 14, 2017

## SECTION 29 (D) (1) (DIRECTOR OF HUMAN RESOURCES) – CHANGE

(D)     The responsibilities and duties of the Director of Human Resources shall also include, but not be limited to, the following:

1.      develop and present for annual approval by the Council Delegate Body a table of organization identifying the relevant employee positions within the District Council (including job titles and descriptions of responsibilities and associated salary ranges) and the number of individuals needed to be employed at any given time for each position to efficiently conduct the necessary business of the District Council within budgeted costs. Said table of organization may only be otherwise amended upon a majority vote of the Delegate Body after receiving from a majority of the members of the Executive Committee a written statement of necessity to amend the table of organization which states why such amendment is necessary for the conduct of said District Council business;

## SECTION 29 (D) (1) (DIRECTOR OF HUMAN RESOURCES) - REDLINE

(C~~D~~)     The responsibilities and duties of the Director of Human Resources shall also include, but not be limited to, the following:

1.      develop and present to the Executive Committee for review and recommendation for annual approval by the Council Delegate Body a table of organization identifying the relevant employee positions within the District Council (including job titles and descriptions of responsibilities and associated salary ranges) and the number of individuals needed to be employed at any given time for each position to efficiently conduct the necessary business of the District Council within budgeted costs. Said table of organization may only be ~~otherwise~~ amended upon a majority vote of the Delegate Body after receiving a recommendation from a majority of the members of the Executive Committee. ~~a written statement of necessity to amend the table of organization which states why such amendment is necessary for the conduct of said District Council business~~;

## SECTION 29 (C) (1) (DIRECTOR OF HUMAN RESOURCES) - UPDATED

(C)     The responsibilities and duties of the Director of Human Resources shall also include, but not be limited to, the following:

1.      develop and present to the Executive Committee for review and recommendation for annual approval by the Council Delegate Body a table of organization identifying the relevant employee positions within the District Council (including job titles and descriptions of responsibilities and associated salary ranges) and the number of individuals needed to be employed at any given time for each position to efficiently conduct the necessary business of the District Council within budgeted costs. Said table of organization may only be amended upon a majority vote of the Delegate Body after receiving a recommendation from a majority of the members of the Executive Committee;

## SECTION 29 (C) (1) (DIRECTOR OF HUMAN RESOURCES) – RATIONALE

The proposed revision conforms the Bylaws with actual District Council practices.  Changes to the table of organization must be recommended by the Executive Committee and approved by vote of the Delegate Body.

July 14, 2017

## SECTION 29 (D) (2) – (7) (DIRECTOR OF HUMAN RESOURCES) – REMAINS THE SAME

2. ensure that all job opportunities and openings are appropriately advertised and that candidates for employment are well qualified and are hired through uniform, best practices (including development and use of application forms, standardized interviews and rating on objective criteria by duly-authorized hiring committee);

3. ensure that all required and appropriate Human Resources-related records are maintained properly and securely;

4. process, investigate, and report to the District Council complaints of alleged discrimination and harassment through uniform procedures;

5. ensure that objective performance and productivity evaluations of all District Council employees are completed at least annually;

6. interact with other functions and departments of the District Council;

7. develop and implement other human resources functions in a uniform, documented manner that adheres to best practices.

## SECTION 30 (INITIATION FEES) – REMAINS THE SAME

Section 30. The initiation fee(s) in this Council shall be Three Hundred Dollars ($300). Arrangements may be made for the payment of initiation fees by installments. The Initiation Fee for apprentices shall be in accordance with the Constitution and Laws of the United Brotherhood. Where an ex-member has violated any of the Rules and Laws of this Council and has been tried and found guilty of same and where a fine has been imposed, such fine must be paid before initiation.

July 14, 2017

## SECTION 31 (WORKING CARDS) – CHANGE

**WORKING CARDS**

The Council shall have the power to issue quarterly working cards to the Local Unions for each member of the United Brotherhood on the Local Unions' books. No member shall be entitled to receive a working card from a Local Union unless all arrearages for dues, fines and assessments are paid in full.

## SECTION 31 (WORKING CARDS) - REDLINE

**WORKING CARDS AND WORK PERMITS**

(A)    The Council shall have the power to issue quarterly working cards to the Local Unions for each member of the United Brotherhood on the Local Unions' books. No member shall be entitled to receive a working card from a Local Union unless all arrearages for dues, fines and assessments are paid in full.

(B)    All non-members of the New York City District Council who desire to work in the geographical jurisdiction of the New York City District Council shall be required to obtain a New York City District Council work permit as prescribed by the District Council Work Permit Policies and Procedures and established pursuant to the UBC Constitution.

## SECTION 31 (WORKING CARDS) - UPDATED

**WORKING CARDS AND WORK PERMITS**

(A)    The Council shall have the power to issue quarterly working cards to the Local Unions for each member of the United Brotherhood on the Local Unions' books. No member shall be entitled to receive a working card from a Local Union unless all arrearages for dues, fines and assessments are paid in full.

(B)    All non-members of the New York City District Council who desire to work in the geographical jurisdiction of the New York City District Council shall be required to obtain a New York City District Council work permit as prescribed by the District Council Work Permit Policies and Procedures and established pursuant to the UBC Constitution.

## SECTION 31 (WORKING CARDS) - RATIONALE

The proposed revision reflects the District Council's current policies and procedures to issue work permits in accordance with the UBC Constitution Section 46.C with the approval of the General President.

July 14, 2017

## SECTION 32 – CHANGE

**REPRESENTATIVES AND ORGANIZERS**

## SECTION 32 - REDLINE

**DISTRICT COUNCIL REPRESENTATIVES ~~AND ORGANIZERS~~**

## SECTION 32 - UPDATED

**DISTRICT COUNCIL REPRESENTATIVES**

## SECTION 32 - RATIONALE

The proposed revision corrects the Bylaws to reflect the actual name of the Area Standards department and conforms this Section to revisions made in other Bylaw Sections.  See e.g., proposed revisions to Section 5 (B) (1).

July 14, 2017

## SECTION 32 (A) (REPRESENTATIVES) – CHANGE

(A)      All Representatives and Organizers working in the jurisdiction of the Council must be hired pursuant to, and their employment governed by, the procedures outlined herein and in the District Council Personnel Policy. Such employees shall be subject to regular oversight by the Executive Committee and shall be placed under the supervision and direction of the Executive Secretary-Treasurer of the Council.  No Representative, Organizer, or Special Representative shall have authority to act as such until he or she receives the proper credentials from the Council.

## SECTION 32(A) (REPRESENTATIVES) - REDLINE

(A)      All Representatives ~~and Organizers~~ working in the jurisdiction of the Council must be hired pursuant to, and their employment governed by, the procedures outlined herein and in the District Council Personnel Policy. Such employees shall be subject to regular oversight by the Executive Committee and shall be placed under the supervision and direction of the Executive Secretary-Treasurer of the Council.  No Representative, ~~Organizer,~~ or Special Representative shall have authority to act as such until he or she receives the proper credentials from the Council.

## SECTION 32(A) (REPRESENTATIVES) - UPDATED

(A)      All Representatives working in the jurisdiction of the Council must be hired pursuant to, and their employment governed by, the procedures outlined herein and in the District Council Personnel Policy.  Such employees shall be subject to regular oversight by the Executive Committee and shall be placed under the supervision and direction of the Executive Secretary-Treasurer of the Council.  No Representative or Special Representative shall have authority to act as such until he or she receives the proper credentials from the Council.

## SECTION 32(A) (REPRESENTATIVES) - RATIONALE

The proposed revision corrects the Bylaws to reflect the actual name of the Area Standards department and conforms this Section to revisions made in other Bylaw Sections. See e.g., proposed revisions to previous Section.

July 14, 2017

## SECTION 32 (B) (REPRESENTATIVES AND ORGANIZERS) – REMAINS THE SAME

(B)     The Local Unions shall not be allowed to employ anyone other than clerical employees.

July 14, 2017

## SECTION 32 (C) (REPRESENTATIVES AND ORGANIZERS) – CHANGE

(C)      Any member who represents himself or herself as a Representative or any member acting as such and not having received credentials from the Council, or a Business Representative whose credentials have been canceled and who represents himself or herself as a Representative of this Council or any Local Union, shall for the first offense, after having been tried and found guilty, be fined a sum of Five Hundred Dollars ($500.00) and for the second offense, if found guilty shall be expelled from the United Brotherhood.

## SECTION 33 (FURTHER OBJECTIVES) - REDLINE

(C)      Any member who represents himself or herself as a Representative or any member acting as such and not having received credentials from the Council, or a Business Representative whose credentials have been canceled and who represents himself or herself as a Representative of this Council or any Local Union, shall for the first offense, after having been tried and found guilty, be fined a sum of Three~~Five~~ Hundred Dollars ($3~~5~~00.00) ~~and for the second offense, if found guilty shall be expelled from the United Brotherhood~~ or otherwise as provided in the UBC Constitution.

## SECTION 33 (FURTHER OBJECTIVES) - UPDATED

(C)      Any member who represents himself or herself as a Representative or any member acting as such and not having received credentials from the Council, or a Business Representative whose credentials have been canceled and who represents himself or herself as a Representative of this Council or any Local Union, shall for the first offense, after having been tried and found guilty, be fined a sum of Three Hundred Dollars ($300.00) or otherwise as provided by the UBC Constitution.

## SECTION 33 (FURTHER OBJECTIVES) - RATIONALE

The proposed revision reflects the penalty limitations established in Section 51.B of the UBC Constitution.

July 14, 2017

## SECTION 33 (FURTHER OBJECTIVES) – CHANGE

Section 33.  The Council shall have the authority to organize and operate a special Political Education Committee for the purpose of political objectives including, but not limited to, public relations, political activities and contributions and furtherance of legislation. Such Committee shall operate pursuant to its bylaws and act in accordance with all applicable laws.

## SECTION 33 (FURTHER OBJECTIVES) - REDLINE

Section 33.  The Council shall maintain ~~have the authority to organize~~ and operate the District Council of New York and Vicinity United Brotherhood of Carpenters and Joiners of America Political Action Committee (PAC)~~a special Political Education Committee~~ for the purpose of political objectives including, but not limited to, public relations, political activities and contributions and furtherance of legislation.  Such ~~Committee~~ PAC shall operate pursuant to its bylaws and act in accordance with all applicable laws.

## SECTION 33 (FURTHER OBJECTIVES) - UPDATED

Section 33.  The Council shall maintain and operate the District Council of New York and Vicinity United Brotherhood of Carpenters and Joiners of America Political Action Committee (PAC) for the purpose of political objectives including, but not limited to, public relations, political activities and contributions and furtherance of legislation.  Such PAC shall operate pursuant to its bylaws and act in accordance with all applicable laws.

## SECTION 33 (FURTHER OBJECTIVES) - RATIONALE

The proposed revision reflects the correct name of the PAC committee.

July 14, 2017

## SECTION 34 (LAWSUITS AGAINST THE COUNCIL) –CHANGE

<u>Section 34</u>.  No member fined, suspended or expelled by action of the Council shall file any lawsuit against the Council, its Officers or Representatives, or its affiliated Local Unions without first exhausting all appeal remedies provided for in these Bylaws and the Constitution of the United Brotherhood.

## SECTION 34(LAWSUITS AGAINST THE COUNCIL) - REDLINE

<u>Section 34</u>.  No member fined, suspended or expelled by action of the Council shall file any lawsuit against the Council, its Officers or Representatives, or its affiliated Local Unions without first exhausting all appeal remedies provided for in these Bylaws and the Constitution <u>and Laws</u> of the United Brotherhood.

## SECTION 34(LAWSUITS AGAINST THE COUNCIL) - UPDATED

<u>Section 34</u>.  No member fined, suspended or expelled by action of the Council shall file any lawsuit against the Council, its officers or Representatives, or its affiliated Local Unions without first exhausting all appeal remedies provided for in these Bylaws and the Constitution and Laws of the United Brotherhood.

## SECTION 34(LAWSUITS AGAINST THE COUNCIL) - RATIONALE

**The proposed revision corrects a simple typographical omission.**