

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

By fax: 212.805.6382

September 19, 2017

The Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/17

Re: *United States v. District Council of Carpenters*, 90 Civ. 5722 (RMB)

Dear Judge Marrero,

　　This Office represents the government in the above-named matter. As directed by the Court, we write in response to recent letters submitted by the Association for Union Democracy and Patrick Nee. Both letters concern the District Council of Carpenters's continuing process to amend its bylaws. Nee's letter calls for the Court to prohibit the union from proceeding. No action by the Court is warranted.

　　***The AUD lacks standing.*** The AUD's letter does not appear to ask for any relief, instead only offering substantive and procedural criticisms of the bylaws amendments. To the extent it does seek the Court's intervention, that should be denied because the AUD lacks standing to seek it.

　　An association attempting to bring suit on behalf of its members must establish standing by proving that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977); *accord Bano v. Union Carbide Corp.*, 361 F.3d 696, 713 (2d Cir. 2004). Associational standing is a "narrow exception" to the ordinary rule against third-party standing. *Bano*, 361 F.3d at 715.

　　The AUD has not even attempted to meet this test. It is not a party to this case, has not moved to intervene, and has not alleged it has any member who has suffered injury in fact or can otherwise meet the constitutional test for standing. Such an association is merely a "concerned bystander" seeking to vindicate its policy interests; that is insufficient to proceed in federal court. *Diamond v. Charles*, 476 U.S. 54, 62 (1986). Although the AUD says it has attached a list of signatories to its letter (a list it has not provided to the government), it does not appear to allege that it represents those union members or that they belong to the AUD. The AUD therefore lacks standing to seek any relief.

　　***The objections to the bylaws process lack merit.*** As the Independent Monitor explains in his letter of August 23, 2017, the procedural objections advanced by the AUD and Nee are baseless. These objections center on the creation of a "working group" by the Executive Secretary

Treasurer to proposed bylaws amendments. *See* AUD letter at 2 ("bylaws require that the locals initiate amendments precisely to prevent the leadership from ambushing the rank-and-file"); Nee letter at 1-2. But as the Monitor reports, there was no violation of the bylaws or any other rule in creating this working group. *See* Monitor letter at 1. The union has also informed the government that the working group has been studying the bylaws and consulting with union departments for over two years, a process that presumably was not done in secret. And the union has informed the government that drafts of the working group's proposals were circulated to the presidents of the District Council's local unions for review and comment over a year ago, and the delegates' Resolutions Committee—which includes those same local union presidents—has reviewed and approved the proposed amendments. The proposals were then submitted to the local unions, and if one-third of those locals approve them they may proceed to the delegate body.[1] Any suggestion that the local unions have been cut out of this process, or that the union's Executive Committee has usurped the locals' role, therefore appears unfounded.

In any event, common sense dictates that even if any proposal for a bylaws amendment must be submitted to the delegates by the local unions, there is no prohibition on the EST—or anyone else—forming a group to consider what reforms may be needed. Engaging in a process to study the merits of any proposal before the formal process is initiated can only benefit the delegates' ultimate consideration of the proposed amendments.

***The questions raised should be resolved by the union, not the government or the Court.***
Finally, both the procedural issues raised by Nee and the AUD, and the substantive objections argued by the AUD, are matters for the union to determine. If there have been any violations, or arguable violations, of the procedural requirements for submitting amendments, it should be up to the delegate body—not the government or the Court—to enforce the rules. Similarly, if the amendments are "unwise," *see* AUD letter at 3, the proper remedy is to convince the delegates of that. Nee himself is a delegate, and presumably there is nothing to prevent him from raising these issues and urging his colleagues to reject the proposals, for either procedural or substantive reasons. But ultimately, the delegate body, and more generally the union's officials, must be responsible for governing the union.

While the AUD accurately states that "union democracy [is] a bulwark against corruption, a concept embodied in the Consent Decree," intervention by the government or the Court to enforce bylaws detracts from the "democratic self-governance" that federal law seeks to protect. *Franza v. Int'l Bhd. of Teamsters, Local 671*, 869 F.2d 41, 44 (2d Cir. 1989). Although the AUD is correct to note that ensuring that the District Council is run democratically is an important objective of the Consent Decree, the government does not agree that the purported adjustments to the balance of responsibilities within the union's governance are so "excessive" as to threaten democratic accountability.

The dominant purpose of the Consent Decree in this case is the "elimination of corruption and labor racketeering from the union." *United States v. District Council of Carpenters*, 571 F.

---

[1] The government has not itself participated in or reviewed this process, and accordingly these representations of the facts are taken from the union's own descriptions. To the extent a fuller, and firsthand, account of the process would be helpful to the Court, the government respectfully suggests that the Court ask the union itself to respond to the Nee and AUD letters.

Supp. 2d 555, 563-66 (S.D.N.Y. 2008). The need to accomplish that objective will in certain circumstances legitimately supersede the need for self-governance. But here, neither Nee nor the AUD presents any evidence of any conduct that could fairly be called racketeering or corruption, or that the adoption of the amended bylaws will lead to such racketeering or corruption. They simply disagree with the procedures and substance of the proposed amendments. That is a matter for the union to resolve itself.

The government takes no position on whether the proposed amendments are advisable (and, indeed, has suggested to the union that it disagrees with at least one of the proposals). But the only relevant matter for the government at this point is whether the proposals are likely to undermine the Consent Decree's objectives. There is no reason to believe they will.

Thank you for your consideration. The government respectfully requests that this letter, and any other submissions regarding this matter, be docketed.

> Respectfully,
>
> JOON H. KIM
> Acting United States Attorney
>
> by: _____
> Benjamin H. Torrance
> Assistant United States Attorney
> 212.637.2703

cc (by email): Barbara Jones, Esq.
Glen McGorty, Esq.
James Murphy, Esq.
Patrick Nee
Kurt Richwerger

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Government.

**SO ORDERED.**

9-22-17
DATE / VICTOR MARRERO U.S.D.J.