RECEIVED
SDNY PRO SE OFFICE
2017 SEP 22 AM 8:30
S.D. OF N.Y.

Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St
New York. NY 10007-1312

September 22, 2017

Re: **United States v. District Council of the United Brotherhood of Carpenters 90 civ. 5722 (VM)**

Dear Judge Marrero:

    I am responding to the government's September 17, letter. The question I am asking the Court to resolve is whether the process used to create proposed amendments to the union's Bylaws conforms with the strictures of the Bylaws. I am not asking this Court to interfere with the democratic processes of the District Council but to ensure that the contract between the District Council and its members is shown it's due deference. A union's bylaws are a legally cognizable contract between members and their union:

> "When a person becomes a member of a labor organization, or any other association, he thereby agrees, as a matter of law, to abide by the duly enacted provisions of its constitution and by-laws unless they are contrary to good morals or public policy or otherwise illegal. (*See, e.g., Machinists v. Gonzales,* 356 U. S. 617, 618; *Maltese v. Dubinsky,* 304 N.Y. 450, 455; *Nilan v. Colleran,* 283 N.Y. 84, 89; *O'Keefe v. Local 463 of Assn. of Plumbers,* 277 N.Y. 300, 304; *Polin v. Kaplan,* 257 N.Y. 277, 281; *Fritsch v. Rarback,* 199 Misc. 356, 359.) As this court wrote in the *O'Keefe case* (277 N.Y. 300, 304, supra), "The constitution and by-laws of the * * * union define the relations of the union and its members; the powers of the union officers and committees and the rights of the members." *Willard Alexander, Inc. v Glasser,* 31 NY2d 270, 273 [1972]

    Under Section 11e of the Stipulation " This Court retains exclusive jurisdiction to supervise implementation of this Stipulation and Order and retains exclusive jurisdiction to decide any and all issues arising under this Stipulation and Order," this Court holds jurisdiction over this matter.

    The process used to create the proposed amendments is not the process contained in the Bylaws, the Executive Committee submitted proposed amendments to the locals where the plain language of the Bylaws requires that proposed amendments be submitted by the locals to the Executive Committee. "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." *Botany Mills v. United States,* 278 U. S. 282, 289 (1929). This principle of statutory construction reflects an ancient maxim—expressio unius est exclusio

1

alterius. Where the Bylaws stipulate a particular process, that process is exclusive. The process which was used to create the draft amendments is not the process described in the Bylaws, but the polar opposite.

The process runs afoul of several provisions of the Bylaws, the EST has no authority to appoint committees or to expend union funds without receiving approval prior to the expenditure, (which is also contrary to 29 USC 501) and this process is not the process described by the Review Officer:

> "The District Council may amend its Bylaws upon the initiative of local unions after a special convention of the delegates is held in which the proposed changes are ratified." RO 5th Inter. Rep ' pg. 5 ¶2

> "[T]he people who govern the District Council will be able to make their own motions about how business is conducted, more in the nature of regulations than legislation. So people should remember there is that opportunity for democracy to implement changes at the pleasure of the rank and file members come January." Hr. Tr. 90 civ. 522 June 28, 2011 pg. 30, 9-15

I do not understand why the AUSA has no interest in whether the amendments which require the approval of the government were created lawfully: "The government has not itself participated in or reviewed this process, and accordingly these representations of the facts are taken from the union's own descriptions. To the extent a fuller, and firsthand, account of the process would be helpful to the Court, the government respectfully suggests that the Court ask the union itself to respond to the Nee and AUD letters." I find this complete lack of interest astonishing.

I do not seek to have this Court intrude on the "democratic self-governance" of the District Council, what I am seeking from this Court is a determination on whether the process used to create the proposed amendments conforms with the strictures of the Bylaws.

Sincerely,

Patrick Nee      Date 9/22/17
6818 52nd Dr.
Maspeth NY 11378
Ph. (718) 593 6414
Email patjnee@yahoo.com

    cc (By email) Benjamin Torrance
                 James Murphy
                 Glen McGorty