# MANDATE

14-3506
*United States v. N.Y.C. District Council (Nee & Messenetti)*

N.Y.S.D. Case #
90-cv-5722(RMB)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand seventeen.

PRESENT:
   DENNIS JACOBS,
   JOSÉ A. CABRANES,
   RAYMOND J. LOHIER, Jr.,
     *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov. 13, 2017

**United States of America,**

   *Plaintiff-Appellee*,
 v.                   14-3506

**N.Y.C. District Council of N.Y.C. & Vicinity of the United Brotherhood of Carpenters, John R. Abbatemarco, Paschal McGuinness, Robert J. Cavanaugh, Irving Zeidman, First Vice President, Frederick W. Devine, Second Vice President, Francis J.P. McHale, Secretary-Treasurer, Anthony Salerno, AKA Fat Tony, Vincent DiNapoli, Louis DiNapoli, Peter DeFeo, Alexander Morelli, AKA Black Alex, Liborio Bellomo, AKA Barney, Anthony Fiorino, District Council, Peter Thomassen, John W. Holt, Sr.,**

   *Defendants*,

1

MANDATE ISSUED ON 11/13/2017

**Patrick Nee, Levi Messenetti,**

     *Appellants*.

---

**FOR APPELLANTS:**          Patrick Nee, pro se, Maspeth, NY, Levi Messenetti, pro se, Lawrence, NY.

**FOR APPELLEE:**            Benjamin H. Torrance, Tara M. La Morte, Sarah S. Normand, Assistant United States Attorneys, for Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Patrick Nee and Levi Messenetti, pro se, appeal from the district court's September 20, 2014 order denying their petitions for review of a decision by a court-appointed Review Officer ("RO"), who removed them from their positions as officers and delegates in Local Union 157, a constituent of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council"). Previously, we vacated the district court's order denying Appellants' petitions and remanded for the district court to consider extrinsic evidence to discern the intent of the Government and District Council regarding the RO's removal authority. On remand, the district court denied the petitions on several grounds, including mootness. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review mootness determinations de novo. *Cty. of Suffolk v. Sebelius*, 605 F.3d 135, 139 (2d Cir. 2010). Federal courts lack subject matter jurisdiction over moot disputes. *Id.* at 140. If a dispute is moot, reaching a substantive issue "would overstep the bounds of the authority granted us by the federal Constitution." *United States v. Blackburn*, 461 F.3d 259, 265 (2d Cir. 2006) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101−02 (1998)). Here, the Government bears the burden of establishing mootness. *See Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016).

"Throughout the litigation, the party seeking relief must have suffered, or be threatened with, an actual injury traceable to [another party] and likely to be redressed by a favorable judicial

2

decision." *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (internal quotation marks and alteration omitted). A dispute is moot if "the possibility of relief is so remote and speculative that any decision on the merits would amount to a declaration of principles or rules of law which cannot affect the matter in issue in the case." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 315 (2d Cir. 2007) (internal quotation marks, alteration, and ellipsis omitted).

Appellants' challenge to their removal from office is moot. The terms have expired for the positions from which they were removed. Appellants argue that winning on appeal could bring relief in the form of back pay under the Constitution of the United Brotherhood of Carpenters and Joiners of America ("UBC Constitution"). In certain circumstances, the UBC Constitution allows for back pay to officers "suspended without pay" by the union. But Nee and Messenetti were removed (not suspended) by the RO (not the union). Appellants also argue that removal bars them from running for District Council office. But Appellants do not allege that they intend to run for District Council office; and even if Appellants did, it is speculative to suggest that their prior removal would adversely affect the new court-appointed monitor's evaluation of their qualifications for office. *See id.* at 315.

Appellants press the "capable of repetition, yet evading review" exception to the mootness doctrine. *See Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 6 (2d Cir. 1996). This exception applies "where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (internal quotation marks and alterations omitted).

Appellants have failed to sustain their burden. "[M]ere speculation that the parties will be involved in a dispute over the same issue does not rise to the level of a reasonable expectation." *Dennin v. Conn. Interscholastic Athletic Conference, Inc.*, 94 F.3d 96, 101 (2d Cir. 1996) (internal quotation marks omitted) (quoting *Video Tutorial Servs.*, 79 F.3d at 6). The new court-appointed monitor lacks final decision-making authority on removal, and Appellants do not allege that they intend to commit misconduct similar to that which led the prior RO to remove them. Therefore, Appellants can only speculate that a similar dispute will arise again. *See Van Wie v. Pataki*, 267 F.3d 109, 115 (2d Cir. 2001) (where the plaintiffs were prevented from voting in a primary election that had passed, the "capable of repetition" requirement was not met because the plaintiffs failed to show "that they will again try to enroll in a political party (or change enrollment) for purposes of voting in a primary election").

Appellants invoke the "voluntary cessation" exception to the mootness doctrine, but the underlying dispute was mooted by the expiration of Appellants' terms of office, not any action by an adverse party. *See Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (the "voluntary cessation" exception applies where the alleged wrongdoer "voluntarily discontinues [the] challenged conduct").

We deny as moot Appellants' motion to stay or enjoin the 2014 stipulation between the Government and District Council.

3

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit