# Law Offices of Thomas D. Gearon, P.C.

185 Montague St. Suite 1201 Brooklyn, NY 11201 | Tel: 347-391-3443 | Fax: 347-823-1805
Email: tgearonlaw@gmail.com | Web: www.gearonlaw.net

---

November 30, 2017

Glen G. McGorty, Esq.
Independent Monitor
Crowell & Moring
590 Madison Avenue, 20th Floor
New York, New York 10022
**Sent via UPS Overnight and email:** gmcgorty@crowell.com

Re: 2017 Election of the Officers of the New York City District Council of Carpenters/*Notice of Protest*

Dear Mr. McGorty:

I am counsel to William McKenna, Kevin Corrigan, and John DeFalco, each of whom is a Candidate for election to an office of the District Council. Capitalized terms used in this letter, unless otherwise defined have the meanings ascribed to them in the Final Rules for the 2017 Election of the Officers of the New York City District Council of Carpenters (the "Election Rules"). This matter directly impacts the integrity of the current election which has now been compromised in favor of certain candidates.

I am writing on behalf of the Candidates to protest, pursuant to Section Six of the Election Rules, a text message sent by the "Solidarity Slate", the incumbent officers on and possibly before November 28, 2017 (the "Message") to the cellphones of an undetermined number of Members. A copy of the Message is attached as Exhibit A. The message was not only false and defamatory, the Solidarity Slate also violated Federal law by sending it as a text message to cellular phones without prior written consent of the recipients. In addition, we believe that the Solidarity Slate violated Section Three of the Election Rules and breached their fiduciary duties by using Union information to obtain the cell phone numbers of Members.

Paragraph 4 of Section Six of the Election Rules provides:

> If as a result of any protest filed with the IM, or as a result of any investigation undertaken by the IM either in response to a protest or on their own initiative, the IM determines that the Rules or any law have been violated or that any other conduct has occurred that

may prevent or has prevented a fair, honest and open election, the IM may take whatever remedial action is appropriate.

As Paragraph 4 explicitly states, members are entitled to a fair and honest election conducted without violation of laws. The Solidarity Slate has violated this standard as follows:

### *Defamation*

The Message goes beyond the fair and honest terms of political debate by falsely, maliciously, and libelously accusing the Candidates of serious crimes and of acts that injure them in their trade and profession. Each of the Candidates has executed a Declaration under penalty of perjury that the Message includes a false statement about him that injures him in his business and profession. *See* Declarations of William McKenna, Kevin Corrigan, and John DeFalco, attached hereto as Exhibits B-D. The statements of the Message, therefore, constitute libel *per se* under New York law. *See, e.g., Liberman v. Gelstein*, 80 NY 2d 429, 434-35 (1992). Even if the "reckless-or-knowing falsehood" standard of *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), applies to the Message, the Candidates are confident that they can prove that the Solidarity Slate acted with the requisite knowledge or recklessness of falsity.

There is no public interest and no interest of the Members that would justify the circulation of this malicious libel *per se*. While the Candidates intend to pursue their defamation claims in state court, the independent interests of the Members require that the IM investigate the defamation issues to protect the integrity of the Election process. No election can be considered honest, fair, and open if it is polluted with malicious lies that go to the very integrity of the candidates.

### *Violations of Federal Communications Commission Rules.*

The Solidarity Slate violated the Telephone Consumer Protection Act (the "TCPA") and the FCC's Telemarketing Rule when it sent the Message to Members' cellphones via text. *See,* 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii) (prohibiting unsolicited texts to "any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service which the called party is charged for the call") As stated in the FCC's Enforcement Advisory Bulletin, dated November 18, 2016, entitled *"Robotext Consumer Protection Text Message Senders Must Comply with the Telephone Consumer Protection Act"*:

> The TCPA prohibits autodialed calls or text messages, as well as prerecorded calls, unless made with the prior express consent of the called party, to any telephone number assigned to a cell phone or other mobile device (such as a pager), unless the calls or text messages are: (1) made for emergency purposes; (2) free to the end user and have been exempted by the Commission, subject to conditions prescribed to protect consumer

privacy rights; or (3) made solely to collect debts "owed to or guaranteed by the United States."

(The Bulletin is available at https://apps.fcc.gov/edocs_public/attachmatch/DA-16-1299A1.pdf.) In addition, the FCC just issued another bulletin on November 17, 2017 that included the following FAQ (emphasis added):

> Are robocalls to wireless phones permissible?
>
> Your written or oral consent is required for **ALL autodialed or prerecorded calls or texts** made to your wireless number. Telemarketers have never been permitted to make robocalls to your wireless phone based solely on an "established business relationship" with you.

*See,* https://www.fcc.gov/consumers/guides/stop-unwanted-calls-and-texts.

The Candidates have been informed by numerous Members that they received the Message without having given any consent to any member of the Solidarity Slate. *See,* the Candidates' Declarations attached hereto as Exhibits B-D, respectively. As the Bulletin states (at 2), the Solidarity Slate has the burden to show that it had the consent of each Member who received the Message via text.:

> **Consent.** Those contending that they have prior express consent to make robotexts to mobile devices have the burden of proving that they obtained such consent. This includes text messages from text messaging apps and Internet-to-phone text messaging where the technology meets the statutory definition of an autodialer. The fact that a consumer's wireless number is in the contact list of another person's wireless phone does not, by itself, demonstrate consent to receive robotexts.

In sum, the robotexting of the Message blatantly violated Federal law. This is not a trivial offense. Violations of the robotext rule are punishable by criminal and civil penalties, forfeiture penalties of up to $18,936 per violation, private damages of up to $1500 per violation, and fines and penalties under state laws. Such conduct therefore justifies a severe sanction under Paragraph 4 of Section Six of the Election Rules. The offenders should not be allowed to benefit from their violations.

*Illicit Use of Members' Telephone Numbers*

Paragraph 3 of Section Three of the Election Rules limits access to membership information. Indeed, that provision allows candidates very limited access—but not the right to copy—to names and addresses only. Nothing in the Election Rules can even remotely be interpreted to allow the Solidarity Slate to obtain Members' cellphone numbers from Union

records. While it is possible that the Solidarity Slate may have collected cellphone numbers without violating the Election Rules or misappropriating confidential Union property, the circumstances surrounding the Message, especially the fact that the Solidarity Slate candidates are incumbent District Council officers and that members all got the message at the same time, requires an investigation and a showing that they obtained the phone numbers legitimately.

### *What we do....in contrast to the Solidarity Slate*

The incumbent slate has clearly violated "bright line" regulations and laws concerning communications, regulations that carry serious fines which convey the seriousness with which the FCC views such infractions. Further, within the community of vendors who provide voter contact systems, these prohibitions are well known and rigorously followed, begging the question of how this outreach occurred. Compounding, and indeed enabling these FCC violations, the incumbent slate abused their official position to benefit their campaign efforts through use of contact information secured from union lists used for union business.

Contrast these illegal tactics with the Members Voice slate, which has complied with all relevant rules and regulations. We have not sent out mass text messages, instead doing the hard work of reaching out to friends and supporters one-on-one, engaging in actual conversations. We are not sending automated calls to cell phones, which are illegal, instead placing "ringless voice mails," which are allowed by the FCC:

> *Ringless Voicemail have been specifically designed to be a non-intrusive form of communication. This voicemail service has also been developed to be compliant with all federal laws and regulations. The software used creates a land-line to land-line session directly to the telephone company's voicemail server. There is never contact between the message provider and the subscriber. It is essentially computer to computer communication. Voicemail messaging allows an organization to legally contact an individual by dropping a voicemail directly into an individual's voicemail inbox, without making a call or ringing the person's phone line.*

While Members Voice is complying with the law, the incumbent slate is abusing its position to spread lies and misinformation - a particularly egregious example of adding insult to injury. In process and substance, the incumbent slate is violating the letter and spirit of the thoughtful restrictions implemented and enforced by the Court and Independent Monitor.

Elections, the foundation upon which union democracy is built, need to be fair, transparent, and ethical. The incumbent slate is undermining these basic tenets. We hope your office will address these issues right away.

*Request for Remedy and Hearing*

The Candidates respectfully request a hearing on this Protest pursuant to Paragraph 3 of Section Six of the Election Rules. After the IM conducts his investigation and holds a hearing, the Candidates are confident that the IM will impose a remedy pursuant to Paragraph 4 of Section Six that reflects the severity of the Slate's offenses, their abuses of their fiduciary duty, and the need for prompt retraction and restitution. The actions of the Solidarity Slate have irreparably "poisoned the well" with regard to our Campaign. The Solidarity Slate should be disqualified, as they have impermissibly exploited their official positions and used information secured in that way in a manor itself also illegal. As there are several other slates running for the positions, the members will not be disenfranchised by removing the one slate which is not in compliance with the law.

Given the above, it is imperative that this matter be addressed as soon as possible.

Respectfully submitted,

LAW OFFICES OF THOMAS D. GEARON, P.C.

*Thomas D. G.*

By: Thomas D. Gearon

CC: William McKenna;
Kevin Corrigan and;
John DeFalco.