

**SPIVAKLIPTON**LLP
ATTORNEYS AT LAW

1700 Broadway
New York, NY 10019
**T** 212.765.2100
**F** 212.765.8954
spivaklipton.com



April 9, 2018

**BY ECF**
**& BY UPS NEXT BUSINESS DAY DELIERY**

Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   RE: <u>United States v. District Council, et al., 90-Civ.-5722 (VM)</u>

Dear Judge Marrero:

   This firm is general counsel to the Defendant, the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council"). As directed by Your Honor on April 3, 2018, I am submitting this letter in response to the April 2, 2018 letter filed by Mark A. Rosen on behalf of the Association of Wall-Ceiling & Carpentry Industries of New York, Inc. (the "WCC"), one of the multiemployer associations with which the District Council bargains and has a collective bargaining agreement ("CBA").

   Without first attempting to discuss with the undersigned or the leadership of the District Council, Mr. Rosen wrote to the Court requesting a determination that the 1:1 matching provisions as applied under the District Council-WCC CBA, including with two-person jobs under the invocation by WCC member-contractors of International Agreements, are unlawful under the National Labor Relations Act (the "NLRA") because they do not serve an anti-corruption purpose as contemplated in the Court's May 8, 2013 Decision & Order (Docket No. 1315) approving the CBA with its various anti-corruption features. As described below, the issue raised by Mr. Rosen has been mooted by this Court's and the Second Circuit's earlier decisions and the District Council's actions since those decisions. In any event, should Mr. Rosen and his client have continuing concerns with the issue, the proper forum is at the bargaining table or with the National Labor Relations Board (the "NLRB"). As noted below, the parties are addressing the issue in bargaining.

SPIVAK LIPTON LLP
ATTORNEYS AT LAW

Hon. Victor Marrero
United States District Judge
*United States v. District Council, et al.*, 90-Civ.-5722 (VM)
April 9, 2018
Page 2

As Your Honor is well aware, the issue of 1:1 matching was addressed by the NLRB in its Decision and Order in The Cement League (Northeast Regional Council of Carpenters), 363 N.L.R.B. No. 117 (Feb. 12, 2016), where the NLRB determined that the 1:1 matching provision in the District Council's collective bargaining agreement with The Cement League violated the NLRA. The Second Circuit agreed with the NLRB in The Cement League, et al. v. NLRB, et al.,16-0495 (April 21, 2017), while holding its mandate in abeyance until hearing from this Court as to whether enforcing the NLRB's decision would have a bearing upon this Court's jurisdiction of the supervision under the Consent Decree. Your Honor answered the Second Circuit's question in the negative in the May 9, 2017 Decision and Order (Docket No. 1769). The Second Circuit's mandate in The Cement League, et al. v. NLRB, et al.,16-0495, issued on June 1, 2017.

I have been advised that since then, the District Council has not enforced the 1:1 matching provisions in any of the CBAs that have that feature, including member-contractors of signatory multiemployer associations invoking International Agreements on two-person jobs. On December 12, 2017, the District Council formally withdrew or dismissed long pending grievances alleging CBA violations of the 1:1 matching provisions by WCC member-contractors who invoked International Agreements on two-person jobs.[1]

On July 20, 2017, the District Council's leadership met with the WCC's Executive Director and President, along with the Eastern District Vice President of the United Brotherhood of Carpenters and Joiners of America (the "UBC") and UBC counsel, to discuss a way forward without the 1:1 matching provisions. With the assistance of the UBC, the District Council and the WCC fashioned a draft alternative to 1:1 matching that is consistent with the provisions of the NLRA while also providing important anti-corruption features. At the same meeting, the parties also tentatively agreed to arrangements by which member-contractors of the WCC would not be able to invoke

---

[1] The 1:1 matching provisions appear in a limited number of multiemployer CBAs that were negotiated in 2012-14 where "full mobility" was introduced and that required the approval of the Court. (See Docket Nos. 1315, 1332, 1358, 1386, 1394, 1426, 1481, 1488, and 1497.) Certain other multiemployer CBAs covering such crafts as Dockbuilders and Timbermen were not required to be included. And the District Council has collective bargaining agreements with some 700 contractors under independent CBAs that prohibit full mobility in that the contractors must procure at least fifty percent of their respective trades people from referrals through the District Council's Out of Work List. Those independent CBAs never had 1:1 matching based upon District Council membership.

**SPIVAK LIPTON LLP**
ATTORNEYS AT LAW

Hon. Victor Marrero
United States District Judge
*United States v. District Council, et al.*, 90-Civ.-5722 (VM)
April 9, 2018
Page 3

International Agreements on two-person jobs. Of course, final agreements on these matters must abide the negotiation and ratification of a successor CBA.[2]

Should the WCC have any dispute with the District Council over the conduct or content of negotiations, the proper forum is at the bargaining table or, as made plain with the unfair labor practice case of <u>The Cement League (Northeast Regional Council of Carpenters)</u>, 363 N.L.R.B. No. 117, before the NLRB.

        Respectfully submitted,

        SPIVAK LIPTON LLP
        Attorneys for the District Council

        By: <u>   /s/ James M. Murphy   </u>
           James M. Murphy
        1700 Broadway
        New York, NY 10019
        jmurphy@spivaklipton.com

---

[2] The District Council and the WCC negotiated a Private Residential/Hotel Market Recovery Addendum (Revised Aug. 11, 2016) and they have been working under a series of Extension Agreements since the June 30, 2017 expiration of the CBA.

# SPIVAK LIPTON LLP
ATTORNEYS AT LAW

Hon. Victor Marrero
United States District Judge
*United States v. District Council, et al.*, 90-Civ.-5722 (VM)
April 9, 2018
Page 4

cc: **BY ECF & E-MAIL**
Benjamin H. Torrance, Esq.
Assistant United States Attorney
Civil Division
Office of the United States Attorney
Southern District of New York
86 Chambers Street
New York, NY 10007
212-637-2703
benjamin.torrance@usdoj.gov

Glen G. McGorty, Esq.
Independent Monitor
Crowell & Moring LLP
590 Madison Avenue
New York, NY 10022
212-895-4246
gmcgorty@crowell.com

Barbara S. Jones, Esq.
Special Counsel to the District Council
Bracewell LLP
1251 Avenue of the Americas
New York, NY 10020
212-508-6105
Barbara.jones@bracewell.com

Mark A. Rosen, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
Morristown, NJ 07962
mrosen@mdmc-law.com