UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

               Plaintiff,

      v.

DISTRICT COUNCIL OF NEW YORK CITY
AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA, et al.,

               Defendants.
-------------------------------------------------------------x

90 Civ. 5722 (VM)

**STIPULATION AND ORDER
REGARDING EXTENSION OF
THE INDEPENDENT MONITOR'S
TERM**

    WHEREAS, on March 4, 1994, the Court approved a Consent Decree (the "Consent Decree"; Docket No. 410) in the above-captioned action, brought under the civil remedies provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, between plaintiff the United States (the "Government") and defendants, including the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council"). The Consent Decree among other things permanently enjoined all current and future officers, employees, and members of the District Council and its constituent locals from engaging in any act of racketeering activity as defined in 18 U.S.C. § 1961; knowingly associating with any member or associate of any La Cosa Nostra crime family or any other criminal group, or with any person prohibited from participating in union affairs (collectively, "barred persons"); and obstructing or interfering with the work of the officers described in the Consent Decree;

    WHEREAS, following a series of events including the August 2009 indictment of Michael Forde, who was the District Council's Executive Secretary-Treasurer and a trustee of the Benefit Funds, as well as local union officials, shop stewards, and a contractor, by Order dated June 3, 2010, the Court entered a Stipulation between and among the Government and the District Council and Benefit Funds which created the position of Review Officer, and during the term of the Review Officer the District Council implemented numerous reforms and made significant progress in advancing the objectives of the June 2010 Stipulation and Order (Docket No. 941);

    WHEREAS, following the term of the Review Officer, the Government, District Council, and the Benefit Funds agreed that the continuing presence of an independent monitor was advisable in order for the District Council to operate free from the influence of racketeering and corruption, demonstrate its ability to sustain the implemented reform measures, progress towards self-governance;

    WHEREAS, on November 18, 2014, the Court entered a Stipulation and Order Regarding Appointment of an Independent Monitor in the above captioned action, between and among the Government, the District Council, and the Benefit Funds (the "November 2014 Stipulation and Order"; Docket No. 1595), which, *inter alia*, appointed an Independent Monitor. Further, on

April 18, 2016, the Court entered a Stipulation and Order Regarding Extension of the Independent Monitor's Term, between and among the Government, the District Council, and the Benefit Funds (the "April 2016 Stipulation and Order"; Docket No. 1678), which extended the term of the Independent Monitor for twelve months, and further specified that "[u]pon consent of the District Council, the Benefit Funds, the Government, and the Independent Monitor, the Court may extend the term of the Independent Monitor for any period."  (April 2016 Stipulation and Order ¶ 8.c);

WHEREAS, the Government, District Council, Independent Monitor, and the Benefit Funds in April 2017 entered into a further Stipulation and Order Regarding Extension of the Independent Monitor's term to March 31, 2018 (the "April 2017 Stipulation and Order"; Docket No. 1750), with further extensions to April 30, 2017 and to May 31, 2017 (the Stipulations and Orders Regarding Interim Extensions of the Independent Monitor's Term entered on, respectively, March 28, 2018 (Docket No. 1790) and April 19, 2018 (Docket No. 1798);

WHEREAS, the Independent Monitor instated under the November 2014 Stipulation and Order has overseen the District Council and the Benefit Funds since January 1, 2015;

WHEREAS, the Government, District Council, and Independent Monitor attest to the continuing progress made by the District Council and its implementation of additional policy reforms and best practices such as policies governing, limiting, and documenting all expenses, electronic reporting by Shop Stewards, revising the Bylaws and rules governing the Out of Work List, the creation and staffing of the Office of the Inspector General and the Chief Compliance Officer, rules establishing the qualifications for candidates and the procedures for the election and appointment process of District Council officers and employees, the creation and enhancement of information and technology resources, and mechanisms to ensure that contractors do not fall irretrievably behind on the payment of benefits. Each of these and other reforms were put in place to safeguard against racketeers regaining influence over the District Council by increasing its compliance tools, accountability, and transparency, and they resulted in significant progress such that, according to the outgoing Review Officer, by 2014, the officers of the District Council, its affiliate local unions, and the Benefit Funds were free of the influence of organized criminal groups and were strictly law abiding, thereby advancing the objectives of the June 2010 Stipulation and Order;

WHEREAS, while the Government and the Employer Trustees of the Benefit Funds disagree whether the Benefit Funds are bound by the Consent Decree and the effect of this Court's 1996 orders in *United States v. District Council*, 1996 WL 221584 (S.D.N.Y. May 2, 1996) and 1996 WL 346668 (S.D.N.Y. June 19, 1996), the Government and the Employer Trustees of the Benefit Funds agree that by consenting to this Stipulation and Order the Employer Trustees of the Benefit Funds do not concede the applicability of the Consent Decree to the Benefit Funds, and further agree that the Employer Trustees of the Benefit Funds' consent to this Stipulation and Order may not be used in any way to support the argument that the Benefit Funds are or should be bound to the Consent Decree;

WHEREAS, the Benefit Funds, Independent Monitor, and the Government in consultation with the Independent Monitor, agree that during the term of the April 2016 Stipulation and Order the Benefit Funds reached the benchmarks agreed upon pursuant to the second sentence of paragraph 8.c.iii of the April 2016 Stipulation and Order, including by hiring and retaining a new

Executive Director, Chief Financial Officer, and Chief Compliance Officer, by investigating and remediating an administrative issue relating to the Welfare Fund, as well as by completing an independent review of the Benefit Funds' strategies, fees, and performance, and have therefore confirmed their ability to self-govern and have continued to confirm their ability to self-govern under the April 2017 Stipulation and Order;

WHEREAS, the Government, District Council, and Independent Monitor agree that the District Council is at a point where it should continue transitioning toward further self-governance, but that the continued oversight of the Independent Monitor is necessary in order for the District Council to continue to complete the implementation of identified reforms, including continuing to implement the information technology upgrades, the transitioning of certain responsibilities to the new Inspector General, and the strengthening of the Office of the Inspector General, which will serve as a safeguard against corrupt influences;

WHEREAS, the Government, District Council, and Independent Monitor agree that the continued oversight of the Independent Monitor is necessary in order for the District Council to continue to complete the transition to self-governance; and

WHEREAS, this Stipulation and Order does not purport to outline all of the responsibilities of the District Council, the Benefit Funds, and the representatives of each under the law, or to limit the applicability of those other legal obligations, recognizing that the District Council is governed, among other things, by the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*, and the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.*, and the Benefit Funds by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act, 29 U.S.C. § 401 *et seq.*; now, therefore,

IT IS HEREBY ORDERED, upon the stipulation and agreement of the Government, the District Council, and the Benefit Funds, as follows:

1.      **Definitions.** As used in this Stipulation and Order:

   a.   "Benefit Funds" means the New York City District Council of Carpenters Pension Plan, the New York City District Council of Carpenters Welfare Fund, the New York City District Council of Carpenters Vacation Fund (now part of the Welfare Fund), the New York City District Council of Carpenters Annuity Fund, the New York City District Council of Carpenters Apprenticeship Journeymen Retraining Educational and Industry Fund, the New York City Carpenters Relief and Charity Fund, the New York City District Council of Carpenters Scholarship Fund (part of the Welfare Fund), and any other fund or plan established now or in the future for the benefit of members of the District Council pursuant to section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5).

   b.   "District Council" means the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.  As used in this Stipulation and Order, "District Council" includes all constituent local unions, as well as the New York City District Council of Carpenters Retirement & Pension Plan for Officers and Employees and any other fund or plan established now or in the future

for the benefit of the District Council's employees or officers as defined in 29 U.S.C. § 1002(3).

c. "Job Referral Rules" means the job referral rules established by the Consent Decree, as modified by any subsequent order of the Court, with "Job Referral" and "Out of Work List" (the "OWL") used interchangeably.

d. "Member of the District Council" means any person who is a member of any union or labor organization that constitutes part of the District Council.

e. "Independent Monitor" means the oversight officer appointed by the Court, whose powers are enumerated in this Stipulation and Order.

2.   **Authority of the Court**.  The Court has authority to enter this Stipulation and Order pursuant to its inherent power, including the inherent power to enforce, ensure compliance with, and modify the Consent Decree and the 2010 Stipulation and Order; Rule 60(b) of the Federal Rules of Civil Procedure; the Court's contempt powers; and 18 U.S.C. § 1964.

3.   **Continued Term of the Independent Monitor**.  Glen G. McGorty, of the firm Crowell & Moring, will continue as the Independent Monitor, exercising all authority described in this Stipulation and Order through the term specified in this Stipulation and Order.

4.   **Role of the District Council and the Benefit Funds**.

a. **District Council:**  It was and is the responsibility of the District Council to (i) act as the collective bargaining representative of its members and to function as an exercise of workers' full freedom of association, self-organization, and as the representative of those workers; (ii) take all reasonable steps to eliminate criminal elements, criminal activities, racketeering, and corruption from any part of the District Council and its operations; (iii) maintain and run the District Council democratically and fairly and without unlawful influence; and (iv) comply with and work in good faith to achieve the terms and objectives of the Consent Decree and this Stipulation and Order, including updating and modernizing the Out of Work List rules and continuing to implement the information technology upgrade.

b. **Benefit Funds:**  It was and is the responsibility of the Benefit Funds to (i) prudently manage the resources of the Funds for the benefit of their participants and beneficiaries; (ii) take all reasonable steps to eliminate criminal elements, criminal activities, racketeering, and corruption from any part of the Benefit Funds and their operations; (iii) maintain and run the Benefit Funds without unlawful influence; and (iv) comply with and work in good faith to achieve the terms and objectives of this Stipulation and Order with respect to the Benefit Funds.  Neither the appointment of the Independent Monitor nor the consent of the Benefit Funds to this Stipulation and Order diminishes in any way the fiduciary responsibilities of the trustees of the Benefit Funds.

c. The appointment of the Independent Monitor provided in this Stipulation and Order is intended, in part, to enable the District Council, the Benefit Funds, and the Independent Monitor to assess whether they have achieved the objectives of this

Stipulation and Order, the April 2017, April 2016, the November 2014 and June 2010 Stipulations and Orders, and the 1994 Consent Decree, and to permit the District Council and the Benefit Funds to demonstrate their fulfillment of the goals specified in this paragraph 4.

5. **Authority of Independent Monitor.** The Independent Monitor has the following authority, rights, and responsibilities:

    a. **General Authority.** The Independent Monitor has the authority to ensure compliance with the injunctions set forth in the Consent Decree; to investigate the operations of the District Council and the operations of the Benefit Funds, including but not limited to investigating allegations of corruption and wrongdoing by officers, representatives, agents, employees, members, and trustees; to bring disciplinary charges against any District Council officers, representatives, agents, employees, or members; and to exercise the authorities, rights, and powers described below. The reference in this paragraph to trustees of the Benefit Funds is to be construed as referring to the trustees solely in their capacity as trustees of the Benefit Funds.

        i. **District Council:** The Independent Monitor has the authority to review the progress of the District Council in reaching the goals identified in the Third Interim Report of the Independent Monitor filed Sept. 16, 2016 (Docket No. 1704) at 7-9 and 14, the Fourth Interim Report of the Independent Monitor filed April 7, 2017 (Docket No. 1755) at 7-11 and 18-19, and the Fifth Interim Report of the Independent Monitor filed March 6, 2018 (Docket No. 1786) at 14-21 and 23 . It is the intention of the District Council and Government that guiding the District Council to reach each of its agreed upon goals and benchmarks is the primary focus of this term of the Independent Monitor with respect to the District Council. Nothing in this paragraph and its subparagraphs diminishes the authority of the Independent Monitor with respect to the District Council to take action to enforce the Consent Decree or alters the powers of the Independent Monitor enumerated in this Stipulation and Order. In exercising his powers and responsibilities as described in this Stipulation and Order, the Independent Monitor, to the maximum extent practicable, should consult with the District Council prior to taking any action with respect to the District Council, and permit the District Council to act on its own in the first instance to effectuate the terms and objectives of this Stipulation and Order. The District Council, in turn, must consult with the Independent Monitor as to what actions are advisable to effectuate the terms and objectives of this Stipulation and Order. However, with respect to any matter as to which the Independent Monitor has authority under this Stipulation and Order, the Independent Monitor need not consult with the District Council, or permit the District Council to act first, regarding any matter as to which the Independent Monitor, in his sole, unfettered, and unreviewable discretion, determines such consultation or permission is inadvisable. In no circumstances will the failure or declination of the Independent Monitor to consult with the District Council as to any matter be deemed a violation or breach of this Stipulation and Order.

        ii. **Benefit Funds:** Because the Benefit Funds have confirmed their ability to govern themselves, the Independent Monitor's review and oversight authority,

access to information, investigative powers, and reporting to the Court with respect to the Benefit Funds pursuant to paragraph 5 of this Stipulation and Order shall only be exercised with respect to matters referred to the Independent Monitor pursuant to sub-paragraph 5.e.ii. of this Stipulation and Order.

b. **Review and Oversight Authority**.   The Independent Monitor has review and oversight authority with respect to the following matters:

  i.   With respect to the District Council:

    (1)   The Independent Monitor has the authority to review all expenditures and investments.

    (2)   The Independent Monitor has the authority to review all contracts (except for collective bargaining agreements).

    (3)   The Independent Monitor has the authority to review the persons currently holding office or employment and all proposed appointments to office or employment.  This provision does not govern the election of District Council officers, as provided for in paragraph 5.j of this Stipulation and Order.

    (4)   The Independent Monitor has the authority to review all proposed changes to the Bylaws, and any other rules, policies, or practices.

  ii.   Upon reviewing any matter described in paragraphs 5.a.i, 5.a.ii, and 5.b.i, the Independent Monitor may determine that the matter reviewed (a) constitutes or furthers an act of racketeering as defined in 18 U.S.C. § 1961; or (b) furthers or contributes to the association, directly or indirectly, of any member, employee, officer, trustee, or representative of the District Council or the Benefit Funds with any barred person; or (c) is contrary to or violates any law or Court order entered in this case; or (d) is contrary to any fiduciary responsibility imposed by 29 U.S.C. § 501 or the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. ("ERISA"); or (e) is otherwise inconsistent with the objectives of this Stipulation and Order.

    (1)   Upon such a determination in the case of the District Council, following investigation by the Independent Monitor, the Independent Monitor must give written notice to the District Council and, if applicable, the individual to be removed from office or employment, that the expenditure, investment, contract, continued position in office or employment, proposed appointment to office or employment, proposed change to the Bylaws, or other rule, policy, or practice meets one of the conditions specified in this paragraph 5.b.ii(a)-(e) immediately above.   The Independent Monitor will provide the District Council and, if applicable, the individual whose continued position in office or employment is at issue, an opportunity to be heard. The District Council and, if applicable, the individual, then has five business days to provide a written response to the Independent Monitor. If the District Council or the individual fails to provide a response within five business days, or, following that response,

the Independent Monitor, in his discretion, determines that a reasonable basis for the expenditure, investment, contract, continued position in office or employment, proposed appointment to office or employment, proposed change to the Bylaws, or other rule, policy, or practice has not been established, then the Independent Monitor will present his evidence and recommendation for action to the Executive Committee.

The Executive Committee shall determine if there is substantial evidence to support the conclusion of the Independent Monitor and will make a final decision on whether the action should or should not be taken or whether an individual should or should not be removed from office or employment or face other action. The aggrieved party, whether it be the Independent Monitor, District Council, or individual facing removal from office or employment, may petition the Court for review of the final decision of the Executive Committee. The other parties, and the Government, will be given notice and an opportunity to be heard regarding such petition. In reviewing petitions for review arising from paragraph 5.b, the Court will afford the recommendation of the Independent Monitor the same level of deference afforded to final agency action under the Administrative Procedure Act.

In his sole discretion, the Independent Monitor may require that, from the time he provides the initial written notice described in this paragraph to the time the Court decides the Independent Monitor's petition for review or the Independent Monitor declines to pursue such a petition, the expenditure, investment, contract, proposed appointment to office, proposed change to the Bylaws, or other rule, policy, or practice at issue must be held in abeyance—except that if the District Council determines, with the written advice of its counsel, that to do so would violate a legal obligation or cause significant financial risk, the District Council may provide prompt notice to the Court, the Government, and the Independent Monitor, then may proceed with the action.

The application of the provisions of this paragraph 5.b.ii.(1) shall continue to be construed in accordance with Exhibit A to the 2014 Stipulation and Order (Docket No. 1588) (a copy of which is annexed to this Stipulation and Order as Exhibit A) and the representations made in the November 24, 2014 status conference with the Court.

(2)   Upon such a determination in the case of the Benefit Funds referred to the Independent Monitor under paragraph 5.a.ii and 5.e.ii of this Stipulation and Order following investigation by the Independent Monitor, the Independent Monitor must give written notice to the Benefit Funds that the expenditure, investment, contract, continued position in office or employment, proposed appointment to office or employment, or proposed change to the Benefit Funds trust agreement, rule, policy, or practice presents a reasonable basis to believe that the expenditure, investment, contract, continued position in office or employment, proposed appointment to office or employment, or proposed change to the Benefit

Funds trust agreement, rule, policy, or practice meets one of the conditions specified in this paragraph 5.b.ii.(a)-(e).  The absence of such notice may not be construed to establish a presumption that such conditions are not present.

c.   **Access to Information**.  The Independent Monitor has the authority to take such reasonable steps that are lawful and necessary in order to be fully informed about the activities of the District Council.    Specifically, to discharge the duties and responsibilities set forth in this Stipulation and Order, the Independent Monitor must have access to information as follows:

   i.    The Independent Monitor has the right to attend all meetings of the District Council, any governing body or committee of the District Council, or the District Council membership.

   ii.   The Independent Monitor has complete and unfettered access to, and the right to make copies of, all books, records, accounts, correspondence, files and other documents of, the District Council, including, without limitation, all books, records, accounts, correspondence, files, and other documents that are in the possession or control of third parties.

   iii.  The Independent Monitor has the right to compel audits and accountings of the assets of the District Council.

   iv.   Except as he determines it necessary in good faith in connection with his responsibilities under this Stipulation and Order, the Independent Monitor will make all reasonable efforts to preserve the confidentiality, if any, of information and documents to which he has access.

d.   **Investigative Powers**.  The Independent Monitor has the following investigative powers:

   i.    The Independent Monitor has the right to interview, and to take and compel the sworn statement or sworn in-person oral deposition of any officer, agent, representative, employee, trustee, or member of the District Council concerning any matter within the Independent Monitor's authority under this Stipulation and Order, provided that the person to be examined receives reasonable advance notice of the interview or deposition, and may be represented by legal counsel of his or her choice.  Notice will also be provided to the District Council through its counsel, unless the Independent Monitor determines that such notice would be prejudicial to his investigation, in which case the Independent Monitor must provide the Court and the Government with justification for conducting the interview or deposition without such notice.  Nothing in this Stipulation and Order restricts the ability of the District Council to provide counsel to any person if the District Council reasonably chooses to do so.  Notwithstanding any other provisions of this Stipulation and Order, commencing on or about June 1, 2018, or as soon as the Independent Monitor and the Inspector General deem appropriate, the Independent Monitor will refer all communications received from officers, employees, members, contractors, or any third parties with

respect to the District Council to the Office of the Inspector General for appropriate follow up and the Independent Monitor will not commence any inquiries or investigations unless requested to do so by the Inspector General with the exception of any matter concerning the operation of the Office of the Inspector General or as requested or authorized by the U.S. Attorney's Office.

ii.     The Independent Monitor has the right, with authorization of the Court, to issue subpoenas for testimony or documents from any person or entity. Application to the Court for authorization to issue a subpoena must be made on notice to the Government.   Notice must also be provided to the District Council, as applicable, unless the Independent Monitor determines that such notice would be prejudicial to his investigation, in which case the Independent Monitor must provide the Court and the Government with justification for issuing the subpoena without such notice.

iii.    Nothing in this Stipulation and Order diminishes in any way the Independent Monitor's authority to take any other lawful action to be fully informed about the activities of the District Council and other persons or entities who are compensated for services rendered to the District Council or the Benefit Funds as such activities relate to the District Council or the Benefit Funds, respectively, whenever those activities occurred.

e.   **Referral of Matters to the Independent Monitor**.

i.      Representatives, officers, and employees of the District Council must promptly report to the Independent Monitor (1) any known or suspected violations of the Consent Decree, including any known or suspected violations of the Job Referral Rules; (2) any known or suspected violations of local, state, or federal law (not including labor law or ERISA, as provided for in the next clause) related to the activities of the District Council or the employment of District Council members; (3) any known or suspected criminal violations of labor law or ERISA by any person associated with the District Council, including employers of District Council members; (4) any known or suspected violations of any Court orders entered in this case; and (5) any known or suspected violations of any District Council collective bargaining agreement pertaining to payment of wages or benefits or the union security clause.   Nothing in this paragraph imposes an independent affirmative obligation on any person to learn the contents of any law, court order, consent decree, or collective bargaining agreement.

ii.     The District Council or the Benefit Funds may also elect to refer any other matter to the Independent Monitor.   In all cases where the District Council refers a matter to the Independent Monitor, the Independent Monitor, at his election, may accept the matter for investigation or may decline to investigate. In the event the Independent Monitor informs the District Council that he will investigate a matter, the District Council must take no action with respect to the matter unless authorized to do so by the Independent Monitor.   If the Independent Monitor declines the matter for investigation, the District Council can investigate if it so chooses.   In all cases where the Benefit Funds refers a

matter to the Independent Monitor, the Independent Monitor, at his election, may accept the matter for investigation or may decline to investigate. In the event the Independent Monitor accepts the matter for investigation, the Benefit Funds will also notify the Independent Monitor whether the Benefit Funds will take action with respect to the matter and, if the Benefit Funds elect to take action, the nature of the action the Benefit Funds propose to take. In the event the Independent Monitor disagrees with the Benefit Funds' decision concerning whether to take action, or disagrees with the nature of any action the Benefit Funds propose to take, the Independent Monitor may petition the Court for relief, and the Benefit Funds will be given notice and an opportunity to be heard regarding such petition. If the Independent Monitor declines the matter for investigation, the Benefit Funds can investigate it if they so choose.

f.   The Independent Monitor has the authority to bring disciplinary proceedings under the "District Council of New York and Vicinity Trial Procedures" approved by the Delegate Body on August 28, 2013 and any amendments to those procedures.

g.   **Assessments, Changes, and Recommendations.** Consistent with the provisions of paragraph 5.a:

   i.   The Independent Monitor must periodically conduct a written assessment of the overall functioning and effectiveness of the organizational changes and policies, procedures, results, and systems implemented by the District Council since entry of the June 2010 Stipulation and Order, including the aforementioned Trial Procedures. The Independent Monitor will examine and assess in writing the District Council's progress in implementing its information technology upgrade and its progress in implementing enhanced business practices and procedures.

   ii.  The Independent Monitor may study and make recommendations concerning any other factors, practices, and procedures that will effectively prevent, deter, detect, and address wrongdoing and corruption by or related to the District Council, its members, and the Benefit Funds.

   iii. Implementation:

        With respect to any recommendations the Independent Monitor makes concerning the District Council under this paragraph 5.g, the Independent Monitor must apprise the Government and the District Council of any such recommendations. The Independent Monitor may, in consultation with and with the consent of the Government and the District Council, implement such recommendations. In the event the District Council does not consent to implementation of the Independent Monitor's recommendations as required by the prior sentence, the Independent Monitor may petition the Court to require the District Council to implement the changes the Independent Monitor deems appropriate, and the Government and the District Council will be given notice and an opportunity to be heard regarding such petition.

h.   **Communication with the Membership**.  The Independent Monitor may distribute to the District Council membership written reports describing the activities of the Independent Monitor or any other information he deems advisable.  The Independent Monitor may determine in his discretion when to publish such reports, and must be given access to any District Council publication that concerns the affairs of the union, including *The Carpenter* or any other newsletter, and any District Council website, e-mail address list, or other means of electronic communication, to communicate with the membership.   The Independent Monitor may also communicate to the membership in person, at meetings, or otherwise.  The Independent Monitor will generally endeavor to communicate recommendations regarding policy changes to the District Council's officers before communicating them to the membership, but is not bound to do so.

i.   **Job Referral Rules**.  The Independent Monitor must supervise the operation of the Job Referral (a/k/a OWL) Rules, including implementation and operation of any stipulated or Court-approved changes to the Job Referral (a/k/a OWL) Rules.  If the Independent Monitor determines that there has been a violation of the Job Referral Rules, the Independent Monitor may issue any direction to the District Council as may be appropriate to remedy the violation.

j.   **Supervision and Conduct of Elections**.

    i.   The authority over elections in this paragraph 5.j. is to be exercised by the Independent Monitor.

    ii.   The Independent Monitor is empowered to supervise all phases of any union election conducted by the District Council during his tenure, and to certify the results of any such election.  The term "supervise" as used in this paragraph 5.j. has the meaning ascribed to it in cases arising under Title IV of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 481 *et seq*.

    iii.   The Independent Monitor has the authority to prescribe threshold qualifications—consistent with section 401 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 481, and 29 C.F.R. § 452.32 *et seq*.—for any candidate seeking a position as an officer of the District Council, provided that the Independent Monitor may not remove any qualification for office prescribed by the UBC Constitution as of the date of this Stipulation and Order.

    iv.   Any candidate seeking to run for a position as an officer of the District Council during the Independent Monitor's tenure must first be approved by the Independent Monitor, who will determine whether in light of the terms and objectives of the Consent Decree the candidate is qualified to run for office and represent the union membership.  Any such decision by the Independent Monitor will be final and non-reviewable.

    v.   For the purpose of paragraph 5.j.iv, the term "officer of the District Council" means the District Council's Executive Secretary-Treasurer, President, Vice President, Trustees, Warden, and Conductor.

vi.   The Independent Monitor will propose election rules and submit them to the Court for approval.

k.   **Retention of Records**. Upon the Independent Monitor's request, the District Council must notify the Independent Monitor prior to the destruction of any specified record or category of records described in the records retention schedule.

l.   **Reports to the Court**.

i.   The Independent Monitor may report to the Court whenever the Independent Monitor deems fit.

ii.   The Independent Monitor must file a written report not less than every six months regarding his activities. The Independent Monitor may report to the Court in letter form of up to 10 pages double-spaced in addition to the written reports set forth in the preceding sentence. The Independent Monitor will assess in writing the progress (including specific steps and metrics) toward achieving the objectives of this Stipulation and Order, the sustainability of reforms that have been implemented, and recommendations for going forward. Copies of all reports to the Court must be timely served on the Government and on the District Council and, as appropriate, the Benefit Funds. The Independent Monitor will determine the frequency at which such reports are necessary, subject to the above.

iii.   The Independent Monitor may provide drafts of the reports described in this paragraph 5.l to the District Council or the Benefit Funds for their input or response at an appropriate time before the reports are filed. But the Independent Monitor may elect not to provide such advance drafts for any reason.

iv.   The Independent Monitor's reports as described in this paragraph 5.l. and elsewhere in this Stipulation and Order should be filed on the public docket in the above-captioned case, unless the Independent Monitor determines that public filing will be prejudicial to an investigation or to the Independent Monitor's activities pursuant to this Stipulation and Order. If the Independent Monitor so determines, the Independent Monitor (a) must file the report under seal, but must file as much of the report on the public docket as possible without causing the identified prejudice; (b) must provide the Court, the Government, the District Council, and the Benefit Funds with a justification for the sealed filing, which may also be filed under seal if necessary to avoid the identified prejudice; and (c) must, no less often than once a year, review the sealed report to determine if the seal is still necessary, and either publicly file the report if the seal is not still necessary or provide notice to the Court, the Government, the District Council, and the Benefit Funds of the justification for continuing the seal. The Government, the District Council, the Benefit Funds, or any person aggrieved by the sealing or continued sealing of a report may petition the Court to unseal the report, and the Court may unseal the report in whole or in part upon a determination that the interest in unsealing the report outweighs the justification for sealing it.

v.  Neither the reporting obligation in this paragraph 5.1 nor any other reporting obligation in this Stipulation and Order precludes the Independent Monitor from offering, or the Government, the Court, the District Council, or the Benefit Funds from soliciting, the Independent Monitor's interim advice or opinion on any matter.

6.  **Toll-Free Hotline**.  The toll-free telephone hotline described in the June 2010 Stipulation and Order will be operated by the Independent Monitor to solicit and receive allegations of wrongdoing or corruption by any person in connection with the operations of the District Council.  The District Council and the Independent Monitor will transfer the oversight of the toll-free hotline to the Office of the Inspector General on or before June 1, 2018.

7.  **Cooperation**.  The District Council, including all officers, employees, trustees, and members, shall cooperate with the Independent Monitor in any matter undertaken by the Independent Monitor pursuant to this Stipulation and Order.  Failure to cooperate with the Independent Monitor is expressly made a violation of this Stipulation and Order.

8.  **Compensation, Term, and Hiring Authority**.

a.  **Hiring**.  The Independent Monitor may employ or engage the services of any personnel necessary to assist in the proper discharge of the Independent Monitor's duties.  The Independent Monitor has the authority to designate persons of his choosing to act on his behalf in performing any of his duties as outlined in this Stipulation and Order.

b.  **Compensation and Expenses**.

i.  The compensation and expenses of the Independent Monitor, and of the persons hired under his authority, must be paid by the District Council, except that the Benefit Funds will pay all compensation and expenses that arise solely out of investigations related to the Funds.  In billing, the Independent Monitor will separate the amounts attributable solely to investigations of the Benefit Funds. The parties presume that at a minimum $75,000 per month will be sufficient for the total cost of the Independent Monitor's activities.  If the Independent Monitor determines that he needs to spend more than that in a given month, he must provide notice as soon as practicable to all parties, but is not constrained from proceeding with his actions and expenditures.

ii.  The Independent Monitor will provide monthly statements to the District Council, the Benefit Funds, and the Government setting forth an accounting of all claimed compensation and expenses, including time and activity records or other appropriate supporting materials.  The District Council and the Benefit Funds each must pay the Independent Monitor the amount specified in the monthly statements separately charged to them within twenty days.  Failure to timely pay the amount specified in the Independent Monitor's monthly statement is a breach of this Stipulation and Order by the District Council and may be punishable as contempt of court.

iii. Within 30 days of the Independent Monitor's submission of his monthly statement, the District Council or the Benefit Funds may challenge the amount specified in the statement, or any expenses detailed in that statement, by filing a written objection with the Court. Such an objection, however, does not relieve the District Council or the Benefit Funds of its obligation to pay the monthly statement within the time specified in paragraph 8.b.ii. If the District Council or the Benefit Funds is successful in its challenge, it will be entitled to a credit in the amount by which the compensation and expenses are reduced by the Court.

iv. Within 30 days of the Independent Monitor's submission of his monthly statement, the Benefit Funds may challenge any amount charged on the grounds that it is unrelated to an investigation by filing a written objection with the Government. The Government will determine whether the compensation or expense was attributable to an investigation. The Government's determination will be final and non-reviewable. Such an objection, however, does not relieve the Benefit Funds of their obligation to pay the amount specified. If the Government determines that the amount was not attributable to an investigation, the District Council will credit the Benefit Funds for the amount paid.

c. **Term of the Independent Monitor**. The term of the Independent Monitor is extended through March 31, 2019.

i. Upon consent of the District Council, the Benefit Funds, the Government, and the Independent Monitor, the Court may extend the term of the Independent Monitor for any period. If the Government, the Independent Monitor, and either the District Council or the Benefit Funds agree to such an extension, the Court may extend the term of the Independent Monitor as applicable to the consenting party.

ii. At any time during the Independent Monitor's term, if the Government, in consultation with the Independent Monitor, determines that the District Council is complying with the terms and advancing the objectives of this Stipulation and Order and the 1994 Consent Decree, that it is continuing to implement necessary reforms, and that its reforms appear effective and sustainable, the Government may petition the Court for the Independent Monitor to remain in place but to exercise more limited authority, or for the Independent Monitor's authority over the District Council to cease, to be reinstated by the Court only upon a petition by the Government with notice and opportunity to be heard provided to the District Council.

iii. The decision of the Government whether to petition the Court under paragraph 8.c.ii rests entirely in the Government's discretion, and is not subject to judicial review.

iv. The District Council, the Benefit Funds, or the Government may petition the Court, on notice to the parties and the Independent Monitor, to dismiss the Independent Monitor for commission of an illegal act by the Independent Monitor or by an employee of the Independent Monitor with the Independent Monitor's knowledge and approval, for inadequate or unreasonable performance of the

duties and responsibilities provided for in this Stipulation and Order, or for any other good cause found by the Court.  If the Independent Monitor is dismissed upon such a petition, or otherwise fails to complete his term of office, the Government, the District Council, and the Benefit Funds must promptly meet to discuss the appointment of a replacement Independent Monitor.  In the event the parties are unable to agree, the Government must promptly submit a list of replacement candidates to the Court; the District Council must also submit a list of replacement candidates; the Benefit Funds will have the opportunity to be heard on the lists of proposed replacement candidates; and the Court will select the candidate from the lists submitted to the Court who is best qualified to further the objectives of the Consent Decree and this Stipulation and Order.

9.        **Indemnification**.  The District Council must indemnify out of its own funds the Independent Monitor and any persons hired by or acting on behalf of the Independent Monitor from personal liability (and any costs incurred to defend against any claim of liability) for any of their actions reasonably taken pursuant to and in accordance with this Stipulation and Order.  Alternatively, the District Council may purchase a policy of insurance or bonds in an appropriate amount to provide the same indemnification.  In addition, the Independent Monitor and any persons designated or hired by the Independent Monitor to act under this Stipulation and Order are to be entitled to whatever privileges and immunities from personal liability that may exist under the law for court-appointed officers.

10.      **Judicial Review**.  Final decisions pursuant to paragraph 5.b.ii of this Stipulation and Order, and the Independent Monitor's certification of election results pursuant to paragraph 5.j of this Stipulation and Order, may be reviewed by the Court upon a petition for review by the District Council, the Government, the Independent Monitor, or any aggrieved person.  Any such petition must be filed within 30 days of the decision for which review is sought.  In reviewing the decision, the Court will apply the same standard of review of final agency action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* to the decision or recommendation of the Independent Monitor at issue.  In the absence of a timely petition for review, unless equitably tolled, the decision at issue will become final and unreviewable.  All other decisions of the Independent Monitor are final and unreviewable except as expressly provided in this Stipulation and Order.  Nothing in this paragraph or this Stipulation and Order precludes the District Council, the Benefit Funds, the Government, or any aggrieved person from petitioning the Court on the ground that the Independent Monitor has exceeded his authority under this Stipulation and Order.

11.      **Miscellaneous Provisions**

a.       **Conflict with this Stipulation and Order**.  To the extent this Stipulation and Order conflicts with any current or future rights, privileges, or rules applicable to the District Council or its membership or the Benefit Funds, the District Council, as the representative of its membership, and the Benefit Funds hereby waive compliance with any such right, privilege or rule and agree that they and the District Council's membership will act in accordance with this Stipulation and Order.

b.       **Privilege**.  Neither the District Council nor the Benefit Funds waives any right they may have to invoke any applicable privilege or work-product protection prior to production of any information to the Independent Monitor, but must, upon request of

the Independent Monitor, comply with Fed. R. Civ. P. 26(b)(5)(A) and this Court's Local Civil Rule 26.2. Production of information to the Independent Monitor is not to be deemed a waiver of any applicable privilege or work-product protection, pursuant to Fed. R. Evid. 502(d). Additionally, the District Council and the Benefit Funds agree to the Independent Monitor's review and use of information provided to him in furtherance of their common interest in achieving the objectives of this Stipulation and Order, and accordingly the production of information to the Independent Monitor is not to be deemed a waiver of applicable privilege or work-product protection. Upon a claim of privilege or work-product protection, whether before or after the Independent Monitor is given access to information, the Independent Monitor, the District Council, the Benefit Funds, or the Government may petition the Court to determine the applicability and scope of the privilege or work-product protection.

c.   **HIPAA**. Disclosure of any information covered by the protections of the Health Insurance Portability and Accountability Act of 1996 but otherwise required by this Stipulation and Order is hereby ordered by the Court, pursuant to 45 C.F.R. § 164.512(e)(1)(i).

d.   **Other Government Action**. Nothing herein precludes the Government, or any of its departments or agencies, from taking any appropriate action in regard to the District Council or the Benefit Funds pursuant to and in accordance with the Consent Decree or this Stipulation and Order, as applicable, or in reliance on any federal laws, including any criminal investigation or prosecution, and any action under the federal tax laws.

e.   **Retention of Jurisdiction**. This Court retains exclusive jurisdiction to supervise implementation of this Stipulation and Order and retains exclusive jurisdiction to decide any and all issues arising under this Stipulation and Order, and any and all disputes growing out of the issuance, interpretation, or application of this Stipulation and Order. The Independent Monitor or any party to this Stipulation and Order may apply to the Court for any orders necessary or appropriate to implement the Consent Decree and this Stipulation and Order, including orders to obtain discovery and/or information or orders preventing non-parties from interfering with the implementation of the Consent Decree or this Stipulation and Order. The Independent Monitor will have the right to intervene in any matter or proceeding concerning this Stipulation and Order.

f.   **Status of Consent Decree and Other Orders**. The entry of this Stipulation and Order does not supersede or affect the Consent Decree or the rights and obligations of the parties under the Consent Decree or subsequent orders of the Court. Except as specified herein, the entry of this Stipulation and Order does not supersede or affect any other Order that the Court has entered in this case.

g.   **All Writs Act**. Subject to applicable law, the Government or the Independent Monitor may apply to this Court at any time pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for relief as against non-parties to the Consent Decree or this Stipulation and Order, including employers of members of the District Council, and any other

non-party who may be in a position to interfere with the implementation of the Consent Decree or this Stipulation and Order. Upon such application, the Court may grant such relief as may be necessary and appropriate to prevent the frustration of the Consent Decree and this Stipulation and Order, subject to applicable law. The Government or the Independent Monitor may apply to the Court for the issuance of subpoenas necessary to obtain any information, documents, or testimony relevant to such an application, or other proceedings hereunder.

h.   **Attorney's Fees and Costs**. The entry of this Stipulation and Order is without attorney's fees or costs to any party.

i.   **Notice**. Any notice, except notices to the Court, required by this Stipulation and Order may be provided by electronic mail.

j.   **Counterpart Signatures**. This Stipulation may be executed in two or more counterparts, each of which is to be deemed an original, but all of which together constitute the same instrument.

CONSENTED AND AGREED TO:

Dated:   New York, New York          ROBERT S. KHUZAMI
         May 18, 2018                Acting United States Attorney for the
                                     Southern District of New York
                                     Attorney for Plaintiff United States

                        By:    _____
                               BENJAMIN H. TORRANCE
                               Assistant United States Attorneys
                               86 Chambers Street
                               New York, New York 10007
                               Phone: 212.637.2703
                               Fax: 212.637.2702
                               E-mail: benjamin.torrance@usdoj.gov

- 17 -

Dated:    New York, New York
          May /5, 2018

BRACEWELL LLP
Attorneys for Defendant
District Council of New York City and
Vicinity of the United Brotherhood of
Carpenters and Joiners of America

By:   _____
      BARBARA S. JONES
      1251 Avenue of the Americas, 49th Floor
      New York, New York 10020-1100
      Phone: 212.508.6105
      Fax: 212.938.3804
      E-mail: barbara.jones@bracewell.com

Dated:    New York, New York
          May ___, 2018

DISTRICT COUNCIL OF NEW YORK
CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA

By:   _____
      JOSEPH A. GEIGER
      Executive Secretary-Treasurer

Dated:    New York, New York
          May ___, 2018

KAUFF MCGUIRE & MARGOLIS LLP
Attorney for Benefit Funds

By:   _____
      RAYMOND MCGUIRE
      950 Third Avenue, 14th floor
      New York, New York 10022-2705
      Telephone: 212.909.0711
      Fax: 212.694.1936
      E-mail: mcguire@kmm.com

Dated:    New York, New York
          May ___, 2018

BENEFIT FUNDS

By:   _____
      JOSEPH A. GEIGER, Co-Chairman
      Benefit Funds Union Trustee

By:   _____
      DAVID MEBERG, Co-Chairman
      Benefit Funds Employer Trustee

- 18 -

SO ORDERED.

Dated:     New York, New York
          May ___, 2018

_____

VICTOR MARRERO, U.S.D.J.

# EXHIBIT A



**ZUCKERMAN** SPAEDER LLP

1185 AVENUE OF THE AMERICAS   31ST FLOOR
NEW YORK, NY 10036-2603
212.704.9600   212.704.4256 fax   www.zuckerman.com

BARBARA S. JONES
Partner
(212) 897-3437
bjones@zuckerman.com

November 14, 2014

**<u>VIA HAND DELIVERY AND ECF</u>**

Hon. Richard M. Berman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. District Council*, No. 90-cv-5722

Dear Judge Berman:

The District Council, the Benefit Funds, and the government write to submit this second proposed Stipulation and Order, which was approved by the Delegate Body of the District Council on October 8, 2014, and signed by the parties on November 14, 2014. This Stipulation and Order is substantially the same as the previously submitted Stipulation and Order of May 27, 2014, with the exception of paragraph 5.b.iii, relating to the Independent Monitor's review and oversight authority, and paragraph 5.j.iv, relating to the approval of candidates for District Council Office, in light of guidance from Your Honor. The dates in the Stipulation have also been updated to reflect those set at the court conference of September 30, 2014, and in your order of October 1, 2014.

Following the September 30 conference and in response to Your Honor's concerns with the two aforementioned provisions, the District Council met with the government to discuss alternative mechanisms that might be acceptable to the Court. We take this opportunity to describe these changes and the parties' reasoning in support of the new proposals.

Under the newly proposed paragraph 5.b.iii, if the Independent Monitor ("IM") makes the determination that an action of the District Council or of a member of the Council constitutes or furthers an act of racketeering, furthers association with any barred person, violates any law or court order in this case, is contrary to any fiduciary responsibility under 29 U.S.C. § 501 or ERISA, or is inconsistent with the objectives of the Stipulation and Order and Consent Decree, the IM will give the District Council and, if applicable, the person to be removed from office or employment notice and an opportunity to be heard. If the Council or the individual does not reply to the IM, does not agree with the IM's proposed course of action, or the IM is not persuaded by the proffered reply, the IM will present his evidence and recommendation for action to the District Council's Executive Committee.

WASHINGTON, DC          **NEW YORK**          TAMPA          BALTIMORE



Hon. Richard M. Berman
November 14, 2014
Page 2

The Executive Committee will then make the final decision whether there is substantial evidence to support the conclusion of the IM and whether the action should or should not be taken or the person should or should not be removed from office or employment or face other action. Following this decision, the aggrieved party, whether it is the IM, the Council or the individual facing removal, may then petition Your Honor for review of the Executive Committee's decision. In conducting this review, the position of the IM will be given the same level of deference afforded to final agency action under the Administrative Procedures Act.

The parties believe that this review structure addresses both the concerns of the Court and of the parties. Instead of placing the decision regarding the action to be taken in the Court, as the May proposed Stipulation and Order did, the newly proposed paragraph 5.b.iii turns this decision-making inward to the Union, addressing Your Honor's concern that this is the direction that should be followed to enhance union self-governance. The new mechanism continues to allow for appeals to Your Honor, as did the June 2010 Stipulation and Order, but places the initial decision-making in the hands of the Council. This is an important step as it places the union leadership in the position to make potentially unpopular decisions necessary for the good of the Union and consistent with the objectives of the Consent Decree and Stipulation and Order. Moreover, this decision and review protocol reflects the government's and Review Officer's stated recognition of the impressive progress recently made by the District Council.

Effective, self-governance by the Council is the goal of all of the parties in this case. To achieve this goal, the District Council needs to be able to demonstrate to the Court and to the government that it can effectively monitor itself through its own institutions and policies, and make its own lawful decisions.

As noted above, the current proposal will allow the District Council to make decisions in the first instance but will also provide a critical backstop of review from Your Honor. We recognize that the provision is a way station between having a Review Officer with the power of the veto and a place without any government supervision. This middle ground is the space that the District Council now occupies, and we submit that the powers granted to the IM should reflect this reality. And this stopover is a worthwhile one. It is significant that the District Council itself will be called upon to make the decision about the implementation of the position of the IM. This will be an important learning experience for the Executive Committee, allowing the union to truly exercise the self-governance that is a critical goal of the National Labor Relations Act, *see* 29 U.S.C. § 151. At the same time, the continuing ability for an aggrieved party to petition the Court for review recognizes that the Council is still on the path of recovery from the influences of corruption and racketeering addressed by the Consent Decree and earlier Stipulations and Orders. Further, how well the Executive Committee comports itself in this less supervised decision-making role will serve as a clear metric of the extent to which the Council has internalized the goals of the Consent Decree and Stipulation and Order.



Hon. Richard M. Berman
November 14, 2014
Page 3

The parties have also agreed to remove the four subparagraphs that were added to paragraph 5.j.iv in the May 27, 2014 proposed Stipulation and Order.  Upon reflection and discussion between the parties, we agree with Your Honor that the inclusion of these subparagraphs that laid out when an individual could not run for office was unnecessary.  Thus, the newly proposed Stipulation and Order excises these provisions from paragraph 5.j.iv.

The parties respectfully submit this revised Stipulation and Order and hope that it has met all of Your Honor's concerns in order to serve as a productive governing document for the District Council and the Benefit Funds to continue progressing to a point where day-to-day oversight is no longer necessary.

Respectfully submitted,

/s/

Barbara S. Jones


**CC:**

Raymond McGuire
Benjamin H. Torrance
Tara M. LaMorte
James M. Murphy
Dennis M. Walsh
Bridget M. Rohde