USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/23/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
UNITED STATES OF AMERICA,          :
                                   :
            Plaintiff,             :
                                   :   90 Civ. 5722 (VM)
     - against -                   :
                                   :   **ORDER**
DISTRICT COUNCIL OF NEW YORK       :
CITY AND VICINITY OF THE           :
UNITED BROTHERHOOD OF              :
CARPENTERS AND JOINERS             :
OF AMERICA, et al.,                :
                                   :
            Defendants.            :
-------------------------------- X

**VICTOR MARRERO, United States District Judge.**

In light of this case's nearly three-decades-long history, the Court assumes familiarity with the factual background and lengthy procedural developments in this litigation and, for the purpose of ruling on the matter now before the Court, addresses only briefly the relevant background below.

By letter dated August 15, 2018, Joseph Lauer ("Lauer"), a member of Local 157 of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council"), wrote to the Court seeking judicial "intervention" regarding an allegation of fraud. (See "Aug. 15 Letter," Dkt. No. 1820.) As set forth in the August 15 Letter and its attachments, Lauer alleges that, about a decade ago, John DeLollis ("DeLollis"), a trustee of New York District of Carpenters Benefit Funds (the

1

"Funds"), owned two nonunion companies: Capital Interiors Corp. ("Capital Interiors") and Hudson Interior Contracting Inc. ("Hudson Interior Contracting"). While DeLollis owned these two companies, he also allegedly owned Interiormetrix, Inc., which was a union company that signed collective bargaining agreements with the District Council and the Northeast Regional Council of Carpenters (the "CBAs"). Due to his ownership of a signatory company, the CBAs prohibit DeLollis's simultaneous ownership of both union and nonunion companies.

As proof of DeLollis's nonunion ownership, Lauer provided checks, dated from between April 2008 and September 2009, that DeLollis signed as owner of Capital Interiors and Hudson Interior Contracting, with the payee information redacted. Lauer now requests an "independent forensic audit . . . related to the possible defrauding by DeLollis." (Id. at 1.)

Upon receipt of the August 15 Letter, the Court directed the Independent Monitor, Glen McGorty (the "Monitor"), to respond. (See Aug. 15 Letter at 2.) The Monitor subsequently notified the Court that Lauer had previously raised his concerns with the Monitor's office, but since then "a prior Stipulation and Order issued in this matter terminated the [Monitor]'s [o]ffice's oversight and investigative authority

2

with respect to the . . . Funds," requiring the Monitor to "forward[] the materials relating to Mr. Lauer's claims to the Funds' Chief Compliance Officer . . . for his review." (See "Sept. 6 Letter," Dkt. No. 1821 at 1.)

On September 14, 2018, the Funds submitted, under seal, the October 26, 2017 report of the Chief Compliance Officer ("CCO") detailing its previous careful investigation and conclusion about DeLollis's activities, which was conducted in response to Lauer's previous allegations (the "Report"). The Court has conducted an ex parte review of the Report and summarizes it below.

During its investigation, the Monitor's office interviewed DeLollis twice in person, and had three telephone calls with Lauer. The Report described DeLollis as helpful and willing to answer questions, but it noted that he did not recall many details from these decade-old activities. The Report found Lauer to be uncooperative, "somewhat paranoid," and ultimately "declined to meet or provide additional information" such as the identity of the redacted payees. The Monitor's office also interviewed DeLollis's former foreman, who did not remember much about the alleged nonunion activities. Likewise, when contacted, the former Independent Monitor did not remember any details of his prior investigation into the same allegations years earlier.

The Report concluded that DeLollis "violated his then-union [CBA] by taking an ownership interest in two nonunion companies." However, the Report also summarized certain mitigating considerations DeLollis presented about his nonunion activities. Apparently, DeLollis claimed to have become involved in the nonunion companies in order to wind down their businesses and assist a family member and friend facing "extraordinary difficulties." DeLollis lacked documentary evidence about these mitigating considerations, but the Report found "some credible evidence" to credit his claims.

Thus, despite the technical violations of the CBAs, the CCO concluded in the Report that "I do not believe DeLollis presents an integrity challenge" and he would not seek "punitive action at this late date." His conclusion considered both the amount of time that passed since the alleged conduct, and the "totality of the circumstances."

The Court is persuaded that the CCO's investigation was an adequate independent examination of the limited and dated claims presented by Lauer. The Court agrees with the Report's finding that no further action is warranted.

## ORDER

Having reviewed the record herein, the Court is persuaded that no further action is warranted. Accordingly, Joseph Lauer's request for judicial intervention (Dkt. No. 1820) is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
23 January 2019

VICTOR MARRERO
U.S.D.J.