UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

        v.

DISTRICT COUNCIL OF NEW YORK CITY AND VICINITY OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al.,

        Defendants.

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/1/2021
```

90 Civ. 5722 (VM)

**SUPPLEMENTAL STIPULATION AND ORDER WITH RESPECT TO THE INDEPENDENT MONITOR'S AUTHORITY OVER UNION MEMBERSHIP AND THE DISTRICT COUNCIL'S OVERSIGHT OF AFFILIATED LOCAL UNIONS**

      WHEREAS, on March 4, 1994, the Court approved a Consent Decree (the "Consent Decree"; Docket No. 410) in the above-captioned action, brought under the civil remedies provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, between plaintiff the United States (the "Government") and defendants, including the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council").  The Consent Decree among other things permanently enjoined all current and future officers, employees, and members of the District Council and its constituent locals from engaging in any act of racketeering activity as defined in 18 U.S.C. § 1961; knowingly associating with any member or associate of any La Cosa Nostra crime family or any other criminal group, or with any person prohibited from participating in union affairs (collectively, "barred persons"); and obstructing or interfering with the work of the officers described in the Consent Decree;

      WHEREAS, following a series of events including the August 2009 indictment of Michael Forde, who was the District Council's Executive Secretary-Treasurer (the "EST") and a trustee of the Benefit Funds, as well as local union officials, shop stewards, and a contractor, by Order dated June 3, 2010, the Court entered a Stipulation between and among the Government and the District Council and Benefit Funds which created the position of Review Officer,  and during the term of the Review Officer the District Council implemented numerous reforms and made significant progress in advancing the objectives of the June 2010 Stipulation and Order (Docket No. 941);

      WHEREAS, following the term of the Review Officer, the Government, District Council, and the Benefit Funds agreed that the continuing presence of an independent monitor was advisable in order for the District Council to operate free from the influence of racketeering and corruption, demonstrate its ability to sustain the implemented reform measures and progress toward self-governance;

      WHEREAS, on November 18, 2014, the Court entered a Stipulation and Order Regarding Appointment of an Independent Monitor in the above captioned action, between and among the Government, the District Council, and the Benefit Funds (the "November 2014 Stipulation and

Order"; Docket No. 1595), which, *inter alia*, appointed as the Independent Monitor Glen G. McGorty.  Further, on April 18, 2016, the Court entered a Stipulation and Order Regarding Extension of the Independent Monitor's Term, between and among the Government, the District Council, and the Benefit Funds (the "April 2016 Stipulation and Order"; Docket No. 1678), which extended the term of the Independent Monitor for twelve months, and further specified that "[u]pon consent of the District Council, the Benefit Funds, the Government, and the Independent Monitor, the Court may extend the term of the Independent Monitor for any period." (April 2016 Stipulation and Order ¶ 8.c);

WHEREAS, the Government, District Council, Independent Monitor, and the Benefit Funds in April 2017 entered into a further Stipulation and Order Regarding Extension of the Independent Monitor's term to March 31, 2018 (the "April 2017 Stipulation and Order"; Docket No. 1757), with further extensions to April 30, 2018 and to May 31, 2018 and to March 31, 2019 (the "2018 Stipulations and Orders Regarding Interim Extensions of the Independent Monitor's Term" entered on, respectively, March 28, 2018 (Docket No. 1790), April 19, 2018 (Docket No. 1798), and June 1, 2018 (Docket No. 1806); the further interim extensions of the 2018 Stipulation and Order Regarding Extension of the Independent Monitor's Term (Docket No. 1806) to and through October 16, 2019 (Docket Nos. 1832, 1833, 1835, 1836, 1837, 1839, and 1840); the Stipulation and Order Regarding Extension of the Independent Monitor's Term to and through December 31, 2020 (Docket No. 1842 filed October 17, 2019) (the "2019 Stipulation and Order"), the extension of the 2019 Stipulation and Order to January 31, 2021 by agreement of the parties and So Ordered by the Court on December 30, 2020 (Docket No. 1853), and the Stipulation and Order Regarding the Extension of the Independent Monitor's Term to and through December 31, 2021 (Docket No. 1855 filed January 25, 2021) (the "2021 Stipulation and Order");

WHEREAS, the Independent Monitor installed under the November 2014 Stipulation and Order has overseen the District Council and the Benefit Funds since January 1, 2015;

WHEREAS, the Government, District Council, and Independent Monitor attest to the continuing progress made by the District Council and its implementation of additional policy reforms and best practices such as policies governing, limiting, and documenting all expenses, electronic reporting by Shop Stewards, revising the Bylaws and rules governing the Out of Work List, the creation and staffing of the Office of the Inspector General and the Chief Compliance Officer, rules establishing the qualifications for candidates and the procedures for the election and appointment process of District Council officers and employees, the creation and enhancement of information and technology resources, and mechanisms to ensure that contractors do not fall irretrievably behind on the payment of benefits.  Each of these and other reforms were put in place to safeguard against racketeers regaining influence over the District Council by increasing its compliance tools, accountability, and transparency, and they resulted in significant progress such that, according to the outgoing Review Officer, by 2014, the officers of the District Council, its affiliate local unions, and the Benefit Funds were free of the influence of organized criminal groups and were strictly law abiding, thereby advancing the objectives of the June 2010 Stipulation and Order;

WHEREAS, the Government, District Council, and Independent Monitor agree that the District Council has continued to make progress in transitioning toward self-governance and has demonstrated its ability to do so without the need of constant review and intervention from the Independent Monitor, but that the oversight of the Independent Monitor remains necessary to

ensure that the District Council's implemented improvements—including the information technology upgrades, the transitioning of responsibilities to the Inspector General, and the strengthening of the Office of the Inspector General—continue to be sustained as safeguards against corrupt influences;

WHEREAS, the Government, District Council, and Independent Monitor agree that the continued oversight of the Independent Monitor is necessary in order for the District Council to continue to complete the transition to self-governance;

WHEREAS, with the efforts of the District Council's Inspector General's Office, the Independent Monitor, and the Government, various alleged irregular and criminal activities were uncovered, leading to the Government in June 2019 unsealing a multi-count indictment and arresting the President of affiliated Local Union 926 and the Vice-President of affiliated Local Union 157 for, *inter alia*, a conspiracy and operational scheme of selling union memberships into Local Union 926, with the prosecution pending in United States v. Salvatore Tagliaferro a/k/a/ "Sal," and John DeFalco a/k/a "Cigars", 19-CRIM-472 (PAC), S.D.N.Y., filed June 25, 2019;

WHEREAS, immediately following the unsealing of the indictment in United States v. Salvatore Tagliaferro a/k/a/ "Sal," and John DeFalco a/k/a "Cigars", and the arrests of Tagliaferro and DeFalco, the District Council's international union parent, the UBC, placed affiliated Local Union 926 under international union trusteeship, which was lifted on January 19, 2021 following reforms and elections of new officers and other officials of Local Union 926;

WHEREAS, this Stipulation and Order does not purport to outline all of the responsibilities of the District Council, the Benefit Funds, and the representatives of each under the law, or to limit the applicability of those other legal obligations, recognizing that the District Council is governed, among other things, by the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*, and the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.*, and the Benefit Funds by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act, 29 U.S.C. § 401 *et seq.*;

WHEREAS, this Supplemental Stipulation and Order was first entered by this Court on November 24, 2020 (Docket No. 1851) and extended January 31, 2021 by agreement of the parties and So Ordered by the Court on December 30, 2020 (Docket No. 1853) now, therefore,

IT IS HEREBY ORDERED, upon the stipulation and agreement of the Government and the District Council, in conjunction with the Independent Monitor, as follows:

1. All the terms, conditions, and definitions of the 1994 Consent Decree, the 2019 Stipulation and Order, and all other applicable Orders of the Court are incorporated into this Supplemental Stipulation and Order.

2. **Authority of the Court**. The Court has authority to enter this Supplemental Stipulation and Order pursuant to its inherent power, including the inherent power to enforce, ensure compliance with, and modify the Consent Decree and the 2019 Stipulation and Order; Rule 60(b) of the Federal Rules of Civil Procedure; the Court's contempt powers; and 18 U.S.C. § 1964.

3. **Independent Monitor's Authority with Respect to Union Membership.** Notwithstanding any other provisions of the Consent Decree, the 2019 Stipulation and Order, other applicable Orders of the Court, and any other applicable governing documents of the United Brotherhood of Carpenters and Joiners of America (the "UBC") or the District Council, the Independent Monitor and/or the District Council's Inspector General is authorized to investigate and prefer charges against any Member of the District Council for being a member of or knowingly associating with any member or associate of any La Cosa Nostra crime family or any other criminal group, or with any person prohibited from participating in union affairs (collectively referred to as "barred persons"). The Independent Monitor or the District Council's Inspector General is authorized to seek the discipline of any Member hereunder, including the expulsion from union membership of any Member who has violated the above proscriptions. The following procedures shall be followed for disciplinary proceedings under this paragraph.

   a. The Independent Monitor or the District Council's Inspector General shall serve written and signed specific charge(s) upon the charged party.

   b. A hearing on the charges shall be scheduled for no sooner than thirty (30) days and no later than sixty (60) days after service of the charge(s) upon the charged party.

   c. The charges(s) shall be heard and decided by an independent Hearing Officer. Sharon L. McCarty, Esq. of the firm of Kostelanetz & Fink is hereby appointed as the Hearing Officer. The District Council will pay the Hearing Officer's invoices within 60 days of receipt. The District Council will indemnify the Hearing Officer in the same manner that it does for the Independent Monitor under paragraph 9 of the Stipulation and Order Extending the Independent Monitor's Term entered on October 17, 2019 (Docket No. 1842). Ms. McCarthy's removal or appointment of a successor Hearing Officer shall be by further Order of the Court.

   d. The hearing shall be conducted under the rules and procedures generally applicable to labor arbitration hearings. The hearing shall be transcribed before a certified court reporter, witnesses will testify under oath or affirmation, and hearing transcripts and exhibits shall be maintained by the Hearing Officer. Confidential law enforcement information shall be protected.

   e. The charged party may be represented at the hearing by a Member of the District Council or an attorney.

   f. The findings and decision of the Hearing Officer shall be final and binding except that the charged party or the Independent Monitor or the District Council's Inspector General may appeal an adverse decision by the Hearing Officer to the Court. In reviewing petitions for review of the Hearing Officer's decision, the Court will afford the findings and decision of the Hearing Officer the same level of deference afforded to final agency action under the Administrative Procedure Act.

4. **Admission of New Members into an Affiliated Local Union of the District Council.** In addition to the requirements enumerated in Sections 42, 43, and 44 of the UBC Constitution, candidates for admission into a Local Union affiliated with the District Council will provide

to the District Council a completed application form and any other supporting documents pertaining to admission to membership.  After successful vetting by the District Council, the District Council's EST in conjunction with the District Council's Chief Compliance Officer will decide whether to accept the candidate into membership and assignment of the new Member to a particular Local Union based upon considerations of geographical location (meaning the residency of the new Member), legacy matters, specialized craft qualification (e.g., Dockbuilder, Timberman, Millwright, Floor Coverer, Architectural Millworker, High Rise Concrete Carpenter, Shop Worker), and organizational imperatives of the District Council.  The decision of the District Council's EST in conjunction with the District Council's Chief Compliance Officer whether to admit and assign to a particular Local Union a candidate for membership is reviewable by the UBC.

5. **Transfer of Members from Outside the District Council into the District Council and Transfer of Members of an Affiliated Local Union to another Affiliated Local Union.**  In conjunction with and supplementing the provisions of Section 46 of the UBC Constitution, any current Member of an unaffiliated Local Union or an affiliated Local Union will submit the transfer documents to the District Council for review.  If the District Council determines that the transfer documents are in order, the EST in conjunction with the Chief Compliance Officer will assign the transferring Member to a particular Local Union based upon considerations of geographical location(meaning the residency of the new Member), legacy matters, specialized craft qualification (e.g., Dockbuilder, Timberman, Millwright, Floor Coverer, Architectural Millworker, High Rise Concrete Carpenter, Shop Worker), and organizational imperatives of the District Council.  A Member disputing the assignment to a particular Local Union may appeal that decision under Section 53-G of the UBC Constitution.

6. **Local Union Elections.**  In conjunction with, and as a supplement to, the provisions under Sections 31 and 53-G of the UBC Constitution, any candidate for position of Local Union officer or executive committee member, for the Local Union Executive Delegate to the District Council's Executive Committee, or the Local Union's Delegate to the District Council's Delegate Body shall complete an affidavit or declaration with respect to disqualifying criminal convictions under Section 504 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 504, and a separate affidavit or declaration with respect to the Member's being a member or associate of any La Cosa Nostra crime family or any other criminal group, or associating with any person prohibited from participating in union affairs (collectively referred to as "barred persons").  These affidavits shall be submitted to the District Council for review by the EST and the District Council's Inspector General's Office to determine if there are any disqualifying criminal convictions or disqualifying barred-persons' membership or associations.

7. **Term.**  The term of this Supplemental Stipulation and Order shall continue to and through the term of the 2021 Stipulation and Order, which is to December 31, 2021.

THIS SPACE INTENTIONALLY LET BLANK<br>AND SIGNATURES ARE ON THE NEXT PAGE

CONSENTED AND AGREED TO:

| | | | |
|---|---|---|---|
| Dated: | New York, New York<br>January \_\_\_, 2021 | | AUDREY STRAUSS<br>United States Attorney<br>for the Southern District of New York<br>Attorney for Plaintiff United States |
| | | By: | _____<br>BENJAMIN H. TORRANCE<br>Assistant United States Attorneys<br>86 Chambers Street<br>New York, New York 10007<br>Phone: 212.637.2703<br>Fax: 212.637.2702<br>E-mail: benjamin.torrance@usdoj.gov |
| Dated: | New York, New York<br>January \_\_\_, 2021 | | BRACEWELL LLP<br>Attorneys for Defendant<br>District Council of New York City and<br>Vicinity of the United Brotherhood of<br>Carpenters and Joiners of America |
| | | By: | _____<br>BARBARA S. JONES<br>1251 Avenue of the Americas, 49th Floor<br>New York, New York 10020-1100<br>Phone: 212.508.6105<br>Fax: 212.938.3804<br>E-mail: barbara.jones@bracewell.com |
| Dated: | New York, New York<br>January \_\_\_, 2021 | | DISTRICT COUNCIL OF NEW YORK<br>CITY AND VICINITY OF THE UNITED<br>BROTHERHOOD OF CARPENTERS<br>AND JOINERS OF AMERICA |
| | | By: | _____<br>JOSEPH A. GEIGER<br>Executive Secretary-Treasurer |

SO ORDERED.

_____
          VICTOR MARRERO, U.S.D.J.

January \_\_\_\_, 2021

CONSENTED AND AGREED TO:

| | | | |
|---|---|---|---|
| Dated: | New York, New York<br>January ___, 2021 | | AUDREY STRAUSS<br>United States Attorney<br>for the Southern District of New York<br>Attorney for Plaintiff United States |
| | | By: | _____<br>BENJAMIN H. TORRANCE<br>Assistant United States Attorneys<br>86 Chambers Street<br>New York, New York 10007<br>Phone: 212.637.2703<br>Fax: 212.637.2702<br>E-mail: benjamin.torrance@usdoj.gov |
| Dated: | New York, New York<br>January ___, 2021 | | BRACEWELL LLP<br>Attorneys for Defendant<br>District Council of New York City and<br>Vicinity of the United Brotherhood of<br>Carpenters and Joiners of America |
| | | By: | _____<br>BARBARA S. JONES<br>1251 Avenue of the Americas, 49th Floor<br>New York, New York 10020-1100<br>Phone: 212.508.6105<br>Fax: 212.938.3804<br>E-mail: barbara.jones@bracewell.com |
| Dated: | New York, New York<br>January 26, 2021 | | DISTRICT COUNCIL OF NEW YORK<br>CITY AND VICINITY OF THE UNITED<br>BROTHERHOOD OF CARPENTERS<br>AND JOINERS OF AMERICA |
| | | By: | /s/ Joseph A. Geiger<br>JOSEPH A. GEIGER<br>Executive Secretary-Treasurer |

SO ORDERED.

_____
VICTOR MARRERO, U.S.D.J.

January ____, 2021

CONSENTED AND AGREED TO:

Dated: New York, New York
January ___, 2021

AUDREY STRAUSS
United States Attorney
for the Southern District of New York
Attorney for Plaintiff United States

By: _____
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Phone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

Dated: New York, New York
January 26, 2021

BRACEWELL LLP
Attorneys for Defendant
District Council of New York City and
Vicinity of the United Brotherhood of
Carpenters and Joiners of America

By: /s/ Barbara S. Jones
BARBARA S. JONES
1251 Avenue of the Americas, 49th Floor
New York, New York 10020-1100
Phone: 212.508.6105
Fax: 212.938.3804
E-mail: barbara.jones@bracewell.com

Dated: New York, New York
January ___, 2021

DISTRICT COUNCIL OF NEW YORK
CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA

By: _____
JOSEPH A. GEIGER
Executive Secretary-Treasurer

SO ORDERED.

_____
VICTOR MARRERO, U.S.D.J.

January ___, 2021

CONSENTED AND AGREED TO:

Dated:  New York, New York
        January 28, 2021

AUDREY STRAUSS
United States Attorney
for the Southern District of New York
Attorney for Plaintiff United States

By: _____
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Phone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

Dated:  New York, New York
        January ___, 2021

BRACEWELL LLP
Attorneys for Defendant
District Council of New York City and
Vicinity of the United Brotherhood of
Carpenters and Joiners of America

By: _____
BARBARA S. JONES
1251 Avenue of the Americas, 49th Floor
New York, New York 10020-1100
Phone: 212.508.6105
Fax: 212.938.3804
E-mail: barbara.jones@bracewell.com

Dated:  New York, New York
        January ___, 2021

DISTRICT COUNCIL OF NEW YORK
CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA

By: _____
JOSEPH A. GEIGER
Executive Secretary-Treasurer

SO ORDERED.

_____
Victor Marrero
U.S.D.J.

~~January~~ __1__, 2021
February

Page 6 of 6