590 Madison Avenue, 20th Floor, New York, NY  10022-2524 ▪ p212 223-4000 ▪ f212 223-4134



**Glen G. McGorty**
(212) 895-4246
GMcGorty@crowell.com

November 4, 2021

**VIA ECF**

Honorable Victor Marrero
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY  10007-1312

      RE:    **United States v. District Council of the
United Brotherhood of Carpenters, 90 Civ. 5722 (VM)**

Dear Judge Marrero:

      As the Independent Monitor of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council" or "Union"), I am writing to advise the Court—and effectively the membership—of a recent investigation conducted by the Office of the Inspector General (the "OIG"), in collaboration with my office.

      As the Court is aware, the Consent Decree issued in the above-referenced matter on March 3, 1994 (the "Consent Decree"), permanently enjoins all officers, employees, and members of the District Council and its constituent locals from engaging in "racketeering activity."  Specifically, officers, employees, and members are prohibited "from knowingly associating with any member or associate of any La Cosa Nostra crime family or any other criminal group, or with any person prohibited from participating in union affairs," otherwise known as "barred persons."  Consent Decree at 4.  This prohibition is also codified in Section IV of the District Council's Code of Ethics, and Section 2 of the District Council Bylaws.

      Last November, when my office became aware of allegations that certain members of the Union had associated with barred persons, I forwarded the complaint to Inspector General Richard Green who, in coordination with my office, immediately launched an investigation into the alleged misconduct.  Specifically, the complaint alleged that multiple Union members and employees had fraternized with and potentially sponsored known barred persons at an annual charity golf event in September 2020 on Long Island.  In the months that followed, the OIG, working with my office, conducted a lengthy and thorough investigation into the matter, reviewing documentary evidence

Honorable Victor Marrero
November 4, 2021
Page 2

and interviewing multiple witnesses, including the Local Union officer/District Council employee who was the main focus of the allegations (the "Senior Individual"). At the conclusion of the investigation, the OIG found that the Senior Individual did, in fact, associate with a barred person in contravention of the Consent Decree, and determined that removal from his position at the District Council was an appropriate resolution.

      IG Green then drafted charges against the Senior Individual and confronted him with the investigation's findings. Soon thereafter, the Senior Individual decided to retire from the Union, sparing the OIG, my office, and the Union from expending additional resources to prosecute the charges. Further, while the investigation revealed that other Union officers (some currently serving and some retired) and employees were also present at the golf outing in question, in the end, the OIG and my office determined that only the Senior Individual's conduct rose to the level of a Consent Decree violation. Nonetheless, the others were given warnings to avoid any contact with barred persons going forward. In addition, in response to this investigation, the District Council's Chief Compliance Officer imposed additional "barred persons" training protocols for the business representatives and District Council officers.

      Rarely does my office or the OIG make public statements about confidential investigations, but, as this investigation significantly impacts the District Council and its members, I decided to issue this notification to members while also reporting to the Court. First, it serves as a reminder to all members that irrespective of their seniority or status within the Union or as a District Council employee, no one will be permitted to flout the strict tenets of the Consent Decree, and no one will be permitted to fraternize in any way with anyone associated with organized crime. Second, it is an indication of the effectiveness of the OIG. As I reported in my Seventh Interim Report filed with the Court last year, my office has continued to work closely with the OIG and its investigative team. While the outcome of this investigation demonstrates the success of our collaborative efforts to root out corruption in all of its forms, it also illustrates the Inspector General's and his office's competence and expertise to receive and effectively investigate complaints of misconduct without extensive Monitor oversight.

      If the Court requires additional information regarding this matter, or wishes to review the comprehensive report prepared by the OIG, please advise me at Your Honor's convenience.

      Respectfully submitted,

      Glen G. McGorty

cc:    AUSA Benjamin Torrance
      Richard Green, Inspector General
      James Murphy, General Counsel, NY District Council