USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/1/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

UNITED STATES OF AMERICA,

Plaintiff,

v.

DISTRICT COUNCIL OF NEW YORK CITY AND VICINITY OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al.,

Defendants.

---------------------------------------------------------x

90 Civ. 5722 (VM)

**STIPULATION AND ORDER REGARDING EXTENSION OF THE INDEPENDENT MONITOR'S TERM AND MODIFICATIONS TO PROCEDURES**

WHEREAS, on March 4, 1994, the Court approved a Consent Decree (the "Consent Decree"; Docket No. 410) in the above-captioned action, brought under the civil remedies provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, between plaintiff the United States (the "Government") and defendants, including the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council"). The Consent Decree among other things permanently enjoined all current and future officers, employees, and members of the District Council and its constituent locals from engaging in any act of racketeering activity as defined in 18 U.S.C. § 1961; knowingly associating with any member or associate of any La Cosa Nostra crime family or any other criminal group, or with any person prohibited from participating in union affairs (collectively, "Barred Person(s)"); and obstructing or interfering with the work of the officers described in the Consent Decree;

WHEREAS, following a series of events including the August 2009 indictment of Michael Forde, who was the District Council's Executive Secretary-Treasurer and a trustee of the Benefit Funds, as well as local union officials, shop stewards, and a contractor, by Order dated June 3, 2010, the Court entered a Stipulation between and among the Government and the District Council and Benefit Funds which created the position of Review Officer, and during the term of the Review Officer the District Council implemented numerous reforms and made significant progress in advancing the objectives of the June 2010 Stipulation and Order (Docket No. 941);

WHEREAS, following the term of the Review Officer, the Government, District Council, and the Benefit Funds agreed that the continuing presence of an independent monitor was advisable in order for the District Council to operate free from the influence of racketeering and corruption, demonstrate its ability to sustain the implemented reform measures, and progress toward self-governance;

WHEREAS, on November 18, 2014, the Court entered a Stipulation and Order Regarding Appointment of an Independent Monitor in the above captioned action, between and among the Government, the District Council, and the Benefit Funds (the "November 2014 Stipulation and Order"; Docket No. 1595), which, *inter alia*, appointed Glen G. McGorty as the Independent Monitor. Mr. McGorty's tenure as the Independent Monitor has been extended through June 17,

2022 and as further extended through this Stipulation and Order;

WHEREAS, beginning in 2010 and continuing through the present, the District Council has developed, implemented, and continually improved upon an effective and sustainable organizational structure and compliance program designed to ensure that the District Council is run democratically, is free from the influence of organized criminal activity and other corrupt influences, and remains solely focused on promoting the best interests of the Union and its membership (collectively referred to as the "District Council Compliance Structure");

WHEREAS, by way of summary, the District Council Compliance Structure includes: (1) Bylaws that define the roles and responsibilities of District Council Officers, governing bodies, and, among other controls, establishes and maintains (a) the Office of the Inspector General, (b) Director of Operations, (c) Chief Accountant, (d) Director of Human Resources, and (e) Chief Compliance Officer; (2) a Code of Ethics, together with written policies and procedures including (a) an Accounting Manual that limits expenditures and establishes approval and documentation processes, (b) Personnel Policy Manual that governs hiring, discipline, and employee termination processes, and establishes behavioral expectations for all District Council employees, agents, and representatives, (c) Council Representative Manual that governs the conduct and daily activities of Council Representatives, (d) Investigative Guidelines that govern the conduct of the Inspector General's Office, (e) Job Referral Rules (a/k/a Out of Work List ("OWL") rules) governing nondiscriminatory job referrals, (f) Trial Procedures that govern the conduct of internal Union disciplinary proceedings brought by the Inspector General's Office and members of the District Council, (g) Shop Steward Code of Ethics, together with rules establishing the qualifications to become a Certified Shop Steward and procedures for reviewing whether a Shop Steward's responsibilities have been met, (h) procedures governing required daily electronic or telephonic reporting by Shop Stewards of District Council represented employees employed by signatory contractors and the hours they work, (i) rules establishing the qualifications for candidates for elected Union offices together with procedures for their election; and (3) processes to ensure that policies, procedures, and controls are effective, operating as intended, and are enhanced when required, including (a) the Audit Committee, charged with overseeing operation of the District Council's financial controls that includes employment of an accounting firm that is independent from the District Council's regular accounting firm, (b) the Compliance Committee comprised of the District Council's officers, directors, managers, IG, Chief Compliance Officer, and counsel charged with overseeing, and enhancing when needed, the District Council's overall compliance program, (c) the establishment of an Independent Hearing Officer and related procedures to prevent and remedy organized crime activity among the membership, and (d) the establishment of oversight authority by the Executive Secretary-Treasurer and the Chief Compliance Officer of affiliated Local Unions and membership admission and transfer procedures. Each of these and other reforms, together with the ongoing enhancement of information and technology resources and mechanisms, were put in place and are being maintained and continually enhanced to safeguard against racketeers regaining influence over the District Council.

WHEREAS, as described in the Eighth Interim Report of the Independent Monitor, dated and filed December 31, 2021 (Docket No. 1866) (the "Eighth Interim Report"), the District Council has continued to make progress towards self-governance under the Consent Decree. By way of summary, that progress includes (1) the appointment of an Independent Hearing Officer and the anti-corruption measures overseen by the District Council's Executive Secretary-Treasurer in conjunction with the Chief Compliance Officer under the Supplemental Stipulation and Order

with Respect to the Independent Monitor's Authority Over Union Membership and the District Council's Oversight of Affiliated Local Unions filed February 1, 2021 (Docket No. 1857), the material provisions of which are incorporated into this Stipulation and Order; (2) the enhancement of the Office of the Inspector General, with the successful implementation of anti-corruption programs and the successful conduct of investigations; (3) the compliance review of the Business Representative Center; and (4) ongoing monitoring of the job referral system (a/k/a the OWL"), including updating procedures along with skills and certifications available for those on the list so that staffing requests from signatory employer-contractors can be more efficiently made; (5) the continued roles of the Compliance Committee and the Audit Committee; and (6) ongoing training of District Council officers, employees, and Shop Stewards. See Eighth Interim Report at respectively 10, 18-22, 22-23, 25, 27-28, and 28-30.;

WHEREAS, the Government, District Council, and Independent Monitor agree that the District Council has continued to make progress in transitioning toward self-governance and has demonstrated its ability to do so without the need of constant review and intervention from the Independent Monitor so that now the role of the Independent Monitor can transition to one of involvement on an as needed basis, being available as requested by the Government, the District Council, or the Inspector General;

WHEREAS, the Government, District Council, and Independent Monitor agree that the progress described above and in the Independent Monitor's Eighth Interim Report warrant the Independent Monitor's regular oversight of the District Council to be transitioned to the District Council's Office of the Inspector General as the next step towards the District Council's transition to self-governance, while having the Independent Monitor available as he may be called upon as necessary in order for the District Council to complete the transition to self-governance; and

WHEREAS, this Stipulation and Order does not purport to outline all of the responsibilities of the District Council and its representatives under the law, or to limit the applicability of those other legal obligations, recognizing that the District Council is governed, among other things, by the National Labor Relations Act, 29 U.S.C. § 151 *et seq*., the Labor Management Relations Act, 29 U.S.C. § 141 *et seq*., and the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq*.; now, therefore,

IT IS HEREBY ORDERED, upon the stipulation and agreement of the Government and the District Council as follows:

1. **Definitions**. As used in this Stipulation and Order:

a. "Government" means with respect to this Stipulation and Order the Plaintiff in this action represented by the Office of the United States Attorney for the Southern District of New York.

b. "Benefit Funds" means the New York City District Council of Carpenters Pension Plan, the New York City District Council of Carpenters Welfare Fund, the New York City District Council of Carpenters Vacation Fund (now part of the Welfare Fund), the New York City District Council of Carpenters Annuity Fund, the New York City District Council of Carpenters Apprenticeship Journeymen Retraining Educational and Industry Fund, the New York City Carpenters Relief and Charity Fund, the New York

City District Council of Carpenters Scholarship Fund (part of the Welfare Fund), and any other fund or plan established now or in the future for the benefit of members of the District Council pursuant to section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5). The Benefit Funds are no longer a party to this Stipulation and Order but reference is made herein to them.

c. "District Council" means the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America. As used in this Stipulation and Order, "District Council" includes all constituent local unions, as well as the New York City District Council of Carpenters Retirement & Pension Plan for Officers and Employees and any other fund or plan established now or in the future for the benefit of the District Council's employees or officers as defined in 29 U.S.C. § 1002(3).

d. "Job Referral Rules" means the job referral rules established by the Consent Decree, as modified by any subsequent order of the Court, or approved by the Independent Monitor and the Government, with "Job Referral" and "Out of Work List" (the "OWL") used interchangeably.

e. "Member of the District Council" means any person who is a member of any union or labor organization that constitutes part of the District Council.

f. "Independent Monitor" means the oversight officer appointed by the Court, whose powers are enumerated in this Stipulation and Order.

g. "Inspector General" means the official employed by the District Council under its Bylaws and whose hiring, employment, and termination must have the consent of the Office of the United States Attorney for the Southern District of New York, with the Inspector General having all the authority and powers provided under the District Council's Bylaws and as enumerated in this Stipulation and Order.

2. **Authority of the Court**. The Court has authority to enter this Stipulation and Order pursuant to its inherent power, including the inherent power to enforce, ensure compliance with, and modify the Consent Decree and the 2010 Stipulation and Order; Rule 60(b) of the Federal Rules of Civil Procedure; the Court's contempt powers; and 18 U.S.C. § 1964.

3. **Continued Term of the Independent Monitor and the Inspector General**. Glen G. McGorty, of the firm Crowell & Moring, will continue as the Independent Monitor, exercising all authority described in this Stipulation and Order through the term specified in this Stipulation and Order. Richard J. Green, or his duly appointed successor, will continue as the District Council's Inspector General, exercising all authority under the District Council's Bylaws and as described in this Stipulation and Order. The District Council will provide the Inspector General and the office of the Inspector General with the personnel and resources to carry out his and his office's functions under the District Council's Bylaws and this Stipulation and Order.

4. **Role of the District Council**.

a. **District Council:** It was and is the responsibility of the District Council to (i) act as the collective bargaining representative of its members and to function as an exercise of workers' full freedom of association, self-organization, and as the representatives of those workers; (ii) take all reasonable steps to eliminate criminal elements, criminal activities, racketeering, and corruption from any part of the District Council and its operations; (iii) maintain and run the District Council democratically and fairly and without unlawful influence; and (iv) comply with and work in good faith to achieve the terms and objectives of the Consent Decree and this Stipulation and Order.

b. The appointment of the Independent Monitor provided in this Stipulation and Order is intended, in part, to enable the District Council and the Independent Monitor to assess whether the District Council has achieved the objectives of this Stipulation and Order, the preceding Stipulations and Orders, and the 1994 Consent Decree, and to permit the District Council to demonstrate its fulfillment of the goals specified in this paragraph 4.

5. **Authority of the Independent Monitor**. The Independent Monitor has the following authority, rights, and responsibilities:

a. **Discretionary Authority**. When specifically requested to assist by the Government, an executive officer of the District Council, the Inspector General, or the Chief Compliance Officer, the Independent Monitor has the authority to ensure compliance with the injunctions set forth in the Consent Decree; to investigate the operations of the District Council, including but not limited to investigating allegations of corruption and wrongdoing by officers, representatives, agents, employees, members, and trustees; to bring disciplinary charges against any District Council officers, representatives, agents, employees, or members; and to exercise the authorities, rights, and powers reasonably necessary to accomplish the particular assignment. Nothing precludes the Independent Monitor on his own discretion from performing any the actions described herein, even in the absence of a request from the Government or an official of the District Council. In addition, the Independent Monitor has the authority to review and report on the District Council's attaining the goals of the Consent Decree and any other prior order of the Court in this case, or as described in his Interim Reports and summarized above on pages 1-3 of this Stipulation and Order.

b. **Review and Oversight Authority.** Upon reviewing any matter described in this paragraph 5, the Independent Monitor may determine that the matter reviewed (a) constitutes or furthers an act of racketeering as defined in 18 U.S.C. § 1961; or (b) furthers or contributes to the association, directly or indirectly, of any member, employee, officer, trustee, or representative of the District Council with any barred person; or (c) is contrary to or violates any law or Court order entered in this case; or (d) is contrary to any fiduciary responsibility imposed by 29 U.S.C. § 501 or the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. (ERISA) ; or (e) is otherwise inconsistent with the objectives of this Stipulation and Order.

i. Upon such a determination in the case of the District Council, following

investigation by the Independent Monitor, the Independent Monitor must give written notice to the District Council and, if applicable, the individual to be removed from office or employment, that the expenditure, investment, contract, continued position in office or employment, proposed appointment to office or employment, proposed change to the Bylaws, or other rule, policy, or practice meets one of the conditions specified in paragraph 5.a. immediately above. The Independent Monitor will provide the District Council and, if applicable, the individual whose continued position in office or employment is at issue, an opportunity to be heard. The District Council and, if applicable, the individual, then has five business days to provide a written response to the Independent Monitor. If the District Council or the individual fails to provide a response within five business days, or, following that response, the Independent Monitor, in his discretion, determines that a reasonable basis for the expenditure, investment, contract, continued position in office or employment, proposed appointment to office or employment, proposed change to the Bylaws, or other rule, policy, or practice has not been established, then the Independent Monitor will present his evidence and recommendation for action to the District Council's Executive Committee.

ii. The District Council's Executive Committee shall determine if there is substantial evidence to support the conclusion of the Independent Monitor and will make a final decision on whether the action should or should not be taken or whether an individual should or should not be removed from office or employment or face other action. The aggrieved party, whether it be the Independent Monitor, District Council, or individual facing removal from office or employment, may petition the Court for review of the final decision of the Executive Committee. The other parties, and the Government, will be given notice and an opportunity to be heard regarding such petition. In reviewing petitions for review arising from this paragraph 5, the Court will afford the recommendation of the Independent Monitor the same level of deference afforded to final agency action under the Administrative Procedure Act.

iii. In his sole discretion, the Independent Monitor may require that, from the time he provides the initial written notice described in this paragraph to the time the Court decides the Independent Monitor's petition for review or the Independent Monitor declines to pursue such a petition, the expenditure, investment, contract, proposed appointment to office, proposed change to the Bylaws, or other rule, policy, or practice at issue must be held in abeyance except that if the District Council determines, with the written advice of its counsel, that to do so would violate a legal obligation or cause significant financial risk, the District Council may provide prompt notice to the Court, the Government, and the Independent Monitor, then may proceed with the action.

iv. The application of the provisions of this paragraph 5 shall continue to be construed in accordance with Exhibit A to the 2014 Stipulation and Order (Docket No. 1588) (a copy of which is annexed to this Stipulation and Order as Exhibit A) and the representations made in the November 24, 2014 status conference with the Court.

c. **Access to Information**. The Independent Monitor will have the authority to take such reasonable steps that are lawful and necessary in order to be fully informed about the relevant activities of the District Council and to discharge the duties and responsibilities. The Independent Monitor must have access to information as follows:

i. The right to attend all meetings of the District Council, any governing body or committee of the District Council, or the District Council membership.

ii. The complete and unfettered access to, and the right to make copies of, all books, records, accounts, correspondence, files, and other documents of, the District Council, including, without limitation, all books, records, accounts, correspondence, files, and other documents that are in the possession or control of third parties.

iii. The right to compel audits and accountings of the assets of the District Council.

iv. The right to interview and to take and compel the sworn statement or sworn in-person oral deposition of any officer, agent, representative, employee, trustee, or member of the District Council concerning any matter within authority under this Stipulation and Order, provided that the person to be examined receives reasonable advance notice of the interview or deposition, and may be represented by legal counsel of his or her choice. Notice will also be provided to the District Council through its counsel, unless the Independent Monitor determines that such notice would be prejudicial to his investigation, in which case the Independent Monitor must provide the Court and the Government with justification for conducting the interview or deposition without such notice. Nothing in this Stipulation and Order restricts the ability of the District Council to provide counsel to any person if the District Council reasonably chooses to do so. Notwithstanding any other provisions of this Stipulation and Order, the Independent Monitor will not commence any inquiries or investigations unless: (1) the Independent Monitor is requested to do so by the Inspector General, or (2) the Inspector General is unable to carry out his duties and obligations, or (3) the Independent Monitor has reason to believe that criminal elements or other external forces are threatening or influencing the District Council or its affiliated local unions, or (4) the Independent Monitor is requested to do so by the U.S. Attorney's Office, or (5) with the express approval of the U.S. Attorney's Office, the Independent Monitor has determined that some other circumstance warrants action by the Independent Monitor. The Independent Monitor has sole discretion to determine whether any of these triggering conditions has been met. Nothing in this Stipulation and Order diminishes in any way the Independent Monitor's authority to take any other lawful action to be fully informed about the activities of the District Council and other persons or entities who are compensated for services rendered to the District Council as such activities relate to the District Council whenever those activities occurred.

v. The right, with authorization of the Court, to issue subpoenas for testimony or documents from any person or entity. Application to the Court for authorization

to issue a subpoena must be made on notice to the Government. Notice will also be provided to the District Council through its counsel, unless the Independent Monitor determines that such notice would be prejudicial to his investigation, in which case the Independent Monitor must provide the Court and the Government with justification for issuing the subpoena without such notice.

vi. Except as he determines it necessary in good faith in connection with his responsibilities under this Stipulation and Order, the Independent Monitor will make all reasonable efforts to preserve the confidentiality, if any, of information and documents to which he has access.

d. **Referral of Matters to the Office of the Inspector General and the Independent Monitor**.

i. Representatives, officers, and employees of the District Council must promptly report to the Office of the Inspector General and the Independent Monitor (1) any known or suspected violations of the Consent Decree, including any known or suspected violations of the Job Referral Rules; (2) any known or suspected violations of local, state, or federal law (not including labor law or ERISA, as provided for in the next clause) related to the activities of the District Council or the employment of District Council members; (3) any known or suspected criminal violations of labor law or ERISA by any person associated with the District Council, including employers of District Council members; (4) any known or suspected violations of any Court orders entered in this case; and (5) any known or suspected violations of any District Council collective bargaining agreement pertaining to payment of wages or benefits or the union security clause. Recognizing that the goal under this Stipulation and Order is to enhance the authority and investigative responsibilities of the Office of the Inspector General, in the event that the Independent Monitor receives communications from officers, employees, members, contractors, or any third parties with respect to the District Council, the Independent Monitor will refer such communications to the Office of the Inspector General for appropriate follow-up investigation and action, unless in the Independent Monitor's sole discretion, some other course of action is warranted. Nothing in this paragraph imposes an independent affirmative obligation on any person to learn the contents of any law, court order, consent decree, or collective bargaining agreement.

ii. The District Council may also elect to refer any other matter to the Independent Monitor. In all cases where the District Council refers a matter to the Independent Monitor, the Independent Monitor, at his election, may accept the matter for investigation or may decline to investigate. In the event the Independent Monitor informs the District Council that he will investigate a matter, the District Council must take no action with respect to the matter unless authorized to do so by the Independent Monitor. If the Independent Monitor declines the matter for investigation, the District Council can investigate if it so chooses.

iii. The Inspector General and the Independent Monitor, as heretofore, have the authority to bring disciplinary proceedings under the "District Council of New

York and Vicinity Trial Procedures" approved by the Delegate Body on August 28, 2013 and any amendments to those procedures. The Trials are overseen by two alternating Trial Chairs. One is an experienced labor lawyer with federal administrative agency experience, is a longtime labor arbitrator, and has worked as a court appointed official under the United States v. International Brotherhood of Teamsters, et al. civil RICO Consent Decree case. The other is a retired Captain and attorney of the NYPD where he supervised a large staff dealing with internal NYPD disciplinary cases.

e. **Continuing Mandatory Authority:** Notwithstanding the provisions of this paragraph 5 above and in addition to any requirements of the District Council Bylaws, the District Council must consult with, and obtain written approval from, the Independent Monitor before taking any of the following actions: (1) amending the District Council Bylaws, (2) amending the District Council Out of Work List Rules, (3) terminating or hiring a replacement for the District Council Inspector General, Director of Operations, Chief Accountant, Human Resources Director, or the Chief Compliance Officer**.**

f. **Supervision and Conduct of Elections**.

i. The authority over elections in this paragraph 5.f. is to be exercised by the Independent Monitor.

ii. The Independent Monitor is empowered to supervise all phases of any union election conducted by the District Council during his tenure, and to certify the results of any such election. The term "supervise" as used in this paragraph f. has the meaning ascribed to it in cases arising under Title IV of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 481 *et seq*.

iii. The Independent Monitor has the authority to prescribe threshold qualifications—consistent with section 401 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 481, and 29 C.F.R. § 452.32 *et seq*.—for any candidate seeking a position as an officer of the District Council, provided that the Independent Monitor may not remove any qualification for office prescribed by the Constitution of the United Brotherhood of Carpenters and Joiners of America ("UBC") as of the date of this Stipulation and Order.

iv. Any candidate seeking to run for a position as an officer of the District Council during the Independent Monitor's tenure must first be approved by the Independent Monitor, who will determine whether in light of the terms and objectives of the Consent Decree the candidate is qualified to run for office and represent the union membership. Any such decision by the Independent Monitor will be final and non-reviewable.

v. For the purpose of this paragraph 5.f., the term "officer of the District Council" means the District Council's Executive Secretary-Treasurer, President, Vice President, Trustees, Warden, and Conductor.

vi. The Independent Monitor will propose election rules and submit them to the Court for approval.

g. **Communication with the Membership**. The Independent Monitor may distribute to the District Council membership written reports describing the activities of the Independent Monitor or any other information he deems advisable. The Independent Monitor may determine in his discretion when to publish such reports, and must be given access to any District Council publication that concerns the affairs of the union, including *The Carpenter* or any other newsletter, and any District Council website, e-mail address list, or other means of electronic communication, to communicate with the membership. The Independent Monitor may also communicate to the membership in person, at meetings, or otherwise. The Independent Monitor will generally endeavor to communicate recommendations regarding policy changes to the District Council's officers before communicating them to the membership, but is not bound to do so.

h. **Reports to the Court**.

i. The Independent Monitor or the Inspector General may report to the Court whenever they deem fit.

ii. The District Council must submit annually a written report to the Independent Monitor and the Court regarding the implementation, effectiveness, and sustainability of its Compliance Structure and its programs and ongoing activities. The Independent Monitor may file a response to the District Council's report with the Court in addition to any other written reports that the Independent Monitor desires to issue.

iii. The Independent Monitor may provide drafts of the reports described in this paragraph 5 to the District Council for its input or response at an appropriate time before the reports are filed. But the Independent Monitor may elect not to provide such advance drafts for any reason.

iv. The Independent Monitor's and the District Council's reports as described in this paragraph 5.h. and elsewhere in this Stipulation and Order should be filed on the public docket in the above-captioned case, unless the Independent Monitor determines that public filing will be prejudicial to an investigation or to the Independent Monitor's activities pursuant to this Stipulation and Order. If the Independent Monitor so determines, the Independent Monitor (a) must file the report under seal, but must file as much of the report on the public docket as possible without causing the identified prejudice; (b) must provide the Court, the Government, and the District Council with a justification for the sealed filing, which may also be filed under seal if necessary to avoid the identified prejudice; and (c) must, no less often than once a year, review the sealed report to determine if the seal is still necessary, and either publicly file the report if the seal is not still necessary or provide notice to the Court, the Government, and the District Council of the justification for continuing the seal. The Government, the District Council, or any person aggrieved by the sealing or continued sealing of a report may petition

the Court to unseal the report, and the Court may unseal the report in whole or in part upon a determination that the interest in unsealing the report outweighs the justification for sealing it.

v. Neither the reporting obligation in this paragraph 5 nor any other reporting obligation in this Stipulation and Order precludes the Independent Monitor from offering, or the Government, the Court, or the District Council from soliciting, the Independent Monitor's interim advice or opinion on any matter.

6. **Toll-Free Hotline**. The toll-free telephone hotline described in the June 2010 Stipulation and Order will continue to be operated by the Office of the Inspector General to solicit and receive allegations of wrongdoing or corruption by any person in connection with the operations of the District Council. From the date of entry of this Stipulation and Order and going forward, any complaint or inquiry received by the Independent Monitor or his designees will be referred without unreasonable delay to the Office of the Inspector General or other appropriate District Council officer, representative, or agent for response.

7. **Cooperation**. The District Council, including all officers, employees, trustees, and members, shall cooperate with the Inspector General and the Independent Monitor in any matter undertaken by the Inspector General or the Independent Monitor pursuant to this Stipulation and Order. Failure to cooperate with the Inspector General or the Independent Monitor is expressly made a violation of this Stipulation and Order. The District Council will semi-annually make a written report directly to the Independent Monitor of its progress in implementing goals and sustaining implemented improvements toward corruption-free self-governance.

8. **Hiring Authority, Compensation, and Term**.

a. **Hiring**. The Independent Monitor may employ or engage the services of any personnel necessary to assist in the proper discharge of the Independent Monitor's duties. The Independent Monitor has the authority to designate persons of his choosing to act on his behalf in performing any of his duties as outlined in this Stipulation and Order. To the extent possible, the Independent Monitor will continue to utilize the personnel and resources of the District Council's Office of the Inspector General to undertake investigations and otherwise to assist the Independent Monitor in the proper discharge of his duties.

b. **Compensation and Expenses**.

i. The compensation and expenses of the Independent Monitor, and of the persons hired under his authority, must be paid by the District Council. The Independent Monitor will bill his fees and costs and those persons employed or used by him on an hourly basis at his and their regular hourly rates with time charged in 6-minute (i.e., $^{1}/_{10}$ of an hour) increments.

ii. The Independent Monitor will provide monthly statements to the District Council and the Government setting forth an accounting of all claimed compensation and expenses, including time and activity records or other appropriate supporting materials. The District Council must pay the Independent Monitor the amount

specified in the monthly statements separately charged to them within twenty days. Failure to timely pay the amount specified in the Independent Monitor's monthly statement is a breach of this Stipulation and Order by the District Council and may be punishable as contempt of court.

iii. Within 30 days of the Independent Monitor's submission of his monthly statement, the District Council may challenge the amount specified in the statement, or any expenses detailed in that statement, by filing a written objection with the Court. Such an objection, however, does not relieve the District Council of its obligation to pay the monthly statement within the time specified in this paragraph 8. If the District Council is successful in its challenge, it will be entitled to a credit in the amount by which the compensation and expenses are reduced by the Court.

c. **Term of the Independent Monitor**. The term of the Independent Monitor is extended through January 31, 2024.

i. Upon consent of the District Council, the Government, and the Independent Monitor, the Court may extend the term of the Independent Monitor for any period. If the Government, the Independent Monitor, and the District Council agree to such an extension, the Court may extend the term of the Independent Monitor as applicable to the consenting party.

ii. At any time during the Independent Monitor's term, if the Government, in consultation with the Independent Monitor, determines that the District Council is complying with the terms and advancing the objectives of this Stipulation and Order and the 1994 Consent Decree, that it is continuing to implement necessary reforms, and that its reforms appear effective and sustainable, the Government may petition the Court for the Independent Monitor to remain in place but to exercise more limited authority than provided in this Stipulation and Order, or for the Independent Monitor's authority over the District Council to cease, to be reinstated by the Court only upon a petition by the Government with notice and opportunity to be heard provided to the District Council.

iii. The decision of the Government whether to petition the Court under paragraph 8.c.ii. rests entirely in the Government's discretion and is not subject to judicial review.

iv. The District Council or the Government may petition the Court, on notice to the other party and the Independent Monitor, to dismiss the Independent Monitor for commission of an illegal act by the Independent Monitor or by an employee of the Independent Monitor with the Independent Monitor's knowledge and approval, for inadequate or unreasonable performance of the duties and responsibilities provided for in this Stipulation and Order, or for any other good cause found by the Court. If the Independent Monitor is dismissed upon such a petition, or otherwise fails to complete his term of office, the Government and the District Council must promptly meet to discuss the appointment of a replacement Independent Monitor. In the event the parties are unable to agree, the

Government must promptly submit a list of replacement candidates to the Court and the District Council must also submit a list of replacement candidates. The Court will select the candidate from the lists submitted to the Court who is best qualified to further the objectives of the Consent Decree and this Stipulation and Order.

9. **Indemnification**. The District Council must indemnify out of its own funds the Independent Monitor and any persons hired by or acting on behalf of the Independent Monitor from personal liability (and any costs incurred to defend against any claim of liability) for any of their actions reasonably taken pursuant to and in accordance with this Stipulation and Order. Alternatively, the District Council may purchase a policy of insurance or bonds in an appropriate amount to provide the same indemnification. In addition, the Independent Monitor and any persons designated or hired by the Independent Monitor to act under this Stipulation and Order are to be entitled to whatever privileges and immunities from personal liability that may exist under the law for court-appointed officers.

10. **Independent Monitor's and Inspector General's Authority with Respect to Union Membership.** Notwithstanding any other provisions of the Consent Decree, other applicable Orders of the Court, and any other applicable governing documents of the UBC or the District Council, the Independent Monitor and/or the District Council's Inspector General are authorized to investigate and prefer charges against any Member of the District Council for being a Barred Person. The Independent Monitor or the District Council's Inspector General is authorized to seek the discipline of any Member hereunder, including the expulsion from union membership of any Member who has violated the above proscriptions. The following procedures shall be followed for disciplinary proceedings under this paragraph.

a. The Independent Monitor or the District Council's Inspector General shall serve written and signed specific charge(s) upon the charged party.

b. A hearing on the charges shall be scheduled for no sooner than thirty (30) days and no later than sixty (60) days after service of the charge(s) upon the charged party.

c. The charges(s) shall be heard and decided by an independent Hearing Officer. Sharon L. McCarthy, Esq. of the firm of Kostelanetz & Fink is hereby appointed as the Hearing Officer. The District Council will pay the Hearing Officer's invoices within 60 days of receipt. The District Council will indemnify the Hearing Officer in the same manner that it does for the Independent Monitor under paragraph 9 of the Stipulation and Order. Ms. McCarthy's removal or appointment of a successor Hearing Officer shall be by further Order of the Court.

d. The hearing shall be conducted under the rules and procedures generally applicable to labor arbitration hearings. The hearing shall be transcribed before a certified court reporter, witnesses will testify under oath or affirmation, and hearing transcripts and exhibits shall be maintained by the Hearing Officer. Confidential law enforcement information shall be protected.

e. The charged party may be represented at the hearing by a Member of the District Council or an attorney.

f. The findings and decision of the Hearing Officer shall be final and binding except that the charged party or the Independent Monitor or the District Council's Inspector General may appeal an adverse decision by the Hearing Officer to the Court. In reviewing petitions for review of the Hearing Officer's decision, the Court will afford the findings and decision of the Hearing Officer the same level of deference afforded to final agency action under the Administrative Procedure Act.

11. **Admission of New Members into an Affiliated Local Union of the District Council.** In addition to the requirements enumerated in Sections 42, 43, and 44 of the UBC Constitution, candidates for admission into a Local Union affiliated with the District Council will provide to the District Council a completed application form and any other supporting documents pertaining to admission to membership. After successful vetting by the District Council, the District Council's Executive Secretary-Treasurer ("EST") in conjunction with the District Council's Chief Compliance Officer will decide whether to accept the candidate into membership and assignment of the new Member to a particular Local Union based upon considerations of geographical location (meaning the residency of the new Member), legacy matters, specialized craft qualification (e.g., Dockbuilder, Timberman, Millwright, Floor Coverer, Architectural Millworker, High Rise Concrete Carpenter, Shop Worker), and organizational imperatives of the District Council. The decision of the District Council's EST in conjunction with the District Council's Chief Compliance Officer whether to admit and assign to a particular Local Union a candidate for membership is reviewable by the UBC.

12. **Transfer of Members from Outside the District Council into the District Council and Transfer of Members of an Affiliated Local Union to another Affiliated Local Union.** In conjunction with and supplementing the provisions of Section 46 of the UBC Constitution, any current Member of an unaffiliated Local Union or an affiliated Local Union will submit the transfer documents to the District Council for review. If the District Council determines that the transfer documents are in order, the EST in conjunction with the Chief Compliance Officer will assign the transferring Member to a particular Local Union based upon considerations of geographical location (meaning the residency of the new Member), legacy matters, specialized craft qualification (e.g., Dockbuilder, Timberman, Millwright, Floor Coverer, Architectural Millworker, High Rise Concrete Carpenter, Shop Worker), and organizational imperatives of the District Council. A Member disputing the assignment to a particular Local Union may appeal that decision under Section 53-G of the UBC Constitution.

13. **District Council Employment, Local Union Employment, and Local Union Elections.** In conjunction with, and as a supplement to, the provisions under Sections 31 and 53-G of the UBC Constitution, any candidate for employment by the District Council or a Local Union or candidate for a position of Local Union officer or executive committee member, for the Local Union Executive Delegate to the District Council's Executive Committee, or the Local Union's Delegate to the District Council's Delegate Body shall complete an affidavit or declaration with respect to disqualifying criminal convictions under Section 504 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 504, and a separate affidavit or declaration with respect to the Member's being a Barred Person. These affidavits shall be submitted to the District Council for review by the EST and the District Council's Inspector General's Office to determine if there are any disqualifying criminal convictions or disqualifying Barred Persons' membership or associations.

14. **Judicial Review**. Final decisions pursuant to paragraphs 5.b. or 10.f. of this Stipulation and Order, and the Independent Monitor's certification of election results pursuant to paragraph 5.f. of this Stipulation and Order, may be reviewed by the Court upon a petition for review by the District Council, the Government, the Independent Monitor, or any aggrieved person. Any such petition must be filed within thirty (30) days of the decision for which review is sought. In reviewing the decision, the Court will apply the same standard of review of final agency action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. to the decision or recommendation of the Independent Monitor at issue. In the absence of a timely petition for review, unless equitably tolled, the decision at issue will become final and unreviewable. All other decisions of the Independent Monitor are final and unreviewable except as expressly provided in this Stipulation and Order. Nothing in this paragraph or this Stipulation and Order precludes the District Council, the Government, or any aggrieved person from petitioning the Court on the ground that the Independent Monitor has exceeded his authority under this Stipulation and Order.

15. **Miscellaneous Provisions**

a. **Conflict with this Stipulation and Order**. To the extent this Stipulation and Order conflicts with any current or future rights, privileges, or rules applicable to the District Council or its membership, the District Council, as the representative of its membership, hereby waives compliance with any such right, privilege, or rule and agree that they and the District Council's membership will act in accordance with this Stipulation and Order.

b. **Privilege**. The District Council does not waive any right it may have to invoke any applicable privilege or work-product protection prior to production of any information to the Independent Monitor, but must, upon request of the Independent Monitor, comply with Fed. R. Civ. P. 26(b)(5)(A) and this Court's Local Civil Rule 26.2. Production of information to the Independent Monitor is not to be deemed a waiver of any applicable privilege or work-product protection, pursuant to Fed. R. Evid. 502(d). Additionally, the District Council agrees to the Independent Monitor's review and use of information provided to him in furtherance of their common interest in achieving the objectives of this Stipulation and Order, and accordingly the production of information to the Independent Monitor is not to be deemed a waiver of applicable privilege or work-product protection. Upon a claim of privilege or work-product protection, whether before or after the Independent Monitor is given access to information, the Independent Monitor, the District Council, or the Government may petition the Court to determine the applicability and scope of the privilege or work-product protection.

c. **HIPAA**. Disclosure of any information covered by the protections of the Health Insurance Portability and Accountability Act of 1996 but otherwise required by this Stipulation and Order is hereby ordered by the Court, pursuant to 45 C.F.R. § 164.512(e)(1)(i).

d. **Other Government Action**. Nothing herein precludes the Government, or any of its departments or agencies, from taking any appropriate action in regard to the District Council pursuant to and in accordance with the Consent Decree or this Stipulation and

Order, as applicable, or in reliance on any federal laws, including any criminal investigation or prosecution, and any action under the federal tax laws.

e. **Retention of Jurisdiction**. This Court retains exclusive jurisdiction to supervise implementation of this Stipulation and Order and retains exclusive jurisdiction to decide any and all issues arising under this Stipulation and Order, and any and all disputes growing out of the issuance, interpretation, or application of this Stipulation and Order. The Independent Monitor or any party to this Stipulation and Order may apply to the Court for any orders necessary or appropriate to implement the Consent Decree and this Stipulation and Order, including orders to obtain discovery and/or information or orders preventing non-parties from interfering with the implementation of the Consent Decree or this Stipulation and Order. The Independent Monitor will have the right to intervene in any matter or proceeding concerning this Stipulation and Order.

f. **Status of Consent Decree and Other Orders**. The entry of this Stipulation and Order does not supersede or affect the Consent Decree or the rights and obligations of the parties under the Consent Decree or subsequent orders of the Court. Except as specified herein, the entry of this Stipulation and Order does not supersede or affect any other Order that the Court has entered in this case.

g. **All Writs Act.** Subject to applicable law, the Government or the Independent Monitor may apply to this Court at any time pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for relief as against non-parties to the Consent Decree or this Stipulation and Order, including employers of members of the District Council, and any other non-party who may be in a position to interfere with the implementation of the Consent Decree or this Stipulation and Order. Upon such application, the Court may grant such relief as may be necessary and appropriate to prevent the frustration of the Consent Decree and this Stipulation and Order, subject to applicable law. The Government or the Independent Monitor may apply to the Court for the issuance of subpoenas necessary to obtain any information, documents, or testimony relevant to such an application, or other proceedings hereunder.

h. **Attorney's Fees and Costs**. The entry of this Stipulation and Order is without attorney's fees or costs to any party.

i. **Notice**. Any notice, except notices to the Court, required by this Stipulation and Order may be provided by electronic mail.

j. **Counterpart Signatures**. This Stipulation may be executed in two or more counterparts, each of which is to be deemed an original, but all of which together constitute the same instrument.

**[COUNTERPART SIGNATURES ON FOLLOWING PAGE]**

CONSENTED AND AGREED TO:

Dated: New York, New York
June 30, 2022

DAMIAN WILLIAMS
United States Attorney
for the Southern District of New York
Attorney for Plaintiff United States

By: ______________________________
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Phone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

Dated: New York, New York
June 30, 2022

BRACEWELL LLP
Attorneys for Defendant
District Council of New York City and
Vicinity of the United Brotherhood of
Carpenters and Joiners of America

By: ______________________________
BARBARA S. JONES
31 West 52nd Street
New York, New York 10019--6118
Phone: 212.508.6105
Fax: 212.938.3804
E-mail: barbara.jones@bracewell.com

Dated: New York, New York
June 30, 2022

DISTRICT COUNCIL OF NEW YORK
CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA

By: ______________________________
JOSEPH A. GEIGER
Executive Secretary-Treasurer

SO ORDERED.

Dated: New York, New York
_______ ___, 2022

______________________________
VICTOR MARRERO, U.S.D.J.

CONSENTED AND AGREED TO:

Dated: New York, New York
June 30, 2022

DAMIAN WILLIAMS
United States Attorney
for the Southern District of New York
Attorney for Plaintiff United States

By: ______________________________
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Phone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

Dated: New York, New York
June 30, 2022

BRACEWELL LLP
Attorneys for Defendant
District Council of New York City and
Vicinity of the United Brotherhood of
Carpenters and Joiners of America

By: ______________________________
BARBARA S. JONES
31 West 52nd Street
New York, New York 10019--6118
Phone: 212.508.6105
Fax: 212.938.3804
E-mail: barbara.jones@bracewell.com

Dated: New York, New York
June 30, 2022

DISTRICT COUNCIL OF NEW YORK
CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA

By: ______________________________
JOSEPH A. GEIGER
Executive Secretary-Treasurer

SO ORDERED.

Dated: New York, New York
________ ___, 2022

______________________________
VICTOR MARRERO, U.S.D.J.

CONSENTED AND AGREED TO:

Dated: New York, New York
June 30, 2022

DAMIAN WILLIAMS
United States Attorney
for the Southern District of New York
Attorney for Plaintiff United States

By: ______________________________
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Phone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

Dated: New York, New York
June 30, 2022

BRACEWELL LLP
Attorneys for Defendant
District Council of New York City and
Vicinity of the United Brotherhood of
Carpenters and Joiners of America

By: ______________________________
BARBARA S. JONES
31 West 52nd Street
New York, New York 10019--6118
Phone: 212.508.6105
Fax: 212.938.3804
E-mail: barbara.jones@bracewell.com

Dated: New York, New York
June 30, 2022

DISTRICT COUNCIL OF NEW YORK
CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA

By: ______________________________
JOSEPH A. GEIGER
Executive Secretary-Treasurer

SO ORDERED.

Dated: New York, New York
_______ ___, 2022

______________________________
VICTOR MARRERO, U.S.D.J.

CONSENTED AND AGREED TO:

Dated: New York, New York
June 30, 2022

DAMIAN WILLIAMS
United States Attorney
for the Southern District of New York
Attorney for Plaintiff United States

By: ______________________________
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Phone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

Dated: New York, New York
June 30, 2022

BRACEWELL LLP
Attorneys for Defendant
District Council of New York City and
Vicinity of the United Brotherhood of
Carpenters and Joiners of America

By: Barbara S. Jones
BARBARA S. JONES
31 West 52nd Street
New York, New York 10019--6118
Phone: 212.508.6105
Fax: 212.938.3804
E-mail: barbara.jones@bracewell.com

Dated: New York, New York
June 30, 2022

DISTRICT COUNCIL OF NEW YORK
CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA

By: ______________________________
JOSEPH A. GEIGER
Executive Secretary-Treasurer

SO ORDERED.

Dated: New York, New York
July 1, 2022

______________________________
VICTOR MARRERO, U.S.D.J.