# Exhibit A

| | |
|---|---|
| IN RE:  THOMAS FICAROTTA | **DECISION OF INDEPENDENT HEARING OFFICER AND ORDER** |

## I.    Background

On May 15, 2023, Richard Green, the Inspector General ("IG") of New York City & Vicinity District Council of Carpenters ("District Council"), served a Notice and Charges Against Member on Thomas Ficarotta ("Ficarotta").  Inspector General's Exhibit ("IG Exh.") 2[1]. The Charges allege that while a member of Local Union 157, Ficarotta was a long-time member of an organized criminal group, specifically the Genovese Organized Crime family, and associated with members of Organized Crime in violation of the Consent Decree entered in *United States v. District Council et al.*, 90 Civ. 5722 ("Consent Decree").

The Consent Decree contains a Permanent Injunction against Racketeering Activity, permanently enjoining all current and future employees, and members of the District Council and its constituent locals:

 A. from committing any act of racketeering activity, as defined in 18 U.S.C. § 1961;

 B. from knowingly associating with any member or associate of any La Cosa Nostra crime family or any other criminal group, or with any person prohibited from participating in Union affairs (hereinafter collectively referred to as "barred persons") . . . .

---

[1]  During the hearing in this matter on August 31, 2023, the Inspector General offered five exhibits, which the Independent Hearing Officer received in evidence.

The Consent Decree authorizes the IG to seek the discipline of any Member for violating the Permanent Injunction against Racketeering Activity, including the expulsion of the Member from union membership.

1. IG's Charges Against Ficarotta

The factual bases for the charges served on Ficarotta by the IG, as set forth in the Appendix to the Notice and Charges Against Member, are as follows:

> *During the course of the investigation, it was determined that Thomas Ficarotta has been identified by Federal and State law enforcement agencies, the United States District Court for the Southern District of New York, the Rockland County District Attorney's Office, and the Waterfront Commission of New York Harbor as being involved and associated with the Genovese Crime Family. For example:*

> ■ *On August 5, 2014, Daniel Pagano, an alleged Captain of the Genovese Crime Family and Michael Palazzolo, an associate of the Genovese Crime Family, were indicted with participating in a racketeering conspiracy by, among other crimes, committing extortion and loan sharking and operating an illegal gambling business in USA v. Pagano et al, 1:14-cr-00523-RA. Prior to the plea and sentencing in this case, a motion in limine to admit evidence of racketeering activity and other bad acts committed by the defendants was submitted by the United States Attorney's Office for the Southern District of New York on October 12, 2015. Federal law enforcement allowed the Office of the Inspector General to review the evidence that the Government referred to. The following made it evident that Ficarotta was involved in racketeering activity from that evidence:*

> > ○ *Daniel Pagano was a high-level, made member of the Genovese Crime Family who captained a crew of Genovese member/associates in Rockland County, NY. Thomas Ficarotta, a/k/a "Figgy," was a Genovese Family member who ran a different crew from Pagano. The other defendant [Palazzolo] acted as an "enforcer," using his well-known reputation for violence to collect debts from individuals who owed money to himself and to others affiliated with the Genovese Family. Palazzolo and Richard Olivieri, another Genovese associate with whom the defendant had prior, serious criminal dealings, were affiliated at various points*

2

*with Ficarotta's crew and Pagano's crew. The Government [indicated that it would] offer at trial recordings of the defendant wherein he discussed with a cooperating witness the issue of which Genovese captain - Pagano or Ficarotta - the defendant preferred to be "under."*

o *Palazzolo, while extorting a victim, made it clear to that victim that a portion of the money that they paid to Palazzolo would be given to Thomas Ficarotta, who was above the defendant.*

o *On Ficarotta's orders, Palazzolo flew to Florida to collect money owed to Ficarotta by another victim. Following a meeting between the defendant, the victim, on or about January 27, 2009, transferred $36,000 from an HSBC Bank Account to settle the debt.*

o *Alfred Fea and Mark Lucente, known associates of the Genovese Crime Family, made tribute payments to Ficarotta for protection.*

▪ *The Office of the Inspector General was also allowed to review surveillance footage from the New York City Police Department ("NYPD"). On March 5, 2018, Detectives from the NYPD conducted surveillance of the wake services held at the Provenzano Lanza Funeral Home located at 43 2nd Avenue in Manhattan, for Peter DiChiara, aka "Petey Red", a reputed former Captain, Consigliere and Street Boss of the Genovese Crime Family. Detectives observed Ficarotta and numerous other Genovese Crime Family associates/members at the wake during the afternoon service on that day. Law enforcement officials theorize that the Genovese Family mandated Captains in their organization to attend the wake. Law enforcement has a well-documented history of conducting surveillance of Genovese wakes. This is the only known Genovese wake where law enforcement observed Ficarotta in attendance, lending support to their theory.*

IG Exh. 2, Appendix.

2. <u>Referral of Charges, Communications with Member and Counsel, and Hearings</u>

The IG's charges were referred to the Independent Hearing Officer ("IHO") for

adjudication.

3

On June 8, 2023, the IHO served a notice on Ficarotta to appear for a hearing, which was scheduled for July 11, 2023. IG Exh. 3. On June 27, 2023, Ficarotta's counsel, Angelo R. Bisceglie Jr., requested an adjournment of the hearing, which the IHO granted and re-scheduled to August 15, 2023. *Id.* On July 31, 2023, the IHO received a handwritten letter from Ficarotta stating that he resigned immediately from Local 157 and that he had no intention of seeking membership with the District Council through any affiliate locals. IG Exh. 5. Prior to the hearing date, Mr. Bisceglie sent an e-mail to the IHO claiming, incorrectly, that Ficarotta's resignation from Local 157 negated the District Council's jurisdiction over him. 8/15/23 Hearing Tr. at 3-4.

The August 15th hearing was neither canceled nor adjourned.

On August 15th, the IG, members of the IG's staff, and the witness, Senior Investigator Mark Anton, appeared for the hearing. Neither Ficarotta nor his counsel, Mr. Bisceglie, appeared. 8/15/23 Hearing Tr. at 1-5.

After Ficarotta and his counsel failed to appear for the August 15th hearing, the IHO notified Mr. Bisceglie by e-mail that the Rules for the Conduct of Hearings by the Independent Hearing Officer Under the Consent Decree and the Stipulation and Order in United States v. District Council, et al., 90-Civ-5722 (VM) (S.D.N.Y.) (the "Rules"), which had been provided to Mr. Ficarotta both by the IG and the IHO (IG Exhs. 2 and 3), state as follows:

> A charged member cannot avoid a hearing and sanction (eg, formal expulsion from the District Council) by resigning from membership. This issue has arisen in United States v. International Brotherhood of Teamsters, et al., 88-Civ- 4486 (S.D.N.Y.) ("US v. IBT"). Any charges brought under the procedures here, as in US v. IBT, will involve allegations

4

related to conduct while the person was a member. Consequently , the person cannot avoid the consequences of conduct that occurred while a member by simply resigning from membership. See <u>US v. IBT ("McNeil, Morris, et al."),</u> 782 F. Supp. 238, 241-42 (S.D.N.Y. 1992).

8/31/23 Hearing Tr. at 3.  In the e-mail of August 15, 2023, the IHO notified the parties that the

hearing had been adjourned to permit Ficarotta and his attorney to attend and participate.

8/31/23 Hearing Tr. at 3.  The IHO asked Mr. Bisceglie to inform her if Ficarotta did not intend

to participate in the hearing, in which case the hearing would proceed accordingly.  *Id.*

On August 22, 2023, the IHO again e-mailed Mr. Bisceglie asking whether he and

Ficarotta intended to participate in the hearing and, if so, to provide their availability.  Mr.

Bisceglie responded as follows: "My client and I will not be participating in this

charade." 8/31/23 Hearing Tr. at 4-5.

Ficarotta and his counsel having indicated that they will not participate in the hearing, the

IHO notified the IG that the hearing would proceed on August 31, 2023.   8/31/23 Hearing Tr. at

4.

On August 31, 2023, a hearing was held on the charges in Ficarotta's absence.  *See* Rules

at Page 4 ("the arbitration may proceed in the absence of any party or representative who, after

due notice, fails to be present or fails to obtain a postponement…") (citing labor arbitration rules

of the American Arbitration Association and related caselaw).

At the hearing, Senior Investigator Robert Anton testified on behalf of the IG and

submitted the Notice of Charges and the IG's exhibits into evidence in support of the charges.

*See* 8/31/23 Hearing Transcript at 4-15.

## II.    Findings

Ficarotta became a member of Local 157 on April 19, 1990, and was a member in good standing until his resignation from Local 157.  IG Exh. 1; 8/31/23 Hearing Tr. at 5.

Senior Investigator Anton introduced a Confidential Report of Investigation, completed by him and dated November 2, 2020 (the "Report").  *See* IG Exhibit 4.  The Report summarizes the IG's investigation into Ficarotta's alleged connections to the Genovese Crime Family. Senior Investigator Anton testified as follows:

> [The Report] outlines [Ficarotta's] history in the union, it outlines his history with the Genovese crime family, it outlines investigations that . . . respective law enforcement agencies have conducted over the years, it outlines the intelligence they have with respect to Mr. Ficarotta's membership in the Genovese crime family, and it discusses prior investigations where associates and members of the Genovese crime family, and it discusses prior investigations where associates and members of the Genovese crime family clearly identified Mr. Ficarotta as a member of the Genovese crime family, and . . . specifically a captain in the Genovese crime family.

8/31/23 Hearing Tr. at 9-10.  The Report is based on a number of sources:  (1) statements made by reputed Genovese Crime Family associates to government cooperating witnesses; (2) interviews with federal, state, and local law enforcement officials assigned to investigate Cosa Nostra cases, specifically the FBI, the Rockland County prosecutor's office, the New York City Police Department, and the Waterfront Commission; (3) the IG's review of official investigative and surveillance reports, surveillance photos and videos; (4) the IG's review of public databases and filings, such as Clear records, an investigative database, court filings, etc.; (5) the IG's review of online content regarding the Genovese Crime Family; and (6) the IG's review of

consensual and judicially authorized telephone and text intercepts provided to the IG by law enforcement agencies.  8/31/23 Hearing Tr. at 10-11; IG Exh. 4 at 2.[2]

Senior Investigator Anton summarized the information in the Report as supporting the conclusion that it is more likely than not that Ficarotta "is a member and captain in the Genovese crime family who has been tasked to oversee the Carpenter's Union by the boss of the Genovese crime family, Liborio Bellomo, a/k/a Little Barney."  8/31/23 Hearing Tr. at 13-14.  Senior Investigator Anton testified that this conclusion is based on information provided to the IG by "several law enforcement agencies", that "[p]retty much every city, state, and federal law enforcement agency has identified Mr. Ficarotta as being a captain in the Genovese crime family" and that this information has been developed by law enforcement "over the course of the last 15 years."  8/31/23 Hearing Tr. at 14.

Based on the evidence submitted by the IG, both through testimony and the exhibits, the IHO finds that the IG has met its burden of proving by a preponderance of reliable evidence that Ficarotta, while a member of Local 157, is a member and Captain in the Genovese Crime Family, and that he participated in illegal activities of the Genovese Crime Family, including illegal gambling and extortionate collection of loans, all in violation of the Consent Decree.

---

[2] Pursuant to the Stipulation and Order Regarding Extension of the Independent Monitor's Term and Modifications to Procedures entered on July 1, 2022, in United States of America v. District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, et al., 90-Civ-5722 (SDNY) (Docket No 1877) (the "Stip and Order"), confidential law enforcement information shall be protected.  Accordingly, other than as revealed in the IG's Notice and Charges Against Member, this order will not identify individuals who provided information to law enforcement.

III.    **Sanction**

Having found it to be proven that Ficarotta is associated with Organized Crime in violation of the Consent Decree's Permanent Injunction against Racketeering Activity, the IHO rules as follows:

1. Effective immediately, Ficarotta is permanently expelled from membership in Local 157, the District Council and any affiliate of the District Council and is forever barred from holding any membership, employment, office, consulting position or other similar relationship, whether paid or unpaid, with Local 157, the District Council, any affiliate of the District Council, or any affiliated employee benefit plan;

2. Effective immediately, Ficarotta is permanently barred from seeking or accepting money or other compensation for any goods or services from Local 157, the District Council, any affiliate of the District Council, or any affiliated employee benefit plan, other than the receipt of vested benefits to which he may be lawfully entitled by reason of participation in an employee benefit plan;

3. Effective immediately, Local 157 and any other District Council entities shall not make any contributions on Ficarotta's behalf to any pension, health and welfare, severance or other benefit fund nor shall Ficarotta receive any gratuities, severance payments or gifts of any kind whatsoever from Local 157 or any other District Council entities; and

4. Effective immediately, Ficarotta is barred from participating in any manner in any of the activities or affairs of Local 157 or any other District Council entities, including, but not limited to, meetings, discussions, consultations, negotiations, votes, or any other business of Local 157 and District Council entities.

SO ORDERED.
DATED:  September 30, 2023

Sharon L. McCarthy
Independent Hearing Officer