USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 12/4/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

UNITED STATES OF AMERICA,

Plaintiff,

v.

DISTRICT COUNCIL OF NEW YORK CITY AND VICINITY OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al.,

Defendants.

-----------------------------------------------------------x

90 Civ. 5722 (VM)

**STIPULATION AND ORDER**

WHEREAS, on March 4, 1994, the Court approved a Consent Decree (the "Consent Decree"; Docket No. 410) in the above-captioned action, brought under the civil remedies provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, between plaintiff the United States (the "Government") and defendants, including the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "District Council"). The Consent Decree among other things permanently enjoined all current and future officers, employees, and members of the District Council and its constituent locals from engaging in any act of racketeering activity as defined in 18 U.S.C. § 1961; knowingly associating with any member or associate of any La Cosa Nostra crime family or any other criminal group, or with any person prohibited from participating in union affairs (collectively, "Barred Person(s)"); and obstructing or interfering with the work of the officers described in the Consent Decree;

WHEREAS, following a series of events including the August 2009 indictment of Michael Forde, who was the District Council's Executive Secretary-Treasurer and a trustee of the Benefit Funds, as well as local union officials, shop stewards, and a contractor, by Order dated June 3, 2010, the Court entered a Stipulation between and among the Government and the District Council and Benefit Funds which created the position of Review Officer, and during the term of the Review Officer the District Council implemented numerous reforms and made significant progress in advancing the objectives of the June 2010 Stipulation and Order (Docket No. 941);

WHEREAS, following the term of the Review Officer, the Government, District Council, and the Benefit Funds agreed that the continuing presence of an independent monitor was advisable in order for the District Council to operate free from the influence of racketeering and corruption, demonstrate its ability to sustain the implemented reform measures, and progress toward self-governance;

WHEREAS, on November 18, 2014, the Court entered a Stipulation and Order Regarding Appointment of an Independent Monitor in the above captioned action, between and among the Government, the District Council, and the Benefit Funds (the "November 2014 Stipulation and Order"; Docket No. 1595), which, *inter alia*, appointed Glen G. McGorty as the Independent Monitor;

WHEREAS, beginning in 2010 and continuing through the present, the District Council has developed, implemented, and continually improved upon an effective and sustainable organizational structure and compliance program designed to ensure that the District Council is run democratically, is free from the influence of organized criminal activity and other corrupt influences, and remains solely focused on promoting the best interests of the Union and its membership (collectively referred to as the "District Council Compliance Structure");

WHEREAS, by way of summary, the District Council Compliance Structure includes: (1) Bylaws that define the roles and responsibilities of District Council Officers, governing bodies, and, among other controls, establish and maintain (a) the Office of the Inspector General, (b) Director of Operations, (c) Chief Accountant, (d) Director of Human Resources, and (e) Chief Compliance Officer; (2) a Code of Ethics, together with written policies and procedures including (a) an Accounting Manual that limits expenditures and establishes approval and documentation processes, (b) a Personnel Policy Manual that governs hiring, discipline, and employee termination processes, and establishes behavioral expectations for all District Council employees, agents, and representatives, (c) a Council Representative Manual that governs the conduct and daily activities of Council Representatives, (d) Investigative Guidelines that govern the conduct of the Inspector General's Office, (e) Job Referral Rules (a/k/a Out of Work List ("OWL") rules) governing nondiscriminatory job referrals, (f) Trial Procedures that govern the conduct of internal Union disciplinary proceedings brought by the Inspector General's Office and members of the District Council, (g) a Shop Steward Code of Ethics, together with rules establishing the qualifications to become a Certified Shop Steward and procedures for reviewing whether a Shop Steward's responsibilities have been met, (h) procedures governing required daily electronic or telephonic reporting by Shop Stewards of District Council-represented employees employed by signatory contractors and the hours they work, (i) rules establishing the qualifications for candidates for elected Union offices together with procedures for their election; and (3) processes to ensure that policies, procedures, and controls are effective, operating as intended, and are enhanced when required, including (a) the Audit Committee, charged with overseeing operation of the District Council's financial controls that include employment of an accounting firm that is independent from the District Council's regular accounting firm, (b) the Compliance Committee comprising the District Council's officers, directors, managers, Inspector General, Chief Compliance Officer, and counsel charged with overseeing, and enhancing when needed, the District Council's overall compliance program, (c) the establishment of an Independent Hearing Officer and related procedures to prevent and remedy organized crime activity among the membership, and (d) the establishment of oversight authority by the Executive Secretary-Treasurer and the Chief Compliance Officer of affiliated Local Unions and membership admission and transfer procedures. Each of these and other reforms, together with the ongoing enhancement of information and technology resources and mechanisms, were put in place and are being maintained and continually enhanced to safeguard against racketeers regaining influence over the District Council;

WHEREAS, the District Council continued to make progress toward self-governance under the Consent Decree. By way of summary, that progress included (1) the appointment of an Independent Hearing Officer and the anti-corruption measures overseen by the District Council's Executive Secretary-Treasurer in conjunction with the Chief Compliance Officer under the Supplemental Stipulation and Order with Respect to the Independent Monitor's Authority Over Union Membership and the District Council's Oversight of Affiliated Local Unions filed February 1, 2021 (Docket No. 1857), the material provisions of which are incorporated into the Stipulation

and Order Regarding Extension of the Independent Monitor's Term and Modifications of Procedures filed July 1, 2022 (Docket No. 1877; the "Current Stipulation and Order"); (2) the enhancement of the Office of the Inspector General, with the successful implementation of anti-corruption programs and the successful conduct of investigations; (3) the compliance review of the Business Representative Center; and (4) ongoing monitoring of the job referral system (a/k/a the "OWL"), including updating procedures along with skills and certifications available for those on the list so that staffing requests from signatory employer-contractors can be more efficiently made; (5) the continued roles of the Compliance Committee and the Audit Committee; and (6) ongoing training of District Council officers, employees, and Shop Stewards;

WHEREAS, the Government, District Council, and Independent Monitor note the progress described above and the District Council's functioning under the Current Stipulation and Order as described in the District Council's Annual Report filed with the Court on January 26, 2024 (Docket No. 1888) with respect to the continuing robust enforcement of its Compliance Structure, including amendments to its Bylaws; development and Court approval of rules governing hearing before the Independent Hearing Officer, before whom were successfully completed the first two hearings that resulted, respectively, in the expulsion of a member who was determined to be a captain in the Genovese organized crime family and the expulsion of a member who was a former Local Union officer and employee of the District Council who was determined to have associated with a Barred Person under the Consent Decree; and continued improvement of the Union's Information Technology resources and enhancement of the personnel and functioning of the Office of the Inspector General without the continuing oversight of an Independent Monitor;

WHEREAS, the Government and District Council agree that, provided the District Council demonstrates its continuing ability to self-govern as described above during the next year, the Consent Decree should be superseded and replaced by a Final Agreement and Order entered between the Government and the District Council and so ordered by the Court; and

WHEREAS, this Stipulation and Order does not purport to outline all of the responsibilities of the District Council and its representatives under the law, or to limit the applicability of those other legal obligations, recognizing that the District Council is governed, among other things, by the National Labor Relations Act, 29 U.S.C. § 151 *et seq*., the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*, and the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.*; now, therefore,

IT IS HEREBY ORDERED, upon the stipulation and agreement of the Government and the District Council as follows:

1. **Definitions**. As used in this Stipulation and Order:

   a. "Government" means with respect to this Stipulation and Order the Plaintiff in this action represented by the Office of the United States Attorney for the Southern District of New York.

   b. "District Council" means the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("UBC"). As used in this Stipulation and Order, "District Council" includes all constituent local unions.

c. "Job Referral Rules" means the job referral rules established by the Consent Decree, as modified by any subsequent order of the Court, or approved by the Independent Monitor and the Government, with "Job Referral Rules" and "Out of Work List" (the "OWL") used interchangeably.

d. "Member of the District Council" means any person who is a member of any union or labor organization that constitutes part of the District Council.

e. "Independent Monitor" means the oversight officer appointed by the Court under the Current Stipulation and Order whose appointment will be terminated upon entry of this Stipulation and Order.

f. "Inspector General" means the official employed by the District Council under its Bylaws and whose hiring, employment, and termination must have the consent of the United States Attorney for the Southern District of New York, with the Inspector General having all the authority and powers provided under the District Council's Bylaws.

g. "Independent Integrity Officer" means the officer appointed by the Court with the consent of the United States Attorney for the Southern District of New York, who has the authority and responsibilities described in this Stipulation and Order and must be an attorney admitted to practice law in the State of New York and before the bars of the Court and the Second Circuit Court of Appeals.

h. "Independent Hearing Officer" means the officer appointed by the Court with the consent of the United States Attorney for the Southern District of New York, who has the authority and responsibilities described in this Stipulation and Order and who must be an attorney admitted to practice law in the State of New York and before the bars of the Court and the Second Circuit Court of Appeals.

i. "Election Officer" means the officer appointed by the Court with the consent of the United States Attorney for the Southern District of New York, who has the authority and responsibilities to supervise the conduct of District Council elections under paragraph 5.d. of this Stipulation and Order.

j. "Chief Compliance Officer" means the position under the District Council's Bylaws responsible for overseeing the development and implementation of the District Council's Compliance Structure and related matters, who is retained with the consent of the United States Attorney for the Southern District of New York and cannot be terminated if the United States Attorney objects.

2. **Authority of the Court**. The Court has authority to enter this Stipulation and Order pursuant to its inherent power, including the inherent power to enforce, ensure compliance with, and modify the Consent Decree and the 2010 Stipulation and Order; Rule 60(b) of the Federal Rules of Civil Procedure; the Court's contempt powers; and 18 U.S.C. § 1964.

3. **Continued Term of the Inspector General and Appointment of the Independent Integrity Officer and the Election Officer**. Richard J. Green, or his duly appointed successor,

will continue as the District Council's Inspector General, exercising all authority under the District Council's Bylaws. The District Council will provide the Inspector General and the office of the Inspector General with the personnel and resources to carry out his and his office's functions under the District Council's Bylaws. Inspector General Green will serve until replaced under the procedures of the District Council's Bylaws, including with the consent of the United States Attorney for the Southern District of New York. Thomas A. McKay, a member of the firm of Morvillo Abramowitz Grand Iason & Anello PC will serve as the Independent Integrity Officer, exercising all authority described in this Stipulation and Order through the term specified in this Stipulation and Order. Glen G. McGorty, of the firm Crowell & Moring LLP, will serve as the Election Officer under paragraph 5.d. of this Stipulation and Order.

4. **Role of the District Council**. It was and is the responsibility of the District Council to (i) act as the collective bargaining representative of its members and to function as an exercise of workers' full freedom of association, self-organization, and to act as the representatives of those workers; (ii) take all reasonable steps to eliminate criminal elements, criminal activities, racketeering, and corruption from any part of the District Council and its operations; (iii) maintain and run the District Council democratically and fairly and without unlawful influence; and (iv) comply with and work in good faith to achieve the terms and objectives of the Consent Decree and this Stipulation and Order.

5. **Authority of the Independent Integrity Officer and the Election Officer**. The Independent Integrity Officer has the following authority, rights, and responsibilities:

a. The Independent Integrity Officer will decide any disputes between or among the officers of the District Council, the Chief Compliance Officer, and/or the Inspector General that any of them submit to him or her. The decisions of the Independent Integrity Officer may be reviewed by the Court under paragraph 14 of this Stipulation and Order.

b. The Independent Integrity Officer will work with the Inspector General to procure subpoenas or other legal process to assist the Inspector General in conducting investigations.

c. The removal of the Independent Integrity Officer, or appointment of a successor Independent Integrity Officer, may be made only with the consent of the United States Attorney for the Southern District of New York and by further order of the Court.

d. **Supervision and Conduct of Elections**.

i. The authority over elections in this paragraph 5.d. is to be exercised by the Election Officer. The removal of the Election Officer, or appointment of a successor Election Officer, may be made only with the consent of the United States Attorney for the Southern District of New York and by further order of the Court.

ii. The Election Officer is empowered to supervise all phases of any union election conducted by the District Council (but not those by any Local Union, which will be conducted under the provisions of the UBC Constitution) during his tenure,

and to certify the results of any such election. The term "supervise" as used in this paragraph 5.d. has the meaning ascribed to it in cases arising under Title IV of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 481 *et seq.* (the "LMRDA").

iii. The Election Officer has the authority to prescribe threshold qualifications—consistent with section 401 of the LMRDA, 29 U.S.C. § 481, and 29 C.F.R. Part 452, Subpart E—for any candidate seeking a position as an officer of the District Council, provided that the Election Officer may not remove any qualification for office prescribed by the Constitution of the United Brotherhood of Carpenters and Joiners of America ("UBC") as of the date of this Stipulation and Order.

iv. Any candidate seeking to run for a position as an officer of the District Council during the Election Officer's tenure must first be approved by the Election Officer, who will determine whether—in light of the terms and objectives of the Consent Decree, the UBC Constitution, and the LMRDA and its implementing regulations—the candidate is qualified to run for office and represent the union membership. Any such decision by the Election Officer will be reviewable by the Court under paragraph 14 of this Stipulation and Order.

v. For the purpose of this paragraph 5.d., the term "officer of the District Council" means the District Council's Executive Secretary-Treasurer, President, Vice President, Trustees, Warden, and Conductor.

vi. The Election Officer will propose election rules and submit them to the Court for approval.

e. **Communication with the Membership**. The Chief Compliance Officer and the Inspector General may distribute to the District Council membership written reports describing their respective activities or any other information they deem advisable. They may determine in their respective discretion when to publish such reports, and must be given access to any District Council publication that concerns the affairs of the District Council, including *The Carpenter* or any other newsletter, and any District Council website, e-mail address list, or other means of electronic communication, to communicate with the membership. They may also communicate to the membership in person, at meetings, or otherwise.

6. **Toll-Free Hotline**. The toll-free telephone hotline described in the June 2010 Stipulation and Order will continue to be operated by the Office of the Inspector General to solicit and receive allegations of wrongdoing or corruption by any person in connection with the operations of the District Council.

7. **Cooperation**. The District Council, including all officers, employees, trustees, and members, must cooperate with the Inspector General in any matter undertaken by the Inspector General pursuant to this Stipulation and Order. Failure to cooperate with the Inspector General is expressly made a violation of this Stipulation and Order. If the Government determines that the District Council has violated the obligations of this paragraph, it may seek appropriate relief from

the Court, including an injunction or other relief to compel compliance, a penalty for contempt of Court, or a modification of this Stipulation and Order.

8. **Hiring Authority, Compensation, and Term**.

a. **Hiring**. The Independent Integrity Officer and the Election Officer may employ or engage the services of any personnel necessary to assist in the proper discharge of their duties.

b. **Compensation, Expenses, and Term**.

i. The compensation and expenses of the Independent Integrity Officer and the Election Officer and of the persons hired under their respective authority, must be paid by the District Council. They will bill their fees and costs and those persons employed or used by them on an hourly basis at their and those persons' regular hourly rates with time charged in 6-minute (*i.e.*, $^{1}/_{10}$ of an hour) increments.

ii. The Independent Integrity Officer and the Election Officer will provide monthly statements to the District Council and the Government setting forth an accounting of all claimed compensation and expenses, including time and activity records or other appropriate supporting materials. The District Council must pay the fees and expenses in the amount specified in the monthly statements separately charged to them within 30 days.

iii. Within 30 days of the Independent Integrity Officer's and the Election Officer's submission of their respective monthly statements, the District Council may challenge the amount specified in the statement, or any expenses detailed in that statement, by filing a written objection with the Court. Such an objection, however, does not relieve the District Council of its obligation to pay the monthly statement within the time specified in this paragraph 8. If the District Council is successful in its challenge, it will be entitled to a credit in the amount by which the compensation and expenses are reduced by the Court.

iv. The term of this Stipulation and Order, including the tenures of all persons appointed herein, shall begin on the later of January 1, 2025 or the date of entry of this Stipulation and Order, and shall extend for one year. Upon consent of the District Council and the Government, the Court may extend the term of this Stipulation and Order for any period. If no Final Agreement and Order (as contemplated by the "whereas" clause above) has been entered by the Court by the end of the term specified in this paragraph, the Court may extend the term of this Stipulation and Order upon the request of the Government alone.

9. **Indemnification**. The District Council must indemnify out of its own funds the Independent Integrity Officer and the Election Officer from personal liability (and any costs incurred to defend against any claim of liability) for any of their actions reasonably taken pursuant to and in accordance with this Stipulation and Order. Alternatively, the District Council may purchase a policy of insurance or bonds in an appropriate amount to provide the same

indemnification. In addition, the Independent Integrity Officer and the Election Officer under this Stipulation and Order are to be entitled to whatever privileges and immunities from personal liability that may exist under the law for court-appointed officers.

10. **Inspector General's Authority with Respect to Union Membership.** Notwithstanding any other provisions of the Consent Decree, other applicable Orders of the Court, and any other applicable governing documents of the UBC or the District Council, the District Council's Inspector General is authorized to investigate and prefer charges against any member of the District Council or any member of the UBC working in the District Council's jurisdiction for being in violation of the Consent Decree or this Stipulation and Order. The District Council's Inspector General is authorized to seek the discipline of any member hereunder, including the expulsion from union membership, who has violated the above proscriptions. The following procedures shall be followed for disciplinary proceedings under this paragraph.

a. The District Council's Inspector General shall serve written and signed specific charge(s) upon the charged party.

b. A hearing on the charges shall be scheduled for no sooner than thirty (30) days and no later than sixty (60) days after service of the charge(s) upon the charged party.

c. The charges(s) shall be heard and decided by an Independent Hearing Officer. Sharon L. McCarthy, Esq. of the firm of Kostelanetz LLP is hereby reappointed as the Independent Hearing Officer. The District Council will pay the Independent Hearing Officer's invoices within 60 days of receipt. The District Council will indemnify the Independent Hearing Officer in the same manner that it does for the Independent Integrity Officer under paragraph 9 of the Stipulation and Order. The removal of the Independent Hearing Officer, or appointment of a successor Independent Hearing Officer, may be made only with the consent of the United States Attorney for the Southern District of New York and by further order of the Court.

d. The hearing shall be conducted under the rules and procedures generally applicable to labor arbitration hearings. The hearing must be transcribed before a certified court reporter, witnesses will testify under oath or affirmation, and hearing transcripts and exhibits must be maintained by the Independent Hearing Officer. Confidential law enforcement information shall be protected.

e. The charged party may be represented at the hearing by a member of the District Council or an attorney.

f. The findings and decision of the Independent Hearing Officer shall be final and binding except that the charged party or the District Council's Inspector General may petition the Court for review of an adverse decision by the Independent Hearing Officer, pursuant to paragraph 14 of this Stipulation and Order.

Regarding any matter within the authority of the Inspector General (whether provided by this paragraph, the Bylaws, or otherwise), a member dissatisfied with the Inspector General's exercise of that authority may refer the matter to the Chief Compliance Officer. The Chief Compliance Officer must review the matter, determine if the Inspector General's resolution was a reasonable

and appropriate exercise of the Inspector General's authority, and respond to the member. If the Chief Compliance Officer determines that the Inspector General's resolution was not reasonable or appropriate, the matter must be returned to the Inspector General for further action.

11. **Admission of New Members into an Affiliated Local Union of the District Council.** In addition to the requirements enumerated in Sections 42, 43, and 44 of the UBC Constitution, candidates for admission into a Local Union affiliated with the District Council will provide to the District Council a completed application form and any other supporting documents pertaining to admission to membership. After successful vetting by the District Council, the District Council's Executive Secretary-Treasurer ("EST") in conjunction with the District Council's Chief Compliance Officer will decide whether to accept the candidate into membership and assignment of the new member to a particular Local Union based upon considerations of geographical location (meaning the residency of the new member), legacy matters, specialized craft qualification (*e.g.*, Dockbuilder, Timberman, Millwright, Floor Coverer, Architectural Millworker, High Rise Concrete Carpenter, Shop Worker), and organizational imperatives of the District Council. The decision of the District Council's EST in conjunction with the District Council's Chief Compliance Officer whether to admit and assign to a particular Local Union a candidate for membership is reviewable by the UBC.

12. **Transfer of Members from Outside the District Council into the District Council and Transfer of Members of an Affiliated Local Union to another Affiliated Local Union.** In conjunction with and supplementing the provisions of Section 46 of the UBC Constitution, any current member of an unaffiliated Local Union or an affiliated Local Union will submit the transfer documents to the District Council for review. If the District Council determines that the transfer documents are in order, the EST in conjunction with the Chief Compliance Officer will assign the transferring member to a particular Local Union based upon considerations of geographical location (meaning the residency of the new member), legacy matters, specialized craft qualification (*e.g.*, Dockbuilder, Timberman, Millwright, Floor Coverer, Architectural Millworker, High Rise Concrete Carpenter, Shop Worker), and organizational imperatives of the District Council. A member disputing the assignment to a particular Local Union may appeal that decision under Section 53-G of the UBC Constitution.

13. **District Council Employment, Local Union Employment, and Local Union Elections.** In conjunction with, and as a supplement to, the provisions under Sections 31 and 53-G of the UBC Constitution, any candidate for employment by the District Council or a Local Union or candidate for a position of Local Union officer or executive committee member, for the Local Union Executive Delegate to the District Council's Executive Committee, or the Local Union's Delegate to the District Council's Delegate Body shall complete an affidavit or declaration with respect to disqualifying criminal convictions under Section 504 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 504, and a separate affidavit or declaration with respect to the member's being a Barred Person. These affidavits shall be submitted to the District Council for review by the EST and the District Council's Inspector General's Office to determine if there are any disqualifying criminal convictions or disqualifying Barred Persons' membership or associations.

14. **Judicial Review**. Final decisions pursuant to paragraphs 5.a., 5.d.iv., and 10.f. of this Stipulation and Order, and the Election Officer's certification of election results pursuant to paragraph 5.d. of this Stipulation and Order, may be reviewed by the Court upon a petition for

review by the District Council, the Government, the Independent Integrity Officer, or any aggrieved person. Any such petition must be filed within thirty (30) days of the decision for which review is sought. In reviewing the decision, the Court will apply the same standard of review of final agency action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*., to the decision or recommendation of the Independent Integrity Officer, Election Officer, or Independent Hearing Officer at issue. In the absence of a timely petition for review, unless equitably tolled, the decision at issue will become final and unreviewable. All other decisions of the Independent Integrity Officer, Election Officer, or Independent Hearing Officer are final and unreviewable except as expressly provided in this Stipulation and Order. Nothing in this paragraph or this Stipulation and Order precludes the District Council, the Government, or any aggrieved person from petitioning the Court on the ground that the Independent Integrity Officer, Election Officer, or Independent Hearing Officer has exceeded his or her authority under this Stipulation and Order.

15. **Miscellaneous Provisions**

a. **Conflict with this Stipulation and Order**. To the extent this Stipulation and Order conflicts with any current or future rights, privileges, or rules applicable to the District Council or its membership, the District Council, as the representative of its membership, hereby waives compliance with any such right, privilege, or rule and agrees that it and the District Council's membership will act in accordance with this Stipulation and Order.

b. **Privilege**. The District Council does not waive any right it may have to invoke any applicable privilege or work-product protection prior to production of any information to the Independent Integrity Officer, but must, upon request of the Independent Integrity Officer, comply with Fed. R. Civ. P. 26(b)(5)(A) and this Court's Local Civil Rule 26.2. Production of information to the Independent Integrity Officer is not to be deemed a waiver of any applicable privilege or work-product protection, pursuant to Fed. R. Evid. 502(d). Additionally, the District Council agrees to the Independent Integrity Officer's review and use of information provided to him or her in furtherance of their common interest in achieving the objectives of this Stipulation and Order, and accordingly the production of information to the Independent Integrity Officer is not to be deemed a waiver of applicable privilege or work-product protection. Upon a claim of privilege or work-product protection, whether before or after the Independent Integrity Officer is given access to information, the Independent Integrity Officer, the District Council, or the Government may petition the Court to determine the applicability and scope of the privilege or work-product protection.

c. **HIPAA**. Disclosure of any information covered by the protections of the Health Insurance Portability and Accountability Act of 1996 but otherwise required by this Stipulation and Order is hereby ordered by the Court, pursuant to 45 C.F.R. § 164.512(e)(1)(i).

d. **Other Government Action**. Nothing herein precludes the Government, or any of its departments or agencies, from taking any appropriate action in regard to the District Council pursuant to and in accordance with the Consent Decree or this Stipulation and Order, as applicable, or in reliance on any federal laws, including any criminal investigation or prosecution, and any action under the federal tax laws.

e. **Retention of Jurisdiction**. This Court retains exclusive jurisdiction to supervise implementation of this Stipulation and Order and retains exclusive jurisdiction to decide any and all issues arising under this Stipulation and Order, and any and all disputes growing out of the issuance, interpretation, or application of this Stipulation and Order. The Independent Integrity Officer or any party to this Stipulation and Order may apply to the Court for any orders necessary or appropriate to implement the Consent Decree and this Stipulation and Order, including orders to obtain discovery and/or information or orders preventing non-parties from interfering with the implementation of the Consent Decree or this Stipulation and Order.

f. **Status of Consent Decree and Other Orders**. The entry of this Stipulation and Order does not supersede or affect the Consent Decree or the rights and obligations of the parties under the Consent Decree or subsequent orders of the Court. Except as specified herein, the entry of this Stipulation and Order does not supersede or affect any other Order that the Court has entered in this case.

g. **All Writs Act.** Subject to applicable law, the Government or the Independent Monitor may apply to this Court at any time pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for relief as against non-parties to the Consent Decree or this Stipulation and Order, including employers of members of the District Council, and any other non-party who may be in a position to interfere with the implementation of the Consent Decree or this Stipulation and Order. Upon such application, the Court may grant such relief as may be necessary and appropriate to prevent the frustration of the Consent Decree and this Stipulation and Order, subject to applicable law. The Government or the Independent Integrity Officer may apply to the Court for the issuance of subpoenas necessary to obtain any information, documents, or testimony relevant to such an application, or other proceedings hereunder.

h. **Attorney's Fees and Costs**. The entry of this Stipulation and Order is without attorney's fees or costs to any party.

i. **Notice**. Any notice, except notices to the Court, required by this Stipulation and Order may be provided by electronic mail.

j. **Counterpart Signatures**. This Stipulation may be executed in two or more counterparts, each of which is to be deemed an original, but all of which together constitute the same instrument.

CONSENTED AND AGREED TO:

Dated: New York, New York
2 Dec. __, 2024

DAMIAN WILLIAMS
United States Attorney
for the Southern District of New York
Attorney for Plaintiff United States

By: ____________________
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Phone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

Dated: New York, New York
____________ __, 2024

BRACEWELL LLP
Attorneys for Defendant
District Council of New York City and
Vicinity of the United Brotherhood of
Carpenters and Joiners of America

By: ____________________
BARBARA S. JONES
31 West 52nd Street
New York, New York 10019--6118
Phone: 212.508.6105
Fax: 212.938.3804
E-mail: barbara.jones@bracewell.com

Dated: New York, New York
____________ __, 2024

DISTRICT COUNCIL OF NEW YORK
CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA

By: ____________________
JOSEPH A. GEIGER
Executive Secretary-Treasurer

SO ORDERED.

Dated: New York, New York
______________ ___, 2024

______________________________
VICTOR MARRERO, U.S.D.J.

CONSENTED AND AGREED TO:

Dated: New York, New York
__________ __, 2024

DAMIAN WILLIAMS
United States Attorney
for the Southern District of New York
Attorney for Plaintiff United States

By: ______________________________
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Phone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

Dated: New York, New York
November 19, 2024

BRACEWELL LLP
Attorneys for Defendant
District Council of New York City and
Vicinity of the United Brotherhood of
Carpenters and Joiners of America

By: Barbara S. Jones
BARBARA S. JONES
31 West 52nd Street
New York, New York 10019--6118
Phone: 212.508.6105
Fax: 212.938.3804
E-mail: barbara.jones@bracewell.com

Dated: New York, New York
____________ __, 2024

DISTRICT COUNCIL OF NEW YORK
CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA

By: ______________________________
JOSEPH A. GEIGER
Executive Secretary-Treasurer

SO ORDERED.

Dated: New York, New York
______________ ___, 2024

______________________________
VICTOR MARRERO, U.S.D.J.

CONSENTED AND AGREED TO:

Dated: New York, New York
_________ __, 2024

DAMIAN WILLIAMS
United States Attorney
for the Southern District of New York
Attorney for Plaintiff United States

By: ______________________________
BENJAMIN H. TORRANCE
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Phone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

Dated: New York, New York
___________ __, 2024

BRACEWELL LLP
Attorneys for Defendant
District Council of New York City and
Vicinity of the United Brotherhood of
Carpenters and Joiners of America

By: ______________________________
BARBARA S. JONES
31 West 52nd Street
New York, New York 10019--6118
Phone: 212.508.6105
Fax: 212.938.3804
E-mail: barbara.jones@bracewell.com

Dated: New York, New York
November 26, 2024

DISTRICT COUNCIL OF NEW YORK
CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA

By: ______________________________
JOSEPH A. GEIGER
Executive Secretary-Treasurer

SO ORDERED.

Dated: New York, New York
December 4 __, 2024

______________________________
VICTOR MARRERO, U.S.D.J.