# RULES FOR THE 2025 NOMINATIONS AND ELECTION OF OFFICERS OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS

**(July 2025)**

## SECTION ONE
**Introduction**

### 1. Role and Authority of the Election Officer

On March 4, 1994, the United States and the District Council of New York City and Vicinity (the "District Council" or the "Union") of the United Brotherhood of Carpenters and Joiners of America (the "UBC") entered into a Consent Decree concluding civil litigation brought by the Government in 1990. By Stipulation and Order dated June 3, 2010, the Court appointed a Review Officer granted certain authority and required to engage in certain undertakings. Following the term of the Review Officer, the Court appointed an Independent Monitor by Stipulation and Order dated November 18, 2014, whose term ended on December 31, 2024. On December 24, 2024, by Stipulation and Order (the "Stipulation and Order"), the Court established the role of Election Officer, who has the authority and responsibilities to supervise all phases of any election conducted by and for offices and positions within the District Council (but not those by any Local Union affiliated and within the jurisdiction of the District Council (hereinafter "Local Union"), which are conducted under the provisions of the UBC Constitution) and to certify the results of any such election.

The Election Officer may hire or designate other persons or entities to assist in supervising the 2025 Election of the Officers of the District Council (the "Election"), including enforcement of the Rules for the Nominations and Election of Officers of the New York City District Council of Carpenters (the "Election Rules"). Should the tenure of the Election Officer end, the authority of the Election Officer shall be transferred to any person designated by the District Council and approved by the Court.

The Honorable Victor Marrero, United States District Judge of the United States District Court for the Southern District of New York, presides over this matter. The Election Rules were submitted to the Court and the parties on July 24, 2025.

### 2. The District Council Officers

The Rules apply to the nomination and election of candidates to the following District Council offices and positions (collectively "offices"):

- Executive Secretary-Treasurer ("EST")
- President
- Vice President
- Warden
- Conductor
- Three (3) Trustees

### 3. Schedule for the 2025 Nominations and Election of Officers

The following is a calendar of the key nominations and election events:

**<u>Monday, July 28, 2025</u>**

**Issuance of Notice of Nominations and Election.** On this date, the District Council will mail to all District Council members, the Election Officer's Notice of Nominations and Election ("Notice") for the conduct of the nominations and election to the offices of EST (who by virtue of that office is a Delegate

to the UBC Convention), President, and Vice President. The election for these positions will be conducted by mail-in ballot. The election of the District Council's Warden, Conductor, and three (3) Trustees, will be conducted at a special meeting of the District Council's Delegate Body to be held on November 19, 2025. The Notice will inform District Council members of: (1) the requirements for eligibility of candidates and the details regarding the mail-in ballot portion of the election; (2) the date and time nominating petitions for prospective individual candidates and slates of candidates will be made available to the District Council members, and the date the petitions are to be returned to the Election Officer; and (3) the date and time of the Delegate Body meeting where qualified individual candidates and slates of candidates may accept or reject their nominations.

**<u>Monday, August 4, 2025</u>**

**Petition Process Begins.** On this date, nominating petitions will be made available for prospective candidates to begin gathering the signatures of District Council members in good standing. Under the Election Rules, an individual candidate for office needs two hundred and fifty (250) verified signatures of District Council members in good standing to be eligible to run. If candidates have elected to run as members of a slate, the slate needs five hundred (500) total verified signatures of District Council members in good standing to be eligible to run. Each candidate running as a member of a slate does not need to compile five hundred (500) signatures individually.

**Production Schedule for *The Carpenter* Magazine.** The District Council submits to the Election Officer for his approval the production schedule for the October 2025 issue of *The Carpenter.*

**<u>Thursday, August 28, 2025</u>**

**Nominating Petitions Due and Election Observers Named.** By no later than 5:00 p.m. on this date, prospective individual candidates and slates of candidates must return signed nominating petitions to the Election Officer and identify their election observers by name.

**<u>Friday, September 5, 2025</u>**

**Eligible Candidate Approval Process and Interviews.** By this date**,** the Election Officer must complete his final review of individual candidate and/or slates of candidates' nominating petitions and must begin his in-person interviews of prospective candidates.

**<u>Wednesday, September 10, 2025</u>**

**Candidate Nominations.** A portion of the regularly scheduled Delegate Body meeting to be held at 5:00 pm on this date will be dedicated to the conduct of formal nominations, and the acceptance or rejection of nominations by candidates approved by the Election Officer. Any member of the District Council in good standing on this date may formally nominate any approved candidate, whether running individually or as a member of a slate. If there is only one (1) candidate nominated for any elective office, then any District Council member physically in attendance at the meeting (other than the candidate in question), who is in good standing as of that date, may cast a single ballot for said candidate, and he or she will be declared the election winner and will be certified as such by the Election Officer. The order of appearance on the ballot of the names of individual candidates and slates of candidates will be determined by a random drawing at this meeting. All candidate nominations and other relevant election information from this meeting will be made available via posting on the District Council's website as soon as practicable.

**<u>Monday, September 22, 2025</u>**

**First Financial Disclosure and Campaign Literature Due.** By no later than 5:00 p.m. on this date, nominated candidates must submit: (1) the first of three (3) campaign financial disclosure forms to the Election Officer; and (2), if desired by the candidate, two (2) standard-sized pages (8.5 inches by 11 inches) single-sided pages of campaign literature for posting on the District Council website and for email distribution.

**Monday, October 6, 2025**

**Mailing of Campaign Literature.** By no later than 5:00 p.m. on this date, the campaign literature from each nominated candidate or slates of candidates who provided such literature to the Election Officer shall be sent to the e-mail address on file for each District Council member and made available via posting on the District Council's website up to and through November 19, 2025.

**Wednesday, October 22, 2025**

**Candidate Debate Forum.** A candidate debate forum devoted to the election will be held at the District Council's offices at 395 Hudson Street on this date starting at 5:00 p.m. Both individual candidates and slates of candidates may participate in the candidate debate forum. A video recording of the debate forum will be made and posted on the District Council website sometime during the next day and will remain posted on the website up to and through November 19, 2025.

**Monday, October 27, 2025**

***The Carpenter* Election Issue.** On this date, the District Council will publish the election edition of *The Carpenter* containing individual candidates' and slates of candidates' submissions and election information.

**Wednesday, October 29, 2025**

**Mail-In Ballots Distributed.** On this date, the American Arbitration Association ("AAA"), under the auspices of the Election Officer, will begin to distribute mail-in ballots to all potentially eligible District Council members.

**Second (2nd) Financial Disclosure Due.** By no later than 5:00 p.m. on this date, nominated individual candidates and slates of candidates must submit the second (2nd) of three (3) campaign financial disclosure forms to the Election Officer.

**Friday, November 14, 2025**

**Membership In Good Standing Deadline.** By no later than 5:00 p.m. on this date, a member of the District Council must be in good standing in order to have their ballot counted in the 2025 election.

**Monday, November 17, 2025**

**Eligibility List Provided to Election Vendor.** On this date, the District Council will provide to the AAA a list of all District Council members in good standing as of 5:00 p.m. on November 14, 2025, and therefore be eligible to have their ballots counted in the Election.

**Wednesday, November 19, 2025**

**Ballot Return Due Date.** Only mail-in ballots received by the AAA at the office responsible for collecting ballots in the Election by no later than 5:00 p.m. on this date will be tabulated.

**Special Meeting of the District Council Delegate Body.** A special meeting of the District Council delegates will be held on this date at the District Council's offices between 5:00 p.m. and 7:00 p.m., at which time the delegates who comprise the District Council's Delegate Body will submit their secret ballot for the election of candidates duly nominated for the office of District Council Warden, Conductor, and three (3) Trustees.

**Friday, November 21, 2025**

**Ballot Tabulation.** The AAA will begin tabulating ballots of eligible voters on this date, starting at 10:00

a.m.

**Wednesday, December 3, 2026**

**Third (3rd) and Final Financial Disclosure Due.** By no later than 5:00 p.m. on this date, each nominated individual candidate and slate of candidates must submit their third (3rd) and final campaign contribution and expenditure disclosure statement to the Election Officer.

**Wednesday, January 14, 2026**

**Election Certification and Installation of Officers.** On this date, the Election Officer will certify the results of the Election upon receipt of the results from AAA, and the newly elected officer(s) will be installed at the meeting of the Delegate Body.

* * *

**SECTION TWO**
**Nominations**

## 1. Candidate Eligibility

A member of the District Council is eligible to seek nomination to run for election to an eligible District Council office, if he or she:

- has been a member of the District Council in good standing for twelve (12) consecutive months prior to nomination for this election, and continues in good standing thereafter;
- has been a member of the UBC for two (2) consecutive years, immediately prior to nomination, unless the member's local union has not been in existence in that time period;
- is working for a livelihood in employment that qualifies him or her for membership, or is depending on the trade for a livelihood, including a District Council member who is unemployed but actively seeking employment in the trade or a District Council member who is actively pursuing an unresolved grievance or other legal or arbitrable action challenging their suspension or discharge, or is a full-time officer or representative of the UBC;
- is not receiving a pension under the UBC Pension Plan;
- is not a life member, trainee or probationary employee;
- is not a contracting member and has not been a contracting member for at least six (6) months following written notification by the member to his or her local union that he or she has ceased being a contracting member (any such written notification must also be provided to the Election Officer);
- is not, at the time of installation as a District Council officer, holding any elected, appointed, or salaried position in any local union;
- submits a declaration under Section 504 of the Labor Management Reporting and Disclosure Act ("LMRDA") to the Election Officer;
- submits a declaration stating they are not a member, or associate, of any La Cosa Nostra crime family or any other criminal enterprise, organization or group, or associated with any person lawfully barred or prohibited from participating in labor organization affairs,
- is interviewed by the Election Officer and provides a sworn declaration to the Election Officer confirming the veracity and completeness of his or her statements made during, and in support of, their interview;
- is certified as eligible to be an election candidate by the Election Officer; and
- has not been convicted of a crime, as more particularly set forth in the following paragraph, which would make him or her ineligible to hold union office under applicable federal labor law.

Crimes that make one ineligible to hold union office include: extortion, embezzlement, bribery, grand larceny, robbery, burglary, arson, violations of narcotics laws, murder, rape, assault with intent to kill, assault that inflicts grievous bodily injury, any felony involving the abuse or misuse of a position or employment in a labor organization or an employee benefit plan in order to seek or obtain an illegal gain at the expense of the members of the labor organization or the beneficiaries of the employee benefit plan, violations of title II or title III of the LMRDA, or conspiracy involving any such crimes, or a crime in which any of the foregoing crimes is an element. An individual convicted of such crimes may be prohibited from holding union office for up to a period of thirteen (13) years after such conviction or after the end of such imprisonment, whichever is later. (Additional information regarding these restrictions may be found in the provisions of 29 U.S.C. § 504 and 29 C.F.R. §§ 452.9, 452.34).

The Election Officer reserves the right to conduct random drug testing of nominated candidates and unofficial winners from Wednesday, September 10, 2025, through Wednesday, January 14, 2026. Candidates and/or unofficial winners will be selected for drug testing by lottery. No person elected as an officer shall be installed until he or she has successfully completed a drug test administered by the District Council.

A District Council member who meets the applicable eligibility requirements may simultaneously seek election both to an office in a local union and to an office in the District Council. If the District Council member wins election to both offices, he or she must provide written notice refusing election to the local

union office, both to his or her local union and to the Election Officer, within twenty-four (24) hours after the Election Officer's certification of the results for the District Council election of officers. The local union must hold a new election to fill the vacant office within a reasonable period of time thereafter.

## 2. Nomination Process

### A. Notice of Nominations and Election

On July 28, 2025, the District Council, under the direction of the Election Officer, shall cause to be mailed a Notice of the 2025 District Council Nominations and Election of Officers to all District Council members at the addresses listed in the official UBC database. The Notice shall also be posted on the District Council's website. Each local union president shall post the Notice on the local union's bulletin board, or in some other conspicuous place, readily accessible by all District Council members. The Notice, which shall be prepared by the Election Officer, shall notify District Council members of:

- the schedule and the process by which District Council members may be eligible to run for and be nominated as candidates for election to the open District Council offices;
- the time, date, and location of the nominations meeting; and
- the specific District Council elective offices to be filled, including each elective officer's salary and compensation, and a brief description of each officer's duties as described in the UBC Constitution and the District Council Bylaws.

### B. Nominating Petitions

#### 1) Overview

On Monday, August 4, 2025, official nominating petition forms will be made available for prospective candidates to gather the signatures of District Council members in good standing on their nominating petitions. Each prospective individual candidate, who satisfies the candidate eligibility requirements and seeks nomination to be an elected District Council officer, must submit to the Election Officer a nominating petition with the verified signatures of at least two hundred fifty (250) District Council members in good standing. A slate of prospective candidates must submit to the Election Officer a nominating petition with the verified signatures of at least five hundred (500) District Council members in good standing for the entire slate. Completed petitions are due for submission to the Election Officer by not later than 5:00 p.m. on Thursday, August 28, 2025.

Prospective candidates are encouraged to submit more verified signatures than are required, should certain of the signatures or petition pages fail to conform to the requirements of this section and are declared by the Election Officer to be null and void. Prospective candidates are also encouraged to avail themselves of the early verification process described below so that they may cure any petition deficiencies or obtain needed additional verified signatures before the deadline by which prospective candidates must submit nominating petitions to the Election Officer. After nominating petitions are submitted to the Election Officer, they will be verified for compliance with the Rules.

#### 2) Nominating Petitions Are Confidential

Nominating petitions submitted to the Election Officer by prospective candidates will be kept confidential and are not available for inspection by any other candidate or member. Absent good and sufficient cause, e.g., on-going legal proceedings related to the election, all nominating petitions will be destroyed by the Election Officer, or the District Council's Inspector General, one (1) year after the final certification of the 2025 election results.

#### 3) A Member Does Not Support or Endorse a Prospective Candidate by Signing His or Her Petition

A District Council member in good standing who signs a petition for a prospective individual candidate or slate of candidates is not obligated in any way to support, endorse, or vote for the individual candidate or

slate of candidates whose nominating petition(s) he or she has signed. A District Council member's signature on a nominating petition reflects only that member's opinion that the individual candidate or slate of candidates whose nominating petitions they have signed should be on the election ballot, and that it would be beneficial to the membership to have the opportunity to consider the candidacy of those individual candidates or slates of candidates.

#### 4) General Requirements for Nominating Petitions

A District Council member who satisfies the candidate eligibility requirements and who wishes to be nominated as a candidate to be a District Council elected officer must circulate and submit nominating petitions. The following provisions govern the circulation of such petitions:

- A prospective individual candidate must obtain the verified signatures of at least two hundred fifty (250) District Council members in good standing, on the pre-printed nominating petition forms provided by the Election Officer. A slate of prospective candidates must obtain the verified signatures of at least five hundred (500) District Council members in good standing, on the pre-printed nominating petition forms. Candidates running as members of a slate need only compile the five hundred (500) verified signatures for the slate—no additional signatures for each of the individual candidate who comprise the slate are required.
- The petitions of all prospective individual candidates and slates of candidates must be submitted to the Election Officer by email on or before 5:00 p.m. on Thursday, August 28, 2025. The email address for this purpose is **2025CarpentersElection@crowell.com**. The prospective individual and slate candidates must also deliver the original nominating petitions to the Election Officer, within a reasonable period of time thereafter. The prospective individual and slate candidates may retain a copy of their nominating petitions.
- A prospective candidate may not run for election to more than one District Council office.
- Nominating petitions may be signed only by District Council members in good standing. Membership in good standing status, for the purpose of validity signing nominating petitions, shall be determined as of the date the petition was submitted to the Election Officer.
- A District Council member may sign the nominating petitions of as many different prospective individual candidate and slate candidates as he or she wishes but may not sign any one candidate's nominating petition for a specific District Council office more than once.
- A prospective candidate who submits a nominating petition to the Election Officer for verification may not thereafter withdraw the petition, without the written approval of the Election Officer. The reason for nominating petition withdrawal must be submitted by the prospective candidate in writing to the Election Officer. The Election Officer must be reasonably certain that the prospective candidate has not requested a petition withdrawal as a result of coercion, or any undue influence, and further, the Election Officer must determine that it is reasonable or prudent to allow the candidate to withdraw.
- Nominating petitions may be circulated to the membership by any District Council member in good standing.
- Prospective candidates may begin gathering nominating petition signatures on or after Monday, August 4, 2025.
- The nominating petition form is attached hereto as Exhibit A and is available for downloading on the District Council's website; a nominating petition form may also be obtained by contacting the Election Officer directly at the email address printed on the last page of the Rules. Prospective candidates are required to use these nominating petition forms.

#### 5) Information Required on a Nominating Petition Forms

Every page of each nominating petition must provide the following information:

- At the top of the page, the name of the candidate (or candidates, if on a slate), the local union affiliation(s) of the candidate(s), and title of the office sought by the candidate(s).
- Each District Council member who signs a nominating petition must sign his or her legal name and must print his or her first and last names, address, local union affiliation, UBC number and the date the nominating petition was signed by the member.

- Each District Council member who circulates a page of a nominating petition must print his or her first and last names, address, local union affiliation and UBC number at the bottom of the page. Below this information, the prospective candidate and/or the member requesting signatures for the nominating petition must sign and date a certification stating that he or she obtained the signatures on that page and that the contents of the information provided on that page are accurate, to the best of the candidate's knowledge.

**6) Slates of candidates**

A District Council member may seek nomination for election to a District Council office as a member of a slate of two (2) or more candidates. A District Council member shall also have the right to campaign and appear on the ballot as a member of a slate of candidates. There must be mutual consent between and among all candidates running on the slate. A slate may be formed without the requirement that there be a candidate on the slate for every available office. A slate must contain only one (1) candidate for each office. Should one or more members of a slate be determined by the Election Officer to be ineligible to run for election, the ineligibility of the candidate(s) in question will not affect the eligibility of any of the remaining members of the slate. No candidate may run for election as a member of more than one slate.

To form a slate, prospective candidates must comply with the following requirements:

- A letter signed by each member of the slate that identifies the office that each prospective candidate seeks and the name, if any, of the to-be-formed slate, which letter must be submitted by e-mail to the Election Officer at the email address on the last page of the Rules by Thursday, August 28, 2025, by not later than 5:00 p.m. The written declaration made by candidates to run as members of a slate may not be retracted once submitted to the Election Officer.
- Nominating petitions for an entire slate of candidates must be submitted to the Election Officer by Thursday, August 28, 2025, by not later than 5:00 p.m. and must contain the signatures of at least five hundred (500) members in good standing and must otherwise conform with the Rules, in all respects. The members of a slate may circulate only nominating petitions that list all of the members of the slate and they may not circulate petitions that describe members of the slate as individual candidates.

Candidates nominated as a slate will draw a single ballot position, and the names of a slate's candidates will appear together on the same ballot "line," along with any chosen slate name. However, as ballots will not permit members to vote for an entire slate of candidates by marking a single box, votes for candidates for each District Council office must be cast individually

**C. <u>Nominating Petition Verification</u>**

Following submission to the Election Officer, each nominating petition will be reviewed for compliance with the requirements of this section C. In addition, the Election Officer may verify the membership standing of the individuals who signed nominating petitions and the authenticity of those signatures.

A signature or entry on a nominating petition shall be declared null and void where:

- the entry lacks a full signature;
- the member who signed the petition either failed to print their name, address, local union affiliation, or UBC number, or such information, or any part thereof, is illegible;
- the same member has signed the nominating petition of a candidate more than once, in which event only one of the member's signatures shall be counted;
- the signature is not of a member in good standing; or
- the signature is not authentic.
- The Election Officer will bring disciplinary charges against any member who knowingly provided false or incorrect information, or who forged, or knowingly permitted or caused another person to forge, a signature, on a nominating petition.

All of the signatures or entries that appear on a nominating petition form page shall be declared null and

void where:

- the name of the candidate(s), the local union affiliation(s) of the candidate(s) and the title of the offices sought by the candidate(s) do not appear at the top of each page;
- the member circulating the nominating petition either failed to print his or her name, address, local union affiliation, or UBC number, or this information is illegible, in whole or in part;
- the member circulating the nominating petition and collecting the signatures failed to sign his or her name at the bottom of the page or otherwise failed to certify the accuracy and validity of the contents of the page; or
- the signature of the member circulating the petition is not authentic.

**D. <u>Early Verification Process to Cure Nominating Petition Deficiencies</u>**

Prospective candidates and slates of candidates may submit their nominating petitions to the Election Officer and request that the Election Officer review their petitions for compliance with the Rules prior to the deadline for their submission. Prospective candidates and slates of candidates shall be given an opportunity to correct any curable deficiencies in their nominating petitions at the reasonable discretion of the Election Officer.

**E. <u>The Nominations Meeting</u>**

On Wednesday, September 10, 2025, at 5:00 p.m., the regularly scheduled Delegate Body meeting will be open to all District Council members. At this meeting, the Election Officer shall publicly announce each prospective candidate who is certified as eligible by the Election Officer. Any District Council member in good standing on that date may formally nominate for election any certified as eligible prospective candidate. Thereafter, a District Council member who is nominated for election to a District Council office shall accept their nomination either in person at the meeting or, if absent from the meeting, by providing a signed letter of acceptance to another District Council member, who shall present it to the Election Officer at the time the candidate is nominated.

In the event that there is only one (1) candidate nominated for any elective office, then any District Council member (other than the candidate in question) in attendance at the September 10, 2025, delegate meeting, and who is in good standing as of that date, may cast a single ballot for the candidate and the candidate will be declared the election winner and certified by the Election Officer.

The order of the names of individual candidates and slates of candidates appearing on the ballot, and the appearance of their respective campaign literature on the website and in the election edition of *The Carpenter* magazine, will be determined by a random drawing conducted by the Election Officer at this meeting.

After the nominations meeting, the Election Officer shall provide a list of the nominated candidates to all local union presidents and the District Council. The District Council shall post this list on its website. Local union presidents shall post this list on the local union's bulletin board, or in some other conspicuous place readily accessible to members. All nominated candidates will be eligible to speak at any local union meeting after this date up to and through November 18, 2025.

* * *

## SECTION THREE
## Campaigning

For the purpose of these rules, "campaigning" is defined as affirmatively advocating for or against the election of a particular candidate or slate of candidates. Campaigning can be conducted through oral or written speech, in person or digitally, as well as by wearing or displaying merchandise or information regarding a candidate or slate of candidates. Campaigning can be conducted directly or by facilitating or managing others who will campaign and engage in related activities. For the purposes of these rules, campaigning does not include responding to a direct question or statement regarding the election or an action which is objectively de minimis, otherwise known as "incidental advocacy." However, if such a response is protracted or otherwise interferes with the work of the District Council, it may be deemed as campaigning. The Election Officer will ultimately determine whether one's conduct in this regard meets the definition of "campaigning" as defined by these rules.

This Section describes the rules applicable to campaigning, including the rights of nominated candidates to openly communicate with District Council members, all in furtherance of the goal of the conduct a free, fair, and democratic election process.

### 1. Freedom to Exercise Political Rights

#### A. Political Rights of District Council Members

A member of any local union in the District Council, including a District Council member who is a union officer or employee, has the right to participate in campaign activities on their personal time, including the right to openly support or oppose any candidate or slate of candidates, to campaign for or against any candidate or slate of candidates, and to make personal campaign contributions to candidates of their choosing.

#### B. Prohibition on Use of Union or Employer Resources

Federal law prohibits the use of any union or employer resources to promote the candidacy of any person in a union election, and union officers and employees may not campaign for a candidate on time paid for by the union. See LMRDA, Title IV, Section 401(g). This prohibition on the use of union or employer resources in candidate elections extends beyond funds to include things such as (but not limited to) computer equipment and networks, facilities, vehicles, paid time, and contact lists or systems that were created or compiled as part of official duties or functions. This prohibition extends to resources of the District Council or any local union of the UBC. This prohibition also extends to resources of any employer, whether or not they employ members of this or any union.

As such, campaigning may not be conducted on union or employer time, including during union meetings or training events. The sole exception to this rule is set forth below regarding a candidate seeking access to local union meetings for campaigning (see subsection 4A in this Section).

Campaigning also may not involve the expenditure of union or employer funds, except as provided for in the Rules. No candidate, District Council member, officer, employee, or paid agent of the union may campaign during his or her working hours. However, campaigning by union employees during paid time off, including vacation, lunch hours, or breaks, or advocacy incidental to work or regular union business, is permissible except as provided for in the Rules.

The District Council, including all local unions, may not under any circumstances, endorse or otherwise promote any individual or slate candidates, including at union meetings or through official correspondence, newsletters, or social media accounts run or controlled by the District Council or a local union, or any other form of communication, even if all members agree on the endorsement or candidacy of any individual or slate candidates.

Except as provided for in the Rules, union funds, facilities, equipment, stationery, etc. may not be used to assist in campaigning unless the candidate reimburses the union for the costs of such goods and services,

and unless such goods and services are equally available to all candidates, and further that all candidates are notified a reasonable time in advance of the availability of any such goods or services.

### C. Access to Employer's or Union's Premises

No restrictions shall be placed upon a candidate's or District Council member's rights to use employer or union bulletin boards for campaign publicity. Similarly, no restrictions shall be placed upon a candidate's or District Council member's rights to solicit support, distribute leaflets or literature, conduct campaign rallies, hold fund raising events or engage in similar activities on employer or union premises. Such facilities and opportunities shall be made equally available on the same basis to all candidates and District Council members, as provided for by applicable federal labor law.

Note that these rules apply to job sites that are otherwise open to public access ("non-restricted job sites") and job sites that are otherwise restricted from public access ("restricted job sites"). Job site information will be available to all candidates on the District Council website.

With respect to campaigning at any job site, campaigning candidates and District Council members must comply at all times with all employer rules or policies and may only campaign on employer property to the extent it is permitted by the employer or by applicable federal law. Any discrimination by an employer in permitting access to its property, between or among candidates or District Council members campaigning on their behalf, shall constitute an improper employer contribution to the candidate(s) who benefit from such discrimination, and a potential Rules violation for the candidate(s) in question.

### D. Special Rules for Officers and Employees of the District Council

The Rules do not prevent District Council officers and employees from campaigning for or against a candidate or slate of candidates outside of working hours. Further, campaigning during paid vacation, paid lunch hours or breaks, or similar paid or approved unpaid time off is also not a violation of the Rules. Any official or employee doing so should be careful to document that these efforts are conducted outside of working hours, in order to be able to justify the appropriateness of these efforts if there is a future inquiry by the Election Officer.

Specifically, any employee or current officer of the District Council, including nominated candidates and non-candidates, who visits a job site for any purpose (including, in whole or in part, union-related business), and who engages in any campaigning activities for any nominated candidate or slate of candidates shall maintain a daily log of all such visits, including the address of each job site and dates and times of the visits and the campaigning activity. The Election Officer will provide a form for the keeping of these logs, which will include an attestation by the employee or officer as to the accuracy and completeness of the information contained therein and an understanding of the rules around the use of union resources in connection with campaigning activities. All such logs shall be submitted to the Election Officer by email at **2025CarpentersElection@crowell.com** no later than 5:00 pm on Friday of the week of the respective visits were made.

## 2. Access to Collective Bargaining Agreements

Any District Council member may inspect and make notes from all collective bargaining agreements to which the District Council is a party. Such inspections will take place at the District Council's offices between the hours of 7:00 a.m. and 4:00 p.m., Monday through Friday, excluding legal holidays. The Director of Operations of the District Council shall be responsible for ensuring that District Council members are provided access to the requested collective bargaining agreements. Nothing in this paragraph shall be interpreted to deny District Council members any rights to which they are entitled to under federal labor law.

Any nominated individual candidates, slates of candidates, or their representatives may obtain a copy of all collective bargaining agreements to which the District Council is a party within forty-eight (48) hours of their written request made to the Director of Operations of the District Council. A slate of candidates may obtain only one (1) copy of each requested collective bargaining agreement.

### 3. Access to a District Council Membership List

A nominated individual or slate candidate may inspect but not copy or photograph, a current list of District Council members' names and addresses, by making arrangements with the Election Officer to do so at the District Council during business hours. The membership list contains District Council proprietary and personal information which may not be used or disseminated for any purposes other than in connection with the election of officers. Any misuse of such information by a candidate or their representative may subject them to disciplinary proceedings instituted by the Election Officer.

Within thirty (30) days prior to the mailing of ballots, a nominated candidate or their representative may also inspect a current list of the names and addresses of all District Council members who will be sent ballots by going to the Election Officer's designee at the District Council offices during business hours to schedule such inspection. The list of District Council members eligible to vote may not be copied or photographed and any misuse of such information by a candidate or their representative may subject them to disciplinary proceedings instituted by the Election Officer.

There shall be no discrimination in favor of or against any individual or slate candidates with respect to the foregoing.

### 4. Access to Membership Meetings

The local union president is responsible for ensuring that his or her local union complies with granting access by candidates to regular meetings of a local union of the District Council and for maintaining order at such meetings, in accordance with the Rules.

#### A. <u>Candidate Speeches</u>

Any nominated candidate/slate of candidates shall have the opportunity to address District Council members at the regular monthly meetings of any Local Union according to the procedures described in this Section.

By September 10, 2025, the District Council shall notify the Election Officer in writing by email of the dates, times and locations of the local union meetings from September 10, 2025, through November 18, 2025, and the amount of time each candidate/slate of candidates will be permitted to speak. In no case shall any candidate, whether individual candidate or member of a slate, be allocated less than ten (10) minutes to speak and/or answer questions. A local union may provide individual and slate candidates with more time, but must treat all candidates who wish to speak equally, including allocating all candidates for the same office the same amount of time to speak. When more than one (1) candidate is present at a meeting, the order of appearance must be determined either by random drawing at the meeting, or by the mutual agreement of the candidates.

As soon as practicable after the nomination meeting held on Wednesday, September 10, 2025, nominated candidates will be provided with the local union meetings schedule by the Election Officer. During the period from Wednesday, September 10, 2025, until Tuesday, November 18, 2025, nominated candidates shall be permitted to attend any general meeting of any local union and address the District Council members of that local union for the time allotted.

A candidate who attends a local union meeting:

- may speak at the meeting on his or her own behalf and/or on behalf of the slate with which he or she is or may be running;
- may attend the entire meeting and listen to the addresses of any other individual or slate candidates who speak at the meeting;
- may designate up to four (4) supporters, each of whom must be a District Council member in good standing of a local union, to accompany the candidate for the entire meeting or any part of it; and
- must notify the president of the local union, via electronic mail, at which regularly scheduled meeting the candidate plans to speak. Said notice shall be made at least twenty-four (24) hours

prior to the regularly scheduled local union meeting, to allow time for the meeting agenda to be adjusted accordingly; and

- must be permitted prompt entry into the meeting with their designated supporters by the warden and other local union officials, who may only require that the candidate identify his or her supporters and that the candidate and his or her supporters each produce one (1) piece of identification and a current union card for inspection.

Local union presidents who fail to maintain order at local union meetings at which one (1) or more candidate speak may be subject to disciplinary proceedings instituted by the Election Officer.

Nothing in the Rules shall prevent any local union from convening a special membership meeting for the purpose of permitting one or more individual or slate candidates to address the membership, so long as there is equal access by those candidates requesting such an opportunity. The requirements governing candidate addresses at regularly scheduled local union meetings shall apply equally to any such special meeting. However, any candidate who requests the same, must be permitted to address the special meeting. Any local union convening a special meeting for this purpose must send a written invitation by email to every nominated candidate no later than ten (10) days prior to the meeting. Any local union convening such a special meeting must also continue to provide candidates with access to address the regularly scheduled meetings, as described above.

**B. <u>Discrimination Prohibited</u>**

A local union shall not discriminate or permit discrimination in favor of or against any candidate in conjunction with its meetings or otherwise. The president of a local union is responsible for ensuring that election-based discrimination is prohibited, and any such discrimination will be subject to remedial action and/or the president will be subject to disciplinary charges for failing to properly supervise or permitting such conduct to occur and failing to promptly address or cure the discriminatory conduct. The requirement that discrimination be prohibited shall apply not only to formal presentations by or on behalf of candidates, but also to informal campaign activities, such as comments made about candidates during meetings (including, but not limited to, the "good of the order" portions of the meetings) and the distribution of candidates' campaign literature at meetings. This requirement shall in no way infringe upon a District Council member's right to freely and fully participate in campaign activities, including the right to openly support or oppose any candidate.

**5. Campaign Literature**

**A. <u>E-Mailing and Posting on District Council's Website of a Nominated Individual or Slate Candidate Campaign Literature by the District Council</u>**

Each nominated candidate, whether running individually or as part of a slate, is entitled to have one (1) piece of campaign literature e-mailed to District Council members and posted on the District Council's website. On or before Monday, September 22, 2025, nominated candidates may provide to the Election Officer campaign literature consisting of two (2) 8.5" by 11" black and white single-sided pages each. The individual candidates who are members of a slate may not submit their own individual campaign literature beyond that literature submitted by the slate. A slate may pool its members' allocated pages and submit its literature together. The submitted literature shall be e-mailed to the membership and posted on the District Council's website on or before Monday, October 13, 2025.

**B. <u>Mailing of Campaign Literature at the Candidate's Expense</u>**

A candidate seeking nomination and/or election to District Council office shall be permitted a reasonable opportunity, equal to that of any other candidate or nominee, to have his or her literature distributed, at his or her personal expense, by a commercial mailing service arranged for by the District Council and approved by the Election Officer. This means that:

- each candidate and slate of candidates is entitled to a reasonable number of mailings, whether any other candidate makes such request(s);

- when campaign literature is distributed on behalf of any candidate or slate of candidates, similar distribution under the same conditions and costs shall be made for any other candidate or slate of candidates, if requested; and
- a candidate or slate of candidates' campaign literature need not be distributed if that candidate or slate of candidates is not able or willing to pay for the reasonable costs of such distribution.

### C. Campaign Literature in *The Carpenter*

A nominated individual candidate or slate of candidates shall be permitted to campaign in the election edition of *The Carpenter* that shall be e-mailed to members of local unions in the District Council and posted on the District Council's website. A nominated candidate for EST of the District Council shall be allocated one page in this edition of The Carpenter. Any other nominated candidate shall be allocated one-half page in this edition. A nominated candidate may use any portion of the allocated space to make candidate statements or to solicit contributions from eligible contributors. Members of a slate may pool their allocated space in the issue. All submissions must be in the form of camera-ready copy. Black will be the only color of ink used in each election editions of *The Carpenter*. Upon his own initiative or upon application by the District Council, the Election Officer, in his discretion, may adjust the space allocations proportionately if the number of individual candidates or slates of candidates makes the established allocations impractical.

The District Council shall e-mail to members of local unions of the District Council and post the election edition of *The Carpenter* on the District Council website, no later than Monday, October 27, 2025, at 5:00 pm. The District Council shall also notify the Election Officer of any special deadlines that must be met by a nominated individual candidates or slate of candidates for their submission to be printed in this edition of *The Carpenter*; and further, shall provide for the Election Officer's supervision and observation of the entire layout and printing process, including his inspection of this edition of *The Carpenter* prior to its production and distribution. The order of presentation in each issue of *The Carpenter* shall be determined by the Election Officer by random lot at the nomination meeting.

The District Council may not censor or alter the contents of any statement by any of the individual candidates or slates of candidates. The District Council may not refuse to process or distribute *The Carpenter* on the basis of its content.

### D. Retaliation

Retaliation or threat of retaliation by the District Council, any District Council member, or an employer against any District Council member, including one who is an officer or employee, for exercising any right guaranteed by the Rules is strictly prohibited.

* * *

## SECTION FOUR
## Campaign Contributions and Disclosures

### 1. Campaign Contributions

#### A. Overview

The Rules apply to all contributions received by an individual candidate or slate of candidates seeking nomination or election to a District Council Office, even if such campaign contributions were received prior to the effective date of the Rules. The term “campaign contribution” is defined in Section Eight. Individual candidates and members of a slate of candidates should notify all prospective contributors of the limitations on campaign contributions prescribed by these Rules.

Individual candidates and members of slates of candidates seeking nomination for election to a District Council office in the 2025 Election may not:

- accept campaign contributions of more than Five Hundred Dollars ($500.00) from any member of the District Council;
- accept any campaign contribution, or anything of value, from any person who is not a member of the District Council, except as specified below, or from any person who is a contracting member; or
- accept any campaign contribution from any employer or labor organization, except as specified below.

Individual candidates and members of slates of candidates may spend as much of their own money on their campaigns as they wish, provided the individual candidate and members of the slates of candidates comply with the campaign finance disclosure requirements found in this Section Four. However, a candidate who is a member of a slate may spend as much of his or her own personal money as he or she wishes, provided that the money is used solely for campaigning in support of the entire slate, and the candidate complies with the campaign finance disclosure requirements found in this Section.

#### B. Contributions from District Council Members

Each candidate, whether running individually or as a member of a slate, may accept contributions of up to Five Hundred Dollars ($500.00) per candidate from any member of the District Council, except for a contracting member. If the slate is receiving a donation directly, the total donated from a District Council member may not exceed Five Hundred Dollars ($500.00) times the number of candidates on the slate. This would be apportioned equally across all the candidates on the slate and contribute to their individual donation limits of $500 per candidate per District Council member.

#### C. Contributions form Non-Members of the District Council

Monetary contributions in any amount from non-members of the District Council are strictly prohibited.

#### D. In-Kind Contributions of Services

No person or entity may contribute anything of value to any campaign, except as specified In the Rules.

However, any individual may donate his or her services to an individual candidate or slate of candidates provided that (1) the services are provided on their personal free time; (2) the provision of services is truly voluntary and not coerced; and (3) the provision of services is (a) made without compensation in any form by an employer, labor organization, or other person or entity who is not a member of the District Council and (b) not accompanied by the contribution of supplies or services of others who are compensated for such supplies or services by an employer, labor organization or other person or entity who is not a member of the District Council.

#### E. Contributions from Employers

No employer may contribute any monies or anything of value to the campaign of any individual candidate or member of a slate of candidates for election to any District Council office. No individual candidate or member of a slate of candidates for nomination or election to a District Council office shall accept or use any monies or anything of value from any employer, representative of an employer, foundation, trust, or similar entity, except as specified below.

This prohibition is not limited to employers that have contracts with the District Council; it extends to every employer, regardless of the nature of the employer's business, and includes, but is not limited to:

- any political action organization that employs anyone;
- any nonprofit organization, such as a church or civic group, that employs anyone; and
- any law firm or professional organization that employs anyone.

This prohibition extends beyond strictly monetary contributions made by an employer to include a ban on in-kind assistance, including the use of employer stationery, equipment, facilities, resources, and personnel, and applies even if the employer is unaware of the purposes for which its resources are being used.

The only exception to this blanket prohibition on contributions from any employer is provided below (<u>see</u> subsection 1G in this Section).

### F. <u>Contributions from a Labor Organization</u>

No labor organization, including but not limited to the District Council may contribute any monies or anything of value to any campaign of any individual candidate or member of a slate of candidates for election to District Council office, except as provided for in the Rules. This prohibition extends beyond strictly monetary contributions made by a labor organization to include a ban on in-kind assistance, including the use of the labor organization's stationery, equipment facilities, resources, and personnel.

Except as provided for in the Rules, no District Council funds or thing of value shall be used to promote the candidacy of any particular individual or slate candidates. The prohibition against the use of District Council funds or things of value includes the use of District Council stationery, equipment, resources, facilities, and the labor of District Council employees, personnel, or agents, unless (1) the District Council is compensated for such use by the individual or slate candidates; and (2) equal access to such goods and services and reasonable notice of their availability is provided to all candidates. In no case shall any individual or slate candidates use the District Council's official stationery or any stationery that appears to be or is intended to appear to be the union's official stationery.

### G. <u>Contributions for Legal and Accounting Services</u>

Nothing prevents an individual candidate or member of a slate of candidates from accepting legal or accounting services, or financial support to pay for these services provided that the services are obtained to assure compliance with applicable election laws, rules, or other requirements or to secure, defend, or clarify their legal rights as candidates, and the services or financial support for such services are obtained from any person or entity other than:

- the District Council or other organization or entity affiliated with, or within the jurisdiction of, the union; or
- an "interested employer" or a contracting member.

An "interested employer" includes any employer or association of employers which is (a) a party to a current collective bargaining agreement ("CBA") or an expired CBA, but is otherwise engaged in collective bargaining with the District Council and/or any local union, (b) the subject of an organizing campaign by the District Council and/or any local union since December 15, 2013, or (c) concerned with, liable to, affected by, or has some self-interest in litigation or arbitration brought against the District Council or any local union.

Contributions of this kind are only permitted from individuals and non-interested employers to the extent that

they are used for the reasons specified above and comply with the campaign finance disclosure requirements described below.

## 2. Disclosure

The Rules concerning campaign finance disclosure apply to each candidate to be a District Council officer individually, whether or not they are a member of a slate.

### A. Maintenance of Financial Records

Duly nominated and recognized individual candidates and slates of candidates must:

- open and maintain one (1) bank account into which they shall deposit any money the candidates expect to spend on their campaign, which funds shall include only (a) contributions from members of the District Council, and (b) any of the candidate's personal funds;
- if necessary, open and maintain a second (2nd) bank account into which only contributions toward fees for legal or accounting services performed in assuring compliance with applicable election laws, rules or other requirements or in securing, defending, or clarifying his or her legal rights as a candidate as described above in subsection 1G hereof, entitled "Contributions for Legal and Accounting Services", shall be deposited;
- pay for expenditures of one hundred dollars ($100) or more by check, or by recorded electronic transfer including, but not limited to, those with tracking capacity such as Venmo, Zelle, or Paypal, although such expenditures may originally be covered by credit card (any expenditure made by a campaign must ultimately be by a check drawn on the campaign bank account or recorded electronic transfer, with any violator subject to disciplinary proceedings instituted by the Election Officer under 5.d. of the Stipulation and Order);
- maintain a separate written record of every contributor's name, address, contribution amount, UBC number, and the date of each contribution, without regard to the size of the contribution;
- maintain all receipts or comparable written records demonstrating how the value of each in-kind contribution was determined (any goods, services or in- kind contributions must be valued at fair market value); and
- maintain clear, complete, and accurate, and verifiable records for all contributions, goods or services received, expenditures incurred, and goods and services obtained that demonstrate compliance with these Rules, the UBC Constitution, Bylaws, and applicable law. Such records shall include copies of all cancelled checks, bills, receipts, deposit slips, bank account statements, electronic transactions, and any other documentation to verify contributions, expenditures, and services.

### B. Access to Books and Records by the Election Officer

The Election Officer has complete and unfettered access to, including the right to inspect, audit, and make copies of, all books, documents, accounts, transaction audit trails, correspondence, files, data compilations, and other financial records that nominated candidates must maintain under the Rules. Nominated individual candidate and slates of candidates must produce such material within twenty-four (24) hours, unless otherwise not feasible. In such case, an advance request for additional time must be submitted in writing to the Election Officer.

### C. Disclosure Statements

Duly nominated and recognized individual candidates and slates of candidates must file with the Election Officer three (3) campaign contribution and expenditure disclosure statements. See Exhibit B. Form disclosure statements are available on the District Council's website or by contacting the Election Officer at the email address listed on the last page of these Rules. Each duly nominated and recognized individual candidate and slate of candidates shall have the right to inspect, but not make notes from or copy or photograph, his or her opponents' or opponent slate's campaign contribution and expenditure disclosure statements at the office of the Election Officer indicated on the last page of these Rules, once (1x) before

the November 21, 2025 election tabulation, and once (1x) after, by appointment made with the Election Officer. Duly nominated and recognized individual candidates and slates of candidates must reveal the following information:

- **Contributions**: for every District Council member who has contributed to a campaign - the following information: the District Council member's name, address, and local union affiliation; the date(s) and amount(s) of the contribution(s); and the manner in which the contribution was made (check, cash, money order, electronic transaction) or, if the contribution was of material, service, or equipment, a description of the contribution and the value attributed to it.
- **Expenditures incurred or goods or services obtained:** for any expenditure incurred of one hundred dollars ($100) or more or for anything of value, goods or service obtained of one hundred dollars ($100) or more in value: the name and address of any person, entity, or business providing the goods or services; the amount of the expenditures incurred or the value of the goods or services obtained; the purpose of the expenditures incurred or the goods or services obtained; the dates the expenditures were incurred or the goods or services received; and the manner in which the expenditures were made (check or money order).
- **Important Note:** Where a campaign receives anything of value, or obtains or uses goods or services, and the thing of value, goods, or services was/were provided at other than fair market value, the difference between the dollar fair market value and the dollar amount actually paid by the campaign is a contribution. Such a contribution is permitted only to the extent provided for in these Rules and under applicable federal labor law, and if permitted, must be disclosed in accordance with this Section.
- **Campaign account balances:** the cash balance of the campaign account(s) at the beginning and end of the reporting period, the total amount of contributions received, the total amount of expenditures incurred, and the total amount of goods and services obtained.
- **Account information:** for the campaign account(s), the following information: the name of the bank or other depository institution at which the account is maintained; the name of the account signatories; the account numbers; and the date the account was opened and, if applicable, closed.

These disclosure requirements also apply to any contributions received, expenditures incurred, or services obtained by a nominated individual candidate and slates of candidates to pay fees for legal and accounting services performed in assuring compliance with applicable election laws, rules or other requirements or in securing, defending, or clarifying the legal rights of individual candidates and slates of candidates, as described above in subsection 1G entitled "Contributions for Legal and Accounting Services."

Every duly nominated and recognized individual candidate and slate of candidates is required to give the Election Officer formal written consent and authorization to obtain all information concerning the depository account(s) in which they have placed contributions of any value. The Election Officer's access shall extend, but is not limited, to all financial statements, cancelled checks, and copies of deposited items, and any transaction history.

### D. Schedule

Duly nominated and recognized individual candidates and slates of candidates must file with the Election Officer by email three (3) campaign contribution and expenditure disclosure statements according to the following schedule:

- **The first statement**, due to the Election Officer no later than 5:00 p.m. on Monday, September 22, 2025, must detail all contributions received, expenditures incurred, or services obtained by the individual candidate and slate of candidates through 11:59 p.m. on Friday, September 19, 2025. In this statement, the individual candidates and slates of candidates shall also include any contributions received, expenditures incurred, or services obtained related to or used in connection with the 2025 Election, prior to September 19, 2025.
- **The second (2nd) statement**, due to the Election Officer no later than 5:00 p.m. on Wednesday, October 29, 2025, must detail the contributions received, expenditures incurred, or services obtained by the candidate or slate of candidates from Saturday, September 20, 2025, through

11:59 pm. on Monday, October 27, 2025.

- **The third (3rd) and final statement,** due to the Election Officer no later than 5:00 p.m. on Wednesday, December 3, 2025, must detail the contributions received, expenditures incurred, or services obtained by the candidate or slate of candidates from Tuesday, October 28, 2025, through 5:00 p.m. on Wednesday, December 3, 2025.

### E. Remedial Action for Contribution or Disclosure Violations

The Election Officer may take any appropriate remedial action to address any violation of this Section and provide individual candidates and slates of candidates an opportunity to cure any filing deficiencies, if deemed appropriate under the circumstances. Such action may include, but is not limited to, disgorgement and restitution.

* * *

## SECTION FIVE
## Election Process

### 1. Voting

On Monday, July 21, 2025, the District Council will mail to all District Council members and post on the District Council website a letter prepared by the Election Officer providing notice of the Election, to be conducted by mail-in ballot received no later than 5:00 p.m. on November 19, 2025. Write-in votes will not be permitted. Upon request, the District Council shall provide information to the Election Officer from the official UBC database regarding voter eligibility issues. The District Council, and any local union in possession of information requiring updating of a District Council member's voting eligibility, are responsible for ensuring that the official UBC database is up to date, within twenty-four (24) hours of receipt of the information.

On Monday, November 17, 2025, the District Council will provide information to the Election Officer regarding voter eligibility, upon request.

To be eligible to vote, a District Council member must:

- have been initiated as a member of a District Council local union any time before November 14, 2024, and have remained a member of that local union continuously thereafter;
- as of November 14, 2025, have paid all dues through the previous quarter; and
- otherwise be in good standing.

The AAA, under the auspices of the Election Officer, will be responsible for producing, distributing, collecting, and tabulating ballots. Ballots and instructions will be mailed to members starting on Wednesday, October 29, 2025. Voted ballots must be received through the mail by the AAA by Wednesday, November 19, 2025, by no later than 5:00 p.m.

Note that there will be a special session on November 18, 2025, from 5:00 p.m. to 7:00 p.m. at the District Council's offices at 395 Hudson Street, supervised by the Election Officer, during which meeting the delegates will vote by secret ballot for the election of District Council Warden, Conductor, and three Trustees.

### 2. Observers

Each candidate shall have the right, at their expense, to have two (2) observers present for the 2025 election vote count. Only a candidate or District Council member in good standing may serve as an election observer. Candidates must inform the Election Officer in writing by no later than 5:00 pm on Thursday, August 28, 2025, of the names of those individuals whom they have chosen to serve as observers. Observers shall not interfere with the Election Officer in his performance of his duties and shall not interfere with, or seek to influence, voters or electioneer in any way. If there is any other aspect of the 2025 election beyond the vote count which a candidate believes observers should be permitted to be present for, the candidate can make a request for the same in writing to the Election Officer, who will have sole discretion whether to grant such request.

### 3. Invasion of Ballot Secrecy

No District Council member, officer, business agent, steward or any other person or entity may demand or require any District Council member to give his or her ballot to any other person or entity, or demand or require any District Council member to mark his or her ballot in the presence of any other person. A District Council member may not give his or her ballot, marked or unmarked, to any other person or entity. Such actions may result in disciplinary action instituted by the Election Officer.

### 4. Announcement of the Election Results

The AAA shall tabulate the votes on Friday, November 21, 2025, beginning at 10:00 a.m. Upon completion

of the vote count by the AAA under the supervision of the Election Officer, the Election Officer shall immediately announce the election results to all candidates and observers present. The Election Officer shall also post the election results on the District Council's website. As soon as possible after the completion of the vote count, the Election Officer shall provide each local union president with a copy of the official election tally sheet. Such tally sheet must be posted on all local union bulletin boards for at least thirty (30) days. Announcement of the election results does not constitute certification, which is required before the results are certified as official by the Election Officer.

**5. Certification of the Election Results**

After the election process is completed in accordance with the Rules, and where no timely objections to the election results are raised, or upon completion of the protest and appeal procedure, or upon the conclusion of any investigation the Election Officer may undertake with respect to the election, the Election Officer shall certify the election results. The Election Officer shall provide a copy of the election certification to the Director of Operations at the District Council and post the election certification on the District Council's website. All ballots and records pertaining to the election shall be preserved under the auspices of the Election Officer for one (1) year following the date of the election. In the event it is determined that violations of the Rules or applicable federal law occurred that may have affected the outcome of the election, the Election Officer shall refuse to certify the election results and shall immediately order that a rerun election be held, including, if necessary, the refiling of nominating petitions. In such case, the Election Officer shall promptly promulgate a schedule for the conduct of a rerun election, and if necessary the refiling of nominating petitions.

**6. Installation of Officers**

Newly elected officers of the District Council will be installed following certification of the 2025 election results by the Election Officer. Unless the Election Officer has refused to certify the 2025 election results, installation of the new officers will occur on Wednesday, January 14, 2025.

* * *

## SECTION SIX
## Protest Procedure

### 1. Filing a Protest

Any member of the District Council in good standing may file: 1) a protest alleging noncompliance with these Rules and/or with the LMRDA; or 2) an appeal from any decision concerning a protest, free from any direct or indirect retaliation or threat of retaliation by any District Council officer, member, or candidate, or by any other person or entity for such filing. A protest must be filed in writing with the Election Officer via email. The protest shall contain a clear and concise statement of the grounds for the protest and the complainant's name, address, phone number and local union affiliation. The complainant bears the burden of presenting some credible evidence of the alleged improper conduct. Before deciding the merits of any particular protest, the Election Officer shall provide to any person or entity who/which is subject of the protest an opportunity to present evidence and/or legal argument to the Election Officer in response to the protest.

The subject matter of a protest may include, but is not limited to, the following:

- Improper or inequitable treatment of a candidate or his or her supporters by the District Council, including improper endorsements; threats, coercion or intimidation; improper or unlawful aid or financial support of a candidate; or discriminatory or prohibitive access to the membership, including access to local union meetings, mailings, and membership information.
- Improper or inequitable treatment of a candidate or his or her supporters by an employer, including: endorsements, threats, coercion or intimidation; improper or unlawful aid or financial support of a candidate; or discriminatory access to job sites.
- Threats, coercion, intimidation or acts of violence committed towards a District Council member with respect to the election.
- Improper aid or financial support to a candidate.

A protest concerning an alleged violation of the Rules and/or the LMRDA must be filed with the Election Officer within five (5) workdays of the time when the complainant becomes aware, or reasonably should have become aware, of the conduct under protest.

The Election Officer may, on his own initiative, undertake an investigation without a protest having been filed, if he believes that the Rules have been violated or that any other conduct has occurred which may prevent or has prevented a free, fair, honest, and open election. The Election Officer has access to District Council information to the full extent provided for in paragraph 5.e. of the Stipulation and Order. The Election Officer has the right to conduct interviews and request and receive the production of documents.

### 2. Investigation by the Election Officer

Within seven (7) calendar days after receipt of a protest, the Election Officer shall evaluate the protest and notify the following individuals or entities of his decision in writing: the complainant, the District Council officials or members involved, any candidate adversely affected, and any person or entity who/which is the subject of the decision or remedy. If additional time is required by the Election Officer to conduct its evaluation, it will provide notice of same to these parties. At the conclusion of any investigation, the Election Officer may:

- determine the merits of the protest and, if found meritorious, determine the appropriate remedy;
- exercise his authority to bring charges before the District Council's Trial Committee; and/or
- defer action pending further investigation.

### 3. Hearing by the Election Officer

Upon a request, or on his own initiative, the Election Officer may, but is not required to, commence and conduct a protest hearing within seven (7) calendar days after notifying the parties involved. The hearing will be conducted during business hours and may be adjourned by the Election Officer as necessary, to continue conducting the hearing during business hours. The Election Officer shall determine whether the

hearing shall be conducted in person, by telephone or by videoconference. The following individuals may participate in any hearing: the complainant and/or his or her representative; any representative of the District Council official or member involved or their representative; any person or entity who is the subject of the decision or remedy and that person or entity's representative; and any other person who obtains the permission of the Election Officer.

Within seven (7) calendar days of the conclusion of the hearing, the Election Officer shall issue a written decision, making findings of fact and ordering appropriate relief. The parties involved and any candidate, person, or entity adversely affected, or who is the subject of the decision or remedy, shall be notified promptly of the decision.

Any decision by the Election Officer must be obeyed unless and until it is stayed or overturned by order of a Court of competent jurisdiction.

**4. Remedies**

If, as a result of any protest filed with the Election Officer, or as a result of any investigation undertaken by the Election Officer, either in response to a protest or on his own initiative, the Election Officer determines that the Rules or any law have been violated or that any other conduct has occurred that might prevent or has prevented a free, fair, honest, and open election, the Election Officer may take whatever remedial action is appropriate. Such remedial action may include, without limitation:

- requiring or limiting access to the District Council's, or to an employer's, premises;
- requiring the District Council to mail or otherwise distribute, at its own expense, candidate campaign materials;
- allowing a candidate or slate of candidates to make use of District Council or employer resources commensurate with the use of such resources by another candidate or slate of candidates;
- requiring the District Council or the local unions to hold meetings and prescribing the format or content of such meetings;
- requiring the return of campaign contributions;
- requiring reimbursement for goods or services;
- requiring the District Council or local unions to provide a candidate with specific goods or services;
- regulating the number and conduct of observers or disqualifying observers;
- ordering the rerun of an election; and
- requiring immediate compliance with the Rules, or any portion thereof.

In addition to whatever remedial action he may take, the Election Officer may bring disciplinary charges for election-related offenses described in Section Seven.

**5. Appeal to the District Court**

Unless otherwise indicated, all decisions by the Election Officer are effectively immediately, barring a stay issued by the Election Officer or the Court. Any person aggrieved by a decision of the Election Officer under these procedures may seek review before the Honorable Victor Marrero, United States District Judge of the United States District Court for the Southern District of New York within thirty (30) calendar days after service of the Election Officer's decision.

* * *

## SECTION SEVEN
## Election-Related Conduct Subject to Disciplinary Charges

The Election Officer may bring disciplinary charges for or enjoin:

- election-related conduct that falls within his charging authority under paragraph 5.d. of the Stipulation and Order; or
- the conduct enumerated below.

**1.** **Collecting or inspecting ballots.** Requesting, receiving, collecting, taking, completing, or inspecting another member's ballot, or requiring any member to complete a ballot in the presence of any other person.

**2.** **Giving one's ballot to another person.** Surrendering, providing, or giving an election ballot to any other person. This provision does not prevent a member from mailing the ballot to the AAA as provided for in the Rules, or giving a completed ballot to an immediate family member for this purpose, or giving an election ballot to the Election Officer in the course of an investigation.

**3.** **False representations regarding ballot secrecy.** Falsely representing, for the purpose of influencing any member's choice of candidate(s) or decision to cast a ballot, that the balloting is not secret or that any person or entity is capable of determining how any individual member voted.

**4.** **Forgery.** Forging a signature on a nominating petition or any other document submitted to the Election Officer pursuant to the Rules.

**5.** **Campaigning with District Council funds.** Knowingly using District Council funds in any way, except as provided for in the Rules, to promote any candidate to be a District Council officer.

**6.** **Campaigning with funds of non-members.** Knowingly using in any way, or accepting or receiving, money, funds or anything of value, from any person who is not a member of the District Council or from a contracting member, except that money may be accepted from any person other than the District Council, an interested employer, or a contracting member when it is received and used for fees for legal and accounting services performed in either assuring compliance with applicable election laws, rules, or other requirements or securing, defending, or clarifying the candidate's legal rights. (The terms "interested employer" and "contracting member" are defined in Section Eight.)

**7.** **Misusing the membership list.** Misappropriating any District Council membership or voter eligibility list or the information contained therein, or providing such list or information to any person for any purpose other than for conducting or participating in a campaign conducted pursuant to these Election Rules to be a District Council officer.

**8.** **Interfering with the exercise of political rights.** Extorting, committing or threatening physical violence, or taking any adverse economic action against any District Council member for supporting or failing to support any candidate to be a District Council officer or for the exercise or failure to exercise any political right guaranteed under the Rules, the UBC Constitution, the District Council Bylaws, federal labor law, or the United States Constitution in the course of the election. The term "adverse economic action" includes but is not limited to action affecting a District Council member's employment, District Council job referral status, or union membership status or position. The term "extortion" means impeding a District Council member's exercise of political rights, with his consent, induced by wrongful use of actual or threatened force, violence, fear, or under color of official right.

**9.** **Voting fraud.** Engaging in any scheme or artifice designed to permit ineligible individuals to vote, prevent eligible District Council members from voting, prevent the ballots of any District Council members from being received by the AAA, or prevent the ballots of eligible members from being counted.

**10.** **Ballot tampering.** Tampering with any completed ballot.

**11.** **False statements and testimony.** Knowingly providing materially false statements or testimony to the Election Officer in any submissions or proceedings, including the protest procedures under the Rules.

**12.** **Suborning perjury and obstructing proceedings.** Suborning perjury or using intimidation, extortion, bribery, physical force, or threat thereof, or misleading conduct, to persuade another person to:

- delay or prevent the testimony of any person;
- withhold testimony or other evidence;
- alter, destroy, mutilate or conceal any object or document with the intent to impair the object or document's integrity or availability for use, review or inspection;
- evade process summoning a person to appear as a witness or to produce a document or other object; or
- be intentionally absent after having been properly summoned as a witness in any election hearing under the Rules or disciplinary proceeding brought under this Section and the Consent Decree.

**13.** **Failure to supervise.** Every candidate is responsible for supervising his or her campaign staff, including, but not limited to, campaign workers, organizers, consultants and observers who are working for the nomination and election of that candidate or slate of candidates. A candidate commits an election offense if he or she knowingly permits any person associated with their campaign to violate, or attempt or conspire to violate, any of the enumerated election offenses, or to commit any conduct that is chargeable under paragraph 5.d. of the Stipulation and Order in the course of campaigning, or knowing of such offense, fails to report a description of the conduct, and the person committing it, in a prompt and timely fashion to the Election Officer.

A District Council member who knowingly and intentionally aids, abets, counsels, commands, induces, procures, or causes the commission of any of these offenses is subject to the same charges and discipline as the person who directly commits the offense. A District Council member is also subject to disciplinary charges if he or she attempts or conspires to commit any of the foregoing offenses or any other conduct that is chargeable under paragraph 5.d. the Stipulation and Order in the course of campaigning to be a District Council officer.

* * *

## SECTION EIGHT
**Definitions**

"C*ampaign contribution*" means any direct or indirect contribution of money or thing of value where the purpose, object or foreseeable effect of that contribution is to influence, positively or negatively, the election of a candidate or slate of candidates. Campaign contributions include, but are not limited to:

- Contributions of money, securities, or any material thing of value;
- Payments to or subscriptions for fundraising events of any kind (e.g., raffles, dinners, beer or cocktail parties, etc.);
- Discounts in the price or cost of goods or services, except to the extent that commercially established discounts are available to all customers of the supplier;
- Extensions of credit, loans, and other similar forms of finance, except where obtained in the regular course of business of a commercial lending institution, and on such terms and conditions as are regularly required by such institutions;
- Payment for the personal services of another person, or for the use of building or office space, equipment or supplies, or advertisements through the media; or
- Performance of personal services or the making available for use of space, equipment, supplies or advertisements, except that the term "campaign contribution" does not include the performance of services by a volunteer rendered on the volunteer's personal free time, provided the donation is truly voluntary and not coerced, and the donation is (a) made without compensation in any form by an employer, labor organization or other person or entity who is not a member of the District Council or (b) not accompanied by the contribution of supplies or services of others who are compensated for such supplies or services by an employer, labor organization or other person or entity who is not a member of the District Council.

*"Candidate*" means any District Council member who satisfies the candidate eligibility requirements and is either seeking nomination for election to a District Council office or is a nominated candidate for such position.

*"Certified or registered mail*" means mail for which the sender receives evidence of delivery and includes commercial overnight mail services.

*"Complainant*" means a District Council member, a local union, or the District Council which files a protest with the Election Officer.

*"Consent Decree"* refers to the consent decree entered into between and among the United States Government, the District Council, and others in the case of *United States v. District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, et al.,* 90 Civ. 5722 (VM) (S.D.N.Y. 1994).

*"Contracting member*" means a member who is a contractor or is engaged in the business of contracting.

*"Court*" means the United States District Court for the Southern District of New York.

*"Day(s)*" means calendar day(s), unless otherwise specified.

*"District Council*" means the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America. District Council includes all constituent local unions, as well as the New York City District Council of Carpenters Retirement & Pension Plan for Officers and Employees and any other fund or plan established, now or in the future, for the benefit of District Council employees or officers as defined in 29 U.S.C. § 1002(3).

*"District Council website*" means the internet page(s) for the District Council accessible at www.nycdistrictcouncil.com.

*"Election*" means the process by which a District Council member is chosen by the membership to hold an elected office in the District Council, whether or not contested.

"*Employer*" means any individual, corporation, trust, organization or other entity that employs another, paying monetary or other compensation in exchange for that individual's services, but does not include a candidate's campaign or campaign organization or a caucus or group of District Council members, provided that such caucus or group is itself financed exclusively from contributions permitted under the Rules.

"*Employer bulletin board*" means any bulletin board on the premises of an employer which is used, among other purposes, for the posting of general information and for the posting of notices by employees.

"*Interested employer*" includes any employer or association of employers which is (a) a party to a collective bargaining agreement with the District Council and/or a local union, (b) the subject of an organizing campaign by the District Council and/or any local union since December 14, 2013, or (c) concerned with, liable to, affected by or has some self-interest in litigation brought by a District Council member against the District Council or any local union.

"*Election Officer*" means the individual who has the authority and responsibilities to supervise all phases of any election conducted by the District Council (but not those by any local union, which will be conducted under the provisions of the UBC Constitution) and to certify the results of any such election, appointed pursuant to the December 2, 2025 Stipulation and Order in United States v. District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, et al, 90 Civ. 5722 (VM) (S.D.N.Y. 1994), or his duly authorized designee.

"*Labor organization*" means any organization recognized or certified as a collective bargaining representative of employees, or any organization seeking to be so recognized or certified, and includes any organization of any kind, any agency, or employee representation committee, group, association or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint or system board or joint council so engaged that is subordinate to a national or international labor organization other than a state or local central body, of the UBC or any other labor union.

"*Local union*" means any local union chartered under and within the jurisdiction of the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

"*Member*" means any person who has fulfilled the requirements of membership in any local union within the jurisdiction of the District Council, and who has neither voluntarily withdrawn from membership nor been lawfully expelled or suspended from membership.

"*Member in good standing*" means a current District Council member who is not suspended and who has paid his or her dues in full or owes less than three (3) months' dues.

"*Nominated candidate*" means a District Council member who satisfies the candidate eligibility requirements to be a District Council officer, has submitted nominating petitions that were verified by the Election Officer, and has accepted the nomination to such candidacy.

"*Social Media*" means any and all platforms available for public use with the goal of providing information and content to users and non-users, in any format, such as text, video, or otherwise, including but not limited to Facebook/Meta, Instagram, TikTok, and SnapChat.

"*The Carpenter*" means *The Carpenter* magazine or any substitute for it, by whomever issued.

"*Union*" means the UBC, all local unions and all other subordinate bodies, including the District Council.

"*Union bulletin board*" means any bulletin board to which the District Council and local unions have access for the purpose of posting information concerning the business and/or activities of the District Council and local unions, and includes bulletin boards at the offices of the District Council and local unions as well as bulletin boards located on employer premises.

* * *

**SECTION NINE**
**Administration**

### 1. Role of the District Council

Officers and employees of the District Council shall carry out the responsibilities assigned to them in the Rules in a competent manner that is free of discrimination or partisanship.

### 2. Enforcement of the Rules

The Election Officer expressly reserves the right to issue orders to enforce the Rules and any rights and prohibitions contained therein, and to make application to the Court for enforcement as may be required.

**Election Officer**
Glen G. McGorty
Crowell & Moring LLP
Two Manhattan West
395 Ninth Avenue
New York, New York 10001

All election inquiries should be directed to:

**2025CarpentersElection@crowell.com**