**MEMBER OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS**

BRIAN BRENNAN
bb4369y@yahoo.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/8/26

Hon. Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**Re: United States v. District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, et al., 90 Civ. 5722 (VM) — Supplement of BRIAN BRENNAN, a Member, to His Previous Submission Objecting to the Proposed Final Order, and Request for an R&F Council**

Dear Judge Marrero:

I am a retired member in good standing of Local 157 of the United Brotherhood of Carpenters ("UBC"), with 41 years of membership. I write respectfully, as a rank-and-file member, to supplement my previous submission objecting to the proposed Final Order, and to ask the Court to consider a measure that would give the membership a protected voice before the Consent Decree winds down.

As stated in my previous submission, I was not included in the drafting of the Final Order, and I have not authorized any party to speak for me. I do not agree to be bound by its language as a condition of my membership, and I do not waive any right, remedy, objection or defense under the Union Constitution and By-Laws, the applicable collective bargaining agreements, the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq. ("LMRDA"), or any other law. I object, in particular, to the following.

First, the recitals state that the Parties agree the District Council has been freed of corruption, has a fair and equitable job referral system, and holds free, open and democratic elections. The membership had no part in shaping that language, and it does not reflect the experience of many members.

Second, the All Writs Act injunction, 28 U.S.C. § 1651, would permanently enjoin the District Council's members from taking any legal action that implicates the Consent Decree or the Final Order in any forum other than this Court. Members are not parties to this action. I do not accept that I may be barred, by an agreement to which I am not a party, from seeking relief in the forum of my choosing.

Third, the Final Order places broad and largely unchecked authority in the Inspector General: access to all records of the District Council and its constituent entities, jurisdiction over the entire membership, the powers of a Council Representative, and, unless an independent election supervisor is retained, the role of Election Supervisor. I am aware of no meaningful mechanism to oversee the Inspector General. My previous submission describes conduct by the current Inspector General's office that I believe shows why such oversight is needed, including the denial of members' right to have counsel present at investigative interviews, a pre-election mailing to the

membership that insinuated that candidates opposing the incumbent slate had ties to organized crime, and a failure to pursue allegations involving District Council officials. I also question what labor-law or LMRDA experience qualifies the Inspector General to supervise elections, and I ask that the Final Order require any election supervisor to be qualified.

Fourth, the Final Order requires the District Council to fund and indemnify the Independent Disciplinary System from members' dues. I ask that no further dues be committed to that purpose until the Court has had the benefit of a cost analysis and a review of expenditures to date.

I also bring a broader concern to the Court's attention. Many members are deeply troubled by the winding down of the Consent Decree, and a number of carpenters would like to petition the Court in opposition. They are afraid to do so. In the recent past, members who took part in a democratic organization opposed to the District Council's autocratic leadership have faced retaliation, and they have been targeted for expulsion because they voice opposition. The Court should not read the small number of written objections as agreement. Federal law protects a member's right to speak, to assemble, and to sue, 29 U.S.C. § 411(a)(2), (a)(4), and forbids discipline or expulsion for exercising those rights, 29 U.S.C. § 529, but those protections are of little use to a member who has no safe place to bring a complaint.

I understand the Consent Decree to be intended to support the membership and to enforce its rights against autocratic rule. I therefore respectfully request that, before the Final Order is approved, the Court establish a Council of rank-and-file members ("R&F Council") with direct access to the Court, as a counterbalance to the District Council's ability to retaliate at will against any dissenting member. I suggest that the R&F Council (a) be elected by the rank and file and not appointed, funded or controlled by the District Council, its officers or the Inspector General; (b) be permitted to submit concerns and reports of retaliation directly to the Court, under seal or in camera where a member so requests; and (c) operate under an express order of the Court that no member shall be disciplined, expelled or otherwise retaliated against for serving on the R&F Council, communicating with it, or communicating with the Court. I would welcome the opportunity to submit a more detailed proposal, or to be heard at the Court's convenience.

Given the risk of reprisal, I also ask that the Court permit members who wish to be heard to do so confidentially, and that the Court defer approval of the Final Order for a short period so that the membership can be notified and respond.

Thank you for your consideration.

Respectfully,

/s/ Brian Brennan

Brian Brennan
Member in Good Standing, Local 157, UBC
41-Year Retired Member

cc: Counsel of record

This Court has already determined Brennan's Objections are meritless. See Dkt. No. 1942. Brennan's request is, therefore, **DENIED.**

**SO ORDERED.**

10/8/26
DATE

VICTOR MARRERO, U.S.D.J.